8535-0004/mmc



## ECF CASE

UNITED STATES DISTRICT
SOUTHERN DISTRICT OF NEW YORK

FILED
NOV 12 2004
USDC WP SDNY

----------------------------------------------------------------x

MELINDA THEW COOPER, individually and as a
shareholder of TACONIC 82, INC.,

                                 Plaintiff,

      -against-

LARRY THEW; JOHN THEW; LARRY THEW, as Executor
of the Estate of Richard Thew; JOHN THEW, as Executor
of the Estate of Richard Thew; LARRY THEW, as
successor co-trustee of the Gerald Thew Family Trust;
JOHN THEW, as successor co-trustee of the Gerald Thew
Family Trust; LARRY THEW as co-trustee of the R.W.
Thew Trust a/k/a the R.W. Thew Irrevocable Living Trust;
JOHN THEW, as co-trustee of the R.W. Thew Trust a/k/a
the R.W. Thew Irrevocable Living Trust; THE CURRY
FAMILY PARTNERSHIP; TACONIC 82, INC.; LARRY
THEW, as an officer and/or director of TACONIC 82, INC.;
JOHN THEW, as an officer and/or director of TACONIC
82, INC.; REED SMITH, LLP; STEPHEN P. O'HARE,
ESQ.; WILLIAM J. O'HARE, ESQ.; O'HARE & O'HARE,
P.C.; MICHELE THEW; and PATRICIA CARSON,
                              Defendants.

----------------------------------------------------------------x

**COMPLAINT**

04 CIV. 8928

JUDGE McMahon

Civ No.

Assigned Judge:

     MELINDA THEW COOPER, by her attorneys McCabe & Mack LLP, complains as

follows:

### PARTIES

    1.     Plaintiff Melinda Thew Cooper is a resident of the State of Kentucky.

    2.     Defendant Larry Thew, Individually, and as Executor of the Estate of Richard

Thew, and as co-trustee of the R.W. Thew Trust a/k/a the R.W. Thew Irrevocable Living

Trust, and as successor co-trustee of the Estate of Gerald Thew Family Trust, and as an

officer and/or director of Taconic 82, Inc. is a resident of the County of Dutchess, State of

New York, residing at 180 Clapp Hill Road, LaGrangeville, New York 12540.

    3.     Defendant John Thew, Individually, and as Executor of the Estate of Richard

Thew, and as co-trustee of the R.W. Thew Trust a/k/a the R.W. Thew Irrevocable Living

Trust, and as successor co-trustee of the Estate of Gerald Thew Family Trust, and as an

officer and/or director of Taconic 82, Inc. is a resident of the County of Dutchess, State of

DC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

8535-0004/mmc

New York, residing at 180 Clapp Hill Road, LaGrangeville, New York 12540.

    4.    Defendant Michele Thew is a resident of the County of Dutchess, State of New York, residing at 180 Clapp Hill Road, LaGrangeville, New York 12540.

    5.    Upon information and belief, The Curry Family Partnership is a Connecticut general partnership with an address of 45 Midgeon Road, Torrington, CT. 06790.

    6.    Upon information and belief, Taconic 82, Inc. is a New York corporation with a principal executive office address of 10 Beekman Road, Hopewell Junction, NY 12533.

    7.    Defendant Reed Smith, LLP is a New York limited liability partnership with a principle place of business at 599 Lexington Avenue, New York, New York 10022-7650.

    8.    Defendant, Stephen P. O'Hare, Esq. is a resident of the County of Dutchess, State of New York, residing at 15 Pray Lane, LaGrangeville, NY 12540.

    9.    Defendant, William J. O'Hare, Esq. is a resident of the County of Dutchess, State of New York, residing at O'Hare Drive, LaGrangeville, NY 12540.

    10.    Upon information and belief, Defendant O'Hare & O'Hare', P.C. is a New York professional corporation with a principal executive office address of 488 Freedom Plains Road, Suite 103, Poughkeepsie, New York 12603, formed for the purpose of practicing law in the State of New York.

    11.    Upon information and belief, at all times hereinafter mentioned, defendants William O'Hare and Stephen O'Hare were attorneys practicing law, individually, jointly, and/or on behalf of O'Hare & O'Hare, P.C., in Dutchess County, New York.

    12.    Upon information and belief, Defendants Steven O'Hare and William O'Hare, both individually and on behalf of defendant O'Hare & O'Hare, P.C., have acted as attorneys for Richard Thew, Larry Thew, John Thew, the Gerald Thew Family Trust (as defined in paragraph 19, below) and the R.W. Thew Trust (as defined in paragraph 42, below) on a variety of matters over many years.

    13.    Upon information and belief, defendant Patricia Carson, is a resident of the County of Dutchess, State of New York, residing at 6 O'Hare Drive, Lagrangeville, NY

8535-0004/mmc

12540.

## JURISDICTION AND VENUE

14.      This Court has jurisdiction over this diversity action pursuant to 28 U.S.C. §§ 1332.  Plaintiff is a citizen of Kentucky, and all defendants are citizens of the states of New York or Connecticut.  Therefore, there exists complete diversity of citizenship.  Plaintiff's damages in this action will meet or exceed $75,000.00.

15.      Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. § 1391(a).  One or more defendants reside or maintain their principal place of business within this judicial district, the events giving rise to the causes of action asserted herein occurred primarily within this judicial district, and the real property at issue in this litigation is located within this judicial district.

## BACKGROUND

16.      Plaintiff Melinda Thew Cooper and defendants John Thew and Larry Thew are grandchildren of Gerald and Doris Thew, both deceased.

17.      Plaintiff Melinda Thew Cooper and defendants John Thew and Larry Thew are three of four children of Richard Thew, son of Gerald and Doris Thew, and Patricia Thew, both deceased.

18.      Richard Thew died on or about December 29, 2003, a resident of Dutchess County.  On or about August 20, 2004, his will was duly admitted to probate in the Dutchess County Surrogate's Court, and Larry Thew and John Thew were appointed as executors.

### The Gerald Thew Family Trust

19.      On or about April 1, 1994, Gerald Thew, intended to, and did, create the "Gerald Thew Family Trust" a/k/a "The Thew Family Trust," an irrevocable living trust (hereinafter, the "Gerald Thew Family Trust").

20.      Richard Thew and Gerald Thew, or the survivor of them, were the co-trustees of the Gerald Thew Family Trust.

21.      Article First of the Gerald Thew Family Trust provides "During the life of the

8535-0004/mmc

Grantor [Gerald Thew] and RICHARD W. THEW, the Trustee shall hold, manage, invest and reinvest the trust estate, shall collect the income therefrom, and shall pay the net income and any part or all of the principal thereof to whomever the Grantor from time to time may direct, including, but not limited to, himself and his lineal descendants.  Any income not so paid or applied shall be accumulated and added to the principal of this trust at least quarter-annually."

