UNITED STATES DISCRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

MELINDA THEW COOPER, individually and as a
shareholder of TACONIC 82, INC.,

              Plaintiff,

   —against—

LARRY THEW; JOHN THEW; LARRY THEW, as
executor of the Estate of Richard Thew; JOHN THEW,
as executor of the Estate of Richard Thew; LARRY
THEW, as successor co-trustee of the Gerald Thew Family
Trust; JOHN THEW, as successor co-trustee of the Gerald
Thew Family Trust; LARRY THEW, as co-trustee of the
R.W. Thew Trust a/k/a/ the R.W. Thew Irrevocable Living
Trust; JOHN THEW, as co-trustee of the R.W. Thew Trust
a/k/a the R.W. Thew Irrevocable Living Trust; THE CURRY
FAMILY PARTNERSHIP; TACONIC 82, INC.; LARRY
THEW, as an officer and/or director of TACONIC 82, INC.;
JOHN THEW, as an officer and/or director of TACONIC
82, INC.; REED SMITH, LLP; STEPHEN P. O'HARE,
Esq.; WILLIAM J. O'HARE, Esq.; O'HARE & O'HARE,
P.C.; MICHELE THEW; and PATRICIA CARSON,

              Defendants.

-----------------------------------------------------------------------x

**NOTICE OF MOTION**

**04 CIV. 8928-CM**

      PLEASE TAKE NOTICE, that upon the annexed affidavit of Kathryn B. Beller, Esq., the exhibits thereto, and the accompanying Memorandum of Law, the undersigned will move this Court as soon as counsel can be heard, for an order (a) dismissing this action in its entirety (i) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and (ii) pursuant to the doctrine of abstention and (b) dismissing certain counts alleged in the Complaint (i) because Plaintiff lacks standing, (ii) pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state claims upon which relief can be granted, and

H:\40694\0000\1340129.WPD

7.  Annexed hereto as Exhibit "E" is a true and accurate copy of the case captioned *C.R.A. Realty Corp. v. Scor U.S. Corp.*, 2004 WL 309610 (S.D.N.Y.).

8.  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:   White Plains, New York
         January 18, 2005

                                        /s/ Kathryn P. Beller
                                        Kathryn P. Beller, Esq.