SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
-------------------------------------------------------------------X

In the Matter of the Estate of GERALD R. THEW

                                                Deceased.

**AFFIDAVIT OF**
**ALLAN E. RAPPLEYEA**

File No. 89659/00

Assigned Justice:
Hon James D. Pagones

-------------------------------------------------------------------X

In the Matter of the ACCOUNTING BY JOAN THEW
DECKER and ALLAN E. RAPPLEYEA, Trustees under
the Will of DORIS C. THEW,

                                                Deceased.

File No. 75001

-------------------------------------------------------------------X

In the Matter of the Estate of RICHARD W. THEW

                                                Deceased.

File No. 93543/2004

-------------------------------------------------------------------X

Allan E. Rappleyea, being duly sworn, deposes and says:

    1.  I, along with Joan Thew Decker, am a co-Trustee of the Trust under the will of Doris C. Thew Trust.  A copy of Mrs. Thew's will is attached as Exhibit A.

    2.  The Doris C. Thew Trust is a qualified terminable interest trust ("QTIP"), the life beneficiary of which was Gerald R. Thew.

    3.  Because the marital deduction was taken for the QTIP trust on Doris C. Thew's estate tax return, the Doris C. Thew Trust is includable as an asset in the Estate of Gerald R. Thew.

    4.  Pursuant to EPTL § 2-1.8, the Doris C. Thew Trust is responsible for any increase in Federal and New York State Estate Taxes (hereinafter "Federal Tax" and "New York Tax," respectively) caused by its inclusion in the estate of Gerald R. Thew.

5. Because of the responsibility of the Doris C. Thew Trust to pay a share of the taxes from the Estate of Gerald R. Thew, the Doris C. Thew Trust has an economic and equitable interest in the status of the Estate of Gerald R. Thew.

6. Some time after the Federal Estate Tax return was filed for the Estate of Gerald R. Thew, the Doris C. Thew Trust was informed that a Federal audit was being conducted of the federal tax return for the Estate of Gerald R. Thew.

7. This audit is ongoing, and upon information and belief, both the Estate of Gerald R. Thew and the Doris C. Thew Trust owe additional taxes to either the Internal Revenue Service or the State of New York, or both.

8. Upon information and belief, an effort is being made by the Estate of Gerald R. Thew to reach a compromise with the Internal Revenue Service.

9. Upon information and belief, in addition to the taxes owed by the Estate of Gerald R. Thew and the Doris C. Thew Trust, the taxing authorities will assess interest and possibly penalties.

10. The Doris C. Thew Trust always has been and continues to be willing and able to make any tax payments owed by it. The audit being conducted only covers the Estate of Gerald R. Thew. Since Gerald R. Thew's death in August of 1999, Joan Decker and I, as trustees, have been requesting that the Executor of the Will of Gerald R. Thew inform us of the Doris Thew Trust estate tax responsibility so that we could satisfy it.

11. Although it is understood that some aspects of the audit are outside the control of the Estate of Gerald R. Thew, numerous issues need to be addressed which relate to the responsibilities of the Doris C. Thew Trust to pay its share of the taxes and to prevent the continued accrual of interest and possible penalties on any additional amount owed by it for Federal Tax and New York Tax.

12. The Doris C. Thew Trust is the subject of an accounting proceeding.

13. The assets of the Doris C. Thew Trust have been liquidated, in part because it was believed that a tax payment would have to be made and, in part, because it was believed that a settlement was close to being reached in that accounting proceeding.

14. The assets of the Doris C. Thew Trust are now being held either in cash or cash equivalents or short term treasury bills and are earning less interest than the interest accruing on the Trust's share of the Gerald R. Thew estate tax.

