SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

---------------------------------------------------------------X
In the Matter of the Estate of

    GERALD R. THEW,

    Deceased.
---------------------------------------------------------------X

REPLY OF
MELINDA THEW COOPER
File No. 89659/00

---------------------------------------------------------------X
In the Matter of the ACCOUNTING BY JOAN THEW
DECKER and ALLAN E. RAPPLEYEA, Trustees under
the Will of

    DORIS C. THEW,

    Deceased.
---------------------------------------------------------------X

File No. 75001

---------------------------------------------------------------X
In the Matter of the Estate of

    RICHARD W. THEW,

    Deceased.
---------------------------------------------------------------X

File No. 93543/2004

ELLEN L. BAKER, an attorney duly admitted to practice in the Courts of the State of New York, respectfully affirms the truth of the following statements under penalty of perjury pursuant to CPLR §2106.

1. I am a member of the firm of McCabe & Mack LLP, attorneys for Respondent, Melinda Thew Cooper, and as such, am fully familiar with all of the prior pleadings and proceedings which have taken place in this matter.

2. I submit this affirmation in reply to the Response of John Thew, Larry Thew, the Estate of Gerald Thew and the Gerald R. Thew Family Trust, and in further support of the Response of Melinda Thew Cooper. In doing so however, we are not appearing on behalf of Melinda Thew Cooper, as Executor of the Estate of Sands Thew, in the Matter of the Accounting by Joan Thew Decker and Allan E. Rappleyea,

Trustees under the Will of Doris C. Thew. In that capacity she is to be separately represented.

## THE EXECUTORS UNDER THE WILL OF RICHARD W. THEW SHOULD BE MADE TO ACCOUNT FOR THE ASSETS OF THE ESTATE OF GERALD R. THEW

3. Melinda Thew Cooper has joined in the Petitioner's request for an accounting for the assets of the Estate of Gerald R. Thew by the successor executors of the Estate of Richard W. Thew.

4. It should be noted that John and Larry Thew have petitioned the Court for Letters Testamentary for the Estate of Richard W. Thew, and both have appeared herein. As correctly stated in respondents, John Thew and Larry Thew's, Response, they have not responded as Executors of the Estate of Richard W. Thew (Affirmation of Bagliebter, p. 5), and are believed to be separately represented by O'Hare & O'Hare, P.C. in their capacity as such Executors.

5. John Thew and Larry Thew have agreed, in their Response, to file an account for the Estate of Gerald R. Thew upon their appointment as Successor Executors of such Estate. However, they have not addressed the issue of accounting for the Estate of Gerald R. Thew as Executors of the Estate of Richard W. Thew, nor has cause been shown why such an accounting should not be compelled.

6. John Thew and Larry Thew explain in their Response that there are currently no assets in the Estate of Gerald R. Thew. Questions are then raised: what did Richard W. Thew, as executor, do with those assets, and furthermore, where are funds going to be derived from for tax liabilities? These are just the types of questions that an accounting by the Executors of Richard W. Thew's Estate should answer.

7. Due to the foregoing, it is respectfully requested that the time is ripe for the successor Executors of the Estate of Richard W. Thew to be compelled to account for the assets of the Estate of Gerald R. Thew, of which Richard W. Thew exercised powers as executor.

**JOHN THEW and LARRY THEW SHOULD BE MADE TO ACCOUNT FOR THE ASSETS OF THE GERALD R. THEW FAMILY TRUST BOTH AS SUCCESSOR TRUSTEES OF THE GERALD R. THEW FAMILY TRUST AND AS EXECUTORS OF THE ESTATE OF RICHARD W. THEW**

8. The Petitioner has moved for an Order requiring Melinda Thew Cooper, along with her brothers, Larry Thew and John Thew, as successor Trustees of the Gerald R. Thew Family Trust, to account for the assets of Gerald R. Thew Family Trust dated April 1, 1994.

9. As previously submitted and acknowledged by Mr. Bagliebter, Melinda Thew Cooper has declined to accept an appointment as successor co-trustee of the Gerald R. Thew Family Trust, however, John Thew and Larry Thew have consented to such appointments. (Affirmation of Bagliebter, p. 2)

10. Melinda Thew Cooper has joined in Petitioner's request for an account of the activities of Larry Thew and John Thew as Trustees of the Gerald R. Thew Family Trust since the date of death of Richard W. Thew, and an account by the Executors of the Estate of Richard W. Thew for the activities of Richard W. Thew as Trustee of the Gerald R. Thew Family Trust. Respondents, Larry Thew and John Thew have not addressed the issue of accounting for said activities in their Response.

