# Westlaw.

1992 WL 309610
1992 WL 309610 (S.D.N.Y.)
(Cite as: 1992 WL 309610 (S.D.N.Y.))

Page 1

C
**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.

C.R.A. REALTY CORPORATION, Plaintiff,
v.
SCOR U.S. CORPORATION and Francois Negrier, Defendants.

**No. 92 Civ. 2093 (LMM).**

Oct. 9, 1992.

MEMORANDUM AND ORDER

McKENNA, District Judge.

*1 In this Order, the Court decides a motion submitted by defendants Scor U.S. Corporation ("Scor") and Francois Negrier ("Negrier") (collectively "Defendants") to dismiss plaintiffs C.R.A. Realty Corporation ("C.R.A." or "Plaintiff") Complaint, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. For the following reasons, Defendants' motion is granted, with leave to file an amended complaint.

*Discussion*

Plaintiff's Complaint seeks relief pursuant to section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78(p)(b), to recover alleged short-swing profits. Scor's and Negrier's motion is predicated on the well settled grounds that a section 16(b) action is derivative in nature. *See, e.g., Gollust v. Mendell,* 501 U.S. 115, 111 S.Ct. 2173, 2178 (1991) ("It is, rather, the security holders of an issuer who have the ultimate authority to sue for enforcement of § 16(b)"); *Blasband v. Rales,* 971 F.2d 1034, 1042 (3d Cir.1992) ("plaintiff ... had initiated a derivative action under section 16(b)")

(citation omitted); *Harrison v. Orleans,* 755 F.Supp. 592, 593 (S.D.N.Y.1991) ("Plaintiffs ... bring this derivative claim on behalf of the corporation to recover so-called 'short swing profits' under section 16(b)"). Plaintiff's Complaint is a derivative action because it asserts a claim based on section 16(b) of the Securities Exchange Act of 1934.

Defendants correctly note that Rule 23.1 of the Federal Rules of Civil Procedure requires that, in a derivative action, "the complaint shall be verified." Fed.R.Civ.P. 23.1. Plaintiff does not dispute that the Complaint was not verified. Dismissal of a complaint is appropriate, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, when a plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure. Consequently, Defendants' Rule 41(b) motion is granted, and the Complaint is dismissed for failure to comply with Rule 23.1, requiring verification of a complaint.

However, the Court notes that this Rule 41(b) Order is not an adjudication on the merits of either Plaintiff's claims or the defenses of the Defendants. Plaintiff may, therefore, serve an amended complaint on Defendants.

*Summary*

For the foregoing reasons, Defendants' motion to dismiss, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, is granted.

Plaintiff may serve on Defendants a verified amended complaint, conforming to Rule 23.1 of the Federal Rules of Civil Procedure, within 21 days of the date of this Order.

SO ORDERED.

1992 WL 309610 (S.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**
• 1:92CV02093 (Docket)
(Mar. 24, 1992)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1992 WL 309610  
1992 WL 309610 (S.D.N.Y.)  
**(Cite as: 1992 WL 309610 (S.D.N.Y.))**

Page 2

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.