UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

MELINDA THEW COOPER, individually and as a
shareholder of TACONIC 82, INC.,                              **04 CIV. 8928 (CM)**

                          Plaintiff,

      —against—

LARRY THEW; JOHN THEW; LARRY THEW, as
executor of the Estate of Richard Thew; JOHN THEW,
as executor of the Estate of Richard Thew; LARRY
THEW, as successor co-trustee of the Gerald Thew Family
Trust; JOHN THEW, as successor co-trustee of the Gerald
Thew Family Trust; LARRY THEW, as co-trustee of the
R.W. Thew Trust a/k/a/ the R.W. Thew Irrevocable Living
Trust; JOHN THEW, as co-trustee of the R.W. Thew Trust
a/k/a the R.W. Thew Irrevocable Living Trust; THE CURRY
FAMILY PARTNERSHIP; TACONIC 82, INC.; LARRY
THEW, as an officer and/or director of TACONIC 82, INC.;
JOHN THEW, as an officer and/or director of TACONIC
82, INC.; REED SMITH, LLP; STEPHEN P. O'HARE,
Esq.; WILLIAM J. O'HARE, Esq.; O'HARE & O'HARE,
P.C.; MICHELE THEW; and PATRICIA CARSON,

                      Defendants.

-------------------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF

# MOTION TO DISMISS

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.    The Complaint Should Be Dismissed Because This Court Lacks
      Jurisdiction Over the Subject Matter . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

      a.  There is not Complete Diversity of Citizenship
          Between the Parties to this Action . . . . . . . . . . . . . . . . . . . . . .. . . . 3

      b.  Pursuant to the Probate Exception, this Court Lacks
          Subject Matter Jurisdiction over this Action . . . . . . . . . . . . . . . . . . . 5

II.   The Court Should Abstain From Exercising Jurisdiction . . . . . . . . . . . . . .8

      a.  Pursuant to the *Princess Lida* Doctrine, this Court Should
          Abstain from Exercising Jurisdiction over this Action . . . . . . . . . . . .8

      b.  Pursuant to the *Colorado River* Doctrine, this Court should
          Abstain from Exercising Jurisdiction over this Action . . . . . . . . . . . .11

III.  Counts I, II, and III Should Be Dismissed Because Plaintiff
      Lacks Standing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

IV.   Count V Should Be Dismissed Because Plaintiff May Not
      Bring Suit In Her Individual Capacity For an Alleged
      Wrong Against Taconic 82 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

V.    Certain of Plaintiff's Claims Fail to State a Claim Upon Which Relief
      Can be Granted and Must be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

      a.  Counts I and II Fail to State a Claim Because Plaintiff
          Not a Creditor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

      b.  Count VI Must be Dismissed Because Plaintiff Failed to Verify
          The Allegations of the Complaint as Required by Federal
          Rule of Procedure 23.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

c.  Plaintiff's Claims for Aiding and Abetting Breach of Fiduciary Duty
    Should Be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

d.  Count XII Must Be Dismissed Because New York
    Does Not Recognize A Cause of Action for Civil
    Conspiracy to Defraud . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .20

e.  Plaintiff Failed to Plead an Unjust Enrichment Claim Against
    Larry and John Thew . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . 21

# TABLE OF AUTHORITIES

*Page*

*Cases*

Agostini v. Sobol . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
    304 A.D. 2d 395, 757 N.Y.S.2d 555, 556 (App.Div. 1st Dep't 2003)

Albany-Plattshburg United Corp. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14
    763 N.Y.S.2d 119, 122 (A.D. 2003)

Albrechta v. Broome County Industrial Development Agency . . . . . . . . . . . . . . . . . . . 20
    710 N.Y.S.2d 709 (App.Div. 3rd Dep't. 2003)

Amnex v. Rowland . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ... 11
    25 F. Supp. 2d 238, 243-244 (S.D.N.Y. 1998)

APWU v. Potter . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4
    343 F.3d 619, 623 (2d Cir. 2003)

Brackett v. Griswold . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .20
    112 N.Y. 454, 20 N.E. 376 (N.Y. 1889)

Burnett v. Physician's Online, Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    99 F.3d 72, 77 (2d Cir. 1996)

Canady v. Koch . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11
    608 F. Supp. 1460, 1475 (S.D.N.Y.) affd.768 F.2d 501 (2d Cir. 1985)

Carvel v. The Thomas and Agnes Carvel Foundation . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    188 F.3d 83, 85 (2d. Cir. 1999)

Cohen v. Beneficial Industrial Loan Corp. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
    337 U.S. 541, 554 (1949)

Colorado River Water Conservation District v. United States . . . . . . . . . . . 1,8,9,10,11,12
    424 U.S. 800, 817, 96 S.Ct. 1246 (1976)

Coordinated Title Insurance Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .20
    784 N.Y.S.2d 919 (Sup. Ct. 2004)

County of Suffolk v. First American Real Estate Solutions . . . . . . . . . . . . . . . . . . . . . .15
    261 F.3d 179, 184 (2d Cir. 2001)

C.R.A. Realty Corp. v. Scor U.S. Corp., . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
    1992 WL 309610 (S.D.N.Y.)

De Cisneros v. Younger . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    871 F.2d 405, 307 (2nd Cir. 1989)

Diamond State Insurance Co. v. Worldwide Weather Trading LLC . . . . . . . . . . . . . . .27
    2002 WL 31819217 (S.D.N.Y. 2002)

Duffey v. Wheeler . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    820 F.2d 1161,1163 (11th Cir. 1987)

Erie Railroad Co. v. Tompkins . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .26
    304 U.S. 64 (1938)

Filler v. Hanvit Bank . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26,27
    Supp. 2d 553, 560 (S.D.N.Y. 2004)

Freedom Holdings Inc. v. Spitzer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16
    363 F.3d 149, 152 (2d Cir. 2004)

Ganoe v. Lummis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5,6,7,8
    662 F. Supp. 718, 721 (S.D.N.Y. 1987)

Gebbie Foundation, Inc. v. Rogerson . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13
    62, Misc.2d 944, 310 N.Y.S.2d 919, 923 (Sup. Ct. 1970)

