SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

-----------------------------------------------------------X
In the Matter of the Estate of GERALD R. THEW,                DECISION AND ORDER

                          Deceased.                       File No. 89659/2000

-----------------------------------------------------------X
In the Matter of the Accounting by JOAN THEW              File No. 75001
DECKER and ALLAN E. RAPPLEYEA, Trustees
under the Will of DORIS C. THEW,

                          Deceased.
-----------------------------------------------------------X
In the Matter of the Estate of RICHARD W. THEW,           File No. 93543/2004

                          Deceased.
-----------------------------------------------------------X

PAGONES, J.D., S.C.J.

      Allan E. Rappleyea and Joan Thew Decker, the co-trustees of the Doris C. Thew Trust under the will of Doris C. Thew, move in these related proceedings for the following relief: 1) naming Larry Thew, John Thew and Melinda Thew Cooper as successor executors of the Estate of Gerald R. Thew; 2) requiring the named successor executors under the will of Gerald R. Thew to submit an inventory of assets; 3) requiring the successor executors to account for the assets of the estate; 4) requiring the Estate of Gerald R. Thew to make payments of the estate taxes; 5) requiring the Estate of Gerald R. Thew to provide the Doris C. Thew Trust with an estimate of estate taxes owed; 6) requiring the Estate of Gerald R. Thew to assign to the Doris C. Thew Trust any refund it receives for overpayment of taxes; 7) requiring the Estate of Gerald R. Thew to hold funds in escrow to reimburse the Doris C. Threw Trust for its proportionate share of any overpayment of taxes; 8) requiring the Gerald R. Thew Family Trust to hold sufficient funds in escrow to pay its share of estate taxes; 9) requiring the Estate of Gerald R. Thew to pay any and

1

all interest and penalties owed for estate taxes; 10) staying the distribution of any funds from the Estate of Gerald R. Thew until all taxes, interest and penalties are paid; 11) requiring executors of the Estate of Richard W. Thew to account for the assets of the Estate of Gerald R. Thew; 12) requiring the executors of the Estate of Richard W. Thew to account for the assets of the Gerald R. Thew Family Trust; and requiring Larry Thew, John Thew and Melinda Thew Cooper to account for the assets of the Gerald R. Thew Family Trust; 13) staying the distribution of any funds from the Gerald R. Threw Family Trust until all taxes, interest and penalties are paid; 14) requiring the Gerald R. Threw Family Trust to hold sufficient funds in escrow to pay its share of the estate taxes, interest and penalties.

Doris Thew died on December 1, 1983 and was survived by her spouse, Gerald R. Thew, and four children: Joan Thew Decker, Garret Lewis Thew, Sands Raymond Thew and Richard Woosley Thew. Pursuant to the will of Doris C. Thew, a qualified terminable interest trust was established (Doris C. Thew Trust), the life beneficiary of which was Gerald R. Thew. Gerald R. Thew died on August 7, 1999 which resulted in the four children becoming the income beneficiaries of the Doris C. Thew Trust. The trustees of that trust are Allan E. Rappleyea, Joan Thew Decker, and Richard Woosley Thew (now deceased). The executor of the Estate of Gerald R. Thew was Richard W. Thew who was also the trustee of the Gerald Thew Family Trust. The beneficiaries of the Gerald Thew Family Trust are Larry Thew, John Thew and Melinda Thew Cooper, who are also designated as successor trustees. They are also designated as alternate executors in the will of Gerald R. Thew.

On November 30, 2001 co-trustees Joan Thew Decker and Allan E. Rappleyea filed a petition for judicial settlement of their account as trustees under the will of Doris C. Thew. They

2

were not joined in that petition by their co-trustee Richard Woosley Thew. Instead, on January 4, 2002 Sands Raymond Thew and Richard Woosley Thew filed objections to the trustees' accounting, which objections are still pending.

