8535-4\MMC

UNITED STATES DISTRICT COURT
SUPREME COURT OF THE STATE OF NEW YORK
------------------------------------------------------------------------x
MELINDA THEW COOPER,

                              Plaintiff,

   -against-

LARRY THEW; JOHN THEW; LARRY THEW, as Executor of
the Estate of Richard Thew; JOHN THEW, as Executor of the
Estate of Richard Thew; LARRY THEW, as successor co-
trustee of the Gerald Thew Family Trust; JOHN THEW, as
successor co-trustee of the Gerald Thew Family Trust; LARRY
THEW as co-trustee of the R.W. Thew Trust a/k/a the R.W.
Thew Irrevocable Living Trust; JOHN THEW, as co-trustee of
the R.W. Thew Trust a/k/a the R.W. Thew Irrevocable Living
Trust; THE CURRY FAMILY PARTNERSHIP; TACONIC 82,
INC.; LARRY THEW, as an officer and/or director of TACONIC
82, INC.; JOHN THEW, as an officer and/or director of
TACONIC 82, INC.; REED SMITH, LLP; STEPHEN P.
O'HARE, ESQ.; WILLIAM J. O'HARE, ESQ.; O'HARE &
O'HARE, P.C.; MICHELE THEW; and PATRICIA CARSON,

                              Defendants.
------------------------------------------------------------------------x

04 CV 8928

Assigned Judge:  Hon.
 Colleen McMahon, USDJ

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO REED SMITH LLP'S MOTION FOR SUMMARY JUDGMENT**

                McCABE & MACK, LLP
                Attorneys for Plaintiff
                63 Washington Street
                P.O. Box 509
                Poughkeepsie, NY 12602-0509
                (914) 486-6800

8535-4\MMC

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    POINT I      REED SMITH LLP IS LIABLE FOR ALL DAMAGES WHICH NATURALLY FLOW FROM ITS BREACH OF FIDUCIARY DUTY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    POINT II     PLAINTIFF'S CLAIM ALLEGING CONSPIRACY SHOULD STAND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

8535-4\MMC

## PRELIMINARY STATEMENT

Plaintiff has asserted three causes of action against Defendant Reed Smith LLP in this Summons and Complaint. Count VII is entitled Breach of Fiduciary Duty against Reed Smith LLP. Count XI is entitled Aiding and Abetting Breach of Fiduciary Duty against Reed Smith LLP. Count XII pleads a claim sounding in Conspiracy to Defraud against Reed Smith LLP and its co-conspirators.

The facts are set forth in the accompanying responding papers and will not be reiterated here.

## ARGUMENT

### POINT I

### REED SMITH LLP IS LIABLE FOR ALL DAMAGES WHICH NATURALLY FLOW FROM ITS BREACH OF FIDUCIARY DUTY

It is well established that an attorney owes a duty not only to the Trustees of a Trust which it represents, but also to the beneficiaries. Weingarten v. Warren, 753 F.Supp. 491, 1990 U.S. Dist. Lexis 17161 (SDNY 1990); In re Clarke's Estate, 12 N.Y.2d 183, 237 N.Y.S.2d 694 (1962). The facts which are pleaded in the complaint, if proven at trial, would be sufficient to warrant a finder of fact to conclude that Reed Smith LLP was aware of Melinda Thew Cooper's interest as a beneficiary of the Gerald Thew Family Trust well before its preparation of the contract between the R.W. Thew Trust and the Curry Family Partnership. It should certainly be charged with knowledge of the contents of the R.W. Thew Trust in question, and the fact that that trust did not provide for any remainder to Melinda Thew Cooper, but only benefitted Larry and John Thew.

Defendant Reed Smith LLP's responding papers do not seek to refute the allegations of other no-consideration conveyances from the Gerald Thew Family Trust by Richard Thew. Reed Smith's theory proceeds as though the only improper conveyance that Richard Thew accomplished during his lifetime from the assets of the Gerald Thew Family Trust was the

8535-4\MMC

real estate sold to the Curry Family Partnership. If that were the case (and it is not) then there would be merit to Reed Smith's theory that plaintiff's maximum recovery is $900,000.

