8535-4\MMC

UNITED STATES DISTRICT COURT
SUPREME COURT OF THE STATE OF NEW YORK
------------------------------------------------------------------------x
MELINDA THEW COOPER,

                               Plaintiff,

   -against-

LARRY THEW; JOHN THEW; LARRY THEW, as Executor of the Estate of Richard Thew; JOHN THEW, as Executor of the Estate of Richard Thew; LARRY THEW, as successor co-trustee of the Gerald Thew Family Trust;  JOHN THEW, as successor co-trustee of the Gerald Thew Family Trust; LARRY THEW as co-trustee of the R.W. Thew Trust a/k/a the R.W. Thew Irrevocable Living Trust; JOHN THEW, as co-trustee of the R.W. Thew Trust a/k/a the R.W. Thew Irrevocable Living Trust; THE CURRY FAMILY PARTNERSHIP; TACONIC 82, INC.; LARRY THEW, as an officer and/or director of TACONIC 82, INC.; JOHN THEW, as an officer and/or director of TACONIC 82, INC.; REED SMITH, LLP; STEPHEN P. O'HARE, ESQ.; WILLIAM J. O'HARE, ESQ.; O'HARE & O'HARE, P.C.; MICHELE THEW; and PATRICIA CARSON,

                               Defendants.
------------------------------------------------------------------------x

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

04 CV 8928

Assigned Judge:  Hon. Colleen McMahon, USDJ

      Plaintiff, by McCabe & Mack LLP, pursuant to Local Civil Rule 56.1(b), hereby responds to Reed Smith LLP's statement under Local Rule 56.1 and provides her responding statement of material facts:

      1.     Plaintiff disputes that Reed Smith LLP ("Reed Smith") represented the Gerald Thew Family Trust as set forth in defendant Reed Smith's statement.  Pursuant to the contract which resulted in the closing in question, the party denominated as Seller was the "R.W. Thew Trust". (Affidavit of Richard R. DuVall ("DuVall Affidavit"), <u>Exhibit "10"</u>).

      2.     Plaintiff disputes that the Gerald Thew Family Trust received $2.7 million from the sale in question.  Plaintiff acknowledges that the gross proceeds appear to be $2.7 million, but the documentary evidence annexed to the affidavit of Richard R. DuVall establishes that a significant amount of those proceeds was diverted from the Gerald Thew Family Trust to purposes unrelated to the Gerald Thew Family Trust.

      3.     Plaintiff agrees with paragraph 3 of Reed Smith's Statement Pursuant to Local Civil Rule 56.1.

8535-4\MMC

4. Plaintiff agrees with paragraph 4 of Reed Smith's Statement Pursuant to Local Civil Rule 56.1.

5. Plaintiff disputes the statement set forth in paragraph 5 of Reed Smith's Statement Pursuant to Local Civil Rule 56.1. Plaintiff's interest in the sale proceeds only arises because of her interest in the remainder of the Trust corpus as an entirety, and because of plaintiff's claims that the Trust assets had been fraudulently diverted and converted by the defendants, her interest in the Orchard sale proceeds exceeds 1/3 of those proceeds. Plaintiff does not dispute Reed Smith's statement that it holds certain funds in an escrow account.

6. Plaintiff does not dispute Reed Smith's statement with respect to what other parties have said.

7. The following facts are believed to be uncontested, and at a minimum, establish material triable questions regarding Reed Smith's liability for the claims asserted against them in the complaint:

8. Doris Thew and Gerald Thew, both now deceased, were husband and wife. They had four children, namely, Richard Thew, Joan Thew Decker, Sands Thew and Garrett Thew.

9. Doris Thew died on December 1, 1983, and was survived by Gerald.

10. During Gerald's life, he created a Trust referred to as the "Gerald Thew Family Trust" or the "Thew Family Trust", dated April 1, 1994.

11. During his lifetime, Gerald Thew conveyed, *inter alia*, several parcels of real estate to the Gerald Thew Family Trust.

