DECLARATION OF THE ~~GERALD R. THEW~~ TRUST

made as of APRIL 1, 1994

by

GERALD R. THEW

Grantor

and

RICHARD W. THEW

Trustees

TABLE OF CONTENTS

| Article | Title |
|---------|-------|
| FIRST | Directions of Grantor |
| SECOND | Disability of Grantor |
| THIRD | Remainder Beneficiaries |
| FOURTH | Payment of Estate Taxes |
| FIFTH | Powers Of Trustee |
| SIXTH | Third Parties Not Responsible |
| SEVENTH | Appointment Of Trustee |
| EIGHTH | Trustee Decisions Conclusive |
| NINTH | Simultaneous Death |
| TENTH | Rights Not Assignable |
| ELEVENTH | Construction |
| TWELFTH | Binding Effect |

## DECLARATION OF TRUST

DECLARATION OF TRUST, made as of APRIL 1ST, 1994, among GERALD R. THEW, having an address at Clapp Hill Road, LaGrangeville, New York 12540, as grantor (hereinafter referred to as the "Grantor"), and GERALD R. THEW and RICHARD W. THEW, having addresses as aforesaid, as trustees (collectively hereinafter referred to as the "Trustee").

### W I T N E S S E T H :

WHEREAS, the Grantor is the owner of the property more particularly described in Exhibit A attached hereto and made a part hereof; and

WHEREAS, it is the Grantor's intention to create a trust for the benefit of himself, his son RICHARD W. THEW, and three children of the said RICHARD W. THEW, namely, PATRICIA THEW, LARRY THEW, MELINDA THEW COOPER, and JOHN THEW; and

WHEREAS, the Grantor desires to create an irrevocable trust of the property described in Exhibit A hereto, together with such monies, securities and other assets as the Trustee hereafter may hold or acquire hereunder (said property, monies, securities and other assets. together with any additions thereto received pursuant to the Grantor's last will and testaments or otherwise, being hereinafter referred to as the "trust estate"), for the purposes and upon the terms and conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the covenants herein contained and other valuable consideration, the receipt and sufficiency of which hereby is acknowledged, the Grantor hereby transfers, conveys, assigns and delivers to the Trustee as and for the trust estate the property more particularly described in

Exhibit A hereafter may acquire, IN TRUST, for the purposes and upon the terms and conditions hereinafter set forth:

## ARTICLE FIRST

### Directions Of Grantor

During the life of the Grantor and RICHARD W. THEW, the Trustee shall hold, manage, invest and reinvest the trust estate, shall collect the income therefrom, and shall pay the net income and any part or all of the principal thereof to whomever the Grantor from time to time may direct, including, but not limited to, himself and his lineal descendants. Any income not so paid or applied shall be accumulated and added to the principal of this trust at least quarter-annually.

## ARTICLE SECOND

### Disability Of Grantor

If at any time the Grantor, in the judgment of the then serving Trustee, shall be under any legal disability or shall be unable to manage properly his affairs by reason of illness or mental or physical disability (whether or not a court of competent jurisdiction has declared the Grantor incompetent or mentally ill or has appointed a legal representative for the Grantor), the then serving Trustee may pay or apply so much or all of the net income and the principal of the trust estate as the then serving Trustee deems necessary or advisable for the health, education, maintenance or support of the Grantor, in such amounts and proportions as the then serving Trustee may determine. The then serving Trustee also may pay any gift taxes and income taxes incurred by the Grantor, whether caused by the sale of any assets comprising the trust estate or otherwise. Any income not so paid or applied shall be accumulated and added to the principal of this trust at least quarter-annually.

In making any payment hereunder, the then serving Trustee may consider, but shall not be required to consider, the income and other resources of the Grantor.

## ARTICLE THIRD

### Remainder Beneficiaries

Upon the death of the Grantor and RICHARD THEW, the Trustee shall pay and distribute the trust estate at that time remaining to PATRICIA THEW, LARRY THEW, MELINDA THEW COOPER AND JOHN THEW,

in equal shares per stirpes and this trust shall terminate.

Notwithstanding anything contained herein to the contrary, if any beneficiary hereunder shall be under the age of twenty-five (25) years, (each such issuer being hereinafter referred to as "Beneficiary"), the share in this trust estate of such Beneficiary shall not be paid or distributed to such Beneficiary but instead shall be held by the Trustee, IN TRUST, pursuant to the following provisions:

(i)   The Trustee shall hold, manage, invest and reinvest each share set aside for each Beneficiary in a separate trust for the benefit of such Beneficiary and shall pay so much or all of the net income from each such trust to or for the benefit of the Beneficiary thereof, for the health, education, maintenance and support of the Beneficiary, to such extent and at such time or times and in such manner as may be determined in the absolute discretion of my Trustee.  Any net income not so paid shall be accumulated and added to principal at least annually and thereafter shall be held, administered and disposed of as a part thereof.

