SUPREME'S COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
----------------------------------------------------------------X

In the Matter of the Estate of GERALD R. THEW,         Index No. 89659/00

                           Deceased.         Assigned Justice:
                                  Hon. James D. Pagones

----------------------------------------------------------------X

In the Matter of the ACCOUNTING BY JOAN THEW
DECKER and ALLAN E. RAPPLEYEA, Trustees under    File No. 75001
the Will of DORIS C. THEW,

                           Deceased.

----------------------------------------------------------------X

In the Matter of the Estate of RICHARD W. THEW,
                                  File No. 93543/2004

                         Deceased.

----------------------------------------------------------------X

**AFFIRMATION OF WILLIAM M. BAGLIEBTER
ON BEHALF OF JOHN THEW, LARRY THEW, THE GERALD THEW
FAMILY TRUST AND THE ESTATE OF GERALD R. THEW
IN RESPONSE TO ORDER TO SHOW CAUSE DATED JULY 26, 2004**

**To The Surrogate's Court of the County Of Dutchess:**

      WILLIAM M. BAGLIEBTER, ESQ., affirms the following under the penalty of perjury:

      1.     I am a partner with Reed Smith LLP, counsel to John Thew and Larry Thew, who are trustees of the Gerald Thew Family Trust and will be the nominated Successor Executors of the Estate of Gerald R. Thew.

      2.     I submit this affirmation on behalf of John Thew, Larry Thew, the Gerald Thew Family Trust and the Estate of Gerald R. Thew in opposition and in response to the application brought by Order to Show Cause by the Doris Thew Trust, dated July 26, 2004 ("the

#252454.1                                      1

Application"), including the Affidavit of Allan E. Rappleyea, dated July 22, 2004 ("the Rappleyea Affidavit"), offered in support of the Application.

3. With respect to the request in the Application that Larry Thew, John Thew and Melinda Thew Cooper be named as Successors Executors to the Estate of Gerald R. Thew ("the Estate"), within the next several weeks, an application will be made for the appointment of John Thew and Larry Thew as Successor Executors of the Estate of Gerald R. Thew. Based on both oral and written communication from Ellen Baker, Esq. of McCabe and Mack, attorneys for Melinda Cooper, Ms. Cooper has declined such an appointment.

4. With respect to the request for an inventory of the assets of the Estate and an accounting, upon appointment of Successor Executors of the Estate of Gerald R. Thew, an inventory of the assets of the Estate and an accounting of the assets of the Estate shall be made and submitted to the Court.

5. With respect to the request that certain tax payments should be made, or moneys held in escrow to ultimately pay Estate and Gift taxes, and that the Doris Thew Trust not be required to pay any such taxes, interest, or penalties (*see* Order to Show Cause, ¶¶ B(5) through B (12); Rappleyea Affidavit, ¶¶ 5-12, 27-48, and 60-69), there is no basis for the relief requested. Not only have we as counsel for the Estate of Gerald R. Thew acted diligently on behalf of the Estate in dealing with the Internal Revenue Service with regard to the complex tax issues, but any request to make payments or hold money in escrow is premature while such proceedings with the Service are pending. In this regard, the Court should be aware of the following facts:

    (a)    Gerald R. Thew died on August 7, 1999.

    (b)    an IRS Form 706 Federal Estate Tax Return was filed on November 6, 2000.

(c)  By notice dated November 28, 2001 a notice was received from the Internal Revenue Service stating that an audit would be conducted of the Estate of Gerald R. Thew.

(d)  During the calendar year 2002, this law firm, Reed Smith LLP, conducted a field audit with the Internal Revenue Service Agent, Thomas Welsh, which audit did not result in an agreed-upon case.

(e)  Accordingly, on March 27, 2003, a 30-day letter was issued by the Internal Revenue Service.

(f)  A protest was filed on April 22, 2003.

(g)  Thereafter, I received several written and oral communications from Internal Revenue Estate Tax Attorney Joseph Runfola, with respect to the procedure for handling the administrative appeal of the audit.

(h)  In October 2003, it was agreed with Mr. Runfola that the Internal Revenue Service would issue 90-day letters to the Estate with respect to both estate and gift tax issues and such 90-day letters were issued on October 31, 2003 and April 1, 2004. Tax Court Petitions with respect to the estate tax issues were filed on January 27, 2004 (attached hereto as Exhibit A) and with respect to the gift tax issues were filed on June 8, 2004 (attached hereto as Exhibit B). The Tax Court Petitions explain in detail the potential liabilities and the Estate's position with respect to the key issues in controversy.

(i)  On July 8, 2004, a first telephone conference call was held between Mr. Runfola and me. It was agreed that the Estate would provide additional

#252454.1                                3

information to Mr. Runfola in connection with efforts to settle the outstanding potential estate and gift tax liabilities.

(j) Although the trustees of the Doris Thew Trust have requested information that would enable it or the Estate to make payments to the Internal Revenue Service in order to stop the running of interests and penalties, no such estimate can be made at this time. I am actively in the process of negotiating a settlement with the IRS and any payment to the Service will jeopardize my ability to effectively negotiate such a settlement.

(k) In addition, the Estate is largely insolvent as the vast majority of assets included in the Estate of Gerald R. Thew consisted of the Doris C. Thew Trust. Most of the other assets have long since been dissipated or expended. Accordingly, there are no funds available that would enable the Estate to make any payments at this time or to create an escrow to ultimately pay Estate and Gift taxes.

(l) It is anticipated that by the end of September 2004, either a settlement will be reached with the Internal Revenue Service or the Estate will be required to move forward with respect to the United States Tax Court case.

6. As a result of the foregoing, and until such time as a settlement is reached with the Service or the Estate has to move forward in Tax Court, it is premature to make any arrangements or issue any Order requiring early payments of taxes that have not been assessed or to escrow funds and the relief sought by Mr. Rappleyea should be denied at this time.

7.      Finally, as this firm does not represent the Estate of Richard W. Thew, it is therefore not in a position to respond to Mr. Rappleyea's prayer for relief regarding an accounting of the same.

ACCORDINGLY, John Thew, Larry Thew, the Gerald Thew Family Trust and the Estate of Gerald R. Thew consent to the appointment of John Thew and Larry Thew as Successor Executors of the Estate of Gerald R. Thew and consent to providing an inventory of the assets of the Estate and an accounting of the assets of the Estate. However, to the extent the Application seeks an order that certain tax payments should be made, or moneys held in escrow to ultimately pay Estate and Gift taxes, and that the Doris Thew Trust not be required to pay any such taxes, interest, or penalties, the Application should be denied for the reasons set forth above.

Dated: New York, New York
August 25, 2004

_____
WILLIAM M. BAGLIEBTER, ESQ.

#252454.1                                        5