UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
MELINDA THEW COOPER, Individually and as a shareholder of TACONIC 82, INC.,

                          Plaintiff,

              -against-

LARRY THEW; JOHN THEW; LARRY THEW, as Executor of the Estate of Richard Thew; JOHN THEW, as Executor of the Estate of Richard Thew; LARRY THEW, as successor co-trustee of the Gerald Thew Family Trust; JOHN THEW, as successor co-trustee of the Gerald Thew Family Trust; LARRY THEW, as co-trustee of the R.W. Thew Trust a/k/a the R.W. Thew Irrevocable Living Trust; JOHN THEW, as co-trustee of the R.W. Thew Trust a/k/a the R.W. Thew Irrevocable Living Trust; THE CURRY FAMILY PARTNERSHIP; TACONIC 82, INC.; LARRY THEW, as an officer and/or director of TACONIC 82, INC.; JOHN THEW, as an officer and/or director of TACONIC 82, INC.; REED SMITH LLP; STEPHEN P. O'HARE, ESQ.; WILLIAM J. O'HARE, ESQ.; O'HARE & O'HARE, P.C.; MICHELE THEW; and PATRICIA CARSON,

                          Defendants.
-----------------------------------------------------------------

Civ. No. 04 CIV. 8928 (CM)

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANT REED SMITH LLP'S MOTION TO
DISMISS THE COMPLAINT PURSUANT TO
FED. R. CIV. P. 12(b)(6) AND FED. R. CIV. P. 56.**

---

NYLIB-282641.1-KGREENWA  2/8/05 6:26 PM

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ...................................................................................ii

**ARGUMENT**..........................................................................................................1

**POINT I**

**THE FIRST TWO CLAIMS AGAINST REED SMITH -
COUNT VII ALLEGING BREACH OF FIDUCIARY DUTY
AND COUNT XI ALLEGING AIDING AND ABETTING
BREACH OF FIDUCIARY DUTY – SHOULD BE DISMISSED
PURSUANT TO FED. R. CIV. P. 56** ....................................................................1

    A.   The Conclusory Prior Transactions Allegations are Inadequate ..........................2

    B.   The Opposition Affidavit From Plaintiff's Current Litigation
        Counsel is Insufficient to Withstand Summary Judgment ...................................4

**POINT II**

**PLAINTIFF'S THIRD AND FINAL CLAIM AGAINST REED
SMITH – COUNT XII ALLEGING CONSPIRACY TO DEFRAUD –
SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. 12(b)(6)** ......................7

**CONCLUSION** ....................................................................................................10

# **TABLE OF AUTHORITIES**

### Cases

*Butler v. Castro*, 896 F.2d 698 (2d Cir. 1990) ............................................................................ 3

*Continental Insurance Co. v. M/V Olympic Melody*, No. 01 Civ. 2824, 2002 WL 398691 (S.D.N.Y. 2002) .................................................................................................................... 3, 4

*Dorchester Investors v. Peak Trends Trust*, No. 99 Civ. 4696, 2003 WL 223466 (S.D.N.Y. 2003) .......................................................................................................................................... 7

*Dubai Islamic Bank v. Citibank, N.A.*, 126 F. Supp. 2d 659 (S.D.N.Y. 2000) ........................ 7, 8

*Four Finger Art Factory, Inc. v. Ronalda, Dinicola, International Management, Inc.*, 2000 U.S. Dist. LEXIS 18998 (S.D.N.Y. 2000) ...................................................................................... 8

*In re M. Silverman Laces, Inc.*, No. 01 Civ. 6209, 2002 WL 31412465 (S.D.N.Y. 2002) ....... 5, 6

*In re Philip Services Corp. Sec. Lit.*, No. 98 Civ. 0835, 2004 WL 1152501 (S.D.N.Y. 2004) ..... 8

*Sitts v. United States*, 811 F.2d 736 (2d Cir. 1987) ..................................................................... 5

*Three Crown Limited Partnership v. Caxton Corp.*, 817 F. Supp. 1033 (S.D.N.Y. 1993) .......... 3

### Rules

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 1, 7, 10

Fed. R. Civ. P. 56 .............................................................................................................. 1, 6, 10

Fed. R. Civ. P. 56(e) ................................................................................................................ 4, 5

Fed. R. Civ. P. 9(b) ....................................................................................................................... 7

Defendant Reed Smith LLP ("Reed Smith") submits this reply memorandum of law in further support of its motion to dismiss the Complaint as against it with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56. The defined terms used below have the definitions ascribed to them in Reed Smith's moving memorandum of law unless defined herein.

