UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

MELINDA THEW COOPER, individually and as a
shareholder of TACONIC 82, INC.,                   04 CIV. 8928 (CM)

                        Plaintiff,

   —against—

LARRY THEW; et alia,

                        Defendants.

-------------------------------------------------------------------------x

# REPLY MEMORANDUM OF LAW IN SUPPORT OF
# MOTION TO DISMISS

**KURZMAN EISENBERG CORBIN LEVER & GOODMAN, LLP**
**Attorneys for Defendants Larry Thew, John Thew, Taconic 82 and Michele Thew**
**One North Broadway**
**White Plains, NY 10601**
**(914) 285-9800**

## **TABLE OF CONTENTS**

*Page*

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -i-

I.  THIS COURT LACKS JURISDICTION OVER THE SUBJECT MATTER . . . . . . . . . 1

    A.  There is Not Complete Diversity of Citizenship . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.  This Court Lacks Subject Matter Jurisdiction Because The
        Probate Exception to Diversity Jurisdiction Applies to this Action . . . . . . . . . . . 2

II. THE COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION . . . . . . . . 4

    A.  The *Princess Lida* Doctrine Applies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.  The *Colorado River* Doctrine Applies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

III. PLAINTIFF LACKS STANDING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV. PLAINTIFF MAY NOT BRING SUIT IN HER INDIVIDUAL
     CAPACITY FOR AN ALLEGED WRONG AGAINST TACONIC 82 . . . . . . . . . . . . . 8

V.  CERTAIN OF PLAINTIFF'S CLAIMS FAIL TO STATE A CLAIM
    UPON WHICH RELIEF CAN BE GRANTED AND MUST BE DISMISSED . . . . . . . 9

    A.  Counts I and II Fail to State a Claim Because Plaintiff is Not a Creditor . . . . . . . 9

    B.  Plaintiff's Claim for Aiding and Abetting a
        Breach of Fiduciary Duty Should Be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . 10

    C.  There is No Underlying Fraud Claim to Support
        of Action for Civil Conspiracy to Defraud . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**TABLE OF AUTHORITIES**

*Page*

*Cases*

Barnes v. Brandup . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7
    *506 F.Supp. 396 (S.D.N.Y. 1981)*

Beach v. Rome Trust Company . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6
    *269 F.2d 367, 371 (2d Cir. 1959)*

Bramex Associates, Inc. v. CBI Agencies, Ltd. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    *149 A.D.2d 383, 540 N.Y.S.2d 243, 244 (App. Div. 1st Dep't 1989)*

Brayton v. Boston Safe Deposit & Trust Co. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    *937 F.Supp 150, 152 (D. R. I. 1996)*

Collins v. Telcoa International Corp. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    *283 A.D.2d 128, 726 N.Y.S.2d 679 (2001)*

Ganoe v. Lummis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    *662 F. Supp 718, 721 (S.D.N.Y. 1987)*

Gebbie Foundation, Inc. v. Rogerson . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    *62 Misc. 2d 944, 947, 310 N.Y.S.2d 919, 923 (Sup. Ct. 1970).*

Ingle v. Glasore Motor Sales, Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    *73 N.Y.2d 183,187, 538 N.Y.S.2d 771,773 (1989)*

In re Hall's Estate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    *183 Misc. 659, 53 N.Y.S.2d 671 (Surrogate's Court, New York County 1944)*

In re Reliance Group Holdings, Inc. Securities, Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    *2004 WL 943545 (S.D.N.Y.)*

Kartub v. Optical Fashions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    *158 F.Supp. 757 (S.D.N.Y. 1958)*

Markham v. Allen . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    *326 U.S. 490, 494, 66 S. Ct. 296, 298 (1946)*

Netwolves Corp. v. Sullivan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    *2001 WL 492463 (S.D.N.Y. 2001)*

Pennell v. City of San Jose . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    *485 U.S. 1, 7, 108 S. Ct. 849, 855 (1987)*

Princess Lida of Thurn and Taxis v. Thompson . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6
    *305 U.S. 456, 59 S.Ct. 275 (1939)*

Sax v. World Wide Press, Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    *809 F.2d 610 (9th Cir. 1986)*

Schaefer v. Fisher . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    *137 Misc. 420, 242 N.Y.S. 308 (Sup. Ct. N.Y. Co. 1930)*

