UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

MELINDA THEW COOPER, individually and as a
shareholder of TACONIC 82, INC.,

                        Plaintiff,

    —against—

LARRY THEW et alia,

                      Defendants.

-------------------------------------------------------------------------x

**04 CIV. 8928 (CM)**

**SECOND DECLARATION
OF KATHRYN P.
BELLER, ESQ.**

I, Kathryn P. Beller, hereby depose and say as follows:

1.      I am of counsel to the law firm Kurzman Eisenberg Corbin Lever & Goodman,

LLP, attorneys for Defendants Larry Thew, John Thew, Taconic 82, Inc., and Michele Thew

(collectively "Movants").

2.      I submit this declaration in support of Movants' motion to dismiss the Complaint

of Melinda Thew Cooper.  Except as alleged upon information and belief, I have personal

knowledge of the facts and circumstances set forth herein and am competent to testify to them.

3.      Annexed hereto as Exhibit A is a true and accurate copy of the Order to Show

Cause dated July 26, 2004 issued by the Dutchess County Surrogate's Court in the action

captioned *In the Matter of the Estate of Gerald R. Thew*, File No. 89659/00 (the "Order to Show

Cause").

4.      Annexed hereto as Exhibit B are true and correct copies of the Affidavits of

Service indicating service upon, among others, the Gerald R. Thew Family Trust, Plaintiff

Melinda Thew Cooper, McCabe and Mack LLP, Larry Thew, and John Thew in the manner

indicated in the Order to Show Cause.

5.    In addition to the actions of the Surrogate related to the Order to Show Cause, it is evident from the papers filed by the various parties in the proceeding in Surrogate's Court that the Gerald R. Thew Family Trust is central to the litigation. For example, annexed hereto as Exhibit C is a true and correct copy of the Affidavit of Allan E. Rappleyea dated July 2, 2004 that describes the relationships of the interested parties in the relevant trusts and estates, including the Gerald R. Thew Family Trust. I respectfully refer the Court to paragraphs 20 to 22, 49 to 59, and 60 to 70. Mr. Rappleyea is co-trustee of the trust created under the will of Doris C. Thew, the grandmother of Plaintiff and Defendants Larry Thew and John Thew.

6.    Annexed hereto as Exhibit D is a true and correct copy of the Response of Melinda Thew Cooper dated August 18, 2004, signed by a partner in McCabe & Mack LLP, the law firm that represents Plaintiff in this federal court action. I respectfully refer the Court to paragraphs12 to 18.

7.    Annexed hereto as Exhibit E is a true and correct copy of the Reply of Melinda Thew Cooper dated September 1, 2004, also signed by a partner in McCabe & Mack LLP. I respectfully refer the Court to paragraphs 6 to 13.

8.    All of the annexed documents are either publicly filed documents, similar to the documents annexed to the Affidavit of Richard R. DuVall in Opposition to Motion by John Thew, Larry Thew, Michele Thew, and Taconic 82, Inc. to Dismiss the Complaint dated February 2, 2005 and filed in this Court, or expressly described in or attached to the Complaint.

9.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Kathryn P. Beller, Esq.

Dated: White Plains, New York
       February 9, 2005