22.    Gerald Thew died on or about August 7, 1999, leaving Richard Thew the sole trustee of the Gerald Thew Family Trust from August 7, 1999 until Richard's death on December 29, 2003.

23.    Pursuant to Article Third of the Gerald Thew Family Trust, upon the death of Richard Thew and Gerald Thew, the trust was to terminate and the entire corpus of the trust, including accumulated income, was to be divided equally into three shares, to be distributed to each of plaintiff Melinda Thew Cooper, defendant Larry Thew, and defendant John Thew.

24.    Pursuant to Article Seventh of the Gerald Thew Family Trust, upon the death of Richard Thew and Gerald Thew, plaintiff Melinda Thew Cooper and defendants John Thew and Larry Thew became co-successor trustees of the Gerald Thew Family Trust.

25.    Upon information and belief, at the time of Gerald Thew's death, the assets of the Gerald Thew Family Trust included, but were not limited to, approximately twelve parcels of real estate located in the towns of LaGrange and Beekman, New York.

26.    The Thew Orchard, an operating apple orchard, spanned at least four of the twelve parcels and was included in the assets of the Gerald Thew Family Trust.

27.    Prior to Richard Thew's death, as surviving trustee of the Gerald Thew Family Trust, Richard owed a fiduciary duty to the Trust beneficiaries, including plaintiff Melinda Thew Cooper.

28.    After Richard Thew's death, as successor co-trustees of the Gerald Thew Family Trust, defendants John Thew and Larry Thew owed a fiduciary duty to the Trust beneficiaries, including plaintiff Melinda Thew Cooper.

8535-0004/mmc

### Taconic 82, Inc.

29.     Taconic 82, Inc. ("Taconic 82") is a closely held corporation incorporated on or about April 28, 1994. At the time of incorporation, Taconic 82 was owned in equal shares by Richard Thew, Patricia Thew, defendant Larry Thew, defendant John Thew, and plaintiff Melinda Thew Cooper.

30.     Plaintiff Melinda Thew Cooper did not inherit any portion of Patricia Thew's ownership interest in Taconic 82 upon Patricia's death.

31.     Upon information and belief, upon the death of Patricia Thew, Larry Thew, John Thew, and/or Richard Thew inherited Patricia's ownership interest in Taconic 82.

32.     Plaintiff Melinda Thew Cooper did not, and does not stand to, inherit any portion of Richard Thew's ownership interest in Taconic 82 upon Richard's death.

33.     Upon information and belief, upon the death of Richard Thew, Larry Thew and/or John Thew inherited Richard's ownership interest in Taconic 82.

34.     Upon information and belief, Taconic 82 was formed for "real estate purposes."

35.     Upon information and belief, defendants Larry Thew and John Thew are officers and/or directors of Taconic 82.

36.     Upon information and belief, prior to his death, the late Richard Thew was an officer and/or director of Taconic 82.

37.     Plaintiff Melinda Thew Cooper is a 20% shareholder of Taconic 82, the remainder of the corporation being owned by John Thew and Larry Thew. As such, plaintiff is a minority shareholder.

38.     As majority shareholders in a closely held corporation, Richard Thew, Larry Thew, and John Thew each owed a fiduciary duty to plaintiff Melinda Thew Cooper, as a minority shareholder of the corporation.

39.     As directors and/or officers in a closely held corporation, Richard Thew, Larry Thew, and John Thew each owed a fiduciary duty to the corporation.

8535-0004/mmc

### The Scheme to Divert Assets

40.    During his lifetime, the late Richard Thew expressed his intention to prevent plaintiff from receiving any assets from any member of the Thew family to the extent that he could accomplish such.

41.    Upon information and belief, the late Richard Thew, defendant John Thew, and defendant Larry Thew each acted both individually and in concert to carry out Richard's intention by diverting assets from both the Gerald Thew Family Trust and from Taconic 82 in an effort to prevent plaintiff Melinda Cooper Thew from receiving assets in which she had, and has, an interest.

### Formation of the R.W. Thew Trust

42.    Upon information and belief, on or about May 17, 2002, Richard Thew, intended, and did, create the R.W. Thew Trust" a/k/a the "R.W. Thew Irrevocable Living Trust" (hereinafter, the "R.W. Thew Trust").

43.    Upon information and belief, the R.W. Thew Trust was created for the purpose of diverting assets away from The Gerald Thew Family Trust and from Taconic 82, in furtherance of the scheme to divert assets in which plaintiff Melinda Thew Cooper had, and has, an interest.

44.    Pursuant to Article Second of the R.W. Thew Trust Declaration, only defendants Larry Thew and John Thew are beneficiaries of the R.W. Thew Trust.  The Trust Declaration does not mention plaintiff Melinda Thew Cooper.

### Conveyances from the Gerald Thew Family
### Trust to the R.W. Thew Trust For No Consideration

45.    In furtherance of the scheme to divert assets in which plaintiff Melinda Thew Cooper had, and has, an interest, Richard Thew formed the R.W. Thew Trust and conveyed several parcels of real estate from the Gerald Thew Family Trust (of which plaintiff was a beneficiary) to the R.W. Thew Trust (of which plaintiff was not a beneficiary) for no consideration.

8535-0004/mmc

46.     On or about May 17, 2002, the same day on which the Richard Thew Trust was formed, Richard Thew executed a Deed intending to convey title to two parcels of real estate, purportedly constituting approximately 3.4 acres, from the Gerald Thew Family Trust to the R.W. Thew Trust for no consideration.  Part or all of these parcels were part of the Thew Orchard.

47.     The Deed referenced in Paragraph 46, above, was executed by Richard W. Thew, notarized by William J. O'Hare, and recorded at the Dutchess County Clerk's office on August 6, 2002, under document number 02 2002 7552.

48.     Also on or about May 17, 2002, Richard Thew executed a Deed intending to convey title to one parcel of real estate, purportedly constituting approximately 120.3 acres, from the Gerald Thew Family Trust to the R.W. Thew Trust for no consideration.  Part or all of this parcel was part of the Thew Orchard.

49.     The Deed referenced in Paragraph 48, above, was executed by Richard W. Thew, Individually and as Trustee, notarized by William J. O'Hare, and recorded at the Dutchess County Clerk's office on August 6, 2002, under document number 02 2002 7542.

50.     On or about April 1, 2003, Richard Thew executed a Deed intending to convey title to two parcels of real estate, purportedly constituting approximately 128.1 acres, from the Gerald Thew Family Trust to the R.W. Thew Trust for no consideration.