2

## THE INTERESTED INDIVIDUALS, TRUSTS , AND ESTATES

15.  There are numerous individuals, trusts and estates who have a potential interest in the outcome of these proceedings.  Paragraphs 16 to 22, below, attempt to outline for the Court the roles of each of these individuals, trusts and estates and to explain their relationship to each other

16.  The relevant family tree is as follows:



Gerald R. Thew

| Richard W. Thew (deceased) | Sand R. Thew (deceased) | Garret Thew | Joan Thew Decker |

| John Thew | Larry Thew | Kevin Thew | Melinda Thew Cooper |

17.  Upon information and belief, Garret Thew resides outside of New York State and his mailing address is P.O. Box 192, 644 Salmon Lane, Ennice, NC 28623-0192.

18.  Upon information and belief, Melinda Thew Cooper resides outside of New York State and her mailing address is 669 Reeves Road, Franklin, KY 42134.

19.  Upon information and belief, Kevin Thew resides outside of New York State and his mailing address is 695 Canal Drive SE, Sunset Harbor, Bolivia, NC 28422.

20. Upon information and belief, the relationships of the individuals to the trusts and estates is as follows:

**ESTATE OF GERALD R. THEW**
↓

*QTIP Trust — Tax obligor under* →

Former Trustee:    Richard W. Thew (now deceased)

Successor Trustees:    None appointed to date, no proceeding pending

**DORIS C. THEW TRUST**
↓

Beneficiary:

**GERALD THEW FAMILY TRUST**
↓

Currently the subject of accounting proceeding.

Former Trustee:    Richard W. Thew (now deceased)

Trustees:    Allan E. Rappleyea
Joan Thew Decker
(Richard W. Thew, now now deceased)

Successor Trustees:    Larry Thew
John Thew
Melinda Thew Cooper

Beneficiaries: Garret Thew
Joan Thew Decker

Beneficiaries:    Larry Thew
John Thew
Melinda Thew Cooper

**ESTATE OF RICHARD W. THEW**
↓

Executors:    None appointed to date (return date is 7/29/04, Larry Thew and John Thew named in will)

Beneficiaries:    Trust u/w f/b/o Larry Thew and John Thew

**ESTATE OF SANDS R. THEW**
↓

Executors:    Melinda Thew Cooper
Beneficiaries:    Melinda Thew Cooper

21. Upon information and belief, each of the above persons serves or is interested in this proceeding in one or more capacities as follows, and some are represented by counsel in those capacities as follows:

    a. GARRET THEW is a Beneficiary of Doris C. Thew Trust. It is unknown whether Garret Thew has representation.

    b. JOAN THEW DECKER is a Co-Trustee of Doris C. Thew Trust and a Beneficiary of Doris C. Thew Trust. In her capacity as Co-Trustee, she is represented by Van DeWater & Van DeWater, LLP (John K. Gifford and Janis Mary Gomez, of counsel)

4

c. JOHN THEW is a possible successor Executor of Will of Gerald R. Thew and a Successor Trustee of Gerald Thew Family Trust. In those capacities, he is represented by Reed Smith, LLP (William Bagliebter, of counsel). He is also a named Executor of Will of Richard W. Thew and a Beneficiary of Trust u/w/o Richard W. Thew. In those capacities he is represented by O'Hare & O'Hare, P.C., (Stephen P. O'Hare, of counsel).

d. KEVIN THEW is not a beneficiary or fiduciary in or of any of the relevant trusts or estates. He was given a citation for the probate of Richard W. Thew's will. It is unknown whether he is represented by counsel.

e. LARRY THEW is a possible successor Executor of Will of Gerald R. Thew and a Successor Trustee of Gerald Thew Family Trust. In those capacities, he is represented by Reed Smith, LLP (William Bagliebter, of counsel). He is also a named Executor of Will of Richard W. Thew and a Beneficiary of Trust u/w/o Richard W. Thew. In those capacities he is represented by O'Hare & O'Hare, P.C. (Stephen P. O'Hare, of counsel).

f. MELINDA THEW COOPER is a possible successor Executor of Will of Gerald R. Thew, a successor Trustee of Gerald Thew Family Trust, the Executor of Will of Sands R. Thew; and a Beneficiary u/w/o Sands R. Thew. In all of these capacities, she is represented by McCabe & Mack, LLP (Ellen Baker, of counsel).