11. When Richard W. Thew began acting as Trustee, the Gerald R. Thew Family Trust held title to more than 400 acres in Dutchess County. Upon information and belief, as of the date of Richard W. Thew's death the Trust did not hold title to

any land, the last transfer having occurred within one week prior to his death, and more than one-half (½) of the 400 acres having been transferred by him to other trusts and/or entities and/or persons owned or controlled by or related to Richard W. Thew with the intent to disinherit his daughter, Melinda Thew Cooper, a remainder beneficiary of the Gerald R. Thew Family Trust.

12. Due to the foregoing circumstances, and as cause has not been shown why such accountings should not be compelled, it is respectfully requested that Larry Thew and John Thew, as successor Trustees of the Gerald R. Thew Family Trust and as Executors of the Estate of Richard W. Thew, be compelled to account for the assets of Gerald R. Thew Family Trust dated April 1, 1994.

13. In light of the foregoing, and the prior pleadings submitted on behalf of Melinda Thew Cooper herein, it is respectfully requested that (1) Melinda Thew Cooper not be named as a successor Executor to the Estate of Gerald R. Thew, that (2) an Accounting be filed by the Executors under the Will of Richard W. Thew, for the assets of the Estate of Gerald R. Thew and the Gerald R. Thew Family Trust, that (3) Melinda Thew Cooper not be made to account for the assets of the Gerald R. Thew Family Trust, and that (4) Larry Thew and John Thew account for the assets of the Gerald R. Thew Family Trust, together with such other further relief as the Court deems just and proper.

Dated:   Poughkeepsie, NY
         September 1, 2004

_____
ELLEN L. BAKER

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF DUTCHESS       )

    I, the undersigned, am an attorney duly admitted to practice in the courts of New York State and say that: I am the attorney of record, or of counsel with the attorney(s) of record, for Melinda Thew Cooper. I have read the annexed Reply of Melinda Thew Cooper, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following:

    review of correspondence, records, and reports in affirmant's possession.

    The reason I make this affirmation instead of Melinda Thew Cooper is that she does not reside in or maintain an office in the county where affirmant's office is located.

    I affirm the foregoing statements are true under penalties of perjury.

DATED:   Poughkeepsie, New York
         September 1, 2004

*[signature]*
ELLEN BAKER

STATE OF NEW YORK        )
                                           ) ss.:
COUNTY OF DUTCHESS  )

REBECCA M. BLAHUT, being duly sworn, deposes and says:

I am an associate attorney with the law office of McCabe & Mack LLP, attorneys for Melinda Thew Cooper, am over 18 years of age and am not a party to this action.

On the 2nd day of September, 2004 I served a copy of the attached **Reply of Melinda Thew Cooper** upon the following parties whose name is hereinafter set forth by depositing a true copy of same in a securely enclosed wrapper, at the postal box located on Mansion Street in Poughkeepsie, New York, which box is under the exclusive custody and care of the United States Post Office, which copies are directed to said parties at the addresses set after their respective names, that being the address within the State designated by them for that purpose, to wit:

<u>Name and address of Parties</u>

Janis Mary Gomez, Esq.
Van DeWater & Van DeWater
40 Garden Street
Poughkeepsie, NY 12601

Garret Thew
P.O. Box 192
Ennice, NC 28623-0192

William M. Bagliebter, Esq.
Reed Smith LLP
599 Lexington Avenue
Twenty-Ninth Floor
New York, NY 10022-7650

Kevin Thew
695 Canal Drive, SE
Sunset Harbor
Bolivia, NC 28422

Stephen O'Hare, Esq.
O'Hare & O'Hare P.C.
488 Freedom Plains Road, Suite 103
Poughkeepsie, NY 12603

DUTCHESS COUNTY
SEP 0 2 2004
FILED AND ENTERED

_____
REBECCA M. BLAHUT

Sworn to before me this
2nd day of September, 2004.

_____
Notary Public

KATHLEEN M. LUCY
NOTARY PUBLIC, State Of New York
Reg. No. 01LU4618354
Qualified In Dutchess County
Commission Expires April 30, 20 07

Index Nos. 89659/00 & 75001 & 93543/2004

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

---

In the Matter of the Estate of

    GERALD R. THEW,

        Deceased.

---

In the Matter of the ACCOUNTING BY JOAN THEW
DECKER and ALLAN E. RAPPLEYEA, Trustees under
the Will of

    DORIS C. THEW,

        Deceased.

---

In the Matter of the Estate of

    RICHARD W. THEW,

        Deceased.

*DUTCHESS COUNTY*
*SEP 0 2 2004*
*FILED AND ENTERED*

---

### REPLY OF MELINDA THEW COOPER

McCABE & MACK LLP
Attorneys for MELINDA THEW COOPER
63 WASHINGTON STREET
P.O. BOX 509
POUGHKEEPSIE, NY 12602-0509
(845) 486-6800