Gio, Buton & C., S.P.A. v. Mediterranean Importing Co., Inc. . . . . . . . . . . . . . . . . . 16
    125 A.D.2d 638,510 N.Y.S.2d 171(App. Div., 2d Dep't 1986)

Herrick Company, Inc. v. SCS Communications, Inc. . . . . . . . . . . . . . . . . . . . . . . . . .3
    251 F.3d 315, 322 (S.D.N.Y. 2001)

Initial Public Offering Securities Litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .27
    241 F. Supp. 2d 281, 327 (S.D.N.Y. 2003)

Kaufman v. Cohen . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18,19
    307 A.D.2d 113, 125, 760 N.Y.S.2d 157, 169 (App. Div. 1st Dep't. 2003)

Kerotest Mfg. Co. v. C-O Two Fire Equipment Co. . . . . . . . . . . . . . . . . . . . . . . . . . .11
    342 U.S. 180, 183 (1952)

Kittredge v. Stevens . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,8
    126 F.2d 263, 267 (1st Cir. 1942)

Koster v. Lumbermens Mutual Casualty Company . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
       330 U.S. 518, 67 S.Ct. 828 (1947)

Lerner v. Fleet Bank, N.A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15
       318 F.3d 113, 117 (2d Cir.), *cert. denied,* 540 U.S. 1012 (2003)

Lewis v. Odell . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4
       503 F.2d 445-447 (2nd Cir.1974)

Markham v. Allen  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5,6
       326 U.S. 490, 494, 66 S.Ct. 296, 298  (1946)

MBF Clearing Corp. v. Shine . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
       212 A.D. 2d 478, 623 N.Y.S.2d 204 (A.D. 1995)

Modjeska v. Greer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
       233 649 N.Y.S.2d 734 (App.Div. 2nd Dep't. 1996)

National Union Fire Inx. of Pittsburgh v. Karp . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11
       108 F.3d 17, 22 (2d Cir. 1997)

Princess Lida of Thurn and Taxis v. Thompson . . . . . . . . . . . . . . . . . . . . . . . . 1,7,8,9
       305 U.S. 456, 59 S.Ct. 275 (1939)

Robinson v. Overseas Military Sales Corp. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
       21 F.3d 502, 507 (2d Cir.  1994)

Ross v. Bernhard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4
       396 U.S. 531, 538, (1970)

Rousseau v. United States Trust Company of New York . . . . . . . . . . . . . . . . . . . . . .6,7,8
       422 F. Supp. 447 (S.D.N.Y. 1976)

S&K Sales Co. v. Nike, Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18
       816 F.2d 843, 847 (2nd Cir. 1987)

Sally Lou Fashions Corp. v. Camhe- Marcille . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
       755 N.Y.S.2d 67, 69 (A.D. 2002)

Scullin v. Clark . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
       242 S.W.2d 542, 547 (Mo. 1951)

Schmidt v. Esquire, Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
       210 F.2d 908 (7th Cir.) *cert. denied* 348 U.S. 819, 75 S.Ct. 31(1954)

Sharp International Corp. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
    281 B.R. 506, 512, 514 (E.D.N.Y. 2002)

Smith v. Sperling . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    345 U.S. 91, 77 S.Ct. 1112 (1957)

Starrels v. First National Bank of Chicago . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .22
    870 P.2d 1168, 1171 (7th Cir. 1989)

T.G.W. Realties v. Long Island Bird Store . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16
    151 Misc 918, 272 N.Y.S. 602, 606 (Nassau Sup.Ct., 1934)

UCAR International, Inc. v. Union Carbide Corp. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15
    2004 WL 2756998 (2d Cir. 2004)

Vetterlein v. Barnes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29
    124 U.S. 169, 172 (1888)

Wechsler v. Bowman . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19
    285 N.Y. 284, 291 (N.Y. 1941

York v. Association of Bar of City of New York . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
    286 F.3d 122, 125 (2d Cir.), *cert. denied,* 537 U.S. 1089 (2002)

Zappia Middle East Const. Co. v. Emirate of Abut Dhabi . . . . . . . . . . . . . . . . . . . . . . .2
    215 F.3d 247, 253 (2d Cir. 2000)

ZB Holdings, Inc. v. White . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4
    144 F.R.D. 42,45 (SDNY 1992)

*Statutes*

28 U.S.C.A. § 1332. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

MELINDA THEW COOPER, individually and as a
shareholder of TACONIC 82, INC.,                             **04 CIV. 8928 (CM)**

                Plaintiff,

    —against—

LARRY THEW; JOHN THEW; LARRY THEW, as
executor of the Estate of Richard Thew; JOHN THEW,
as executor of the Estate of Richard Thew; LARRY
THEW, as successor co-trustee of the Gerald Thew Family
Trust; JOHN THEW, as successor co-trustee of the Gerald
Thew Family Trust; LARRY THEW, as co-trustee of the
R.W. Thew Trust a/k/a/ the R.W. Thew Irrevocable Living
Trust; JOHN THEW, as co-trustee of the R.W. Thew Trust
a/k/a the R.W. Thew Irrevocable Living Trust; THE CURRY
FAMILY PARTNERSHIP; TACONIC 82, INC.; LARRY
THEW, as an officer and/or director of TACONIC 82, INC.;
JOHN THEW, as an officer and/or director of TACONIC
82, INC.; REED SMITH, LLP; STEPHEN P. O'HARE,
Esq.; WILLIAM J. O'HARE, Esq.; O'HARE & O'HARE,
P.C.; MICHELE THEW; and PATRICIA CARSON,

                Defendants.

-------------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF

## MOTION TO DISMISS

    Defendants Larry Thew, John Thew, Taconic 82, Inc., and Michele Thew

(collectively "Movants"), through their attorneys, submit this memorandum of law in

support of their motion to dismiss the Complaint of Melinda Thew Cooper ("Plaintiff").

## PRELIMINARY STATEMENT

This case is about forum shopping—pure and simple. Despite active participation in the ongoing Dutchess County Surrogate's Court proceedings, Plaintiff Melinda Thew Cooper has now run to federal court in an attempt to have this Court interfere with the probate proceedings. Apparently dissatisfied with either the progress of the Surrogate's Court action or the rulings she has received, Plaintiff asks this Court to provide her with the same relief she has requested from the Surrogate's Court in the hope of getting a more favorable result here.