### SUCCESSOR EXECUTORS - ESTATE OF GERALD R. THEW

Attorney William M. Bagliebter, counsel to John Thew and Larry Thew, avers that he will be petitioning the Court for the appointment of his clients as successor executors of the Estate of Gerald R. Thew. As of the date of this decision, such a petition has not been filed although the Court is in receipt of an anticipatory renunciation of letters of administration CTA from Linda Thew Cooper, the third designated successor executrix. Counsel avers further that upon appointment of his clients as successor executors of the Estate of Gerald R. Thew, "an inventory of the assets of the estate and an accounting of the estate shall be made and submitted to the Court." The Court declines to entertain a request to name successor executors until an appropriate petition is filed and served on all interested parties. However, it is unreasonable to leave this process open ended. Therefore, it is ordered that John Thew and Lawrence Thew shall file their petition on or before November 18, 2004. Furthermore, it is ordered that the named successor executors of the Estate of Gerald R. Thew shall, within sixty (60) days of their appointment, file and serve an inventory of the assets of the estate and an accounting of the assets of the estate.

Movants ask the Court to compel the Estate of Gerald R. Thew to make certain payments to hold moneys in escrow and to refund other moneys. It is ordered that the application for such relief is denied but may be renewed if necessary after the successor trustees file their inventory and accounting. The application to stay the distribution of any funds from the Estate of Gerald R.

3

Thew is premature and is therefore denied.

## ACCOUNTING BY THE EXECUTORS OF THE WILL OF RICHARD W. THEW

The instant motion seeks to compel the executors of the Estate of Richard W. Thew to account for the assets of the Estate of Gerald R. Thew during the period in which decedent served as executor. A prior petition to compel an accounting by Richard Thew as executor of the Estate of Gerald R. Thew was not filed.

SCPA §2207(1) provides:

> "Where a fiduciary dies the Court has the same jurisdiction upon the petition of any person required to be served upon a voluntary judicial settlement of the account of the deceased fiduciary to compel the fiduciary of the deceased fiduciary to account which it would have against the deceased fiduciary."

Joan Thew Decker and Allan E. Rappleyea, the proponents of the instant motion, have failed to file a petition as required by SCPA §2207(1). Therefore, it is ordered that their motion to compel an accounting by the executors of the Estate of Richard W. Thew is denied.

For all of the foregoing reasons, it is ordered that the application to compel the trustees of the Gerald R. Thew Family Trust to account is denied.

The Court read and considered the following documents upon this application:

|   |   | PAGES NUMBERED |
|---|---|---|
| 1. | ORDER TO SHOW CAUSE | 1 - 5 |
|   | Affidavit - Rappleyea | 1 - 12 |
|   | Exhibits | A - C |
|   | Memorandum of Law | 1 - 3 |
| 2. | AFFIRMATION - Baker | 1 - 5 |
| 3. | AFFIRMATION - Baliebter | 1 - 5 |
|   | Exhibits | A - B |

4.    AFFIRMATION - Baker.....................................................     1 - 4

5.    AFFIRMATION - Gomez..................................................     1 - 10

The foregoing constitutes the decision and order of the Court.

Dated: Poughkeepsie, New York
       October 28, 2004

E N T E R

*[signature]*

HON. JAMES D. PAGONES, SURROGATE

OCT 2 8 2004

5

To:   Janis Mary Gomez, Esq.
      Van DeWater & Van DeWater
      Attorneys for Allan Rappleyea,
      Joan Thew Decker, Trustees of
      Doris C. Thew Trust
      40 Garden Street
      PO Box 112
      Poughkeepsie, NY 12601

      William M. Bagliebter, Esq.
      Reed Smith LLP
      Attorneys for John Thew, Larry Thew
      Gerald Thew Family Trust, Estate of
      Gerald R. Thew
      599 Lexington Avenue, 29th Flr.
      New York, NY 10022

      Stephen O'Hare, Esq.
      O'Hare & O'Hare, P.C.
      Attorneys for the Estate of
      Richard W. Thew
      488 Freedom Plains Road
      Suite 103
      Poughkeepsie, NY 12603

      Ellen L. Baker, Esq.
      McCabe & Mack, LLP
      Attorneys for Melinda Thew Cooper
      63 Washington Street
      PO Box 509
      Poughkeepsie, NY 12602-0509

In Matter of Estate of Gerald R. Thew, et al, 10.28.04