Other conveyances by Richard Thew purporting to act as Trustee of the Gerald Thew Family Trust are alleged in the complaint at paragraphs 50 and 51 (128 acres); paragraphs 52 and 53 (11.28 acres); paragraph 57 (13 acres) and paragraphs 62-63.  Of the five Deeds out of the trust for no consideration (DuVall Affidavit, Exhibits "5" through "9"), only 2 Deeds were identified by the title company searching title for the sale of the Orchard to Curry.  (See DuVall Affidavit, Exhibit "12", annexing only the Deeds attached as Exhibits "5" and "7").

Each of those conveyances, which plaintiff believes do not constitute any portion of the property sold to the Curry Family Partnership, represents dissipation of the Trust assets occurring prior to the sale of the Orchard property to the Curry Family Partnership.  As to one parcel (see paragraphs 46-47 of the complaint, describing a 3.4 acre parcel conveyed out of the Gerald Thew Family Trust for no consideration), it appears that Richard Thew subsequently, on behalf of the R.W. Thew Trust, sold that property to one Raymond Patierno, a friend of Richard Thew, for $60,000.  (See Exhibit "17" to DuVall Affidavit)  By way of example only, if $60,000 were fair market value, Melinda's damages claim will be $20,000 for that transaction.  The additional conveyances will certainly raise her claim far above the sum held by Reed Smith.

The law is clear that if in fact Reed Smith is found to have wrongfully assisted the fiduciaries (whether Richard Thew, or Larry and John Thew after Richard's death), to breach their fiduciary duties, then Reed Smith is liable for the full amount of the damage caused thereby.  The New York Court of Appeals held in Wechsler v. Bowman, 285 N.Y. 284 (1941 NY Lexis #1497) (1941) as follows:

> The principle of law which the plaintiff urges has been reiterated by this Court many times.  Any one who knowingly participates with a fiduciary in a breach of trust is liable for the full amount of the damage caused thereby to the cestuis que trust (Jacobellis v. Prudential Ice & Coal, Corp., 244 App. Div. 255; *aff'd* 269 N.Y. 632; Mack v. Latta, 178 N.Y. 525, 532; Anderson v. Daley, 38 App. Div. 505; 159 N.Y. 146)

8535-4\MMC

Wechsler v. Bowman, 285 N.Y. 284, 291

More recently, in S & K Sales Co. v. Nike, Inc., 816 F.2d 843, 1987 U.S. App. Lexis #5275 (2d Circuit, 1987) the Court of Appeals considered whether the victim of a breach of fiduciary duty "knowingly participated in" by the defendant gave rise to a claim for lost profits. In discussing the factors involved, the Court stated as follows:

> However, as Nike itself points out in its Brief, a third person who knowingly participates in a breach of trust "is liable to the beneficiary for any loss caused by the breach of trust . . ." Ballantine v. Ferretti, 28 N.Y.2d 668 (Sup. Ct. 1941), on which Nike relies heavily, is not to the contrary. There the Court stated that "mere knowledge of [a conspiracy to breach a fiduciary duty], or even acquiescence therein . . ., does not make a doer of [an act which aids the conspiracy] jointly and severally liable for all damage resulting from the conspiracy." Id. at 691 But, as Nike admits, a defendant who was found to have knowingly participated in the breach was held liable "for all damages which his acts caused". Id. at 690. Here, where the essence of S&K's claim was that Nike participated in Johnson's breach and where there was ample evidence from which the jury could infer that Nike had in fact participated in the breach, the Court was correct to instruct the jury that it could "award such damages as will reasonably compensate [S&K] for such injury and damage as you find . . . that [S&K] has sustained as an approximate result of Norman Johnson's and Nike's wrongful conduct." And the Court correctly charged that lost profits were an appropriate measure of the damage suffered by S&K.

S&K Sales Co. v. Nike, Inc., 816 F.2d 843 at 851 (citations omitted).