12. Pursuant to Article First of the Gerald Thew Family Trust, during the joint lives of Gerald Thew and Richard W. Thew, they were to act as "Trustee", and were to pay the income and to make principal invasions as directed by Gerald Thew.

13. Pursuant to Article Second of the Gerald Thew Family Trust, in the event of Gerald Thew's disability, Richard Thew was to apply the income and necessary principal for

8535-4\MMC

the health, education, maintenance and support of Gerald Thew.

14.  Gerald Thew died August 7, 1999.  Thereafter, Richard Thew was the sole Trustee under the Gerald Thew Family Trust.

15.  The Gerald Thew Family Trust provides no power to the surviving Trustee following the death of Gerald Thew to make any distributions whatsoever.

16.  During Richard Thew's life, and after the death of his wife Patricia Thew, Richard Thew created, on May 17, 2002, the R.W. Thew Irrevocable Living Trust.  Pursuant to the terms of the R.W. Thew Irrevocable Living Trust, the sole lifetime beneficiary was Richard Thew, and the sole remainder beneficiaries are Larry Thew and John Thew, being two of Richard Thew's four children.  On May 17, 2002, and again thereafter Richard Thew purporting to act on behalf of the Gerald Thew Family Trust conveyed several parcels of real estate from the Gerald Thew Family Trust to the R.W. Thew Irrevocable Living Trust, and to others, for no consideration, including, but <u>not</u> limited to parcels commonly referred to as the "Thew Orchard".  (DuVall Affidavit, <u>Exhibits "5"</u> through <u>"9"</u>).

17.  In October 2003, while represented by defendant Reed Smith, the "R.W. Thew Trust" purported to enter into an agreement to sell certain real property referred to as the "Thew Orchard" to the "Curry Family Partnership", for $2,700,000.00.

18.  When the purchaser's title company objected to title in the "R.W. Thew Trust" defendant Reed Smith caused to be prepared a "Trustee's Certificate" (<u>Exhibit "13"</u> to the DuVall Affidavit), which referred to the transfer from the Gerald R. Thew Family Trust to the R.W. Thew Irrevocable Trust as a "mistake" and which consented to the re-conveyance from the R.W. Thew Irrevocable Trust to the Gerald R. Thew Family Trust.

19.  While purportedly representing the Gerald R. Thew Family Trust in the sale of the "Thew Orchard" parcel to defendant Curry Family Partnership on December 19, 2003, defendant Reed Smith permitted funds which should have been paid to the Gerald R. Thew Family Trust to be diverted to satisfy obligations of Richard Thew, including, *inter alia*, unemployment tax liabilities, loans, and other items not heretofore documented to be liabilities

8535-4\MMC

or expenses of the Gerald R. Thew Family Trust (DuVall Affidavit, <u>Exhibit "16"</u>).

20. Richard Thew died on December 29, 2003.

21. On or about December 31, 2003, after Richard Thew's death, defendant Reed Smith transferred $1,654,216.70 from an escrow account which it was maintaining under a client name "Estate of Thew" to an escrow account which it opened under the name "Richard Thew". (DuVall Affidavit, <u>Exhibit "18"</u>).

22. Between December 31, 2003 and March 12, 2004, defendant Reed Smith caused to be disbursed from its escrow account, without the knowledge or consent of Melinda Thew Cooper, the sum of $736,013.35. (DuVall Affidavit, <u>Exhibit "18"</u>).

23. Although denominated a co-successor trustee in Article Seventh of the Declaration of the Gerald R. Thew Family Trust, dated April 1, 1994, Melinda Thew Cooper has never acted as Trustee, has never qualified as Trustee, and has renounced any such position. (DuVall Affidavit, <u>Exhibit "11"</u>).

DATED:   Poughkeepsie, New York
         February 1, 2005

                                    Yours, etc.

                                    McCABE & MACK LLP


                                    By: _____
                                         RICHARD R. DuVALL (RRD-8967)
                                    Attorneys for Plaintiff
                                    63 Washington Street
                                    P.O. Box 509
                                    Poughkeepsie, NY 12602-0509
                                    Tel: (845) 486-6800