(ii)  In addition, the Trustee may pay to or for the benefit of each Beneficiary, for the health, education, maintenance and support of each Beneficiary, from the principal of each Beneficiary's trust, such amounts, including the whole thereof, as determined in the absolute discretion of the Trustee.

(iii) When any Beneficiary shall attain the age of Twenty-five (25) years, the trust for such Beneficiary shall terminate and any remaining principal and income shall be paid and distributed to such Beneficiary, discharged of trust.  If such Beneficiary dies before said age, such principal and income shall be paid and distributed to any then living issue of such Beneficiary, in equal shares per stirpes, or if such Beneficiary has no issue, to the Grantor's then living issue, in equal share per stirpes.

ARTICLE FOURTH

Payment Of Estate Taxes

If upon the death of the Grantor the value of all or any part of the principal of the trust estate shall be included in determining the amount of any estate or death taxes, by whatever

name called, imposed under the laws of any jurisdiction by reason of the Grantor's death, the Trustee shall pay such taxes from the principal or income of the trust estate or that part of the principal included in determining the amount of such taxes. The Trustee may rely upon the written certification of the executors, administrators or legal representatives of the Grantor's estate as to the amount of any such tax, without any duty to inquire as to the correctness thereof, and, in its discretion, may make payment thereof either to said executors, administrators or legal representatives or to the appropriate taxing authority.

## ARTICLE FIFTH

### Powers of Trustee

In the administration of any property, real or personal, at any time forming a part of the trust estate, including accumulated income, and in the administration of any trust created hereunder, the Trustee, in addition to and without limitation of the powers conferred on trustees under the New York Estates, Powers and Trusts Law, as amended or any successor thereto, or otherwise provided by law, shall have the following powers to be exercised in the absolute discretion of the Trustee, except as otherwise expressly provided in this Agreement:

(a)  To retain such property for any period, whether or not the same is of the character permissible for investments by fiduciaries under any applicable law, and without regard to the effect any such retention may have upon the diversity of investments.

(b)  To sell, transfer, exchange, convert or otherwise dispose of, or grant options with respect to, such property, at public or private sale, with or without security, in such manner, at such times, for such prices, and upon such terms and conditions as the Trustee may deem advisable.

(c)  To invest and reinvest in common or preferred stocks, securities, investment trusts, bonds and other property, real or personal, foreign or domestic, including any undivided interest in any one or more common trust funds, whether or not such investments be of the character permissible for investments by fiduciaries under applicable law, and without regard to

the effect any such investment may have upon the
diversity of investments.

(d)  To render liquid the trust estate or any trust
created hereunder in whole or in part, at any time and
from time to time, and to hold unproductive property,
cash or readily marketable securities of little or no
yield for such period as the Trustee may deem advisable.

(e)  To lease any such property beyond the period fixed
by statute for leases made by fiduciaries and beyond the
duration of any trust created hereunder.

(f)  To join or become a party to, or to oppose, any
reorganization, readjustment, recapitalization,
foreclosure, merger, voting trust, dissolution,
consolidation or exchange, and to deposit any securities
with any committee, depository or trustee, and to pay
any fees, expenses and assessments incurred in
connection therewith, and to charge the same to
principal, and to exercise conversion, subscription or
other rights, and to make any necessary payments in
connection therewith, or to sell any such privileges.

(g)  To vote in person at meetings of stock or security
holders and adjournments thereof, and to vote by general
or limited proxy with respect to any stock or
securities.

(h)  To hold stock and securities in the name of a
nominee without indicating the trust character of such
holding, or unregistered or in such form as will pass by
delivery, or to use a central depository and to permit
registration in the name of a nominee.

(i)  To initiate or defend, at the expense of the trust
estate, any litigation relating to this Agreement or any
property of the trust estate which the Trustee considers
advisable, and to pay, compromise, compound, adjust,
submit to arbitration, sell or release any claims or
demands of the trust estate or any trust created
hereunder against others or of others against the same
as the Trustee may deem advisable, including the
acceptance of deeds of real property in satisfaction of
notes, bonds and mortgages, and to make any payments in
connection therewith which the Trustee may deem
advisable.

(j)  To borrow money for any purpose from any source, including any trustee at any time acting hereunder, and to secure the repayment of any and all amounts so borrowed by mortgage or pledge of any property..