**ARGUMENT**

**POINT I**

**THE FIRST TWO CLAIMS AGAINST REED SMITH – COUNT VII ALLEGING BREACH OF FIDUCIARY DUTY AND COUNT XI ALLEGING AIDING AND ABETTING BREACH OF FIDUCIARY DUTY – SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 56**

As set forth in plaintiff's moving papers:

- The Complaint's only allegations against Reed Smith that contain a semblance of specificity relate to Reed Smith's representation of the Gerald Thew Family Trust in its sale of the Orchard Property. Moving Memorandum at 3-6.

- Reed Smith maintains more than $900,000 in an escrow account that is protecting plaintiff's maximum conceivable one-third interest in the Sale Proceeds from the sale of the Orchard Property. Moving Affidavit of William Bagliebter, sworn to January 13, 2005 ("Bagliebter Affidavit"), at para. 3. (Plaintiff's counsel was informed of this fact prior to the commencement of this lawsuit. *Id.* at para. 5. )

- This Escrow Money, now the subject of a state court interpleader action, can be promptly delivered to plaintiff, in whole or in part, upon judicial directive. Moving Memorandum at 4.

-1-

Thus, as set forth in Reed Smith's moving memorandum of law, plaintiff cannot sustain Counts VII and XI because it cannot possibly demonstrate that is has been damaged as a result of any conduct by Reed Smith.

In an unavailing effort to avoid this fatal deficiency in plaintiff's claims, plaintiff now, in her opposition papers, for the first time seeks to focus the Court on transactions that occurred prior to the Orchard Property sale (the "Prior Transactions"). Opposition Memorandum at 1-3. This effort fails for two separate but related reasons. First, the allegations that Reed Smith knew about purportedly unlawful Prior Transactions are entirely conclusory and therefore inadequate to state a claim, let alone to defeat summary judgment. Second, summary judgment is appropriate because the affidavit in opposition to Reed Smith's motion is proffered by an attorney who does not, and cannot, establish that he has personal knowledge of what occurred with respect to the Prior Transactions.

### A. The Conclusory Prior Transactions Allegations are Inadequate

It does not take long to see that plaintiff is relying on the Prior Transactions to salvage her claims. The first two pages of plaintiff's opposition memorandum state: "Reed Smith's theory proceeds as though the only improper conveyance [was the Orchard Property sale]. If that were the case (and it is not) then there would be merit to Reed Smith's theory that plaintiff's maximum recovery is $900,000. . . . The additional conveyances [i.e., the Prior Transactions] will certainly raise [plaintiff's] claim far above the sum held by Reed Smith." Opposition Memorandum at 1-2.

However, it is precisely the case that the only transaction that plaintiff makes allegations about in Counts VII and XI is the Orchard Property sale. The statements contained in plaintiff's

-2-

opposition memorandum of law cannot alter this fact. *See, e.g., Three Crown Limited Partnership v. Caxton Corp.*, 817 F. Supp. 1033, 1043 n.18 (S.D.N.Y. 1993) ("factual allegations in briefs and memoranda may not be considered in a Rule 12(b)(6), F. R. Civ. P. motion").

Moreover, as plaintiff's own brief points out, the "[o]ther conveyances" [i.e., the Prior Transactions] are "alleged in the complaint at paragraphs 50 and 51 (128 acres); paragraphs 52 and 53 (11.28 acres); paragraph 57 (13 acres) and paragraphs 62-63." *Id*. at 2. Plaintiff chooses not to mention the telling fact that the first time the name "Reed Smith" appears in the Complaint is in paragraph 72 – only in connection with the Orchard Property sale and well after the Prior Transactions allegations.