Schiff v. Sportswear Co. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    *197 Misc. 587, 95 N.Y.S.2d 743, 745 (Sup. Ct. Kings Co. 1950)*

Smith v. Sperling . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    *354 U.S. 91, 97, 77 S.Ct. 1112 (1957)*

Straus v. Straus . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    *987 F.Supp. 52, 53 (D. Mass. 1997)*

Vincel v. White Motor Corp. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    *521 F.2d 1113 (2d Cir. 1975)*

Von Bulow v. Von Bulow . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    *634 F.Supp. 1284 (S.D.N.Y. 1986)*

Weingarten v. Warren . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    *753 F.Supp. 491 (S.D.N.Y. 1991)*

*Statutes*

NYBCL § 909 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

New York Debtor and Creditor Law § 273 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

New York Debtor and Creditor Law § 276 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

SCPA § 201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

S.C.P.A.§203 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SCPA § 207 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SCPA § 209 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Defendants Larry Thew, John Thew, Taconic 82, Inc., and Michele Thew ("Movants"), through their attorneys, submit this reply memorandum of law in further support of their motion to dismiss the Complaint of Melinda Thew Cooper ("Plaintiff").

I. THIS COURT LACKS JURISDICTION OVER THE SUBJECT MATTER

A. There is Not Complete Diversity of Citizenship

Plaintiff overstates the exception to the general rule that a corporation should be realigned as a plaintiff in a derivative action. Given the nature of a derivative suit, there always will be some level of antagonism between the plaintiff and corporate management. In that absence of such antagonism, there would be no need for a derivative suit because management would have acceded to the plaintiff's wishes. The question of whether to realign a corporation "is a practical matter not a mechanical determination and is resolved by the pleadings and the nature of the dispute." Smith v. Sperling, 354 U.S. 91, 97, 77 S.Ct. 1112 (1957). The alignment should be modified to produce a "real collision of interests". Id. Where there is no real collision of interests, federal courts routinely have refused to grant the exception to permit diversity jurisdiction. Antagonism generally has not been found where the corporation does not, would not or cannot express opposition to the institution of the lawsuit. Netwolves Corp. v. Sullivan, 2001 WL 492463 (S.D.N.Y. 2001)(no antagonism in the event of a board of directors deadlock); Lewis v. Odell, 503 F.2d 445 (2d Cir. 1974) (bankrupt corporation in hands of trustee not antagonistic); Kartub v. Optical Fashions, 158 F.Supp. 757 (S.D.N.Y. 1958) (where corporation unable to act, there was no collision of interests).

In this action, Taconic 82's interests clearly are the same as Plaintiff's, and it should be realigned as a plaintiff. The Complaint alleges that Taconic 82 was formed for "real estate purposes," (Complaint ¶34), and that defendants Larry and John Thew breached their fiduciary duty by conveying three parcels of real estate from Taconic 82 to a third party for no consideration. (Complaint ¶137). The Complaint further alleges that, as a result, the corporation was rendered

"essentially worthless." (Complaint ¶138). There is no allegation that the management of Taconic 82 is actively influencing the corporation to take a position against plaintiff; rather, the allegations make out that the corporation is nothing but a shell which has not expressed any opposition to the litigation. Accepting the Complaint's allegations as true, it is clear that the inactive and worthless corporation's interests must lie in either recovering the real property that was conveyed or in obtaining damages from Larry or John Thew. That is the real collision of interest between the parties, and it requires realignment of Taconic 82 as a plaintiff for diversity purposes. Once realigned, one plaintiff and several defendants are citizens of New York. Accordingly, there is not complete diversity of citizenship between Plaintiff and the defendants, and this Court lacks subject matter jurisdiction.

> B.   This Court Lacks Subject Matter Jurisdiction Because The
>      Probate Exception to Diversity Jurisdiction Applies to this Action

Plaintiff's argument that the continued maintenance of this action would not interfere with the pending proceedings before the Surrogate's Court is meritless. Her portrayal of the scope and status of the proceedings before the Surrogate is dishonest and misleading. The issues and claims raised by Plaintiff in this action already have been placed squarely before the Surrogate. And the Surrogate's Court has assumed jurisdiction over the Gerald R. Thew Family Trust (the "Gerald Trust").