51.     The Deed referenced in Paragraph 50, above, was executed by Richard W. Thew, notarized by Susan E. Condon, an employee of O'Hare & O'Hare P.C., and recorded at the Dutchess County Clerk's office on May 28, 2003, under document number 02 2003 4641.

52.     On or about May 17, 2003, Richard Thew executed two Deeds intending to convey title to two parcels of real estate, purportedly constituting approximately 11.28 acres, from the Gerald Thew Family Trust to the R.W. Thew Trust for no consideration.

53.     The Deeds referenced in Paragraph 52, above, were executed by Richard W. Thew, Individually and as Trustee, notarized by William J. O'Hare, and recorded at the

8535-0004/mmc

Dutchess County Clerk's office on August 6, 2002, under document numbers 02 2002 7552 and 02 2002 7543.

54.    Each of the foregoing conveyances without consideration constituted waste and mismanagement of trust assets, in violation of the fiduciary duty owed by Richard Thew, as trustee of the Gerald Thew Family Trust, to plaintiff Melinda Thew Cooper, as beneficiary.

55.    Plaintiff Melinda Thew Cooper was not informed of any of the foregoing conveyances without consideration, nor was her consent sought before any of the conveyances were made, in violation of the fiduciary duty owed by Richard Thew, as trustee of the Gerald Thew Family Trust, to plaintiff, as beneficiary.

56.    Each of the foregoing conveyances without consideration were made for the express purpose of unlawfully diverting assets in which plaintiff Melinda Thew Cooper had, and has, an interest.

### Transfers to Third Parties for No Consideration or Inadequate Consideration

57.    On or about May 29, 2002, Richard Thew executed a Deed intending to convey title to one parcel of real estate, purportedly constituting approximately 13 acres, from the Gerald Thew Family Trust to defendants Larry Thew and Michele Thew, for no consideration.

58.    The Deed referenced in Paragraph 57, above, was executed by Richard W. Thew, notarized by William J. O'Hare, and recorded at the Dutchess County Clerk's office on April 24, 2003, under document number 02 2003 3563.

59.    On or about December 26, 2002, Richard Thew executed a Deed intending to convey title to one parcel of real estate, purportedly constituting approximately 3.4 acres, from the R.W. Thew Trust to Raymond Patierno for the sum of $60,000.00, such parcel having previously been conveyed from the Gerald Thew Family Trust to the R.W. Thew Trust for no consideration. See ¶¶ 46-47, above. Upon information and belief, Raymond Patierno was a friend of Richard Thew.

8535-0004/mmc

60.    The Deed to Raymond Patierno referenced in paragraph 59, above, was executed by Richard W. Thew, notarized by Stephen P. O'Hare, and recorded at the Dutchess County Clerk's office on February 13, 2003, under document number 02 2003 1634.

61.    Upon information and belief, Richard Thew failed to deliver the proceeds of the sale to Raymond Patierno to the Gerald Thew Family Trust.

62.    On or about November 13, 1998, Richard Thew executed a Deed intending to convey title to one parcel of real estate, purportedly constituting approximately 1.7 acres, from the Gerald Thew Family Trust to Patricia Carson, the daughter of defendant William O'Hare and sister of defendant Stephen O'Hare, for approximately $19,000.00, an amount believed to be grossly under the then fair market value.

63.    The Deed referenced in paragraph 62, above, was executed by Richard W. Thew, notarized by Bruce Coneeny, and recorded at the Dutchess County Clerk's office on December 8, 1998, in Liber 2020, Page 299.

64.    Plaintiff was not asked to consent, and did not consent, to any of the aforementioned conveyances.

### Conveyances by Taconic 82 For No Consideration

65.    As officers and directors of Taconic 82, Inc., Richard W. Thew, Larry Thew and John Thew owed a fiduciary duty to the shareholders of Taconic 82, including plaintiff.

66.    During Richard Thew's life, Richard Thew, Larry Thew and/or John Thew caused Taconic 82 to make conveyances of certain parcels of real estate for no consideration.

67.    On or about May 17, 2002, the same day that Richard Thew created the R.W. Thew Trust, defendants Larry Thew and John Thew, purporting to act on behalf of Taconic 82, executed three Deeds intending to convey title to three parcels of real estate, purportedly constituting approximately 7.2 acres, from Taconic 82 to the R.W. Thew Trust for no consideration.

8535-0004/mmc

68.    The Deeds referenced in paragraph 67, above, were executed by Larry and John Thew, notarized by William J. O'Hare, and recorded at the Dutchess County Clerk's office on August 6, 2002 under document numbers 02 2002 7544, 02 2002 7546 and 020 2002 7554, respectively.

### Conveyances to the Curry Family Partnership

69.    Upon information and belief, in or about October, 2003, Richard Thew, John Thew and Larry Thew, purporting to act on behalf of the R.W. Thew Trust, entered into an agreement to sell four parcels of real property, constituting some or all of the Thew Orchard (the "Orchard Property"), to Ora J. Curry for approximately $2.7 million (the "Agreement").

70.    Three of the four parcels that were the subject of the Agreement had previously been conveyed from the Gerald Thew Family Trust to the R.W. Thew Trust for no consideration. See ¶¶ 46-49, above. The fourth parcel remained in the Gerald Thew Family Trust, which was not a party to the Agreement.

71.    Despite the O'Hare's long history of providing legal services to the Thew family, including Richard Thew, Larry Thew and John Thew, Stephen O'Hare represented the purchaser, the Curry Family, in the purchase of the Orchard Property.

72.    The New York office of Defendant Reed Smith, LLP, an international law firm ("Reed Smith"), represented the sellers in the sale of the Orchard Property.

73.    Upon information and belief, Stephen O'Hare initiated the negotiations leading to the Agreement, and to the sale of the Orchard Property, by approaching the Curry Family to determine whether they were interested in purchasing the Orchard Property.

74.    At the closing, a brokerage commission of $81,000, representing 3% of the purchase price, was paid to William O'Hare, the father of Stephen O'Hare, the attorney for the purchaser.

75.    Upon information and belief, Richard Thew's scheme to divert assets from the Gerald Thew Family Trust in an effort to prevent plaintiff from receiving assets in which she had, and has, an interest, was known to defendants Reed Smith, Stephen O'Hare, William

8535-0004/mmc

O'Hare, John Thew and Larry Thew at the time of the Agreement to sell the Orchard Property.

76.     Upon information and belief, as a result of a routine title search conducted prior to consummating the sale of the Orchard Property, the purchaser's title company discovered the prior transfer of the Orchard Property from the Gerald Thew Family Trust to the R.W. Thew Trust for no consideration and without the knowledge and consent of plaintiff Melinda Thew Cooper (*see* ¶¶ 46-49, above), and refused to insure title.