22. Upon information and belief, each of the following trusts and estates are interested in this proceeding as follows:

a. The ESTATE OF GERALD R. THEW is an obligor to the Internal Revenue Service and an obligor of the State of New York. There is currently no fiduciary appointed in the Estate and upon information and belief no proceeding to appoint a successor fiduciary to Richard W. Thew, who died on December 29, 2003, is pending. The Estate is represented by Reed Smith, LLP (William Bagliebter, of counsel). The beneficiary of this Estate is the Gerald Thew Family Trust.

b. The DORIS C. THEW TRUST is an obligor of the Internal Revenue Service and an obligor of the State of New York for its share of estate taxes by virtue of its inclusion in the Estate of Gerald R. Thew. Its remaining co-trustees are Allan E. Rappleyea and Joan Thew Decker. This Trust is represented by Van DeWater & Van DeWater, LLP (John K. Gifford and Janis Mary Gomez, of counsel).

c. The GERALD R. THEW FAMILY TRUST is an obligor of the Internal Revenue Service and an obligor of the State of New York for its share of estate taxes by virtue of its inclusion in the Estate of Gerald R. Thew. Its co-trustees are John Thew, Larry Thew and Melinda Thew Cooper. Trustees John Thew and Larry Thew are represented in their capacities as Trustees by Reed Smith, LLP. (William Bagliebter, of counsel). Melinda Thew Cooper is represented in her capacity as Trustee by McCabe & Mack, LLP. (Ellen Baker, of counsel).

d. The ESTATE OF RICHARD W. THEW is a beneficiary of the Doris C. Thew Trust. There is currently no fiduciary appointed in this Estate. The executors named in the will are John Thew and Larry Thew. The citation return date is July 29, 2004. During his lifetime, Richard W. Thew was a co-trustee of the Doris C. Thew Trust, a trustee of the Gerald Thew Family Trust, and the Executor under the Will of Gerald R. Thew. The beneficiary of the Estate of Richard W. Thew is a trust created under the will for the benefit of John Thew and Larry Thew. The Estate is represented by O'Hare & O'Hare, P.C. (Stephen P. O'Hare, of counsel). Richard W. Thew was also a co-trustee of the Doris C. Thew Trust.

e. The ESTATE OF SANDS R. THEW is a beneficiary of the Doris C. Thew Trust. The Executrix of the Estate is Melinda Thew Cooper. The beneficiary of the Estate is Melinda Thew Cooper. The Estate is represented by McCabe & Mack, LLP (Ellen Baker, of counsel).

## SUCCESSOR FIDUCIARIES MUST BE NAMED
## IN THE ESTATE OF GERALD R. THEW

23. Richard W. Thew was named as the Executor of the Will of Gerald R. Thew and acted as such from January 27, 2000 when preliminary letters testamentary were issued until his death on December 29, 2003. A copy of the Will of Gerald R. Thew is attached as Exhibit B.

24. Since Richard W. Thew's death, more than six months ago, a successor fiduciary has not been appointed in the Estate of Gerald R. Thew.

25. John Thew, Larry Thew and Melinda Thew Cooper were named under the eighth paragraph of the Gerald R Thew's will as alternate executors in the event that Richard W. Thew did not survive Gerald R. Thew.

26. Without a successor fiduciary or fiduciaries being named, the Estate of Gerald R. Thew cannot come to a settlement with the Internal Revenue Service, and the remaining tax liabilities cannot be determined.