Unfortunately for Plaintiff, the law does not permit this sort of forum shopping. In addition, the Complaint is replete with errors. For these reasons, as is set forth more fully below, Plaintiff's Complaint must be dismissed.

First, this Court lacks subject matter jurisdiction over this action because (1) there is not complete diversity of citizenship between plaintiff and defendants and (2) the Dutchess County Surrogate's Court is engaged in an ongoing probate proceeding concerning the assets at issue in this case.

Second, even if this Court finds that it has subject matter jurisdiction, it still should abstain from exercising jurisdiction over this action pursuant to the doctrines articulated by the United State Supreme Court in *Princess Lida* and *Colorado River*.[1]

Third, should this Court refuse to abstain from exercising jurisdiction over this action, several of the counts nonetheless should be dismissed. Counts I, II, and III should

---

[1]     Significantly, Plaintiff clearly is aware that abstention is appropriate in this case. Plaintiff makes the unusual request in her Complaint that this Court "accept jurisdiction over this case." (Complaint ¶ 202A). There is no need for this request if jurisdiction is proper. Plaintiff's unusual request highlights her awareness that this Court should abstain from exercising jurisdiction over this action given the ongoing Surrogate Court action involving the same subject matter.

be dismissed because Plaintiff lacks standing to assert them.  In addition, Count V should be dismissed because Plaintiff may not bring suit in her individual capacity for an alleged wrong against Taconic 82, Inc.  Finally, Counts I, II, VI, VIII, XII and XIII should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## STATEMENT OF FACTS

Plaintiff Melinda Thew Cooper and defendants John and Larry Thew are siblings. (Complaint ¶17).  They are the children of Richard and Patricia Thew and the grandchildren of Gerald and Doris Thew.  (Complaint ¶¶ 16-17).  On or about April 1, 1994, Gerald Thew created the Gerald Thew Family Trust (Complaint ¶19).  Gerald Thew and Richard Thew were the co-trustees of the Gerald Thew Family Trust. (Complaint ¶ 20).  On or about August 7, 1999, Gerald Thew died and Richard Thew became the sole trustee of the Gerald Thew Family Trust.  (Complaint ¶22).  Gerald Thew's estate was admitted to probate in the Dutchess County Surrogate's Court on or about April 2, 2001. (Declaration of Kathryn P. Beller, Esq. dated January 18, 2005 ("Beller Dec."), Exhibit A).  Richard Thew was named the executor of the estate of Gerald Thew.  (Beller Dec., Ex. A).

On or about December 29, 2003, Richard Thew died.  (Complaint ¶18).  Upon the death of Richard Thew, Melinda Thew Cooper and Larry and John Thew became successor co-trustees of the Gerald Thew Family Trust.  (Complaint ¶24).  Richard Thew's will was admitted to probate in the Dutchess County Surrogate's Court on or about August 20, 2004.  (Complaint ¶18).  Larry and John Thew were appointed the executors of Richard Thew's estate. *Id.*

On or about October 28, 2004, the Honorable James D. Pagones, Surrogate,

entered a decision and order directing Larry and John Thew to file a petition to be named

successor executors of the estate of Gerald Thew and "within sixty (60) days of their

appointment, [to] file and serve an inventory of the assets of the estate and an accounting

of the asset of the estate." (Beller Dec., Ex. C). That decision and order were served on

Plaintiff because she has actively participated in the Surrogate's proceeding.

## ARGUMENT

## I.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE THIS COURT LACKS JURISDICTION OVER THE SUBJECT MATTER

### A.    There is Not Complete Diversity of Citizenship Between the Parties to this Action

The Complaint must be dismissed because there is not complete diversity of

citizenship between the defendants and Plaintiff. "[D]iversity jurisdiction is available

only when all adverse parties to a litigation are completely diverse in their citizenships."

*Herrick Company, Inc. v. SCS Communications, Inc.,* 251 F.3d 315, 322 (S.D.N.Y. 2001)

(citations omitted); *see* 28 U.S.C.A. § 1332. As the party asserting the existence of

jurisdiction, the plaintiff bears the burden of establishing jurisdiction once jurisdiction is

challenged. *E.g., APWU v. Potter,* 343 F.3d 619, 623 (2d Cir. 2003). Where the attack

on subject matter jurisdiction is substantive, a court should not accept the allegations as

true. *Zappia Middle East Const. Co. v. Emirate of Abu Dhabi,* 215 F.3d 247, 253 (2d Cir.

2000). The Complaint alleges that complete diversity exists because Plaintiff is a citizen

of Kentucky and the defendants are purportedly citizens of either New York or

Connecticut. (Complaint ¶14). The Complaint also alleges that Taconic 82, Inc. is a

citizen of New York. (Complaint ¶6). This allegation is fatal to diversity jurisdiction

because Taconic 82, Inc. is only a nominal defendant in a derivative capacity and must be realigned as a plaintiff in this action. Consequently, diversity jurisdiction is destroyed.

As a matter of law, the plaintiff in a shareholder's derivative suit on behalf of a corporation is "at best the nominal plaintiff." *Ross v. Bernhard*, 396 U.S. 531, 538 (1970). The corporation is the real party in interest, even where the corporate management has failed to pursue the action. *Koster v. (American) Lumbermens Mutual Casualty Company*, 330 U.S. 518, 522-23 (1947). The corporation is initially named as a defendant to insure the presence of the corporation as an indispensable party. Once joined and present before the court, the corporation is then realigned according to its real interests. *Smith v. Sperling,* 354 U.S. 91, 96 (1957); *Lewis v. Odell*, 503 F.2d 445, 447 (2d Cir. 1974). Thus, the corporation should be realigned as a plaintiff in a derivative action since it stands to benefit from a successful suit. *ZB Holdings, Inc. v. White,* 144 F.R.D. 42, 45 (S.D.N.Y 1992); *see Duffey v. Wheeler,* 820 F.2d 1161, 1163 (11th Cir. 1987); *Schmidt v. Esquire, Inc.*, 210 F.2d 908, 912 (7th Cir.), *cert. denied,* 348 U.S. 819 (1954). This principle may be modified to produce an actual controversy or real collision of interests between the parties. *Smith v. Sperling*, 354 U.S. at 97. The question of whether to realign the corporation as a plaintiff or allow it to remain as a defendant is "a practical not a mechanical determination and is resolved by the pleadings and the nature of the dispute." *Id.* at 97.