Reed Smith's motion assumes that there could have been no other assets for which Richard Thew might be held accountable for during his tenure as Trustee of the Gerald Thew Family Trust. As discussed above and in the motion papers, documentary evidence exists establishing other conveyances from the Gerald Thew Family Trust that clearly resulted in a diminution in the Trust. At a bare minimum, the conveyances establish a triable question of fact as to the damages sustained by plaintiff sufficient to deny Reed Smith's motion for summary judgment.

Because the Trust corpus should have been larger, as a matter of law, Reed Smith's retention of 1/3 of the proceeds from the sale of the Orchard property does not automatically insulate it from plaintiff's claims based upon knowing assistance of breach of a fiduciary duty, conspiracy, and aiding and abetting the making of fraudulent conveyances.

8535-4\MMC

4

8535-4\MMC

## POINT II

## PLAINTIFF'S CLAIM ALLEGING CONSPIRACY SHOULD STAND

In <u>Newburger, Loeb & Co. v. Gross</u>, 563 F.2d 1057, 1977 U.S. App. Lexis #11844, (2d Circuit, 1977), the Court noted as follows:

> At the outset, the significance of an allegation of conspiracy under New York law is to charge that an actionable wrong was committed jointly by the defendants so that the acts of one may be imputed to the others because of their common purpose and intent . . . "The allegation of conspiracy carries no greater burden, but also no less, than to assert adequately common action for a common purpose by common agreement or understanding among a group from which common responsibility derives." <u>Goldstein v. Siegel</u>, 19 App.Div.2d 489, 493; 244 N.Y.S.2d 278 (1 Dept. 1963) (Breitel, J.)

<u>Newburger, Loeb & Co. v. Gross</u>, 563 F.2d 1057 at 1074

> In the District Court, as described by the Court of Appeals,
>
> Judge Owen found that the [Newburger, Loeb & Co.] partners had lent themselves to the goals of the promoter's plan by "affirmatively permitting" the transfer to take place in violation of §98, and by their "knowing acquiescence" in the promoter's use of "various baseless litigation threats".  We hold that these findings are supported by the record and are sufficient in law to impose liability upon the Corporation and the additional defendants, both on a conspiracy theory and on the related principle, that one who knowingly participates with a fiduciary in a breach of trust is liable to the beneficiary for <u>any damage caused thereby</u>.  <u>See</u>, <u>Wechsler v. Bowman</u>, 285 N.Y. 284, 291; 34 N.E.2d 322, modified 286 N.Y. 582, 35 N.E.2d 930 (1941); 5 Scott on Trusts, §506(3rd) E.D. 1967

<u>Newburger, Loeb & Co. v. Gross</u>, 563 F.2d 1057 at 1074. (emphasis added)

Defendant's contention that "New York law does not recognize a cause of action for conspiracy to defraud," <u>see</u> Memorandum of Law in Support of Motion to Dismiss at 6, is a misstatement of the law.  While it is true that conspiracy to defraud *alone* is not an independent cause of action, where underlying fraudulent acts are properly alleged, those who conspire to commit such wrongful acts will be held liable for conspiracy to defraud. Fraudulent conveyances or transfers, such as those alleged in this case, can provide the necessary predicate for a conspiracy to defraud claim. <u>See</u>, <u>e.g.</u>, <u>Werbelovsky v. Rosen</u>, 260 A.D. 222, 226 (2 Dept. 1940) (affirming trial court's refusal to dismiss conspiracy to defraud claim based on fraudulent transfers); <u>Saxton v. Sebring</u>, 96 A.D. 570, 573 (4 Dept. 1904)

8535-4\MMC

(where transfer was made for inadequate consideration and bearing all the usual indicia of fraud, *prima facie* cause of action for conspiracy existed against those who acted collusively with the transferor).

Here, the allegations of the complaint fully support joint and several liability for all of the actors named in Count XII.

## CONCLUSION

For all of the above reasons plaintiff respectfully requests that the motion be denied in all respects.

DATED:   Poughkeepsie, New York
         February 1, 2005

                                        RICHARD R. DuVALL (RRD-8967)