(k)  To possess, manage, develop, subdivide, control, partition, mortgage, lease or otherwise deal with any and all property; to satisfy and discharge or extend the term of any mortgage thereof; to execute the necessary powers, including the giving or granting of options in connection therewith; to make repairs, replacements and improvements, structural or otherwise, or abandon the same if deemed to be worthless or not of sufficient value to warrant keeping or protecting; to abstain from the payment of real estate taxes, assessments, water charges and sewer rents, repairs, maintenance and upkeep of the same; to permit to be lost by tax sale or other proceeding or to convey the same for a nominal consideration or without consideration; to set up appropriate reserves out of income for repairs, modernization and upkeep of buildings, including reserves for depreciation and obsolescence, and to add such reserves to principal and, if the income from the property itself should not suffice for such purposes, to advance out of other income any sums needed therefor, and advance any income of the trust for the amortization of any mortgage on property held in the trust.

(l)  To lend money to the estate of the Grantor or to trustee of any trust established by the Grantor any to purchase property from such estate or trustee, at such prices, and upon such terms and conditions, as the Trustee may deem to be fair and reasonable.

(m)  To carry insurance of the kinds and in the amounts which the Trustee considers advisable, at the expense of the trust estate, to protect the trust estate and the Trustee personally against any hazard.

(n)  To make distribution of the trust estate or of the principal of any trust created hereunder in kind, and to cause any distribution to be compose of cash, property or undivided fractional shares in property different in kind from any other distribution, without regard to the kind from any other distribution, without regard to the income tax basis of the property distributed to any beneficiary of any trust.

(o)  To allocate receipts and disbursements of the trust estate between income and principal as the Trustee in its discretion may determine.

(p)  To execute and deliver any and all instruments or writings which it may deem advisable to carry out any of the foregoing powers.  No party to any such instruments or writings shall be obligated to inquire into its validity.

(q)  To exercise all such rights and powers to do all such acts and enter into all such agreements as persons owning similar property in their own right might lawfully exorcise, do or enter into.

(r)  To administer any two or more separate trusts hereunder in solido.

(s)  To employ and compensate, out of the principal or income of the trust estate as the trustee shall deem advisable, agents, brokers, investment advisors, attorneys, accountants and assistants deemed by her to be advisable without liability for any neglect, omission, misconduct, mistake or default or any agent, broker, attorney, accountant or assistant selected or retained with reasonable care;

No person who deals with any Trustee hereunder shall be bound to see the application of any asset delivered to such Trustee or to inquire into the authority for, or propriety of, any action taken or not taken by such Trustee.

Notwithstanding anything to the contrary contained herein, during such time as any beneficiary of any trust created hereunder (other than the Grantor during his life) my be acting as a Trustee hereunder, such person shall be disqualified from exercising any power to make any discretionary distributions of income or principal to himself, or to satisfy any of his legal obligations, or to make discretionary allocations in his own favor of receipts or disbursements as between income and principal.

## ARTICLE SIXTH

### Third Parties Not Responsible For Administration

This trust is created with the express understanding that each bank at which an account is maintained

shall have no responsibility of this trust.  Upon the transfer of
the right, title and interest in and to any account by any Trustee
hereunder, the bank shall conclusively treat the transferee as the
sole owner of such right, title and interest.  Until the bank
shall receive from some person interested in this trust written
notice of any death or other event upon which a right to receive
income or principal may depend, the bank shall incur no liability
for payment made in good faith to persons whose interests shall
have been affected by such event.  The bank shall be protected in
acting upon any notice or other instrument or document believed by
it to be genuine and to have been signed or presented by the
proper party or parties.

        This trust is created with the express
understanding that each issuer, transfer agent or custodian of any
securities held hereunder shall have no responsibility or
liability to see to the right, title and interest in and to such
account by any trustee hereunder, said issuer, transfer agent or
custodian shall conclusively treat the transferee as the sole
owner of such securities.  Until the issuer, transfer agent or
custodian shall receive from some person interested in this trust
written notice of any death or other event upon which a right to
receive income or principal may depend, the issuer, transfer agent
or custodian shall incur no liability for payment made in good
faith to persons whose interests shall have been affected by such
event.  The issuer, transfer agent or custodian shall be protected
in acting upon any notice or other instrument or document believed
by it to be genuine and to have been signed or presented by the
proper party or parties.

                    ARTICLE SEVENTH

                  Appointment Of Trustee

        The Grantor appoints himself and Richard W. Thew,
or the survivor thereof, as Trustees.

        The Grantor appoints LARRY THEW, MELINDA THEW
COOPER and JOHN THEW, or the survivor(s) thereof, as co-successor
Trustees in the event neither he nor RICHARD W. THEW are able to
act as Trustee.