The opposition affidavit submitted by plaintiff's attorney in this litigation does not advance plaintiff's position. It is wholly devoid of any specific, substantive allegation connecting Reed Smith to the Prior Transactions. It simply recites the Prior Transactions – **and then notes that another law firm handled them**. *See* Opposition Affidavit of Richard R. DuVall, dated February 1, 2005 ("Duvall Affidavit"), at para. 24. That is hardly enough to state a claim against Reed Smith.

Plaintiff is left only with the conclusory allegation that because Reed Smith represented the Gerald Thew Family Trust in late 2003 in connection with its sale of the Orchard Property, Reed Smith must have known that earlier conveyances handled by another law firm were unlawful. *See, e.g.,* Duvall Affidavit at paras. 29, 48. Such a conclusory allegation is insufficient to state a claim or to defeat summary judgment. *See, e.g., Butler v. Castro*, 896 F.2d 698, 700 (2d Cir. 1990) ("A conclusory allegation . . . without evidentiary support or allegations of particularized incidents, does not state a valid claim."); *Continental Insurance Co. v. M/V*

*Olympic Melody*, No. 01 Civ. 2824, 2002 WL 398691 at *2 (S.D.N.Y. 2002) at ** 5-6 ("[U]nsupported allegations do not create a material issue of fact, and so summary judgment will not be defeated merely on the basis of conjecture or surmise.") (internal quote marks and citations omitted).[1]   Accordingly, Counts VII and XI should be dismissed with prejudice.

### B. The Opposition Affidavit From Plaintiff's Current Litigation Counsel is Insufficient to Withstand Summary Judgment

The sole affidavit submitted in opposition to Reed Smith's summary judgment motion comes from the attorney who is representing plaintiff in this litigation, Richard R. DuVall. To be sure, Mr. DuVall states that "[e]xcept where otherwise indicated, I make this affidavit of my own personal knowledge based upon my review of the documents annexed hereto." DuVall Affidavit at para. 2. Notwithstanding this rote recitation, however, the DuVall Affidavit fails to comply with Fed. R. Civ. P. 56(e)'s mandate that "supporting and opposing affidavits shall be made on personal knowledge" because Mr. DuVall cannot be deemed to have the requisite personal knowledge of the events leading up to the lawsuit and alleged in his affidavit based, as he says, "upon [his] review of documents." Thus, to the extent that the

---

[1] Moreover, even if plaintiff had adequately alleged knowledge of prior improper conveyances (which she does not), plaintiff cites no law to support her proposition that such knowledge would obligate Reed Smith to hold more money in escrow from the Sale Proceeds of a subsequent, entirely separate transaction. In addition, it bears at least noting again that $900,000 is one-third of the gross Sale Proceeds, and that after deduction for appropriate expenses, plaintiff's one-third share would in all likelihood be hundreds of thousands of dollars less. By contrast, plaintiff refers to relatively small amounts more that Reed Smith should allegedly be holding in escrow, such as $20,000, based on the Prior Transactions. *See, e.g.*, Opposition Memorandum at p. 2. Finally, in what appears to be an effort to create an illusion of a triable issue, plaintiff throws in alleged facts that plainly have no bearing on whether Reed Smith breached a fiduciary duty. Examples of these include plaintiff's attorney's statement that the Sale Proceeds were less than they would have otherwise been due to "credits taken by the purchaser" (without charging that the credits were improper) and his allegation that another defendant has failed to "reconvey" certain property that it was allegedly "obligated to reconvey to the Gerald Thew Family Trust after the closing." DuVall Affidavit at paras. 35-36, 41.

DuVall Affidavit purports to contain factual averments that raise a triable issue (which it does not), it should in all events be deemed inadequate for that purpose because it is not based on the requisite Rule 56(e) "personal knowledge."