By an Order to Show Cause dated July 26, 2004, the Doris Thew Trust (the "Doris Trust") petitioned the Surrogate for, *inter alia*, an Order: (i) requiring Plaintiff, and Larry and John Thew, in their capacities as trustees, to account for the assets of the Gerald Trust; (ii) temporarily staying the distribution of funds from the Gerald Trust; (iii) requiring the Gerald Trust to hold certain funds in escrow because it has been deemed to be part of the Estate of Gerald Thew; and (iv) requiring the

executors of the Will of Richard W. Thew to account for the assets of the Gerald Trust. (Declaration of Kathryn Beller, dated February 9, 2005 ("2d Beller Decl."), Ex. A, ¶¶ 14, 16-18). The Order to Show Cause was served upon the Gerald Trust, and all of its trustees, including the Plaintiff (2d Beller Decl., Ex. B). Such service subjected the Gerald Trust to the jurisdiction of the Surrogate's Court.[1]

Plaintiff thereafter participated in the proceeding, and even took the deposition of Stephen O'Hare with respect to the assets of the Gerald Trust. (2d Beller Decl., Ex D, ¶15). She requested (i) that the court order the executors of the estate of Richard Thew to account for the assets of the estate of Gerald R. Thew and the Gerald Trust; and (ii) that Larry and John Thew be required to account for their activities as trustees of the Gerald Trust. (2d Beller Decl., Ex. D, ¶¶ 12-18). Plaintiff also sought this relief in a separate set of papers filed to reply to the response to Larry and John Thew. In those papers, Plaintiff once again petitioned that Larry and John Thew be made to account for their activities as trustees of the Gerald Trust -- specifically questioning the bona fides of conveyances by the Trust of land previously owned by the Gerald Trust. (2d Beller Decl., Ex. E, ¶¶ 6 - 13). Those conveyances were the same as are being challenged here.

The relief sought by Plaintiff (and the Doris Trust) in the proceedings before the Surrogate is identical to that she seeks in this action. Plaintiff seeks to have this Court issue orders setting aside numerous alleged fraudulent conveyances of property of the Gerald Trust. (Complaint ¶¶ 202 (B) through (H)). She also seeks an order "directing Larry Thew and John Thew to account for the

---

[1] Pursuant to S.C.P.A. §203, jurisdiction of the Surrogate over the Gerald Trust was vested upon service of the Order to Show Cause and supporting papers. Such jurisdiction is proper pursuant to S.C.P.A. §§ 201 and 207 and the Surrogates power to act is based upon S.C.P.A. § 209.

fraudulent conveyances committed by Richard Thew during his lifetime." (Complaint ¶202(N)). As a result of this identity of issues, any ruling regarding the Gerald Trust or the conveyances would interfere with the proceedings before the Surrogate. Consequently, this Court should not entertain the action. <u>Ganoe v. Lummis</u>, 662 F. Supp 718, 721 (S.D.N.Y. 1987) citing <u>Markham v. Allen</u>, 326 U.S. 490, 494, 66 S. Ct. 296, 298 (1946).

Plaintiff's reliance upon <u>Weingarten v. Warren</u>, 753 F.Supp. 491 (S.D.N.Y. 1991), and <u>Barnes v. Brandup</u>, 506 F.Supp. 396 (S.D.N.Y. 1981), for the proposition that the probate exception does not apply to "actions involving trusts" is misplaced. <u>Weingarten</u> and <u>Barnes</u> are easily distinguishable. In <u>Weingarten</u>, the plaintiffs' demand for an accounting had been made only in the federal court proceeding. Consequently, there was no reason for the federal court to abstain in favor of a nonexistent Surrogate's Court proceeding. Similarly, in <u>Barnes</u>, the estate at issue had been settled for more than thirty (30) years when the federal action had been commenced. Thus, the federal action did present a possibility of interference with active probate proceedings before the Surrogate's Court. In contrast, this case involves parallel proceedings and the probate exception applies.[2]

II.   THE COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION

    A.   The *Princess Lida* Doctrine Applies

In arguing that <u>Princess Lida</u> does not apply, Plaintiff asserts that "there is no evidence that the Surrogate's Court has exercised any jurisdiction over the <u>trust</u> or the assets in the <u>trust</u> . . ."