77.     Upon information and belief, William Bagliebter, an attorney at defendant Reed Smith, LLP, attempted to convince the title company that the R.W. Thew Trust could properly convey the Orchard Property to the purchaser despite the prior conveyance without consideration and without plaintiff's knowledge and consent.  Bagliebter further attempted to persuade the title company to accept the Deed from the R.W. Thew Trust as conveyance of good title free and clear of any claim by Melinda Thew Cooper that such conveyance would be improper.

78.     The title company did not accede to this argument, and it was ultimately determined that the title objection could not be cleared without the re-conveyance of the Orchard Property back to the Gerald Thew Family Trust.

79.     As a result, on or about December 19, 2003, Larry Thew and John Thew, as trustees of the R.W. Thew Trust, conveyed the Orchard Property back to the Gerald Thew Family Trust, again for no consideration.

80.     Also on or about December 19, 2003, immediately subsequent to the reconveyance of the Orchard Property back to the Gerald Thew Family Trust, the Orchard Property was conveyed from the Gerald Thew Family Trust to the Curry Family Partnership for total alleged consideration of approximately $2.7 million.

81.     The proceeds of the sale of the Orchard Property were not delivered to the Gerald Thew Family Trust.

82.     As a result of the previous improper transfer of part of the Orchard Property,

8535-0004/mmc

together with a parcel owned by Richard Thew individually to the R.W. Thew Trust, outstanding tax debts and obligations belonging to Richard Thew personally attached to the real estate subsequently reconveyed to the Gerald Thew Family Trust.

83.    As a result, at the closing, several payments were made to third parties for debts that were not valid debts of the Gerald Thew Family Trust.  A copy of a closing statement prepared, upon information and belief, by Reed Smith, LLP, representing the sellers, is attached hereto as Exhibit "A".

84.    Among these payments are:

      (a)    $59,833.00 for the repayment of a loan to one Walter Betz;

      (b)    $23,625.05 for the repayment of a loan to one Cullen Estate;

      (c)    $75,642.50 to Thew Orchard, purportedly for farm expenses, which are not valid expenses of the Gerald Thew Family Trust;

      (d)    $81,060.95 for the repayment of a loan to one Stevenson.

85.    Each of the foregoing payments made from the funds rightfully belonging to the Gerald Thew Family Trust were made without the knowledge or consent of plaintiff Melinda Thew Cooper.

86.    Rather than being delivered to the seller - the Gerald Thew Family Trust - the balance of the $2.7 million proceeds of the sale of the Orchard Property (totaling approximately $1.9 million), was placed into a Reed Smith escrow account (the "Escrow Account").

87.    Several distributions were made from the Escrow Account without the knowledge or consent of plaintiff Melinda Thew Cooper.  These distributions include:

      (a)    two payments to Reed Smith, totalling approximately $216,000.00;

      (b)    five payments to the "Thew Account" at Key Bank, totaling just over $1 million.

88.    Upon information and belief, the payment to Reed Smith far exceeded the amount of attorney's fees rightfully billed for representing the seller in the sale of the Orchard

8535-0004/mmc

Property.

89.    Upon information and belief, the payments to the "Thew Account" at Key Bank were not for the payment of valid expenses of the Gerald Thew Family Trust.

90.    Upon information and belief, $90,000.00 from the sale of the Thew Orchard was held in escrow to be later applied to the debts which were those of Richard Thew, individually, and not proper obligations of the Gerald Thew Family Trust.

91.    Despite several demands by plaintiff's attorneys, the law firm of Reed Smith, LLP has failed to account for its receipt of legal fees totaling approximately $216,000.00, has failed to provide a copy of William O'Hare's brokerage contract or bill, has failed to provide documentation as to numerous private loans allegedly procured by Richard Thew and paid with proceeds of the sale of the Orchard Property, has failed to provide documentation for payments made from closing proceeds totalling approximately $796,000.00, and has failed to provide information as to the subdivision status relating to the parcels to be re-conveyed back to the Seller, as set forth below.

92.    Upon information and belief, pursuant to the terms of the Agreement with the Curry Family for the sale of the Orchard Property, the sellers stated their intention to sell only, and the purchaser stated its intention to purchase only, so much of the Thew Orchard as lies north of Clapp Hill Road, minus a parcel of approximately 5.324 acres, on which the house formerly owned by Gerald Thew and the Thew Orchard's apple cooler is situated.

93.    The Deed conveying the Orchard Property to the Curry Family Partnership actually conveyed all of the property north of Clapp Hill Road, including the five acre parcel which was intended to remain with the seller, as well as additional Orchard Property situated south of Clapp Hill Road.

94.    According to the terms of the parties' agreement with respect to the sale of the Orchard Property, the Curry Family Partnership was to subdivide the Orchard Property after the sale, and re-convey the five acre parcel containing the house formerly owned by Gerald Thew and the apple cooler, as well as all of the Orchard Property situated south of

8535-0004/mmc

Clapp Hill Road, back to the seller.

95.    Upon information and belief, the Curry Family Partnership has failed to re-convey to the Gerald Thew Family Trust any property south of Clapp Hill Road.

96.    Upon information and belief, the Curry Family Partnership has failed to re-convey to the Gerald Thew Family Trust that portion of the Orchard Property north of Clapp Hill Road on which the former house of Gerald Thew and the Thew Orchard's apple cooler are located.

97.    Upon information and belief, no steps have been taken to subdivide the portion of the Thew Orchard which the Curry Family Partnership is obligated to re-convey to the Gerald Thew Family Trust so that it can be re-conveyed.

98.    Accordingly, the Curry Family Partnership holds title, as constructive trustee, to such portion of the Thew Orchard as lies south of Clapp Hill Road, and an approximately 5 acre parcel located north of Clapp Hill Road on which the home formerly owned by Gerald Thew and The Thew Orchard's apple cooler is located.

99.    As successor co-trustees of the Gerald Thew Family Trust, defendants Larry Thew and John Thew owe a duty to act in the best interests of the Trust, and to maximize the assets of the Trust to the extent possible.

100.    Upon information and belief, defendants Larry Thew and John Thew have not taken any steps to enforce the contractual obligations of the Curry Family Partnership to re-convey the property south of Clapp Hill Road and the five acre parcel north of Clapp Hill Road to the Gerald Thew Family Trust.

### COUNT I

### (FRAUDULENT CONVEYANCE MADE WITH INTENT TO DEFRAUD)

101.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "100", above, as if the same were more fully set forth herein at length.