## INTERIM TAX PAYMENTS MUST BE MADE TO AVOID THE
## ACCRUAL OF ADDITIONAL INTEREST AND POSSIBLE
## PENALTIES AGAINST THE DORIS C. THEW TRUST

27. Interest and penalties are unnecessary expenditures which will reduce the amount received by the beneficiaries of the Doris C. Thew Trust. Because of the size of the taxable Estate of Gerald R. Thew, the amount of interest and possible penalties which are accruing is substantial.

28. To reduce this unnecessary expenditure, both the Estate of Gerald R. Thew and the Doris C. Thew Trust should make interim tax payments to the Internal Revenue Service and the State of New York.

29. Upon information and belief, no tax payments have ever been made by the Estate of Gerald R. Thew.

30. Since at least July 11, 2003, the Estate of Gerald R. Thew has been made aware that the Doris C. Thew Trust wants to make interim payments to the Internal Revenue Service and New York State to stop the running of interest and possible penalties.

31. To date, the Estate of Gerald R. Thew has failed to provide an estimate for the amount of an interim payment to stop the running of interest and penalties against the Estate of Gerald R. Thew.

32. This Court should require the Estate of Gerald R. Thew to calculate and make interim tax payments to the Internal Revenue Service and New York State.

33. This Court should require the Estate of Gerald R. Thew to provide the Doris C. Thew Trust with a reasonable estimate of the interim payments which should be made by it to the Internal Revenue Service and New York State.

### THE ESTATE OF GERALD R. THEW SHOULD FILE AN INVENTORY OF ASSETS AND ACCOUNT FOR THE ASSETS IN THE ESTATE

34. Gerald R. Thew died on August 7, 1999.

35. Gerald Thew's estate was admitted to probate on April 2, 2001.

36. To date, no inventory of assets has been filed with the Surrogate's Court in the Estate of Gerald R. Thew.

37. Upon information and belief, any refund of an overpayment of taxes by the Estate of Gerald R. Thew would be paid to the Estate of Gerald R. Thew by the taxing authority regardless of whether the source of funds was the Estate of Gerald R. Thew or the Doris C. Thew Trust.

38. Accordingly, the Doris C. Thew Trust would have to rely on the Estate of Gerald R. Thew to reimburse it for any overpayment of taxes made by it.

39. To date, no inventory of assets has been filed in the Estate of Gerald R. Thew, and therefore, the Doris C. Thew Trust has no way of knowing whether or if the Estate has assets to (a) cover the Estate's share of taxes or (b) to reimburse the Doris C. Thew Trust for any overpayment made by it.

40. Furthermore, Richard W. Thew, the Executor of the Will of Gerald R. Thew, died on December 29, 2003. The fiduciary of the Estate of Richard W. Thew should be required to account for the assets in the Estate of Gerald R. Thew pursuant to SCPA §2207.

41. The successor Executor(s) should also be required to account for the assets of the Estate of Gerald R. Thew.

42. The Estate of Gerald R. Thew should be required to hold sufficient funds in escrow to cover any tax liabilities it has to the Internal Revenue Service or New York State.

43. This Court should stay the distribution of assets from the Estate of Gerald R. Thew until the Federal Tax and the New York Tax are paid.

### THE ESTATE OF GERALD R. THEW SHOULD BE REQUIRED TO REFUND TO THE DORIS C. THEW TRUST ANY OVERPAYMENT OF TAXES MADE BY THE DORIS C. THEW TRUST

44. Pursuant to EPTL §2-1.8, the Doris C. Thew Trust is only responsible for the increase in taxes caused by its inclusion in the Estate of Gerald R. Thew.

45. Upon information and belief, if the Doris C. Thew Trust either already has or does overpay taxes such that a refund is due from either the Internal Revenue Service or the State of New York, the refund would be issued to the Estate of Gerald R. Thew.

46. Accordingly, the Estate of Gerald R. Thew should be required by the Court to assign any refund or portion thereof paid to it which is refunded because of an overpayment by the Doris C. Thew Trust to the Doris C. Thew Trust.