In this action, Taconic 82's interests clearly are the same as Plaintiff's, and it should be realigned as a plaintiff. The Complaint alleges that Taconic 82 was formed for "real estate purposes," (Complaint ¶34), and that defendants Larry and John Thew breached their fiduciary duty by conveying three parcels of estate from Taconic 82 to a

third party for no consideration, (Complaint ¶137). The Complaint further alleges that, as

a result, the corporation was rendered "essentially worthless." (Complaint ¶138).

Accepting these allegations as true, it is clear that the inactive and worthless

corporation's interests must lie in either recovering the real property that was conveyed

or in obtaining damages from Larry or John Thew. That is the real collision of interest

between the parties, and it requires realignment of Taconic 82 as a plaintiff for diversity

purposes. Once realigned, one plaintiff and several defendants are citizens of New York.

Accordingly, there is not complete diversity of citizenship between Plaintiff and the

defendants, and this Court lacks subject matter jurisdiction.

B.    Pursuant to the Probate Exception, this Court Lacks
      Subject Matter Jurisdiction over this Action

This Court lacks subject matter jurisdiction over the claims made in this action

because there is an ongoing probate proceeding concerning the assets at issue in this case.

The law is well settled that a federal court may not probate a will, administer an estate,

entertain an action that would "interfere with the probate proceedings or assume general

jurisdiction of the probate or control of the property in the custody of the state court."

*Markham v. Allen*, 326 U.S. 490, 494 (1946); *see also Ganoe v. Lummis*, 662 F. Supp.

718, 721 (S.D.N.Y. 1987) (federal court refused to entertain claims seeking to enjoin

distribution of assets ordered in state probate proceeding, order an audit or accounting, or

order the estate to pay plaintiffs); *Rousseau v. United States Trust Co.*, 422 F. Supp. 447,

456 (S.D.N.Y. 1976) (federal court had no jurisdiction over claims against defendant as

executor of estate and testamentary trustee as probate court had assumed jurisdiction over

estate property and was administering estate).

Federal courts in New York frequently have invoked the rule of law established in *Markham* to refuse jurisdiction over claims that would interfere with ongoing probate proceedings. In *Ganoe*, the court determined that it lacked jurisdiction over those counts of plaintiff's complaint seeking, among other things, a complete auditing and accounting of the decedent's estate because the claims would interfere with the pending probate proceedings. 662 F. Supp. at 721. Citing *Markham*, the court held that the claims fell with the probate exception to federal jurisdiction which "clearly bars the Court from entertaining an application for much of the relief sought by plaintiffs." *Id.* Accordingly, the court dismissed the claims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

Similarly, in *Rousseau*, the court refused to exercise jurisdiction over claims that would require a trust company, as executor and trustee of an estate, to be called to provide an accounting in federal court when the estate was being administered in probate court and the trust company was required to account there. 422 F. Supp. at 447. The court, citing *Markham*, noted that although a federal court has jurisdiction to adjudicate between rival claimants, there was no dispute regarding plaintiffs' interest in the estate. In refusing to assert jurisdiction, the court found noted that where "the issues presented by the complain involve a consideration of the actual handling of the trust property by the fiduciaries, then the federal courts would appear to have no jurisdiction." *Id.* (citing *Kittredge v. Stevens*, 126 F.2d 263, 267 (1st Cir. 1942)). Because the claims at issue would interfere with the existing probate court proceedings, the court in *Rousseau* dismissed the claims for lack of subject matter jurisdiction.

In this case, the Dutchess County Surrogate's Court has been involved in a
quagmire of litigation relating to the Thew family money for well over four years. These
litigations involve, among other things, a determination of the assets of the estate of
Gerald Thew the Gerald Thew Family Trust—the same assets and trusts addressed in this
Complaint. (Beller Dec., Ex. A). As recently as September 2004, Plaintiff filed papers
asking the Surrogate's Court to compel Larry and John Thew, as executors of the estate
of Richard Thew, to account for the assets of the estate of Gerald Thew—the relief that
Plaintiff has sought in this action as well. (Beller Dec., Ex. B). The Surrogate's Court is
already involved in sorting through the complexities of the various Thew family trusts
and estates. Indeed, in October 2004, the court issued an order requiring that Larry and
John Thew inventory and account for the assets of the estate of Gerald Thew. (Beller
Dec., Ex. C).

It is clear that here, as in *Ganoe* and *Rousseau*, the law as established in *Markham*
requires this court to dismiss this action for lack of subject matter jurisdiction. The
Complaint clearly seeks this Court's review of the handling of the various trust properties
administered by Larry and John Thew in their capacities as fiduciaries. Moreover, the
Complaint requests this Court, among other things, to issue orders setting aside
conveyances, to create a constructive trust, to disgorge profits from sales of trust
property, and to require an accounting of the Gerald Thew Family Trust. (Complaint ¶¶
202(A) through (N)). The Surrogate's Court already has jurisdiction over the Thew
family trusts and has ordered an inventory and accounting of the assets of the estate of
Gerald Thew. (Beller Dec., Ex. C). Plaintiff has participated in the Surrogate's Court
proceedings and has requested the same relief in that action. (Beller Dec., Ex. B). Given

the existing probate matter and the fact that the Surrogate's Court is already supervising the accounting of the estate of Gerald Thew, this Court cannot grant Plaintiff the relief that she seeks without interfering with the ongoing probate matter. Plaintiff seeks exactly the type of relief that *Ganoe, Rousseau,* and *Kittredge* prohibit. Accordingly, this Court should dismiss the Complaint for lack of subject matter jurisdiction.