        The term "Trustee" wherever used herein shall mean
the trustee or trustees in office from time to time.  Any such
trustee shall have the same rights, powers, duties, authority and
privileges, whether or not discretionary, as if originally
appointed hereunder.

No bond, surety or other security shall be required to any Trustee acting hereunder for the faithful performance of the duties of Trustee, notwithstanding any law of any State or other jurisdiction to the contrary.

## ARTICLE EIGHTH

### Decisions Of Trustee Are Conclusive

The determination of the Trustee in respect of the amount of any discretionary payment of income or principal from any trust established hereunder, and of the advisability thereof, shall be final and conclusive on all persons, whether or not then in being, having or claiming any interest in such trust, and upon making such payment, the Trustee shall be released fully from all further liability or accountability therefor.

The right of any beneficiary to any payment of income or principal shall in every case be subject to any charge or deduction which the Trustee may make against the same under the authority granted to the Trustee by any law or by this Agreement.

## ARTICLE NINTH

### Simultaneous Death

If any beneficiary under this Agreement shall die simultaneously with any other person upon whose death such beneficiary shall become entitled to receive either income or principal under this Agreement, or in such circumstances as to render it difficult or impracticable to determine who predeceased the other; then for purpose of this Agreement such beneficiary shall be deemed to have predeceased such other person. The provisions of this Agreement shall be construed as aforesaid, notwithstanding the provisions of nay applicable law establishing a different presumption of order of death or providing for survivorship for a fixed period as condition of inheritance of property.

## ARTICLE TENTH

### Rights Of Beneficiaries Are Not Assignable

No disposition, charge or encumbrance on the income or principal of any trust established hereunder shall be valid or binding upon the Trustee. No beneficiary shall have any right, power or authority to assign, transfer, encumber or otherwise dispose of such income or principal or any part thereof until the

same shall be paid to such beneficiary by the Trustee.  No income or principal shall be subject in any manner to any claim of any creditor of any beneficiary or liable to attachment, execution or other process of law.

ARTICLE ELEVENTH

Construction

The validity and construction of this Agreement and the trusts created hereunder shall be governed by the laws of the State of New York.

The words "child" and "children", wherever used in this Agreement, shall include not only the child and children of the person or persons designated, but also the legally adopted child and children of such person or persons, at the time in question.  The word "issue", wherever used in this Agreement, shall include not only the child, children and issue of the person or persons designated, but also the legally adopted child and children of such person or persons and the child, children or issue thereof, at the time in question.

Wherever used in this Agreement and the context so requires, the masculine shall include the feminine and the singular shall include the plural, and vice versa.

The captions in this Agreement are for the convenience of reference, and they shall be considered when construing this Agreement.

If under any of the provisions of this Agreement any portion of the trust estate would be held in trust for longer than a date twenty-one years after the death of the last survivor of the Grantor and the issue of the Grantor and other beneficiaries hereunder in being when this Agreement becomes irrevocable; then, upon such date, the trust of such portion shall terminate and the principal, and any unpaid income thereof, shall be paid and distributed to the person or persons then living who would have been entitled to receive the income therefrom had the trust continued, in the proportions to which they would have been so entitled.

ARTICLE TWELFTH

Binding Effect

This Agreement shall extend to and be binding upon the heirs, executors, administrators, successors and assigns of the undersigned Grantor and upon the Trustee acting hereunder.

IN WITNESS WHEREOF, this Agreement has been duly executed as of the date first above written.

_GERALD R. THEW_
GERALD R. THEW
Grantor

_Gerald A Thew_
GERALD R. THEW
Trustee

_Richard Thew_
RICHARD W. THEW
Trustee

## TRUST ESTATE PROPERTY

1. **Fifty dollars ($50.00)**

STATE OF NEW YORK )
                 ) ss.:
COUNTY OF DUTCHESS)

    On the _1_ day of _April_ , 1994, before me
personally came GERALD R. THEW, to me know to be the individual
described in and who executed the foregoing instrument, and
acknowledged that he executed said instrument.

_Glendine O. Van Anden_
Notary Public

GLENDINE D. VAN ANDEN
Notary Public, State of New York
Qualified in Dutchess County
Comm. No. 4786718
Commission Expires Dec. 31, 1925

SATE OF NEW YORK  )
                 ) ss.:
COUNTY OF DUTCHESS)

    On the _1_ day of _April_ , 1994, before me
personally came RICHARD W. THEW, to me known to be the individual
described in and who executed the foregoing instrument, and
acknowledged that he executed said instrument.

_Glendine O. Van Anden_
Notary Public

GLENDINE D. VAN ANDEN
Notary Public, State of New York
Qualified in Dutchess County
Comm. No. 4786718
Commission Expires Dec. 31, 1925