*In re M. Silverman Laces, Inc.*, No. 01 Civ. 6209, 2002 WL 31412465 at *3-4 (S.D.N.Y. 2002), is directly on point. In granting summary judgment against the trustee, the Court there held:

> The Bankruptcy Court correctly noted that **the Trustee's evidentiary presentation was insufficient because he submitted only an attorney's affidavit. The attorney had no personal knowledge in that he was not involved in any of the underlying transactions: his knowledge was based solely on information he gained from reviewing documents and interviewing or deposing witnesses in the course of litigating this action.**
>
> The Trustee contends that the Glass affidavit is based upon personal knowledge because it was based "solely upon personal knowledge of Mr. Glass obtained through his document review, depositions and consultation with the Trustee's experts." He goes on to argue that HUB "fails to explain why the Glass Affidavit is any less probative than the Vessa Certification since both recite facts based on personal knowledge."
>
> The difference is obvious. Vessa was the bank officer in charge of Silverman's loans from the beginning of the relationship. He was personally involved in the transactions as they occurred. He recommended to his superiors in January 1997 that they extend Silverman's loans. Not only was he a witness to the transactions, he was a participant. In contrast, **Glass did not become involved until after the fact, and only in his capacity as litigation counsel** to the Trustee. He was not involved in 1997 in any capacity. **All of his knowledge is second-hand, acquired from reviewing documents** and questioning or interviewing others.
>
> **On this basis alone, the Bankruptcy Court's order must be affirmed.**

*Id.* at ** 8-10 (emphasis added). *See also, e.g., Sitts v. United States*, 811 F.2d 736, 741-42 (2d Cir. 1987) (rule that attorney affidavit is insufficient on summary judgment "has its principal applicability when the dispositive facts as to which the moving party contends there is no

genuine issue are historical facts relating to the events leading to the lawsuit, for the attorney usually lacks the requisite personal knowledge of these facts").

Here, as in *In re M. Silverman Laces*, the attorney affiant "had no personal knowledge in that he was not involved in any of the underlying transactions" – i.e., the Prior Transactions that plaintiff tries to put at issue. Here, as in *In re M. Silverman Laces*, the attorney affiant's purported "personal knowledge" is "based solely on information he gained from reviewing documents." Here, as in *In re M. Silverman Laces*, there is nothing in the affidavit to suggest that the attorney affiant was involved in any relevant event "until after the fact, and only in his capacity as litigation counsel to the [party]." And here, as in *In re M. Silverman Laces*, "[a]ll of the [attorney affiant's] knowledge is second-hand, acquired from reviewing documents and questioning or interviewing others." Accordingly, here, as in *In re M. Silverman Laces*, summary judgment should be granted on the basis of the legally defective opposition affidavit "alone."

Thus, plaintiff's claims for breach of fiduciary duty and aiding and abetting breach of fiduciary should be dismissed with prejudice pursuant Fed. R. Civ. P. 56.

## POINT II

## PLAINTIFF'S THIRD AND FINAL CLAIM AGAINST REED SMITH – COUNT XII ALLEGING CONSPIRACY TO DEFRAUD – SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. 12(B)(6)

Reed Smith's moving memorandum of law shows that plaintiff's conspiracy to defraud fails on its face for a number of reasons that plaintiff does not even address, much less counter, in her opposition papers:

- New York law does not recognize a claim for civil conspiracy. Moving Mem. at 6.

- The Complaint is devoid of any of the special circumstances allegations that would take it outside the rule that attorneys generally cannot conspire with their clients. *Id.* at 7.

- The Complaint lacks adequate underlying allegations of fraud to support conspiracy to defraud, even on a theory of joint and several liability because the Complaint contains no allegations of detrimental reliance and does not even attempt to allege all of the elements of fraud in compliance with Fed. R. Civ. P. 9(b). *Id.*

Because plaintiff's opposition papers do not even address these grounds for dismissal or attempt to fill these voids in the Complaint, they amount to a concession on each of these points. *See, e.g., Dorchester Investors v. Peak Trends Trust*, No. 99 Civ. 4696, 2003 WL 223466 at *2 (S.D.N.Y. 2003) ("Dorchester does not address this argument in its opposition papers and thus, it must be taken to be conceded."); *Dubai Islamic Bank v. Citibank, N.A.*, 126

F. Supp. 2d 659, 670-71 (S.D.N.Y. 2000) ("The legal insufficiency of Plaintiff's claim under section 1962(b) is implicitly conceded in Plaintiff's opposition brief where it does not (adequately) address Defendant's argument for dismissal of this claim.") (citing cases).