---

[2] The courts in each of <u>Barnes</u> and <u>Weingarten</u> recognized that their power to adjudicate the matters before them also could be limited and restricted by the equitable principles articulated in <u>Princess Lida of Thurn and Taxis v. Thompson</u>, 305 U.S. 456, 59 S.Ct. 275 (1939).

(emphasis in original). This assertion is false. Plaintiff, and the Doris Trust, petitioned the Surrogate for an accounting of the assets of the Gerald Trust, and that the Order to Show Cause and supporting petition were duly served upon the Gerald Trust. (2d Beller Decl., Exs. A, B, C at ¶¶ 20-29, 49-59, 60-70, and D). It is also indisputable that Plaintiff specifically put before the Surrogate the fraudulent conveyance claims that she now pursues here. (2d. Beller Decl., Ex. E, ¶¶ 6-13). Thus, the Surrogate has exercised jurisdiction over the Gerald Trust and the claims which Plaintiff now seeks to litigate in this forum have been presented in Surrogate Court. Plaintiff and her counsel are well aware of these facts because both were served in the action. (2d Beller Decl., Ex. B). Moreover, both actively participated in those proceedings. (2d. Beller Decl., Exs. D and E).

Plaintiff's contention that this Court's jurisdiction is neither *in rem* nor *quasi in rem* borders on frivolous. In both this action and the proceedings before the Surrogate, Plaintiff has sought an accounting of the Gerald Trust and alleged mismanagement and fraudulent conveyances of property of the trust. The law is well settled that actions for an accounting of the property of a trust, and claims (such as the fraudulent conveyance claims asserted herein) alleging mismanagement and seeking the restoration of trust funds, are deemed to be *in rem* or *quasi in rem* in nature. Beach v. Rome Trust Company, 269 F.2d 367, 371 (2d Cir. 1959) ("...plaintiff's demand for an accounting of the estate and trust . . . fall within the rule that a previously attached *quasi in rem* jurisdiction of property in a state court requires a federal court to dismiss any claim with regard to the property where the adjudication would interfere with the proceedings in the state court."); In re Hall's Estate, 183 Misc. 659, 53 N.Y.S.2d 671 (Surrogate's Court, New York County 1944) (Testamentary trustee's accounting proceeding is an *in rem* proceeding.); Straus v. Straus, 987 F.Supp. 52, 53 (D. Mass. 1997) ("A suit challenging the administration of a trust and seeking damages against its

trustees for the manner in which trust assets have been distributed is *quasi in rem*."); Brayton v. Boston Safe Deposit & Trust Co., 937 F.Supp 150, 152 (D. R. I. 1996) ("a suit alleging mismanagement and seeking an accounting, restoration of funds to the trust and/or removal of the trustee is deemed to be *in rem* or *quasi in rem*.") [3]

There is no question that this action and the Surrogate Court proceeding are *in rem* or *quasi in rem* in nature. It is also indisputable that the claims extant in the Surrogate Court proceeding were filed first. Accordingly, as set forth in Movants' initial memorandum, the Princess Lida abstention doctrine requires that this Court abstain from exercising jurisdiction in this action. In Beach v. Rome Trust Company, 269 F.2d. 367 (2d. Cir. 1959), the Second Circuit held as follows:

> It is apparent from the facts set forth in the complaint that the estate of Carrie Beach and the trust which is composed of roughly half of its assets, are still in the process of administration in the Surrogate's Court of Oneida County. Since an accounting has not yet been had of the estate itself, and since any full accounting of the trust assets at this time would necessarily anticipate and interfere with it, plaintiff's demands for accounting of the estate and trust and removal of the trustee fall within the rule that a previously attached quasi in rem jurisdiction of property in a state court requires a federal court to dismiss any claim with regard to the property where the adjudication would interfere with the proceedings in the state court. This principle is so firmly rooted in our law as to have required and not merely permitted Judge Foley to dismiss the plaintiff's claims insofar as they sought an accounting of the estate and trust.