102.    As a beneficiary of the Gerald Thew Family Trust, plaintiff Melinda Thew

8535-0004/mmc

Cooper was a creditor of the Gerald Thew Family Trust, and therefore of defendants John Thew and Larry Thew, as successor co-trustees of the Gerald Thew Family Trust.

103.    Prior to, and also as a result of the various conveyances alleged above, Richard Thew, Larry Thew, and John Thew became indebted to Melinda Thew Cooper.

104.    Upon information and belief, prior to May 17, 2002, Larry Thew and John Thew had incurred substantial debts both personally and in their purported operation of the Thew Orchard.

105.    As a result of the conveyances alleged herein, the Gerald Thew Family Trust was rendered insolvent or unable to pay its debts and satisfy its obligations to Melinda Thew Cooper.

106.    In making each of the transfers of property alleged herein, Richard Thew, Larry Thew, and John Thew acted with the intent to defraud, the sole purpose of the transfers being to divert assets from the Gerald Thew Family Trust in an effort to prevent plaintiff from receiving her fair share.

107.    Each of the transfers of property alleged herein were fraudulent conveyances pursuant to N.Y. Debtor and Creditor Law § 276, entitling plaintiff to set aside such conveyances.

## COUNT II

## (FRAUDULENT CONVEYANCE WITHOUT FAIR CONSIDERATION)

108.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "107", above, as if the same were more fully set forth herein at length.

109.    As a beneficiary of the Gerald Thew Family Trust, plaintiff Melinda Thew Cooper was a creditor of the Gerald Thew Family Trust, and therefore of defendants John Thew and Larry Thew as successor co-trustees of the Gerald Thew Family Trust.

110.    Prior to and also as a result of the various conveyances alleged above, Richard Thew, Larry Thew and John Thew became indebted to Melinda Thew Cooper.

8535-0004/mmc

111.    Upon information and belief, prior to May 17, 2002, Larry Thew and John Thew had incurred substantial debts both personally and in their purported operation of the Thew Orchard.

112.    As a result of the conveyances alleged herein (see ¶¶ 45-63, above), the Gerald Thew Family Trust was rendered insolvent or unable to pay its debts and satisfy its obligations to Melinda Thew Cooper.

113.    The conveyances described in paragraphs 45-53, 57-58, and 67-68, above, were each made without consideration.

114.    The conveyance described in paragraphs 62-63, above, was made for inadequate consideration.

115.    Each conveyance that was made for no consideration or for inadequate consideration was a fraudulent conveyance pursuant to N.Y. Debtor and Creditor Law §273, entitling plaintiff to set aside such conveyances.

### COUNT III

### (BREACH OF FIDUCIARY DUTY AGAINST LARRY THEW AND JOHN THEW, AS EXECUTORS OF THE ESTATE OF RICHARD THEW)

116.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "115", above, as if the same were more fully set forth herein at length.

117.    Prior to Richard Thew's death, as surviving trustee of the Gerald Thew Family Trust, Richard Thew owed a fiduciary duty to the Trust beneficiaries, including plaintiff Melinda Thew Cooper.

118.    Each of the conveyances made by Richard Thew on May 17, 2002, transferring property from the Gerald Thew Family Trust to the R.W. Thew Trust for no consideration constituted waste and mismanagement of trust assets, in violation of the fiduciary duty owed by Richard Thew, as trustee of the Gerald Thew Family Trust, to plaintiff Melinda Thew Cooper, as beneficiary.

8535-0004/mmc

119.    The conveyance by Richard Thew on May 29, 2002, of property from the Gerald Thew Family Trust to Larry and Michele Thew for no consideration constituted waste and mismanagement of trust assets, in violation of the fiduciary duty owed by Richard Thew, as trustee of the Gerald Thew Family Trust, to plaintiff Melinda Thew Cooper, as beneficiary.

120.    The conveyance by Richard Thew on November 13, 1998, of property from the Gerald Thew Family Trust to Patricia Carson for $19,000, an amount grossly under fair market value, constituted waste and mismanagement of trust assets, in violation of the fiduciary duty owed by Richard Thew, as trustee of the Gerald Thew Family Trust, to plaintiff Melinda Thew Cooper, as beneficiary.

121.    Richard Thew's failure to deliver the proceeds of the sale of property to Raymond Patierno to the Gerald Thew Family Trust violated the fiduciary duty owed by him, as trustee of the Gerald Thew Family Trust, to plaintiff Melinda Thew Cooper, as beneficiary.

122.    Richard Thew's failure to deliver the proceeds of the sale of the Orchard Property to the Gerald Thew Family Trust violated the fiduciary duty owed by him, as trustee of the Gerald Thew Family Trust, to plaintiff Melinda Thew Cooper, as beneficiary.

123.    Each of the aforesaid breaches damaged plaintiff by diverting assets in which plaintiff had, and has, an interest.

## COUNT IV

### (BREACH OF FIDUCIARY DUTY AGAINST LARRY THEW AND JOHN THEW, AS SUCCESSOR CO-TRUSTEES OF THE GERALD THEW FAMILY TRUST)

124.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "123", above, as if the same were more fully set forth herein at length.

125.    After Richard Thew's death, as successor co-trustees of the Gerald Thew Family Trust, defendants John Thew and Larry Thew owed a fiduciary duty to the Trust beneficiaries, including plaintiff Melinda Thew Cooper.

126.    John Thew's and Larry's Thews actions in negotiating the sale of the Orchard

8535-0004/mmc

Property to the Curry Family Partnership breached the fiduciary duty owed by John and Larry Thew, as successor co-trustees of the Gerald Thew Family Trust, to plaintiff Melinda Thew Cooper, as beneficiary.

127.    John and Larry Thew's failure to ensure that the proceeds from the sale of the Orchard Property to the Curry Family Partnership were delivered to the Gerald Thew Family Trust breached the fiduciary duty owed by John and Larry Thew, as successor co-trustees of the Gerald Thew Family Trust, to plaintiff Melinda Thew Cooper, as beneficiary.

128.    John and Larry Thew's use of funds from the proceeds from the sale of the Orchard Property to the Curry Family Partnership for payment of personal debts and other debts that were not valid expenses of the Gerald Thew Family Trust violated the fiduciary duty owed by John and Larry Thew, as successor co-trustees of the Gerald Thew Family Trust, to plaintiff Melinda Thew Cooper, as beneficiary.

129.    Each of the aforesaid breaches damaged plaintiff by diverting assets in which plaintiff had, and has, an interest.

### COUNT V

### (BREACH OF FIDUCIARY DUTY AGAINST MAJORITY SHAREHOLDERS OF TACONIC 82)

130.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "129", above, as if the same were more fully set forth herein at length.