47. Furthermore, the Estate of Gerald R. Thew should be required to refund to the Doris C. Thew Trust any overpayment made by it regardless of whether the Estate of Gerald R. Thew receives a refund from the Internal Revenue Service or the State of New York. In other words, if the Doris C. Thew Trust, in making a payment, pays some of the Estate's share of the Federal Tax or the New York Tax, the Estate must be required to reimburse the Trust for that share.

48. The Estate of Gerald R. Thew should be required to hold sufficient funds in escrow to reimburse the Doris C. Thew Trust for any amount paid by said Trust to the Internal Revenue Service or the State of New York for Estate Taxes which amount is allocable to the Estate of Gerald R. Thew.

### THE GERALD THEW FAMILY TRUST SHOULD ACCOUNT FOR THE ASSETS IN THE TRUST

49. All of the testamentary assets of Gerald R. Thew were devised under the second paragraph of his will to the Gerald Thew Family Trust dated April 1, 1994 ("Gerald Thew Family Trust"). A copy of that Trust Agreement is annexed as Exhibit C.

50. Under the Fourth Article of the Gerald Thew Family Trust, that Trust is responsible for its share of any estate taxes due based on the Gerald Thew Family Trust's inclusion in the Estate of Gerald R. Thew.

51. Richard W. Thew and Gerald R. Thew were the Trustees of the Gerald Thew Family Trust.

52. Larry Thew, Melinda Thew Cooper and John Thew are successor trustees of the Gerald Thew Family Trust.

53. Upon information and belief, real property belonging to the Gerald Thew Family Trust was sold shortly before Richard Thew's death for gross proceeds of $2.7 million.

54. Upon information and belief, distributions of some of those proceeds were made after the death of Richard W. Thew and without the knowledge or agreement of at least one of the successor trustees.

55. Upon information and belief, $925,000 of those proceeds are being held in escrow at the law firm of Reed Smith, LLP.

56. The fiduciary of the Estate of Richard W. Thew should be required to account for the assets in the Gerald Thew Family Trust pursuant to SCPA §2207.

57. Furthermore, the successor Trustees of the Gerald Thew Family Trust should be required to account for the assets of the Trust.

58. Furthermore, the Gerald Thew Family Trust should be required to hold sufficient funds in escrow to cover any tax liabilities the Gerald Thew Family Trust owes based on its inclusion in to the Estate of Gerald R. Thew.

59. This Court should stay the distribution of assets from the Gerald Thew Family Trust until the Federal Tax and the New York Tax are paid.

### THE ESTATE OF GERALD R. THEW SHOULD BE REQUIRED TO PAY ANY INTEREST AND PENALTIES OWED ON THE FEDERAL TAX AND THE NEW YORK TAX

60. The Doris C. Thew Trust has always been ready, willing and able to pay the taxes owed by it in the Estate of Gerald R. Thew since the death of Gerald R. Thew.

61. On May 1, 2000, the Doris C. Thew Trust issued checks for $4,539,969.63, to pay the Federal Tax it owed based on its inclusion in the Estate of Gerald R. Thew.

62. On May 6, 2000 and May 1, 2000, the Doris C. Thew Trust issued checks for $1,560,000 and $165,712.70, respectively to pay ninety percent of the New York Tax it owed based on its inclusion in the Estate of Gerald R. Thew.

63. Upon information and belief, although the check was issued in ample time for the New York Tax to be paid in a timely manner, the Estate of Gerald R. Thew paid the estimated taxes late.

64. Upon information and belief, because the New York Tax was paid late, penalties will be assessed against the New York Tax when it is paid.

65. Upon information and belief, if the New York Tax had been paid on time, no penalties would be assessed on the New York Tax, only interest would accrue.

66. Upon information and belief, the audit of the Gerald R. Thew Estate was in no way caused by the inclusion of the Doris C. Thew Trust in the Estate.