## II.    THE COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION

This Court should refuse to exercise jurisdiction over this action based on two separate abstention doctrines articulated by the United States Supreme Court. First, under the *Princess Lida* doctrine, this Court should refuse to exercise jurisdiction because the Dutchess County Surrogate's Court already has jurisdiction over this same subject matter. Second, pursuant to the *Colorado River* doctrine, "the interests of conservation of judicial resources and comprehensive disposition of litigation" requires this Court to abstain from exercising jurisdiction. Accordingly, as is set forth more fully below, this Court should yield to the Surrogate Court's previous exercise of jurisdiction over the same subject matter.

A.    Pursuant to the *Princess Lida* Doctrine, this Court
Should Abstain from Exercising Jurisdiction over this Action

This Court should abstain from exercising jurisdiction because the Dutchess County Surrogate's Court already has jurisdiction over this subject matter. The court first assuming jurisdiction over property in an *in rem* or *quasi in rem* action maintains exclusive jurisdiction over that subject matter to the exclusion of all later filed actions involving the same subject matter. *Princess Lida of Thurn & Taxis v. Thompson,* 305 U.S. 456, 465-66 (1939); *see also Carvel v. Thomas & Agnes Carvel Foundation,* 188 F.3d 83, 85 (2d Cir. 1999) (holding that *Princess Lida* abstention doctrine requires

federal court to yield to state court jurisdiction in earlier *in rem* or *quasi in rem* suit involving same subject matter).

In *Princess Lida*, the United States Supreme Court examined "the question whether the exercise of jurisdiction by a state court over the administration of a trust deprives a federal court of jurisdiction of a later suit involving the same subject matter." 305 U.S. at 457. There, a trustee brought an action in state court for specific performance of a trust agreement. Subsequently, the beneficiaries of the trust brought suit in federal district court alleging that several of the trustees mismanaged the trust funds and asked that the defendants be required to account and repay the losses to the estate. *Id.* at 459. The Supreme Court determined that the state court acquired jurisdiction over the trust's management before the federal court action was commenced, and there was some overlap between the two proceedings. The crucial issue was that both suits were *quasi in rem*, inasmuch as they involved the administration of a trust:

> On the other hand, if the two suits are in rem or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and the grant the relief sought the jurisdiction of the one court must yield to that of the other. *We have said that the principle applicable to both federal and state courts that the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other, is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted, but applies as well where suits are brought to marshal assets, administer trusts or liquidate estates, and in suits of a similar nature where, to give effect to its jurisdiction, the court must control the property.*

*Id.* at 466 (emphasis added).

The *Princess Lida* abstention doctrine plainly governs here. In this action, Plaintiff seeks to have this Court issue orders setting aside numerous conveyances that

would effect the Gerald Thew Family Trust and the R.W. Thew Trust. (Complaint ¶¶ 202(A) through (H)). Plaintiff also seeks an order "directing Larry Thew and John Thew to account for the fraudulent conveyances committed by Richard Thew during his lifetime, and for each and every item of damage which said Richard Thew caused to the Gerald Thew Family Trust, of which plaintiff is a beneficiary." (Complaint ¶202(N)). The Dutchess County Surrogate's Court has had control of controversies involving these same trusts for years and is actively attempting to sort out the assets. Indeed, Plaintiff filed papers with the Surrogate's Court in the fall of 2004 requesting that "the successor Executors of the Estate of Richard W. Thew . . . be compelled to account for the assets of the Estate of Gerald R. Thew." (Beller Dec., Ex.B). As part of that application, Plaintiff raised questions regarding the absence of assets in the estate of Gerald Thew and specifically framed the following issues for the Surrogate: "What did Richard W. Thew, as executor, do with those assets, and furthermore, where are funds going to be derived for tax liabilities?" (Beller Dec., Ex. B). After considering Plaintiffs' submission, the Surrogate's Court issued an order requiring the successor executors of the estate of Gerald Thew to "file and serve an inventory of the assets of the estate and an accounting of the assets of the estate" within sixty days following their appointment. (Beller Dec., Ex. C).

In short, there can be no dispute that Plaintiff seeks to have this Court exercise jurisdiction over the management of trusts that are already under the jurisdiction of the Dutchess County Surrogate's Court. Accordingly, this Court should abstain from exercising jurisdiction over these claims, and this action should be dismissed.

B.    Pursuant the *Colorado River* Doctrine, this Court Should
      Abstain from Exercising Jurisdiction over this Action

In *Colorado River Water Conservation District v. United States*, 424 U.S. 800

(1976), the United States Supreme Court articulated an "exceptional circumstances"

exception to the exercise of federal court jurisdiction. *Id.* at 817. This type of abstention

"rests on consideration of '[wise] judicial administration, giving regard to conservation of

judicial resources and comprehensive disposition of litigation.'" *Id.* (citing *Kerotest Mfg.*

*Co. v. C-O Two Fire Equipment Co.,* 342 U.S. 180, 183 (1952)).

When *Colorado River* abstention is raised, the threshold inquiry is whether the

state and federal actions are concurrent or parallel so as to render consideration of

abstention appropriate. *Amnex v. Rowland*, 25 F. Supp. 2d 238, 243 (S.D.N.Y. 1998).

"Federal and state proceedings are 'concurrent or 'parallel' for purposes of abstention

when the . . . proceedings are essentially the same; that is, there is an identity of parties,

and the issues and relief sought are the same." *National Union Fire Ins. of Pittsburgh v.*

*Karp*, 108 F.3d 17, 22 (2d Cir. 1997). However, the *Colorado River* doctrine does not

require that the cases be exactly the same. *See Canady v. Koch*, 608 F. Supp. 1460, 1475

(S.D.N.Y.) *aff'd,* 768 F.2d 501 (2d Cir. 1985). "[The] *Colorado River* abstention

doctrine may be applied to cases in which there is less than precise and technical identity

of the parties, so long as there is a strong showing that the interests of the parties in each

of the suits are 'congruent.'" *Amnex*, 25 F. Supp. 2d at 243-44.