Moreover, plaintiff's opposition papers are as bereft as plaintiff's Complaint with regard to the essential element of fraudulent intent. There are no facts alleged in either the Complaint or the opposition papers that satisfy either of the alternatives for meeting this scienter requirement – "strong circumstantial evidence of conscious misbehavior or recklessness"; or a "motive and opportunity to commit fraud." *Four Finger Art Factory, Inc. v. Ronalda, Dinicola, International Management, Inc.*, 2000 U.S. Dist. LEXIS 18998 at * 14 (S.D.N.Y. 2000) (copy attached). Indeed, plaintiff does not even try to allege or argue that Reed Smith had motive to commit fraud in order to win the favor of its clients and gain more fees, perhaps recognizing that such allegations of motive are uniformly rejected as at odds with common sense. *See, e.g., In re Philip Services Corp. Sec. Lit.*, No. 98 Civ. 0835, 2004 WL 1152501 at *5 (S.D.N.Y. 2004) ("[A] generalized economic interest in professional fees is insufficient to establish an accounting firm's motive to commit fraud. . . . [I]t strains reason that [the professional firm] would jeopardize its reputation, subject itself to civil and/or criminal liability, and risk substantial financial penalties simply because it wanted to keep [the big account] as a client. . . . In short, the desire to collect fees, whether prospective or past, can be attributed to practically every professional services firm, and such generalized desires do not establish scienter.") (internal quote marks and citations omitted); *Four Finger Art Factory,* U.S. Dist. LEXIS 18998 at **14-15 (allegation that lawyer "was motivated to commit fraud in the hope of obtaining a fee is insufficient to establish fraudulent intent"). Nor does plaintiff advance any other plausible motive to commit fraud with respect to Reed Smith.

Accordingly, Count XII alleging conspiracy to defraud should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

\* \* \* \* \*

Finally, we note a troubling disconnect between the nature of plaintiff's allegations and the almost cavalier approach that plaintiff appears to bring to her case against Reed Smith. Plaintiff levels a charge of conspiracy to defraud against Reed Smith – by any measure, a very serious accusation to make against anyone, let alone an international law partnership. Yet plaintiff has repeatedly demonstrated a lack of care and attention with respect to pursuing her claims against Reed Smith. Not only is plaintiff unable substantively to support her claims against Reed Smith, as shown on this motion, but an extraordinary carelessness permeates plaintiff's presentation to this Court.

For example, the sole affidavit proffered by plaintiff in opposition to this motion is not only made by plaintiff's current litigation counsel without personal knowledge, but it is not notarized or even set up to be notarized. The caption on this affidavit reads "United States District Court, Supreme Court of the State of New York." Plaintiff's opposition papers also misstate the documentary record. Paragraph 13 of the DuVall Affidavit, for instance, cites paragraph 3 of an affidavit submitted by Reed Smith's William Bagliebter in the Surrogate's Court for the proposition that plaintiff "disclaimed any interest in exercising the powers of a **Trustee** [of the Gerald Thew Family Trust]." (emphasis added)   In fact, however, paragraph 3 of that affidavit states that plaintiff declined to be appointed an **executor** of the Gerald Thew **estate** – a significant difference, especially given that this action relates to the Gerald Thew Family Trust, not the Gerald Thew estate. From the Complaint to her opposition papers, both in

-9-

substance and form, plaintiff shows what is **not** the proper way to prosecute a case like this in a Court like this, and further underscores why these claims against Reed Smith should never have been brought and should now be dismissed.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed with prejudice as against Reed Smith pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56.

Dated: February 8, 2005
New York, New York

                                      REED SMITH LLP

                                      By: _____
                                      LANCE GOTTHOFFER (LG-5932)
                                      KENNETH D. GREENWALD (KG-5683)
                                      599 Lexington Avenue
                                      New York, NY 10022
                                      Tel: 212-521-5400
                                      Fax: 212-521-5450