Beach, 269 F.2d at 371-72 (citations omitted) (emphasis added). Moreover, there can be no doubt that the issues and claims raised by Plaintiff in this and the Surrogates Court proceedings are most appropriately determined by the Surrogate. Id. ("It is the policy of the New York courts to

---

[3] Plaintiff's argument that "no lower Court has exercised any jurisdiction over the fraudulently conveyed properties," is similarly without merit. See also, Schaefer v. Fisher, 137 Misc. 420, 242 N.Y.S. 308 (Sup. Ct. N.Y. Co. 1930) (Fraudulent conveyance action "is substantially in rem or quasi in rem."); Schiff v. Sportswear Co., 197 Misc. 587, 95 N.Y.S.2d 743, 745 (Sup. Ct. Kings Co. 1950).

concentrate in the hands of the Surrogate all maters affecting the administration of estates, and this policy appears to proceed from, or indeed to define, the nature of the Surrogate's jurisdiction as quasi in rem."); see also Barnes v. Brandup, 506 F. Supp. 396 (S.D.N.Y. 1981) (same).[4]

### B. The Colorado River Doctrine Applies

Plaintiff argues the Colorado River abstention doctrine does not apply because "there is no evidence that the Dutchess County Surrogate's Court or any other state court has assumed jurisdiction over any property" and "the Thew defendants have not put forth any evidence that the issues raised in the complaint, and the allegations made by plaintiff against the Thew defendants and the other parties have been raised in any other forum." (Opposition Brief, p. 7). This argument lacks merit. As set forth above, the undisputed evidence is that the Surrogate has exercised jurisdiction over the Gerald Trust and Plaintiff has asserted identical claims relating to the Gerald Trust in both litigations. As set forth in Movants' initial memorandum (pp. 13-14), it is respectfully submitted that these factors, and the others considered under Colorado River, require this Court to abstain from exercising diversity jurisdiction over this action.

### III. PLAINTIFF LACKS STANDING

Plaintiff claims she has standing because she "relinquished" her position as trustee. (Opposition Brief p. 9). This argument patently is inconsistent with the allegations of paragraph 24 of the Complaint. If plaintiff is not a co-successor trustee, why did she allege it in the Complaint? When standing is challenged on the basis of the pleadings, a federal court must accept as true all

---

[4] In re Reliance Group Holdings, Inc. Securities, Inc., 2004 WL 943545 (S.D.N.Y.), and Von Bulow v. Von Bulow, 634 F.Supp. 1284 (S.D.N.Y. 1986), are inapposite. Neither involved claims for an accounting of the assets of a trust or for the restoration to a trust of assets allegedly fraudulently conveyed.

material allegations in the complaint. Pennell v. City of San Jose, 485 U.S. 1, 7, 108 S. Ct. 849, 855 (1987). Consequently, Plaintiff must be considered a trustee. New York law is clear that a beneficiary may not maintain a suit against a transferee if a trustee is capable of and ready and willing to take action. Gebbie Foundation, Inc. v. Rogerson, 62 Misc. 2d 944, 947, 310 N.Y.S.2d 919, 923 (Sup. Ct. 1970). Since Plaintiff fails to allege that the trustees of the Gerald Trust (including Plaintiff) are incapable of or unwilling to act, she may not bring the suit in her individual capacity.

IV.  PLAINTIFF MAY NOT BRING SUIT IN HER INDIVIDUAL CAPACITY FOR AN ALLEGED WRONG AGAINST TACONIC 82

Plaintiff argues that the majority shareholders of a closely held corporation owe a special duty to minority shareholders, and that the "special duty" creates an exception to the rule that a claim for diverted or wasted assets belongs to the corporation (Opposition Brief p. 10). Contrary to Plaintiff's assertion, the New York Court of Appeals flatly rejected this argument in Ingle v. Glasore Motor Sales, Inc., the only case that she cites for the proposition. 73 N.Y.2d 183,187, 538 N.Y.S.2d 771,773 (1989) ("No duty of loyalty and good faith akin to that between partners, precluding termination except for cause, arises among those operating a business in the [close] corporation form who have only the rights, duties and obligations of stockholders and not those of partners"). Moreover, Plaintiff misrepresents the holding of Vincel v. White Motor Corp., 521 F.2d 1113 (2d Cir. 1975), by omitting key words. In Vincel, the court recognized that an exception may exist where "a special relationship between the suing shareholder and the defendant creat[es] a duty, contractual or otherwise, other than that owed to the corporation." Id. at 1118 (emphasis added).