131.    As majority shareholders of Taconic 82, Richard W. Thew, Larry Thew and John Thew owed a fiduciary duty to plaintiff Melinda Thew Cooper as a minority shareholder.

132.    The conveyance by John Thew and Larry Thew, with the knowledge and participation of Richard Thew, on May 17, 2002, of three parcels of real property from Taconic 82 to the R.W. Thew Trust with the intent of diverting assets in order to deprive minority shareholder Melinda Thew Cooper from her ownership interest in the corporation constituted a breach of the fiduciary duty owed by John, Larry, and Richard Thew, as

8535-0004/mmc

majority shareholders of Taconic 82 to plaintiff Melinda Thew Cooper, as a minority shareholder.

133.    The aforesaid breaches damaged plaintiff by diverting assets in which plaintiff had, and has, an interest.

## COUNT VI

### (DERIVATIVE CLAIM FOR BREACH OF FIDUCIARY DUTY AGAINST OFFICERS AND DIRECTORS OF TACONIC 82)

134.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "133", above, as if the same were more fully set forth herein at length.

135.    Plaintiff is, and was at all relevant times, a shareholder of Taconic 82.

136.    As officers and directors of Taconic 82, Inc., Richard W. Thew, Larry Thew and John Thew owed a fiduciary duty to the corporation.

137.    The conveyance by John Thew and Larry Thew, with the knowledge and participation of Richard Thew, on May 17, 2002, of three parcels of real property from Taconic 82 to the R.W. Thew Trust constituted corporate waste and diversion of corporate assets in violation of the fiduciary duty owed by John, Larry, and Richard Thew, as officers and/or directors of Taconic 82, to the corporation.

138.    The aforesaid breaches damaged the corporation by diverting and wasting corporate assets and rendering the corporation essentially worthless.

139.    Plaintiff is excused from making a demand upon the company prior to asserting this derivative claim, as such demand would be futile.  The decision to comply or not comply with such a demand would ultimately be decided by John and Larry Thew, who are each defendants in this action, and who's conduct is at the core of this cause of action. This inherit conflict of interest renders the demand requirement futile.

8535-0004/mmc

## COUNT VII

### (BREACH OF FIDUCIARY DUTY
### AGAINST REED SMITH LLP)

140.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "139", above, as if the same were more fully set forth herein at length.

141.    As holders of money in escrow rightfully belonging to the Gerald Thew Family Trust, Reed Smith, LLP owed a fiduciary duty to plaintiff Melinda Thew Cooper, as a beneficiary of that trust.

142.    Reed Smith's actions in making a distribution to itself of approximately $217,000.00 constituted a breach of that duty.

143.    The distribution of funds from the Reed Smith escrow account for expenses that were not valid trust expenses constituted a breach of that duty.

144.    The failure of Reed Smith to deliver the proceeds of the sale of the Orchard Property to the Gerald Thew Family Trust constituted a breach of that duty.

145.    Such breach damaged plaintiff by diverting assets in which plaintiff had, and has, an interest.

## COUNT VIII

### (AIDING AND ABETTING BREACH OF FIDUCIARY
### DUTY AGAINST JOHN THEW AND LARRY THEW)

146.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "145", above, as if the same were more fully set forth herein at length.

147.    As is previously alleged in paragraphs 116-123, above, Richard Thew, as trustee of the Gerald Thew Family Trust, breached the fiduciary duty he owed to plaintiff, as beneficiary.

148.    John Thew and Larry Thew knowingly participated in Richard Thew's breach of that duty, by, among other things, their participation in the transactions conveying multiple

8535-0004/mmc

parcels of real property from the Gerald Thew Trust to the R.W. Thew Trust, of which they are beneficiaries, for no consideration.

149.    As is previously alleged in paragraphs 130-133, above, Richard Thew, as a majority shareholder of Taconic 82, breached the fiduciary duty he owed to plaintiff, as a minority shareholder.

150.    John Thew and Larry Thew knowingly participated in Richard Thew's breach of that duty, by, among other things, their conveyance of several parcels of real property from Taconic 82 to the R.W. Thew Trust, of which they are beneficiaries, for no consideration.

151.    The aforesaid damaged plaintiff by diverting assets in which plaintiff had, and has, an interest.

## COUNT IX

### (AIDING AND ABETTING BREACH OF FIDUCIARY DUTY AGAINST STEPHEN O'HARE, WILLIAM O'HARE, AND O'HARE & O'HARE, P.C.)

152.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "151", above, as if the same were more fully set forth herein at length.

153.    As is previously alleged in paragraphs 116-123, above, Richard Thew, as trustee of the Gerald Thew Family Trust, breached the fiduciary duty he owed to plaintiff, as beneficiary.

154.    As is previously alleged in paragraphs 124-129, above, John Thew and Larry Thew, as successor co-trustees of the Gerald Thew Family Trust, breached a fiduciary duty owed to plaintiff, as beneficiary.

155.    As is previously alleged in paragraphs 130-133, above, Richard Thew, John Thew and Larry Thew, as majority shareholders of Taconic 82, breached fiduciary duties owed to plaintiff, as a minority shareholder.

156.    Defendants Stephen O'Hare and William O'Hare were aware of Richard

8535-0004/mmc

Thew's plan to divert assets from the Gerald Thew Family Trust and from Taconic 82, with the intent of preventing plaintiff from receiving her fair share of the assets of each.

157.    Defendants Stephen O'Hare and William O'Hare, individually and/or on behalf of defendant O'Hare & O'Hare, P.C., knowingly participated in the aforementioned breaches by, among other things, their representation of Richard Thew, John Thew, and/or Larry Thew in the real estate transactions which constituted the breaches.

158.    The aforesaid damaged plaintiff by diverting assets in which plaintiff had, and has, an interest.

## COUNT X

### (DERIVTIVE CLAIM FOR AIDING AND ABETTING BREACH OF FIDUCIARY DUTY AGAINST STEPHEN O'HARE, WILLIAM O'HARE, AND O'HARE & O'HARE, P.C.)

159.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "158", above, as if the same were more fully set forth herein at length.

160.    As is previously alleged in paragraphs 134-139, above, Richard Thew, John Thew and Larry Thew, as officers and/or directors of Taconic 82, breached their fiduciary duties owed to the corporation.

161.    Defendants Stephen O'Hare and William O'Hare were aware of Richard Thew's plan to divert assets from the Gerald Thew Family Trust and from Taconic 82, with the intent of preventing plaintiff from receiving her fair share of the assets of each.