67. Upon information and belief, the Federal Tax audit is based largely on the failure of the fiduciary of the Estate of Gerald R. Thew to include certain gifts on the tax return.

68. It is unclear whether the Gerald R. Thew Family Trust has been properly included in the estate tax returns.

69. The beneficiaries of the Doris C. Thew Trust should not be made to pay interest or penalties when the Trust's inclusion in the Estate in no way caused the audit or the interest to accrue and penalties to be assessed.

70. Wherefore, it is respectfully requested that this Court issue an order:

   a. Naming Larry Thew, John Thew and Melinda Thew Cooper as successor executors to the Estate of Gerald R. Thew;

   b. Requiring the successor executors of the Will of Gerald R. Thew to submit an inventory of assets of the Estate to the Court;

   c. Requiring the successor executors of the Will of Gerald R. Thew to account for the assets of the Estate;

   d. Requiring the Estate of Gerald R. Thew to make payment of Estate Taxes to the Internal Revenue Service and the State of New York to stop the accrual of interest and possible penalties;

   e. Requiring the Estate of Gerald R. Thew to provide the Doris C. Thew Trust with an estimate of Estate Taxes owed by it to the Internal Revenue Service and the State of New York, so that the Doris C. Thew Trust can make payment(s) to stop the accrual of interest and possible penalties against it;

   f. Requiring the Estate of Gerald R. Thew to assign to the Doris C. Thew Trust any refund it receives from the Internal Revenue Service or the State of New York which is allocable to an overpayment of taxes by the

10

Doris C. Thew Trust;

g. Requiring the Estate of Gerald R. Thew to hold funds in escrow to
reimburse the Doris C. Thew Trust for any amount paid by said Trust to
the Internal Revenue Service or the State of New York for Estate Taxes
which amount is actually allocable to the Estate of Gerald R. Thew;

h. Requiring the Gerald R. Thew Family Trust to hold sufficient funds in
escrow to pay its share of the Federal and New York State Estate taxes,
interest, and possible penalties owed by the Estate of Gerald R. Thew.

i. Requiring the Estate of Gerald R. Thew to pay any and all interest and
penalties owed to the Internal Revenue Service or the State of New York
by the Estate of Gerald R. Thew whether or not the base amount on which
such interest or penalties is calculated based on taxes owed by the Doris C.
Thew Trust;

j. Staying the distribution of any funds from the Estate of Gerald R. Thew
until Federal and New York State Estate taxes, interest and possible
penalties owed by the Estate are paid;

k. Requiring executor(s) of the Will of Richard W. Thew to account for the
assets of the Estate of Gerald R. Thew since the admission of the Will to
probate pursuant to SCPA §2207;

l. Requiring executor(s) of the Will of Richard W. Thew to account for the
assets of the Gerald R. Thew Family Trust, of which Richard W. Thew
was a Trustee until his death pursuant to SCPA §2207, from the inception
of the Trust forward; and

m. Requiring Larry Thew, John Thew and Melinda Cooper Thew to account
for the assets of the Gerald R. Thew Family Trust dated April 1, 1994;

n. Staying the distribution of any funds from the Gerald R. Thew Family
Trust until the Trusts share of Federal and New York State Estate taxes,
interest and possible penalties owed by the Estate of Gerald R. Thew are
paid;

o. Requiring the Gerald R. Thew Family Trust to hold sufficient funds in
escrow to pay its share of the Federal and New York State Estate taxes,
interest, and possible penalties owed by the Estate of Gerald R. Thew; and

p.   For such other further relief as the Court deems proper.

ALLAN E. RAPPLEYEA
Co-Trustee, Doris C. Thew Trust

Sworn to before me this
____ day of July, 2004.

Notary Public

KATHLEEN GROSE
NOTARY PUBLIC, STATE OF NEW YORK
Qualified in Dutchess County
Reg.# 4689905
Commission Expires July 31, 20 05