Once the threshold issue of concurrence between the federal and state case has

been established, federal courts consider the following additional factors in determining

whether to abstain under *Colorado River*: (1) the assumption of jurisdiction by either

court over any res or property; (2) the inconvenience of the federal forum; (3) the

avoidance of piecemeal litigation; (4) the order in which the actions were filed;
(5) whether state or federal law supplies the rule of decision; and (6) whether the state
court proceeding will adequately protect the rights of the party seeking to invoke federal
jurisdiction. *De Cisneros v. Younger*, 871 F.2d 405, 307 (2d Cir. 1989); *see also Burnett
v. Physician's Online, Inc.*, 99 F.3d 72, 77 (2d Cir. 1996).

Here, the *Colorado River* factors strongly weigh in favor of abstention. New
York law governs all of the claims raised by Plaintiff. The Surrogate's Court has already
has asserted jurisdiction over the res. All of the parties except Plaintiff and all of the
witnesses involved in this matter reside in Dutchess County, and all of the real property at
issue is located in Dutchess County. Since the Surrogate's Court assumed jurisdiction, it
has reviewed pleadings, heard motions, and issued orders affecting the conduct of the
parties with respect to the trusts and assets identified in this lawsuit. The vast majority of
the issues presented to this Court for resolution are currently before the Dutchess County
Surrogate's Court, including the issue of which assets are appropriately part of the estate
of Gerald Thew. Indeed, the Surrogate's Court has already ordered that an inventory of
the assets and an accounting of the estate of Gerald Thew be filed. Allowing this case to
proceed simultaneously in federal court poses the risk of inconsistent and contradictory
results with the findings of the Surrogate's Court. Abstention would prevent this result.
Finally, the state court proceeding will adequately protect the rights that Plaintiff is
seeking to vindicate in this federal action. The Surrogate's Court can hear and decide all
of the claims plaintiff brings in this action. It already has ordered an accounting. Based
upon the foregoing analysis, this Court should abstain pursuant to the *Colorado River*
abstention doctrine.

### III. COUNTS I, II, AND III SHOULD BE DISMISSED BECAUSE PLAINTIFF LACKS STANDING

Plaintiff lacks standing to sue in her individual capacity because she is a co-successor trustee of the Gerald Thew Family Trust. The Complaint expressly alleges that under the Gerald Thew Family Trust, "upon the death of Richard Thew and Gerald Thew, plaintiff Melinda Thew Cooper and defendants John Thew and Larry Thew became co-successor trustees." (Complaint ¶24). The Complaint also is clear that the Gerald Thew Family Trust is extant. (Complaint, ¶¶ 19 to 28). That much is uncontroverted.

Under New York law, it is well settled that the rights of beneficiaries of an express trust are derivative rather than direct. *Gebbie Foundation, Inc. v. Rogerson,* 62 Misc. 2d 944, 947, 310 N.Y.S.2d 919, 923 (Sup. Ct. 1970). So long as a trustee is capable of and ready and willing to take action against a third person, the beneficiaries cannot maintain a suit against that person. *Id.* The rationale for this rule is the very division of legal and equitable title that a trust necessarily entails. For example, in *Modjeska v. Greer,* 233 A.D.2d 589, 649 N.Y.S.2d 734 (1996), the beneficiaries of a trust, the corpus of which were shares of stock in a corporation, brought suit against a shareholder of the corporation alleging that the shareholder had committed conversion that rendered the stock worthless. The court ruled that the "plaintiffs were required to establish their legal ownership or immediate superior right of possession to the shares of stock." 233 A.D.2d at 590, 646 N.Y.S.2d at 735. They failed to meet this burden "since they acknowledge in their brief that the trust is still extant, and thus, as the apparent owner of the shares in question, it would be the only entity entitled to pursue this cause of action." 233 A.D.2d at 590, 649 N.Y.S.2d at 735.

In this case, Plaintiff lacks standing to file a claim except as a co-successor trustee. Her attempt to pursue Counts I, II, and III "individually and as a shareholder of Taconic 82, Inc." is contrary to law and not permitted. (Complaint Caption, p. 1). Despite the allegation that she is a co-trustee of the Gerald Thew Family Trust, Plaintiff does not prosecute this action in that capacity. In her individual capacity, Plaintiff lacks standing to complain about the allegedly inappropriate conveyances made by Richard Thew, her predecessor trustee. The right to seek to set aside any allegedly wrongful conveyances described in Counts I, II, and III of the Complaint belongs first to the co-trustees of the Gerald Thew Family Trust in their capacities as such. Consequently, Counts I, II, and III should be dismissed for lack of standing.

## IV.    COUNT V SHOULD BE DISMISSED BECAUSE PLAINTIFF MAY NOT BRING SUIT IN HER INDIVIDUAL CAPACITY FOR AN ALLEGED WRONG AGAINST TACONIC 82

The Complaint alleges in Count V that Larry and John Thew conveyed assets out of Taconic 82 without fair consideration. (Complaint ¶¶ 130 to 133). It further alleges that these conveyances had the effect of diverting assets away from the corporation. *Id.* Since assets of the corporation allegedly were misappropriated, the claim for relief belongs solely to Taconic 82. *Albany-Plattsburgh United Corp.,* 306 A.D.2d 416, 418, 763 N.Y.S.2d 119, 122 (2003) (holding that the allegations pled a wrong against only the corporation for which the shareholders could sue derivatively but not individually). In *Albany-Plattsburgh*, a minority shareholder accused the majority shareholder of misappropriation, conversion, and diversion of corporate assets. The court held that the claims were essentially corporate in nature because it was the assets of the corporation that were allegedly misappropriated. 307 A.D.2d at 418, 763 N.Y.S.2d at 122.

Here, as in *Albany-Plattsburgh,* Plaintiff's claims are solely for a wrong to the corporation—the misappropriation, diversion, and waste of Taconic 82's real property. As a result, the suit properly would be brought as a derivative action, and Plaintiff lacks standing to bring the claim on her own behalf. Accordingly, Count V should be dismissed.