Thus, the exception is limited to suits for breach of a duty "other than that owed to the corporation." The acts alleged in the Complaint -- diversion of corporate assets waste - - do not qualify.

Plaintiff also suggests that she qualifies for an exception because her damages are different from that of other stockholders. However, the case she cites stands for the opposite proposition. The Court in Sax v. World Wide Press, Inc., 809 F.2d 610 (9th Cir. 1986), held that a minority stockholder may not bring a direct action against the corporation if he does not identify a fiduciary duty owed to him that is separate and distinct from the duty owed to other stockholders. Id. It also specifically held where an injury affects the capital stock as a whole, the action may only be brought derivatively. Id. at 614. If wrongful transfers were made from Taconic 82, then the value of all of the capital stock decreased. Plaintiff's alleged loss is no different from the loss of any other stockholder and Count V must be brought derivatively.[5]

V.   CERTAIN OF PLAINTIFF'S CLAIMS FAIL TO STATE A CLAIM
     UPON WHICH RELIEF CAN BE GRANTED AND MUST BE DISMISSED

   A.   Counts I and II Fail to State a Claim Because Plaintiff is Not a Creditor

Rather than address the issue of whether a beneficiary of a trust has standing to bring a claim as a "creditor" under sections 273 and 276 of the New York Debtor and Creditor Law, Plaintiff argues that trustee may personally be liable for a surcharge as a fiduciary. While that generally may be the case, it is beside the point here. The complaint alleges fraudulent conveyances and seeks to have the transactions set aside, thereby returning the property to the Gerald Trust. (Complaint, ¶ 107

---

[5]Plaintiff's reliance upon Collins v. Telcoa International Corp., 283 A.D.2d 128, 726 N.Y.S.2d 679 (2001) is misplaced. The Complaint does not allege a violation of NYBCL § 909 or that any of the conveyance constituted a "sale" of substantially all the assets of Taconic 82 without proper notice to her.

and 115). There is no assertion of an unmatured or unliquidated personal injury claim. For the reasons stated in Movants' initial Memorandum (pp. 18-20), Plaintiff is not a creditor of the Gerald Trust and the fraudulent conveyance claims fail to state a claim upon which relief can be granted.

B. Plaintiff's Claim for Aiding and Abetting a
   Breach of Fiduciary Duty Should Be Dismissed

Plaintiff concedes the elements of a claim for aiding and abetting a breach of fiduciary duty, and asserts in conclusory fashion that the Complaint as a whole states a cause of action. The Court respectfully is referred to Movant's initial Memorandum (pp. 20-22) for the specific manner in which Plaintiff's pleadings are deficient. For those reasons, Plaintiff fails to state a claim.

C. There is No Underlying Fraud Claim to Support
   of Action for Civil Conspiracy to Defraud

Plaintiff's argument that a cause of action for conspiracy to defraud can stand because she has stated an underlying claim for fraud wholly is without merit. "To plead a cause of action for fraud, a party must allege the elements of representation of a material existing fact, falsity, scienter, justifiable reliance and damages." Bramex Associates, Inc. v. CBI Agencies, Ltd., 149 A.D.2d 383, 540 N.Y.S.2d 243, 244 (App. Div. 1st Dep't 1989). The complaint does not allege the necessary elements. Simply using conclusory words like "scheme" and "fraudulent" is not sufficient. Having failed to state a cause of action for fraud, it follows that Plaintiff's claim for conspiracy to defraud must be dismissed.

CONCLUSION

For all the foregoing reasons, Movants' motion to dismiss should be granted in its entirety, together with such other and further relief as this Court may deem just and proper.

                                                              Respectfully submitted,

Dated  February 9, 2005                 KURZMAN EISENBERG CORBIN
      White Plains, New York              LEVER & GOODMAN, LLP

                                      By: _____
                                             Martin P. Russo (MR4134)
                                             One North Broadway
                                             White Plains, NY  10601
                                             Tel:  (914) 285-9800

                                             Attorneys for Defendants
                                             Larry Thew, John Thew,
                                             Taconic 82, Inc., and Michele Thew

*Of Counsel:*
Kathryn P. Beller
Ross J. Ellick
Marie V. Russo