162.    Defendants Stephen O'Hare and William O'Hare, individually and/or on behalf of defendant O'Hare & O'Hare, P.C., knowingly participated in the aforementioned breaches by, among other things, their representation of Richard Thew, John Thew, and/or Larry Thew in the real estate transactions which constituted the breaches.

163.    The aforesaid breaches damaged the corporation by diverting and wasting corporate assets and rendering the corporation essentially worthless.

164.    Plaintiff is excused from making a demand upon the company prior to

8535-0004/mmc

asserting this derivative claim, as such demand would be futile. The decision to comply or not comply with such a demand would ultimately be decided by John and Larry Thew, who are each defendants in this action, and who's conduct is at the core of this cause of action. This inherit conflict of interest renders the demand requirement futile.

## COUNT XI

### (AIDING AND ABETTING BREACH OF FIDUCIARY DUTY AGAINST REED SMITH, LLP)

165.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "164", above, as if the same were more fully set forth herein at length.

166.    As is previously alleged in paragraphs 116-123, above, Richard Thew, as trustee of the Gerald Thew Family Trust, breached the fiduciary duty he owed to plaintiff, as beneficiary.

167.    As is previously alleged in paragraphs 124-129, above, John Thew and Larry Thew, as successor co-trustees of the Gerald Thew Family Trust, breached a fiduciary duty owed to plaintiff, as beneficiary.

168.    Defendant Reed Smith was aware of Richard Thew's plan to divert assets from the Gerald Thew Family Trust and from Taconic 82, with the intent of preventing plaintiff from receiving her fair share of the assets of each.

169.    Defendant Reed Smith knowingly participated in the aforementioned breaches by, among other things, its representation of Richard Thew, John Thew, and Larry Thew and/or the R.W. Thew Trust in the sale of the Orchard Property to the Curry Family Partnership, and its receipt of the proceeds of the sale of the Orchard Property and its failure to deliver those proceeds to the Gerald Thew Family Trust.

170.    The aforesaid damaged plaintiff by diverting assets in which plaintiff had, and has, an interest.

8535-0004/mmc

## COUNT XII

## CONSPIRACY TO DEFRAUD
### (AGAINST DEFENDANTS LARRY THEW, JOHN THEW, LARRY AND JOHN THEW AS EXECUTORS OF THE ESTATE OF RICHARD THEW, WILLIAM O'HARE, STEPHEN O'HARE, O'HARE & O'HARE, P.C., AND REED SMITH, LLP)

171.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "170", above, as if the same were more fully set forth herein at length.

172.    Upon information and belief, Richard Thew entered into an agreement with Larry Thew and John Thew to divert assets from the Gerald Thew Family Trust in an effort to prevent plaintiff from receiving her rightful share.

173.    Richard Thew, Larry Thew and John Thew each acted in intentional furtherance of such scheme by effecting the fraudulent conveyances of real property from the Gerald Thew Family Trust and from Taconic 82, Inc, to third parties, as detailed above.

174.    Stephen O'Hare and William O'Hare, individually, jointly, and/or on behalf of O'Hare & O'Hare, P.C., acted in intentional furtherance of the scheme by their knowing participation in the fraudulent conveyances of real property from the Gerald Thew Family Trust and from Taconic 82, Inc, to third parties, as detailed above.

175.    Stephen O'Hare, individually and/or on behalf of O'Hare & O'Hare, P.C., also acted in furtherance of the scheme by "switching sides", representing the Curry Family in the purchase of the Orchard Property from Larry Thew and John Thew, despite his longstanding representation over many years of the Thew Family.

176.    Reed Smith, LLP, acted in intentional furtherance of the scheme by its knowing participation in the fraudulent conveyance of the Orchard Property to the Curry Family Partnership, as detailed above.

177.    Reed Smith, LLP, also acted in intentional furtherance of the scheme by attempting to convince the title company that the conveyance of certain properties from the Gerald Thew Family Trust to the R.W. Thew Trust for no consideration were valid transfers,

8535-0004/mmc

when it knew that the conveyances were in fact fraudulent.

178.    Reed Smith, LLP, also acted in intentional furtherance of the scheme by attempting to convince the title company that it should issue title free and clear of any claims by plaintiff Melinda Thew Cooper.

179.    Reed Smith, LLP, also acted in intentional furtherance of the scheme by holding the funds from the sale of the Orchard Property in a Reed Smith Escrow Account, failing to release these funds to the Gerald Thew Family Trust, failing to provide an accounting in response to requests from plaintiff's attorneys to do so, and by making distributions from the escrow account for expenses that were not valid expenses of the Gerald Thew Family Trust, as detailed above.

180.    The aforesaid damaged plaintiff by diverting assets in which plaintiff had, and has, an interest.

## COUNT XIII

### UNJUST ENRICHMENT
### (AGAINST DEFENDANTS JOHN THEW AND LARRY THEW)

181.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "180", above, as if the same were more fully set forth herein at length.

182.    Defendants John Thew and Larry Thew, as beneficiaries of the R.W. Thew Trust, received a benefit from the transfer, for no consideration, of several parcels of real estate into the R.W. Thew Trust from both the Gerald Thew Family Trust and Taconic 82.

183.    Such benefit was to the detriment of plaintiff, as it operated to divert assets in which plaintiff had, and has, an interest.

184.    Defendants John Thew and Larry Thew received a benefit from the use of the proceeds of the sale of the Orchard Property to the Curry Family Partnership for the payment of both personal and farm debt owed by them to third parties.  Such debts were not valid debts of the Gerald Thew Family Trust.

8535-0004/mmc

185.   Such benefit was to the detriment of plaintiff, as it operated to divert assets in which plaintiff had, and has, an interest.

186.   Principles of equity and good conscience render it unjust for defendants to retain the aforementioned benefits.

## COUNT XIV

### (UNJUST ENRICHMENT
### AGAINST DEFENDANTS LARRY THEW AND MICHELE THEW)

187.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "186", above, as if the same were more fully set forth herein at length.

188.   Defendants Larry and Michele Thew received a benefit from the transfer to them, on or about May 29, 2002, of a parcel of real property for no consideration.

189.   Such benefit was to the detriment of plaintiff, as it operated to divert assets in which plaintiff had, and has, an interest.

190.   Principles of equity and good conscience render it unjust for defendants to retain the aforementioned benefit.

## COUNT XV

### (UNJUST ENRICHMENT
### AGAINST DEFENDANT PATRICIA CARSON)

191.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "190", above, as if the same were more fully set forth herein at length.

192.   Defendant Patricia Carson received a benefit from the transfer to her, on or about November 13, 1998, from the Gerald Thew Family Trust, of a parcel of real property for $19,000, a price grossly below the then fair market value.