## V.    CERTAIN OF PLAINTIFF'S CLAIMS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND MUST BE DISMISSED

To survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must allege facts that, if assumed to be true, would confer a judicially cognizable right of action. *York v. Association of Bar of City of New York,* 286 F.3d 122, 125 (2d Cir.), *cert. denied,* 537 U.S. 1089 (2002). On a motion to dismiss pursuant to Rule 12(b)(6), a court should accept the factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *E.g., Lerner v. Fleet Bank, N.A.,* 318 F.3d 113, 117 (2d Cir.), *cert. denied,* 540 U.S. 1012 (2003); *York,* 286 F.3d at 125. General, conclusory allegations need not be credited, however, when they are belied by more specific allegations of the complaint. *UCAR International, Inc. v. Union Carbide Corp.,* 2004 WL 2756998 (2d Cir. 2004) (annexed at Beller Dec., Ex. D). In addition, a court should not draw argumentative inferences in favor of the non-moving party. *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 (2d Cir. 1994). Beyond the complaint itself, a court may consider any documents attached, incorporated by reference, or integral to the claims asserted, as well as any matters of which judicial notice may be taken. *Id.; County of Suffolk v. First American Real Estate Solutions,* 261 F.3d 179, 184 (2d Cir. 2001). The

court may also view the allegations in light of the full terms of the relevant agreements and statutes. *Freedom Holdings Inc. v. Spitzer*, 363 F.3d 149, 152 (2d Cir. 2004).

A.    Counts I and II Fail to State a Claim Because Plaintiff is Not a Creditor

Plaintiff's claims under sections 273 and 276 of the New York Debtor and Creditor Law ("NYDCL") cannot succeed because Plaintiff is not a creditor of the Gerald Thew Family Trust. Section 273 of the NYDCL applies to a "conveyance made . . . by a person who is or will be thereby rendered insolvent [that] is fraudulent as to **creditors**." NYDCL §273 (emphasis added). Similarly, section 276 of the NYDCL provides that "[e]very conveyance made . . with actual intent . . . to hinder, delay, or defraud either present or future **creditors**, is fraudulent as to both present and future **creditors**." NYDCL §276 (emphasis added). Only creditors may avail themselves of the remedies provided by sections 273 and 276 of the NYDCL. *T.G.W. Realties v. Long Island Bird Store*, 151 Misc. 918, 921, 272 N.Y.S. 602, 606 (Sup.Ct. 1934); *see also Gio, Buton & C., S.P.A. v. Mediterranean Importing Co., Inc.*, 125 A.D.2d 638, 510 N.Y.S.2d 171 (1986) (affirming dismissal of fraudulent conveyance action where plaintiff could not establish that it was creditor).

Realizing that she cannot state a claim without alleging that she is a creditor, Plaintiff twice makes the conclusory allegation that "[a]s a beneficiary of the Gerald Thew Family Trust, plaintiff Melinda Thew Cooper was a creditor of the Gerald Thew Family Trust." (Complaint ¶¶ 102, 109). As a matter of law, this allegation is flawed and should be rejected. The difference between a beneficiary and a creditor long has been recognized in trust and estates practice. Indeed, the New York Surrogate's Court Procedure Act ("SCPA") separately defines the terms. A "creditor" is defined as one

-18-

who has "a claim against a decedent or an estate," while a "beneficiary" is "[a]ny person entitled to any part or all of an estate."[2] SCPA §§ 103(11), 103(8). Put otherwise, a creditor may have a claim against an estate (in this case, against a trust), while a beneficiary is simply a remainderman. Plaintiff by her own admission is a remainderman of the Gerald Thew Family Trust:

> Pursuant to Article Third of the Gerald Thew Family Trust, upon the death of Richard Thew and Gerald Thew, the trust was to terminate and the entire corpus of the trust, including accumulated income, was to be divided equally into three shares, to be distributed to each of plaintiff **Melinda Thew Cooper**, defendant Larry Thew and defendant John Thew.

(Complaint ¶23). Notably, the Complaint also admits that plaintiff is a co-successor trustee of the Gerald Thew Family Trust, along with defendants Larry and John Thew. (Complaint ¶24). Accordingly, this Court fairly may conclude from the specific allegations of the Complaint that Plaintiff is both a beneficiary and a co-trustee of the Gerald Thew Family Trust, but it should not accept Plaintiff's conclusory allegation that she is also a creditor. That allegation is contrary to law and belied by the other allegations of her Complaint, all of which derive from her status as beneficiary. Indeed, the thrust of her lawsuit revolves around her status as a remainderman of the Gerald Thew Family Trust and the defendants' alleged "scheme to divert assets" from the trust, not claims against the trust. (*See, e.g.,* Complaint ¶¶ 40, 41, 42 to 56).

In sum, Plaintiff fails to state a claim pursuant to NYDCL sections 273 and 276 because she simply is not a creditor of the Gerald Thew Family Trust. Her conclusory

---

2    Notably, the NYDCL similarly defines a "creditor " as "a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent." NYDCL§ 270. The NYDCL does not define beneficiary because trust and estate matters are not its province.

allegation should be disregarded as a matter of law, because it internally is contradictory and is belied by the facts alleged in the Complaint. Accordingly, Counts I and II of the Complaint should be dismissed.

B.    Count VI Must Be Dismissed Because Plaintiff Failed to Verify the Allegations of the Complaint as Required by Federal Rule of Civil Procedure 23.1

Plaintiff's derivative claim on behalf of Taconic 82 must be dismissed because it is not verified as required by Federal Rule of Civil Procedure 23.1. Rule 23.1 provides, in pertinent part, as follows:

> In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, *the complaint shall be verified.*

Fed. R. Civ. P. 23.1 (emphasis added). Dismissal of a complaint is appropriate, pursuant to Federal Rule of Civil Procedure 41(b), when a plaintiff fails to comply with the verification requirements of Rule 23.1. *C.R.A. Realty Corp. v Scor U.S. Corp.,* 1992 WL 309610 (S.D.N.Y.) (annexed at Beller Dec., Ex. D). Since the Complaint is not verified, Count VI should be dismissed.

C.    Plaintiff's Claim for Aiding and Abetting a Breach of Fiduciary Duty Should Be Dismissed

Plaintiff's claim for aiding and abetting a breach of fiduciary duty is deficient and must be dismissed. As is set forth below, Plaintiff has not alleged—because she cannot allege—the requisite elements of the claim. To state a claim for aiding and abetting a breach of fiduciary duty under New York law, a claimant must plead (1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that the plaintiff suffered damages as a result of the breach. *S&K Sales Co. v. Nike, Inc.,* 816 F.2d 843, 847 (2d Cir. 1987); *see also Kaufman*

*v. Cohen*, 307 A.D.2d 113, 125, 760 N.Y.S.2d 157, 169 (2003); *In re Sharp International Corp.*, 281 B.R. 506, 512 (E.D.N.Y. 2002). Essential to a claim for aiding and abetting a breach of fiduciary duty is the allegation that the defendant had actual knowledge of the breach of the duty. *Kaufman*, 307 A.D.2d at 124, 760 N.Y.S.2d at 169; *see also Wechsler v. Bowman*, 285 N.Y. 284, 291 (N.Y. 1941) (the gravamen of the claim for participation in breach of fiduciary duty is the "knowing participation" of the third party in the fiduciary's breach of trust). The allegation that a defendant had constructive knowledge of a breach of fiduciary duty is legally insufficient to impose aiding and abetting liability. *In re Sharp International Corp.*, 281 B.R. at 514.

In Count VIII of the Complaint, Plaintiff points to two separate transactions for which she asserts that Larry and John Thew are liable for aiding and abetting a breach of fiduciary duty. First, she alleges that Larry and John Thew aided and abetted Richard Thew's breach of fiduciary duty through "their participation in the transactions conveying multiple parcels of real property from the Gerald Thew Trust to the R.W. Thew Trust." (Complaint ¶148). This allegation cannot constitute a claim for aiding and abetting a breach of fiduciary duty. The Complaint is devoid of any factual allegations regarding Larry and John Thew's knowledge of, or involvement with, these conveyances. It is not enough for Plaintiff to assert in conclusory fashion, without any support whatsoever, that Larry and John Thew knowingly participated in the breach of fiduciary duty. (Complaint ¶148). In addition, there is no allegation that Larry and John Thew had actual knowledge of Richard Thew's alleged breach of fiduciary duty. The lack of this allegation is a fatal deficiency in the claim.

Plaintiff further asserts that Larry and John Thew participated in Richard Thew's breach of fiduciary duty through "their conveyance of several parcels of real property from Taconic 82 to the R.W. Thew Trust." (Complaint ¶ 150). As with the first conveyance, Plaintiff makes no allegation that Larry and John Thew had actual knowledge that Richard Thew had allegedly breached a fiduciary duty. Thus, Count VIII fails to state a cause of action and must be dismissed.

D.    Count XII Must Be Dismissed Because New York Does Not
      Recognize a Cause of Action for Civil Conspiracy to Defraud

Count XII must be dismissed because New York law does not recognize a cause of action for conspiracy to defraud. For over a century, it has been well settled that no cause of action exists for conspiracy to defraud. *Brackett v. Griswold,* 112 N.Y. 454, 20 N.E. 376 (N.Y. 1889); *Agostini v. Sobol,* 304 A.D. 2d 395, 757 N.Y.S.2d 555, 556 (2003); *MBF Clearing Corp. v. Shine,* 212 A.D. 2d 478, 623 N.Y.S.2d 204 (1995). Consequently, Plaintiff's allegations regarding civil conspiracy to defraud against Larry and John Thew fail to state a claim, and Count XII must be dismissed.

E.    Plaintiff Failed to Plead an Unjust Enrichment
      Claim Against Larry and John Thew

Under New York law, a claim for unjust enrichment requires (1) that the defendant was enriched at the expense of the plaintiff and (2) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered. *In re Coordinated Title Insurance Cases,* 2 Misc. 3d 1012(A), 784 N.Y.S.2d 919 (Sup. Ct. 2004); *Albrechta v. Broome County Industrial Development Agency,* 274 A.D. 2d 651, 710 N.Y.S.2d 709 (2003). Plaintiff has not pled that defendants Larry and John Thew have been enriched or that it is against equity and good conscience to permit Larry and John Thew to retain what is sought to be recovered.

While Count XIII asserts that defendants Larry and John Thew "received a benefit," as beneficiaries of the R.W. Thew Trust, as a result of the transfer of real estate from the Gerald Thew Family Trust and Taconic 82 to the R.W. Thew Trust, (Complaint ¶182), it is curiously silent as to the character of that "benefit." That is because Plaintiff cannot in good faith describe it as enrichment. The R.W. Thew Trust is an extant trust, under which defendants Larry and John Thew have yet to receive any distributions as beneficiaries. Therefore, even assuming that a "benefit" existed, defendants Larry and John Thew have not yet received it. Consequently, they have nothing to return.[3] For this reason, the allegations of Count XIII are not sufficient to state a claim.

Count XIII further asserts that defendants Larry and John Thew "received a benefit" from the proceeds of the sale of the orchard property. (Complaint ¶184). This allegation also is insufficient to state a claim. Again, Plaintiff fails to characterize the nature or value of the "benefit." The Complaint does not allege a single payment made to Larry or John Thew from the proceeds of the orchard sale. In the absence of a sufficient allegation alleging enrichment, Larry and John Thew cannot be alleged to have retained anything unjustly. Consequently, Count XIII must be dismissed for failure to state a claim upon which relief may be granted.

---

[3]    Plaintiff again has her parties confused. As beneficiaries, Larry and John Thew cannot receive any "benefit" until the R.W. Thew Trust terminates. A claim by a third party that is adverse to a trust should be brought against the trust—or the trustee on behalf of the trust—not the beneficiaries *Vetterlein v. Barnes*, 124 U.S. 169, 172 (1888).

## CONCLUSION

For all the foregoing reasons, Movants' motion to dismiss should be granted in its

entirety, together with such other and further relief as this Court may deem just and

proper.

Respectfully submitted,

Dated  January 18, 2005
      White Plains, New York

KURZMAN EISENBERG CORBIN
LEVER & GOODMAN, LLP

By:      /s/ Martin P. Russo
      Martin P. Russo (MR4134)
      One North Broadway
      White Plains, NY  10601
      Tel:  (914) 285-9800

      Attorneys for Defendants
      Larry Thew, John Thew,
      Taconic 82, Inc., and Michele Thew

*Of Counsel:*
Kathryn P. Beller
Marie V. Russo