193.   Such benefit was to the detriment of plaintiff, as it operated to divert assets in which plaintiff had, and has, an interest.

194.   Principles of equity and good conscience render it unjust for defendant to

8535-0004/mmc

retain the aforementioned benefit.

## COUNT XVI

### (UNJUST ENRICHMENT
### AGAINST DEFENDANT THE CURRY FAMILY PARTNERSHIP)

195.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "194", above, as if the same were more fully set forth herein at length.

196.    Defendant The Curry Family Partnership received a benefit from the transfer to it, on or about December 19, 2003, from the Gerald Thew Family Trust, of the Orchard Property, in that they received substantially more property than was intended by the parties' agreement, and have failed to re-convey the excess property in accordance with the terms of that agreement.

197.    Such benefit was to the detriment of plaintiff, as it operated to divert assets in which plaintiff had, and has, an interest.

198.    Principles of equity and good conscience render it unjust for defendant to retain the aforementioned benefit.

## COUNT XVII

### (UNJUST ENRICHMENT
### AGAINST DEFENDANT WILLIAM O'HARE)

199.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "198", above, as if the same were more fully set forth herein at length.

200.    Defendant William O'Hare received a benefit from the transfer, on or about December 19, 2003, of the Orchard Property, from the Gerald Thew Family Trust to the Curry Family Partnership, in that he received a brokerage commission of approximately $81,000.00 on the transaction, despite the fact that he was not responsible for having brokered the deal.

201.    Such benefit was to the detriment of plaintiff, in that it operated to divert

8535-0004/mmc

assets in which plaintiff had, and has, an interest.

202.    Principles of equity and good conscience render it unjust for defendant to retain the aforementioned benefit.

**WHEREFORE,** plaintiff prays that this Honorable Court:

A.    accept jurisdiction over this case;

B.    issue an order setting aside, as a fraudulent conveyance pursuant to New York Debtor & Creditor Law §§273 and 276, a conveyance made by Richard Thew on or about May 17, 2002, intending to transfer title in real property from the Gerald Thew Family Trust to the R.W. Thew Trust for no consideration, such conveyance being recorded at the Dutchess County Clerk's Office on or about August 6, 2002, under document number 02 2002 7552;

C.    issue an order setting aside, as a fraudulent conveyance pursuant to New York Debtor & Creditor Law §§273 and 276, a conveyance made by Richard Thew on or about May 17, 2002, intending to transfer title in real property from the Gerald Thew Family Trust to the R.W. Thew Trust for no consideration, such conveyance being recorded at the Dutchess County Clerk's Office on or about August 6, 2002, under document number 02 2002 7542;

D.    issue an order setting aside, as a fraudulent conveyance pursuant to New York Debtor & Creditor Law §§273 and 276, a conveyance made by Richard Thew on or about April 1, 2003, intending to transfer title in real property from the Gerald Thew Family Trust to the R.W. Thew Trust for no consideration, such conveyance being recorded at the Dutchess County Clerk's Office on or about May 28, 2003, under document number 02 2003 4641;

E.    issue an order setting aside, as a fraudulent conveyance pursuant to New York Debtor & Creditor Law §§273 and 276, a conveyance made by Richard

Thew on or about May 17, 2002, intending to transfer title in real property from the Gerald Thew Family Trust to the R.W. Thew Trust for no consideration, such conveyance being recorded at the Dutchess County Clerk's Office on or about August 6, 2002, under document numbers 02 2002 7552 and 02 2002 7543;

F.     issue an order setting aside, as a fraudulent conveyance pursuant to New York Debtor & Creditor Law §§273 and 276, a conveyance made by Richard Thew on or about May 29, 2002, intending to transfer title in real property from the Gerald Thew Family Trust to Larry and Michele Thew for no consideration, such conveyance being recorded at the Dutchess County Clerk's Office on or about April 24, 2003, under document number 02 2003 3563;

G.     issue an order setting aside, as a fraudulent conveyance pursuant to New York Debtor & Creditor Law §§273 and 276, a conveyance made by Richard Thew on or about November 13, 1998, intending to transfer title in real property from the Gerald Thew Family Trust to Patricia Carson for inadequate consideration, such conveyance being recorded at the Dutchess County Clerk's Office on or about December 8, 1998, in Liber 2020, Page 299;

H.     issue an order setting aside, as fraudulent conveyances pursuant to New York Debtor & Creditor Law §§273 and 276, conveyances made by Larry Thew and John Thew on or about May 17, 2002, intending to transfer title in real property from Taconic 82, Inc. to the R.W. Thew Trust for no consideration, such conveyances being recorded at the Dutchess County Clerk's Office on or about August 6, 2002, under document numbers 02 2002 7544, 02 2002 7546, and 02 2002 7554;

I.      issue an order creating a constructive trust for the benefit of the beneficiaries of the Gerald Thew Family Trust, and providing that each of the parcels of

8535-0004/mmc

real property that are subject of this lawsuit shall be placed in such
constructive trust;

J.      issue an order directing Larry Thew and John Thew, as Trustees of the R.W.
Thew Trust, to disgorge the profits of the sale of real property fraudulently
conveyed from the Gerald Thew Family Trust to the R.W. Thew Trust and
subsequently sold to Raymond Patierno;

K.      issue an order directing Larry Thew and John Thew, as Trustees of the R.W.
Thew Trust, to disgorge the profits of the sale of real property fraudulently
conveyed from the Gerald Thew Family Trust to the R.W. Thew Trust and
subsequently sold to the Curry Family Partnership.

L.      issue an order directing William O'Hare to disgorge the realtor commission he
wrongfully received from the sale of the Orchard Property to the Curry Family
Partnership;

M.     issue an order directing Reed Smith LLP to disgorge the sum of
approximately $217,000.00 plus any other fees which it has received in
connection with the aforesaid scheme to disinherit and defraud Melinda Thew
Cooper.

N.      issue an order directing Larry Thew and John Thew to account for the
fraudulent conveyances committed by Richard Thew during his lifetime, and
for each and every item of damage of which said Richard Thew caused to the
Gerald Thew Family Trust, of which plaintiff is a beneficiary.

O.      award plaintiff damages in an amount to be determined;

P.      award plaintiff reasonable attorney's fees pursuant to New York Debtor and
Creditor Law § 276-a;

Q.      award such other relief the Court deems just and proper.

8535-0004/mmc

Dated: November 12, 2004
        Poughkeepsie, New York

Respectfully Submitted,

McCABE & MACK LLP

By: _____
        RICHARD R. DuVALL (#8967)
Attorneys for Plaintiff
63 Washington Street
P.O. Box 509
Poughkeepsie, NY 12602-0509
Tel: (845) 486-6800

TO: