SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

---------------------------------------------------------------------X

In the Matter of the Estate of GERALD R. THEW

         Deceased.

**AFFIDAVIT OF
ALLAN E. RAPPLEYEA**

File No. 89659/00

Assigned Justice:
Hon James D. Pagones

---------------------------------------------------------------------X

In the Matter of the ACCOUNTING BY JOAN THEW
DECKER and ALLAN E. RAPPLEYEA, Trustees under
the Will of DORIS C. THEW,

         Deceased.

File No. 75001

---------------------------------------------------------------------X

In the Matter of the Estate of RICHARD W. THEW

         Deceased.

File No. 93543/2004

---------------------------------------------------------------------X

Allan E. Rappleyea, being duly sworn, deposes and says:

1. I, along with Joan Thew Decker, am a co-Trustee of the Trust under the will of Doris C. Thew Trust. A copy of Mrs. Thew's will is attached as Exhibit A.

2. The Doris C. Thew Trust is a qualified terminable interest trust ("QTIP"), the life beneficiary of which was Gerald R. Thew.

3. Because the marital deduction was taken for the QTIP trust on Doris C. Thew's estate tax return, the Doris C. Thew Trust is includable as an asset in the Estate of Gerald R. Thew.

4. Pursuant to EPTL § 2-1.8, the Doris C. Thew Trust is responsible for any increase in Federal and New York State Estate Taxes (hereinafter "Federal Tax" and "New York Tax," respectively) caused by its inclusion in the estate of Gerald R. Thew.

5. Because of the responsibility of the Doris C. Thew Trust to pay a share of the taxes from the Estate of Gerald R. Thew, the Doris C. Thew Trust has an economic and equitable interest in the status of the Estate of Gerald R. Thew.

6. Some time after the Federal Estate Tax return was filed for the Estate of Gerald R. Thew, the Doris C. Thew Trust was informed that a Federal audit was being conducted of the federal tax return for the Estate of Gerald R. Thew.

7. This audit is ongoing, and upon information and belief, both the Estate of Gerald R. Thew and the Doris C. Thew Trust owe additional taxes to either the Internal Revenue Service or the State of New York, or both.

8. Upon information and belief, an effort is being made by the Estate of Gerald R. Thew to reach a compromise with the Internal Revenue Service.

9. Upon information and belief, in addition to the taxes owed by the Estate of Gerald R. Thew and the Doris C. Thew Trust, the taxing authorities will assess interest and possibly penalties.

10. The Doris C. Thew Trust always has been and continues to be willing and able to make any tax payments owed by it. The audit being conducted only covers the Estate of Gerald R. Thew. Since Gerald R. Thew's death in August of 1999, Joan Decker and I, as trustees, have been requesting that the Executor of the Will of Gerald R. Thew inform us of the Doris Thew Trust estate tax responsibility so that we could satisfy it.

11. Although it is understood that some aspects of the audit are outside the control of the Estate of Gerald R. Thew, numerous issues need to be addressed which relate to the responsibilities of the Doris C. Thew Trust to pay its share of the taxes and to prevent the continued accrual of interest and possible penalties on any additional amount owed by it for Federal Tax and New York Tax.

12. The Doris C. Thew Trust is the subject of an accounting proceeding.

13. The assets of the Doris C. Thew Trust have been liquidated, in part because it was believed that a tax payment would have to be made and, in part, because it was believed that a settlement was close to being reached in that accounting proceeding.

14. The assets of the Doris C. Thew Trust are now being held either in cash or cash equivalents or short term treasury bills and are earning less interest than the interest accruing on the Trust's share of the Gerald R. Thew estate tax.

## THE INTERESTED INDIVIDUALS, TRUSTS , AND ESTATES

15.  There are numerous individuals, trusts and estates who have a potential interest in the outcome of these proceedings.  Paragraphs 16 to 22, below, attempt to outline for the Court the roles of each of these individuals, trusts and estates and to explain their relationship to each other

16.  The relevant family tree is as follows:

Gerald R. Thew



17. Upon information and belief, Garret Thew resides outside of New York State and his mailing address is P.O. Box 192, 644 Salmon Lane, Ennice, NC 28623-0192.

18. Upon information and belief, Melinda Thew Cooper resides outside of New York State and her mailing address is 669 Reeves Road, Franklin, KY 42134.

19.  Upon information and belief, Kevin Thew resides outside of New York State and his mailing address is 695 Canal Drive SE, Sunset Harbor, Bolivia, NC 28422.

20. Upon information and belief, the relationships of the individuals to the trusts and estates is as follows:

**ESTATE OF GERALD R. THEW**
↓

| | |
|---|---|
| Former Trustee: | Richard W. Thew (now deceased) |
| Successor Trustees: | None appointed to date, no proceeding pending |
| Beneficiary: | **GERALD THEW FAMILY TRUST** |

*QTIP Trust*
*Tax obligor under →*

**DORIS C. THEW TRUST**
↓

Currently the subject of accounting proceeding.

| | |
|---|---|
| Trustees: | Allan E. Rappleyea<br>Joan Thew Decker<br>(Richard W. Thew, now<br>now deceased) |

| | |
|---|---|
| Beneficiaries: | Garret Thew<br>Joan Thew Decker |

**GERALD THEW FAMILY TRUST**
↓

| | |
|---|---|
| Former Trustee: | Richard W. Thew (now deceased) |
| Successor Trustees: | Larry Thew<br>John Thew<br>Melinda Thew Cooper |
| Beneficiaries: | Larry Thew<br>John Thew<br>Melinda Thew Cooper |

**ESTATE OF RICHARD W. THEW**
↓

| | |
|---|---|
| Executors: | None appointed to date<br>(return date is 7/29/04,<br>Larry Thew and John<br>Thew named in will) |
| Beneficiaries: | Trust u/w f/b/o Larry<br>Thew and John Thew |

**ESTATE OF SANDS R. THEW**
↓

| | |
|---|---|
| Executors: | Melinda Thew Cooper |
| Beneficiaries: | Melinda Thew Cooper |

21. Upon information and belief, each of the above persons serves or is interested in this proceeding in one or more capacities as follows, and some are represented by counsel in those capacities as follows:

    a.    GARRET THEW is a Beneficiary of Doris C. Thew Trust. It is unknown whether Garret Thew has representation.

    b.    JOAN THEW DECKER is a Co-Trustee of Doris C. Thew Trust and a Beneficiary of Doris C. Thew Trust. In her capacity as Co-Trustee, she is represented by Van DeWater & Van DeWater, LLP (John K. Gifford and Janis Mary Gomez, of counsel)

c.  JOHN THEW is a possible successor Executor of Will of Gerald R. Thew and a Successor Trustee of Gerald Thew Family Trust. In those capacities, he is represented by Reed Smith, LLP (William Bagliebter, of counsel). He is also a named Executor of Will of Richard W. Thew and a Beneficiary of Trust u/w/o Richard W. Thew. In those capacities he is represented by O'Hare & O'Hare, P.C., (Stephen P. O'Hare, of counsel).

d.  KEVIN THEW is not a beneficiary or fiduciary in or of any of the relevant trusts or estates. He was given a citation for the probate of Richard W. Thew's will. It is unknown whether he is represented by counsel.

e.  LARRY THEW is a possible successor Executor of Will of Gerald R. Thew and a Successor Trustee of Gerald Thew Family Trust. In those capacities, he is represented by Reed Smith, LLP (William Bagliebter, of counsel). He is also a named Executor of Will of Richard W. Thew and a Beneficiary of Trust u/w/o Richard W. Thew. In those capacities he is represented by O'Hare & O'Hare, P.C. (Stephen P. O'Hare, of counsel).

f.  MELINDA THEW COOPER is a possible successor Executor of Will of Gerald R. Thew, a successor Trustee of Gerald Thew Family Trust, the Executor of Will of Sands R. Thew; and a Beneficiary u/w/o Sands R. Thew. In all of these capacities, she is represented by McCabe & Mack, LLP (Ellen Baker, of counsel).

22. Upon information and belief, each of the following trusts and estates are interested in this proceeding as follows:

a.  The ESTATE OF GERALD R. THEW is an obligor to the Internal Revenue Service and an obligor of the State of New York. There is currently no fiduciary appointed in the Estate and upon information and belief no proceeding to appoint a successor fiduciary to Richard W. Thew, who died on December 29, 2003, is pending. The Estate is represented by Reed Smith, LLP (William Bagliebter, of counsel). The beneficiary of this Estate is the Gerald Thew Family Trust.

b.  The DORIS C. THEW TRUST is an obligor of the Internal Revenue Service and an obligor of the State of New York for its share of estate taxes by virtue of its inclusion in the Estate of Gerald R. Thew. Its remaining co-trustees are Allan E. Rappleyea and Joan Thew Decker. This Trust is represented by Van DeWater & Van DeWater, LLP (John K. Gifford and Janis Mary Gomez, of counsel).

c.  The GERALD R. THEW FAMILY TRUST is an obligor of the Internal Revenue Service and an obligor of the State of New York for its share of estate taxes by virtue of its inclusion in the Estate of Gerald R. Thew. Its co-trustees are John Thew, Larry Thew and Melinda Thew Cooper. Trustees John Thew and Larry Thew are represented in their capacities as Trustees by Reed Smith, LLP. (William Bagliebter, of counsel). Melinda Thew Cooper is represented in her capacity as Trustee by McCabe & Mack, LLP. (Ellen Baker, of counsel).

d. The ESTATE OF RICHARD W. THEW is a beneficiary of the Doris C. Thew Trust. There is currently no fiduciary appointed in this Estate. The executors named in the will are John Thew and Larry Thew. The citation return date is July 29, 2004. During his lifetime, Richard W. Thew was a co-trustee of the Doris C. Thew Trust, a trustee of the Gerald Thew Family Trust, and the Executor under the Will of Gerald R. Thew. The beneficiary of the Estate of Richard W. Thew is a trust created under the will for the benefit of John Thew and Larry Thew. The Estate is represented by O'Hare & O'Hare, P.C. (Stephen P. O'Hare, of counsel). Richard W. Thew was also a co-trustee of the Doris C. Thew Trust.

e. The ESTATE OF SANDS R. THEW is a beneficiary of the Doris C. Thew Trust. The Executrix of the Estate is Melinda Thew Cooper. The beneficiary of the Estate is Melinda Thew Cooper. The Estate is represented by McCabe & Mack, LLP (Ellen Baker, of counsel).

## SUCCESSOR FIDUCIARIES MUST BE NAMED IN THE ESTATE OF GERALD R. THEW

23. Richard W. Thew was named as the Executor of the Will of Gerald R. Thew and acted as such from January 27, 2000 when preliminary letters testamentary were issued until his death on December 29, 2003. A copy of the Will of Gerald R. Thew is attached as Exhibit B.

24. Since Richard W. Thew's death, more than six months ago, a successor fiduciary has not been appointed in the Estate of Gerald R. Thew.

25. John Thew, Larry Thew and Melinda Thew Cooper were named under the eighth paragraph of the Gerald R Thew's will as alternate executors in the event that Richard W. Thew did not survive Gerald R. Thew.

26. Without a successor fiduciary or fiduciaries being named, the Estate of Gerald R. Thew cannot come to a settlement with the Internal Revenue Service, and the remaining tax liabilities cannot be determined.

## INTERIM TAX PAYMENTS MUST BE MADE TO AVOID THE ACCRUAL OF ADDITIONAL INTEREST AND POSSIBLE PENALTIES AGAINST THE DORIS C. THEW TRUST

27. Interest and penalties are unnecessary expenditures which will reduce the amount received by the beneficiaries of the Doris C. Thew Trust. Because of the size of the taxable Estate of Gerald R. Thew, the amount of interest and possible penalties which are accruing is substantial.

28. To reduce this unnecessary expenditure, both the Estate of Gerald R. Thew and the Doris C. Thew Trust should make interim tax payments to the Internal Revenue Service and the State of New York.

29. Upon information and belief, no tax payments have ever been made by the Estate of Gerald R. Thew.

30. Since at least July 11, 2003, the Estate of Gerald R. Thew has been made aware that the Doris C. Thew Trust wants to make interim payments to the Internal Revenue Service and New York State to stop the running of interest and possible penalties.

31. To date, the Estate of Gerald R. Thew has failed to provide an estimate for the amount of an interim payment to stop the running of interest and penalties against the Estate of Gerald R. Thew.

32. This Court should require the Estate of Gerald R. Thew to calculate and make interim tax payments to the Internal Revenue Service and New York State.

33. This Court should require the Estate of Gerald R. Thew to provide the Doris C. Thew Trust with a reasonable estimate of the interim payments which should be made by it to the Internal Revenue Service and New York State.

## THE ESTATE OF GERALD R. THEW SHOULD FILE AN INVENTORY OF ASSETS AND ACCOUNT FOR THE ASSETS IN THE ESTATE

34. Gerald R. Thew died on August 7, 1999.

35. Gerald Thew's estate was admitted to probate on April 2, 2001.

36. To date, no inventory of assets has been filed with the Surrogate's Court in the Estate of Gerald R. Thew.

37. Upon information and belief, any refund of an overpayment of taxes by the Estate of Gerald R. Thew would be paid to the Estate of Gerald R. Thew by the taxing authority regardless of whether the source of funds was the Estate of Gerald R. Thew or the Doris C. Thew Trust.

38. Accordingly, the Doris C. Thew Trust would have to rely on the Estate of Gerald R. Thew to reimburse it for any overpayment of taxes made by it.

39. To date, no inventory of assets has been filed in the Estate of Gerald R. Thew, and therefore, the Doris C. Thew Trust has no way of knowing whether or if the Estate has assets to (a) cover the Estate's share of taxes or (b) to reimburse the Doris C. Thew Trust for any overpayment made by it.

40. Furthermore, Richard W. Thew, the Executor of the Will of Gerald R. Thew, died on December 29, 2003. The fiduciary of the Estate of Richard W. Thew should be required to account for the assets in the Estate of Gerald R. Thew pursuant to SCPA §2207.

41. The successor Executor(s) should also be required to account for the assets of the Estate of Gerald R. Thew.

42. The Estate of Gerald R. Thew should be required to hold sufficient funds in escrow to cover any tax liabilities it has to the Internal Revenue Service or New York State.

43. This Court should stay the distribution of assets from the Estate of Gerald R. Thew until the Federal Tax and the New York Tax are paid.

## THE ESTATE OF GERALD R. THEW SHOULD BE REQUIRED TO REFUND TO THE DORIS C. THEW TRUST ANY OVERPAYMENT OF TAXES MADE BY THE DORIS C. THEW TRUST

44. Pursuant to EPTL §2-1.8, the Doris C. Thew Trust is only responsible for the increase in taxes caused by its inclusion in the Estate of Gerald R. Thew.

45. Upon information and belief, if the Doris C. Thew Trust either already has or does overpay taxes such that a refund is due from either the Internal Revenue Service or the State of New York, the refund would be issued to the Estate of Gerald R. Thew.

46. Accordingly, the Estate of Gerald R. Thew should be required by the Court to assign any refund or portion thereof paid to it which is refunded because of an overpayment by the Doris C. Thew Trust to the Doris C. Thew Trust.

47. Furthermore, the Estate of Gerald R. Thew should be required to refund to the Doris C. Thew Trust any overpayment made by it regardless of whether the Estate of Gerald R. Thew receives a refund from the Internal Revenue Service or the State of New York. In other words, if the Doris C. Thew Trust, in making a payment, pays some of the Estate's share of the Federal Tax or the New York Tax, the Estate must be required to reimburse the Trust for that share.

48. The Estate of Gerald R. Thew should be required to hold sufficient funds in escrow to reimburse the Doris C. Thew Trust for any amount paid by said Trust to the Internal Revenue Service or the State of New York for Estate Taxes which amount is allocable to the Estate of Gerald R. Thew.

## THE GERALD THEW FAMILY TRUST SHOULD ACCOUNT FOR THE ASSETS IN THE TRUST

49. All of the testamentary assets of Gerald R. Thew were devised under the second paragraph of his will to the Gerald Thew Family Trust dated April 1, 1994 ("Gerald Thew Family Trust"). A copy of that Trust Agreement is annexed as Exhibit C.

50. Under the Fourth Article of the Gerald Thew Family Trust, that Trust is responsible for its share of any estate taxes due based on the Gerald Thew Family Trust's inclusion in the Estate of Gerald R. Thew.

51. Richard W. Thew and Gerald R. Thew were the Trustees of the Gerald Thew Family Trust.

52. Larry Thew, Melinda Thew Cooper and John Thew are successor trustees of the Gerald Thew Family Trust.

53. Upon information and belief, real property belonging to the Gerald Thew Family Trust was sold shortly before Richard Thew's death for gross proceeds of $2.7 million.

54. Upon information and belief, distributions of some of those proceeds were made after the death of Richard W. Thew and without the knowledge or agreement of at least one of the successor trustees.

55. Upon information and belief, $925,000 of those proceeds are being held in escrow at the law firm of Reed Smith, LLP.

56. The fiduciary of the Estate of Richard W. Thew should be required to account for the assets in the Gerald Thew Family Trust pursuant to SCPA §2207.

57. Furthermore, the successor Trustees of the Gerald Thew Family Trust should be required to account for the assets of the Trust.

58. Furthermore, the Gerald Thew Family Trust should be required to hold sufficient funds in escrow to cover any tax liabilities the Gerald Thew Family Trust owes based on its inclusion in to the Estate of Gerald R. Thew.

59. This Court should stay the distribution of assets from the Gerald Thew Family Trust until the Federal Tax and the New York Tax are paid.

### THE ESTATE OF GERALD R. THEW SHOULD BE REQUIRED TO PAY ANY INTEREST AND PENALTIES OWED ON THE FEDERAL TAX AND THE NEW YORK TAX

60. The Doris C. Thew Trust has always been ready, willing and able to pay the taxes owed by it in the Estate of Gerald R. Thew since the death of Gerald R. Thew.

61. On May 1, 2000, the Doris C. Thew Trust issued checks for $4,539,969.63, to pay the Federal Tax it owed based on its inclusion in the Estate of Gerald R. Thew.

62. On May 6, 2000 and May 1, 2000, the Doris C. Thew Trust issued checks for $1,560,000 and $165,712.70, respectively to pay ninety percent of the New York Tax it owed based on its inclusion in the Estate of Gerald R. Thew.

63. Upon information and belief, although the check was issued in ample time for the New York Tax to be paid in a timely manner, the Estate of Gerald R. Thew paid the estimated taxes late.

64. Upon information and belief, because the New York Tax was paid late, penalties will be assessed against the New York Tax when it is paid.

65. Upon information and belief, if the New York Tax had been paid on time, no penalties would be assessed on the New York Tax, only interest would accrue.

66. Upon information and belief, the audit of the Gerald R. Thew Estate was in no way caused by the inclusion of the Doris C. Thew Trust in the Estate.

67. Upon information and belief, the Federal Tax audit is based largely on the failure of the fiduciary of the Estate of Gerald R. Thew to include certain gifts on the tax return.

68. It is unclear whether the Gerald R. Thew Family Trust has been properly included in the estate tax returns.

69. The beneficiaries of the Doris C. Thew Trust should not be made to pay interest or penalties when the Trust's inclusion in the Estate in no way caused the audit or the interest to accrue and penalties to be assessed.

70. Whefore, it is respectfully requested that this Court issue an order:

    a. Naming Larry Thew, John Thew and Melinda Thew Cooper as successor executors to the Estate of Gerald R. Thew;

    b. Requiring the successor executors of the Will of Gerald R. Thew to submit an inventory of assets of the Estate to the Court;

    c. Requiring the successor executors of the Will of Gerald R. Thew to account for the assets of the Estate;

    d. Requiring the Estate of Gerald R. Thew to make payment of Estate Taxes to the Internal Revenue Service and the State of New York to stop the accrual of interest and possible penalties;

    e. Requiring the Estate of Gerald R. Thew to provide the Doris C. Thew Trust with an estimate of Estate Taxes owed by it to the Internal Revenue Service and the State of New York, so that the Doris C. Thew Trust can make payment(s) to stop the accrual of interest and possible penalties against it;

    f. Requiring the Estate of Gerald R. Thew to assign to the Doris C. Thew Trust any refund it receives from the Internal Revenue Service or the State of New York which is allocable to an overpayment of taxes by the

Doris C. Thew Trust;

g.  Requiring the Estate of Gerald R. Thew to hold funds in escrow to
reimburse the Doris C. Thew Trust for any amount paid by said Trust to
the Internal Revenue Service or the State of New York for Estate Taxes
which amount is actually allocable to the Estate of Gerald R. Thew;

h.  Requiring the Gerald R. Thew Family Trust to hold sufficient funds in
escrow to pay its share of the Federal and New York State Estate taxes,
interest, and possible penalties owed by the Estate of Gerald R. Thew.

i.  Requiring the Estate of Gerald R. Thew to pay any and all interest and
penalties owed to the Internal Revenue Service or the State of New York
by the Estate of Gerald R. Thew whether or not the base amount on which
such interest or penalties is calculated based on taxes owed by the Doris C.
Thew Trust;

j.  Staying the distribution of any funds from the Estate of Gerald R. Thew
until Federal and New York State Estate taxes, interest and possible
penalties owed by the Estate are paid;

k.  Requiring executor(s) of the Will of Richard W. Thew to account for the
assets of the Estate of Gerald R. Thew since the admission of the Will to
probate pursuant to SCPA §2207;

l.  Requiring executor(s) of the Will of Richard W. Thew to account for the
assets of the Gerald R. Thew Family Trust, of which Richard W. Thew
was a Trustee until his death pursuant to SCPA §2207, from the inception
of the Trust forward; and

m.  Requiring Larry Thew, John Thew and Melinda Cooper Thew to account
for the assets of the Gerald R. Thew Family Trust dated April 1, 1994;

n.  Staying the distribution of any funds from the Gerald R. Thew Family
Trust until the Trusts share of Federal and New York State Estate taxes,
interest and possible penalties owed by the Estate of Gerald R. Thew are
paid;

o.  Requiring the Gerald R. Thew Family Trust to hold sufficient funds in
escrow to pay its share of the Federal and New York State Estate taxes,
interest, and possible penalties owed by the Estate of Gerald R. Thew; and

p.  For such other further relief as the Court deems proper.

ALLAN E. RAPPLEYEA
Co-Trustee, Doris C. Thew Trust

Sworn to before me this
___ day of July, 2004.

Notary Public

KATHLEEN GROSE
NOTARY PUBLIC, STATE OF NEW YORK
Qualified in Dutchess County
Reg.# 4689905
Commission Expires July 31, 20 05

Gx. A

## LAST WILL AND TESTAMENT

I, DORIS C. THEW, of the Town of LaGrange, in the
County of Dutchess and State of New York, being of sound mind
and memory, do make, publish and declare this my Last Will
and Testament, in manner following that is to say:

FIRST: I direct the payment of all my just debts
and funeral expenses.

SECOND: I give, devise and bequeath to my husband,
GERALD R. THEW, if he survives me, all my furniture,
furnishings, books, silver, linen, china, glassware, jewelry,
wearing apparel, automobiles and all my other tangible
personal property.

If my said husband predeceases me, I give, devise
and bequeath all of such articles of personal property to my
four children or the survivors or survivor of them.

THIRD: In case my husband, GERALD R. THEW, shall
survive me, I give, devise and bequeath all the residue
residue and remainder of my estate (all hereinafter referred
to as my "residuary estate"), as follows:

(a) I direct that my residuary estate shall be
divided into two parts, as follows: One of such parts
(hereinafter referred as Portion A) shall consist of
property, both real and personal, of an amount equal in value
to one-half of my adjusted gross estate (as finally
determined for federal estate tax purposes) less the value as

CORBALLY, GARTLAND
AND RAPPLEYEA
ATTORNEYS AND
COUNSELORS AT LAW
35 MARKET STREET
POUGHKEEPSIE, NEW YORK 12601
(914) 454-1110

finally determined for federal estate tax purposes, of all interests in property which pass or have passed to my husband, GERALD R. THEW, under other provisions of this, my Will, or otherwise than under this, my Will, but only to the extent that such interests are for the purposes of the federal estate tax included in determining my gross estate, and allowed as a marital deduction, undiminished by any estate, transfer or inheritance taxes levied upon or assessed against my estate or attributable to property passing hereunder or othereise.  The other part (hereinafter referred to as Portion B) shall consist of the excess of my residuary estate over the first part of my residuary estate.  Out of the second part of my residuary estate, I direct my Executor or Executors to pay all estate transfer and inheritance taxes levied upon or assessed against my estate and attributable to property passing under this, my Will, or otherwise.

Notwithstanding, anything to the contrary contained in this, my Last Will and Testament, I direct (a) that there shall not be allocated to Portion A any property or the proceeds of any property (1) which would not qualify for the marital deduction allowable in determining the federal estate tax on my estate, or (11) which is includable in my gross estate for federal estate tax purposes and also subject by reason of my death to any inheritance tax, transfer tax, estate tax or other death duty in any foreign country or state, province or other political subdivision thereof, or deemed to be income in respect of a decedent for the purposes of the federal income tax, except that property described in this clause may be allocated to Portion A to the extent that

CORBALLY, GARTLAND
AND RAPPLEYEA
ATTORNEYS AND
COUNSELORS AT LAW
35 MARKET STREET
POUGHKEEPSIE, NEW YORK 12601
(914) 454-1110

other property of my estate which does qualify for the marital deduction is not sufficient to fund Portion A in full, and (b) that none of the powers granted to my Executor or Executors by this, my Last Will and Testament shall be exercised in such a manner as to disqualify Portion A or any part thereof from the marital deduction allowable in determining the federal estate tax on my estate.

(B)   The first part of my residuary estate (Portion A), I give, devise and bequeath to my husband, GERALD R. THEW, absolutely and forever.

(C)   The second part of my residuary estate (Portion B) I give, devise and bequeath to my Trustees IN TRUST NEVERTHELESS, for the following uses and purposes:

To invest and reinvest the same, and, after paying all legal charges thereon, to pay the income therefrom to my said husband, GERALD R. THEW, for and during the term of his life, in at least quarter-yearly installments.  Upon the death of my said husband, I give, devise and bequeath, the second part of my residuary estate, to my children, RICHARD WOOSLEY THEW, GARRET LEWIS THEW, JOAN THEW DECKER and SANDS RAYMOND THEW, in equal shares, absolutely and forever; but in case any such child shall predecease my said husband, leaving any lawful issue surviving my husband, I give, devise and bequeath to said issue, per stirpes, and not per capita, the share of the second part of my residuary estate which said deceased child would have received if he or she had survived my said husband, but in case any such child shall predecease

CORBALLY, GARTLAND
AND RAPPLEYEA
ATTORNEYS AND
COUNSELORS AT LAW
35 MARKET STREET
POUGHKEEPSIE, NEW YORK 12601
(914) 454-1110

my said husband without leaving any lawful issue surviving my said husband, I give, devise and bequeath, per stirpes and not per capita, to such of my children and the issue of each predeceased child of mine surviving my said husband, the share of the second part of my residuary estate which said deceased child would have received hereunder if he or she had survived my said husband.

FOURTH: In case my said husband, GERALD R. THEW, shall predecease me, I give, devise and bequeath, my residuary estate to my children, RICHARD WOOSLEY THEW, GARRET LEWIS THEW, JOAN THEW DECKER and SANDS RAYMOND THEW, in equal shares, absolutely and forever; but in case any such child shall predecease me leaving any lawful issue surviving me, I give, devise and bequeath to said issue, per stirpes and not per capita, the share of my said residuary estate which said deceased child would have received if he or she had survived me.

FIFTH: I hereby declare for the purposes of this my Last Will and Testament, that if my said husband, GERALD R. THEW, and I shall die in or as the result of a common accident or common disaster, it shall be conclusively presumed that I predeceased him.

SIXTH: I nominate and appoint my said husband, GERALD R. THEW, to be the Executor of this, my Last Will and Testament, but in case my said husband shall predecease me or become incapacitated during the period of administration of my estate or cease or fail to act for any reason, I nominate

CORBALLY, GARTLAND
AND RAPPLEYEA
ATTORNEYS AND
COUNSELORS AT LAW
35 MARKET STREET
POUGHKEEPSIE, NEW YORK 12601
(914) 454-1110

and appoint RICHARD WOOSLEY THEW, JOAN THEW DECKER and ALLAN

E. RAPPLEYEA as Executors.  I nominate RICHARD WOOSLEY

THEW, JOAN THEW DECKER and ALLAN E. RAPPLEYEA as Trustees of

the trusts created by this my Last Will and Testament, and I

hereby direct that they serve without bond.

I further direct that my Executor or Executors as

the case may be shall have the power to elect that any amount

passing under THIRD (C) be treated as a qualified terminable

interest for the purpose of qualifying the same for the

marital deduction allowable in determining the federal estate

tax upon my estate.

SEVENTH:  I direct that no bond or other security

be required of any Executor or Trustee under this, my Last

Will and Testament, for the faithful performance of his or

her duties in any jurisdiction.

EIGHTH:  In the administration of the trust created

hereby, my Trustees shall have full power and authority:

(a)  To retain any securities or other property

held by my estate at the time of my death.

(b)  To pledge, sell for cash or on credit,

convert, redeem, exchange, convey or otherwise dispose of any

securities or other property, both real and personal, at

anytime held by my estate or by said trust, and to execute,

acknowledge and deliver any and all bills of sale, deeds of

conveyance and other instruments which in their opinion shall

be necessary or proper to carry into effect any such

disposition.

CORBALLY, GARTLAND
AND RAPPLEYEA
ATTORNEYS AND
COUNSELORS AT LAW
35 MARKET STREET
POUGHKEEPSIE, NEW YORK 12601
(914) 454-1110

(c)   In making investments and reinvestments of any money or securities held by my said estate or by said trust, to invest in such securities as they may deem advisable, even though the same are not of the character permitted for trust funds by the laws of the State of New York.

(d)   To exercise any conversion privilge and/or subscription rights available in connection with any securities held or controlled by my estate or by said trust; to consent to the reorganization, consolidation, merger, or readjustment of the finances of any corporation, company or association, or to the sale, mortgage, pledge or lease of the property of any corporation, company or association, any of the securities of which may be at any time held or controlled by my estate or by said trust, and to do any act with reference thereto, including the exercise of options, making of agreements or subscriptions, which said Executor or Executors and/or Trustees may be deem necessary or advisable in connection therewith, and to hold and retain any securities or other property which such Executor or Executors and/or Trustees may so acquire.

(e)   To vote personally or by proxy any shares of stock which may be held or controlled by my said estate or by said trust at any time, and similarly to exercise by attorney any rights appurtenant to any other securities held or controlled by my said estate or by said trust at anytime.

CORBALLY, GARTLAND
AND RAPPLEYEA
ATTORNEYS AND
COUNSELORS AT LAW
35 MARKET STREET
POUGHKEEPSIE, NEW YORK 12601
(914) 454-1110

(f)   To make distribution to any person entitled to a part or all of my estate or of the principal of the trust in any securities or other property, real and personal, held by my estate or by said trust.

(g)   In making distributions among two or more persons, to cause the portion distributed to any person to be composed of property like in kind to, or different in kind from, the property composing the share of any other person and conclusively to determine or fix the market or intrinsic value of any property, other than money, to be distributed to any person.

(h)   In distinguishing between income and principal hereunder, said Executor or Executors and/or Trustees shall not amortize premiums paid for securities and shall take no account of discounts.

(i)   To borrow from time to time, without personal liability in respect thereto, such sums of money as may be required for the payment of any transfer, inheritance or estate taxes and any other charges which may become due and payable by my estate or the trust created hereunder, and in such event, to execute as Executor or Executors and/or Trustees promissory notes or other agreements for the repaying of any sums so borrowed with or without interest, and if with interest, at such rates as my said Executor or Executors and/or Trustees may deem proper and with or without

CORBALLY, GARTLAND
AND RAPPLEYEA
ATTORNEYS AND
COUNSELORS AT LAW
35 MARKET STREET
POUGHKEEPSIE, NEW YORK 12601
(914) 454-1110

pledges of any part of my said estate or any part of said trust as collateral security for the repayment of such sums so borrowed, and to pay or repay either principal or interest on such loans at such times and in such manner as they may deem wise.

(j)  It is my intention, however, that no power rendered by my Executors or Trustees shall in any way disqualify any portion of my estate from the marital deduction, and I direct that any court interpret my Will in this manner.

NINTH:  I hereby revoke all former Wills by me at any time heretofore made.

IN WITNESS WHEREOF, I have hereunto subscribed my name this 6 day of May , 1982.

_Doris C. Thew_
DORIS C. THEW

WE, whose names are hereto subscribed, DO CERTIFY, that on the 6 day of May , 1982, DORIS C. THEW, the testatrix, subscribed her name to this instrument, in our presence and in the presence of each of us, and at the same time, in our presence and hearing, declared the same to be her Last Will and Testament, and requested us, and each of us, to sign our names thereto as witnesses to the execution thereof, which we hereby do in the presence of the Testatrix, and of each other, on the said date and write opposite our names our respective places of residence.

_____ residing at _____
_____ residing at _____

CORBALLY, GARTLAND
AND RAPPLEYEA
ATTORNEYS AND
COUNSELORS AT LAW
35 MARKET STREET
POUGHKEEPSIE, NEW YORK 12601
(914) 454-1110

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF DUTCHESS   )

Each of the undersigned, individually and severally being duly sworn, deposes and says:

The within Will was subscribed in our presence and sight at the end thereof by _Doris S. t Thew_ the within named Testatrix, on the _6_ day of _Aug_ , 1982 at 35 Market Street in the City of Poughkeepsie, County of Dutchess and State of New York, _Village of Middleton_

Said Testatrix at the time of making such subscription declared the instrument so subscribed to be her Last Will and Testament.

Each of the undersigned thereupon signed his/her name as a witness at the end of said Will at the request of said Testatrix and in her presence and sight and in the presence and sight of each other.

Said Testatrix, in the respective opinions of the undersigned, could read, write and converse in the English language and was suffering from no defect of sight, hearing or speech, or from any other physical or mental impairment which would affect her capacity to make a valid Will. The Will was executed as a single, original instrument and was not executed in counterparts.

Each of the undersigned was acquainted with said Testatrix at such time and makes this Affidavit at her request.

The within Will was shown to the undersigned at the time this Affidavit was made, and was examined by each of them as to the signature of said Testatrix and of the undersigned.

The foregoing instrument was executed by the Testatrix and witnessed by each of the undersigned affiants under the supervision of _Allan E. Rappleye_ , an attorney-at-law.

*STATE OF NEW YORK*
*COUNTY OF D*
*UTCHESS: SURROGATE'S COURT: ss:*

I, JOHN J. ATHERTON, Chief Clerk of the Surrogate's Court of said County, do hereby certify that the annexed instrument is a co of the Last Will and Testament of DORIS C. THEW, late of the Town of LA GRANGE, County of Dutchess, in the St of New York, deceased, which said Last Will and Testament, was upon due proof by a Decree of the Surrogate's Co bearing the date of the 2nd of FEBRUARY, 1984, admitted to probate and record in said Court, as a Will, valid to p both real and personal estate, and which said Will is recorded in the Dutchess County Surrogate's Office in Liber 12 of Wills, Page 181. That I have compared said copy with the original record now in my custody, and that the same a true transcript therefrom and of the whole thereof filed in this office on the 25th Day of January, 1984.

IN TESTIMONY WHEREOF, I have hereunto set my hand, and affixed the seal of office of said Surrogate this 8th day of September, 1999.

_Chief Clerk_

STATE OF NEW YORK      )
                       ) SS.:
COUNTY OF DUTCHESS     )

Each of the undersigned, individually and severally being duly sworn, deposes and says:

The within Will was subscribed in our presence and sight at the end thereof by *Doris S. Y Fuchs* the within named Testatrix, on the 6 day of *May*, 1982 at 35 Market Street in the ~~City of Poughkeepsie~~, County of Dutchess and State of New York. *Village of Millerton*

Said Testatrix at the time of making such subscription declared the instrument so subscribed to be her Last Will and Testament.

Each of the undersigned thereupon signed his/her name as a witness at the end of said Will at the request of said Testatrix and in her presence and sight and in the presence and sight of each other.

Said Testatrix, in the respective opinions of the undersigned, could read, write and converse in the English language and was suffering from no defect of sight, hearing or speech, or from any other physical or mental impairment which would affect her capacity to make a valid Will. The Will was executed as a single, original instrument and was not executed in counterparts.

Each of the undersigned was acquainted with said Testatrix at such time and makes this Affidavit at her request.

The within Will was shown to the undersigned at the time this Affidavit was made, and was examined by each of them as to the signature of said Testatrix and of the undersigned.

The foregoing instrument was executed by the Testatrix and witnessed by each of the undersigned affiants under the supervision of *Allan B. Rappleyea*, an attorney-at-law.

*[signatures]*

Severally sworn to before me this 6th day of *May*, 1982.

*[signature]*

MARTA K. VIING
Notary Public, State of New York
No. 4739214
Qualified in Dutchess County
Commission Expires March 30, 19__

ALLY, GARTLAND
O RAPPLEYEA
TTORNEYS AND
NSELORS AT LAW
MARKET STREET
SIE, NEW YORK 12601
(914) 454-1110

$E \times B$

## *LAST WILL AND TESTAMENT*
### *OF*
### *GERALD R. THEW*

I, GERALD R. THEW, residing at Clapp Hill Road, Town of LaGrange in the County of Dutchess, State of New York being of sound mind and memory, do make, publish and declare this my Last Will and Testament, in manner following, that is to say:

FIRST:    I direct my Executor hereinafter named, to pay all my just debts, funeral and administrative expenses as soon as may be practicable after my death.

SECOND: I give, devise and bequeath all the rest, residue and remainder of my estate, whether real, personal or mixed and wheresoever situate,  to The Gerald Thew Family Trust dated April 1, 1994.

THIRD: I give, devise and bequeath all the rest, residue and remainder of my estate, whether real, personal or mixed and wheresoever situate, to my trustee to hold in trust for the benefit of my son Richard Thew, his wife, Patricia Thew and my grandchildren, Larry Thew, John Thew, and Melinda Thew Cooper per stirpes and to maintain the family farm for as long as might be practical.

FOURTH: I have provided for my children Garret Thew, Joan Thew, and Sands Thew during my lifetime.

FIFTH: I give to my trustee to hold in separate trust, or my trustee hereinafter named shall hold in further separate trust, any property set aside for any person that takes under this my Last Will and Testament

and directed to be so held in trust for such person's benefit pursuant to the provisions of this Article for the following purposes:

A) Until such person attains the age of twenty-five (25) years, my trustee shall pay to such person or apply for such person's benefit such amounts of trust income, or all thereof, sole discretion may decide is appropriate. Any income not so paid or applied shall be periodically added to and commingled with the trust principal.

B) When such person attains the age of twenty-five () years, quarterly or at more frequent intervals, my trustee shall pay to such person or apply for such person's benefit all the trust income.

C) My trustee is authorized to pay to such person or apply for such person's benefit all or any part of the trust principal at such times and in such manners as my trustee in his/her sole discretion may decide is appropriate for the support, maintenance, education, comfort and welfare of such person without regard to any other funds which may be made available to such person for such person's benefit.

D) Any trust income and principal which my trustee may decide to pay to a person when a minor may be paid in such manners as my trustee considers appropriate, including payment to my trustee to be administered pursuant to the provisions of ARTICLE SIXTH or to the custodian for such minor until age twenty-five (25) years under any Uniform Gifts to Minors Act.

E) When such person attains the age of twenty-five (25) years after the share for such person has been set aside, my trustee shall pay over or distribute the remainder of the then trust principal to such

person.

SIXTH:    If by any reason of any provision of this my will any property becomes payable or distributable to a person who at the time specified for such payment or distribution is a minor, such property may be held by my executor or my trustee, as donee of a power during minority to manage property vested in an infant, for administration as follows:

a) My executrix or my trustee is authorized in its discretion to retain such property without converting it into income producing property or in its discretion to sell such property and retain its proceeds until such person attains the age of minority, to accumulate all or any of the income thereof during minority for the benefit of such person, and to apply all or any of such property or its proceeds and all or any of the income thereof, including any such accumulation, to the support, maintenance, education, comfort and welfare of such person during minority at such times and in such manners as it may see fit.

b) At any time during minority, either my executor or my trustee is authorized in its discretion to pay over or distribute all or any of such property or its proceeds shall or any of the income thereof, including any such accumulation, to the duly qualified guardian of the property of such person or to the custodian of such person until age twenty-five (25) years under any Uniform Gifts to Minors Act.

c) Without limiting the generality of any power conferred upon my executor or my trustee by any other provision of this my will, my executor or my trustee by any other provision of this my will, my

executor or my trustee shall have with respect to such property and the income thereof all the usual powers conferred by law on the trustee of an express trust and all the powers conferred by Article SEVENTH

SEVENTH:    In addition to every power and discretion conferred upon my executor and my trustee by any other provision of this my will, my executor shall have all the usual powers conferred by law upon executor, and my trustee shall have all the usual powers conferred by law upon trustees, in every jurisdiction in which my executor and my trustee, respectively act.  In addition thereto, the following express powers are hereby conferred upon my executor and my trustee,, exercisable in its sold discretion, with respect to all property, whether principal or income, at any time coming into the hands of my executor or my trustee, whether by purchase or in any other manner, and every power of my executor and my trustee shall continue with respect to any property until the administration of my estate and the execution of every trust and every power during minority to manage property vested in an infant with respect thereto has been completed by the actual and final distribution thereof under the terms of this my will:

a) to retain, to exchange of any other property, to sell in any manner, to divide, subdivide, partition, mortgage, improve, alter, remodel, repair and develop in any manner, to abandon in any way and for any reason, any property, real or personal, and to lease any such property for any period of time, without regard to the restrictions and without approval of any Court.

EIGHTH:        I hereby nominate, constitute and appoint my son

Richard Thew

as my Executor and Trustee of this my Last Will and Testament and

direct that he be allowed to serve as such without bond or undertaking

of any kind.  In the event that my said son does not survive me, I

hereby  nominate, constitute and appoint Larry Thew, John Thew and

Melinda Thew Cooper, to be my Alternate Executors and Trustees of

this my Last Will and Testament.

NINTH:  I hereby revoke any and all other former Wills and

Codicils by me, at any time, made.

IN WITNESS WHEREOF, I have hereunto subscribed my name

the 27th day of August, 1996.


_____
GERALD R. THEW

SIGNED, SEALED, PUBLISHED and DECLARED, by the above
named Testator, GERALD R. THEW,  as and for his Last Will and
Testament, in the presence of us, and of each of us in his presence,
and in the presence of one another, hereunto subscribed our names as
witnesses this 27th day of August, 1996, this attestation clause having
been first read aloud in our presence.

_____ residing at _____

_____ residing at _____

STATE OF NEW YORK      )
COUNTY OF DUTCHESS     )                    ss: ·

On this 27th day of August, 1996, personally appeared before me, a Notary Public, in and for the County of Dutchess, State of New York, _Willian  J  O'Hane_ and ___CHristine  Cano s_ , being severally duly sworn on their respective oaths, depose and say that they witnessed the execution of the attached Will of GERALD R. THEW, the within name Testator, on the  27th day of August, 1996; that said Testator, in their presence, subscribed said Will at the end thereof and at the time of making such subscription declared the instrument so subscribed by said Testator to be said Testator's Last  Will and Testament; that they, at the request of said Testator and in Testator sight and presence and in the sight and presence of each other thereupon witnessed the execution of said Will by said Testator by subscribing their names as witnesses thereto; that said Testator at the time of the execution of said Will, appeared to them of full age and of sound mind and memory and was in all respects competent to make a Will and was not under any restraint; that they are making this affidavit at the request of the said Testator.

_William J O'Hare_ _____ residing at      _La Grangeville_
                                           _NY_

_Christine Cano_ _____ residing at         _Millbrook, NY_

_____ residing at        _____

_____

STEPHEN P. O'HARE
Notary Public, State of New York
No. 02OH4907831
Qualified in Dutchess County
Commission Expires Sept. 14, 19_77_

DECLARATION OF THE ~~GERALD R. THEW~~ FAMILY TRUST

made as of APRIL 1, 1994

by

GERALD R. THEW

Grantor

and

RICHARD W. THEW

Trustees

TABLE OF CONTENTS

| Article | Title |
|---------|-------|
| FIRST | Directions of Grantor |
| SECOND | Disability of Grantor |
| THIRD | Remainder Beneficiaries |
| FOURTH | Payment of Estate Taxes |
| FIFTH | Powers Of Trustee |
| SIXTH | Third Parties Not Responsible |
| SEVENTH | Appointment Of Trustee |
| EIGHTH | Trustee Decisions Conclusive |
| NINTH | Simultaneous Death |
| TENTH | Rights Not Assignable |
| ELEVENTH | Construction |
| TWELFTH | Binding Effect |

DECLARATION OF TRUST

DECLARATION OF TRUST, made as of *APRIL 1ST*, 1994, among GERALD R. THEW, having an address at Clapp Hill Road, LaGrangeville, New York 12540, as grantor (hereinafter referred to as the "Grantor"), and GERALD R. THEW and RICHARD W. THEW, having addresses as aforesaid, as trustees (collectively hereinafter referred to as the "Trustee").

W I T N E S S E T H:

WHEREAS, the Grantor is the owner of the property more particularly described in Exhibit A attached hereto and made a part hereof; and

WHEREAS, it is the Grantor's intention to create a trust for the benefit of himself, his son RICHARD W. THEW, and three children of the said RICHARD W. THEW; namely, PATRICIA THEW, LARRY THEW, MELINDA THEW COOPER, and JOHN THEW; and

WHEREAS, the Grantor desires to create an irrevocable trust of the property described in Exhibit A hereto, together with such monies, securities and other assets as the Trustee hereafter may hold or acquire hereunder (said property, monies, securities and other assets. together with any additions thereto received pursuant to the Grantor's last will and testaments or otherwise, being hereinafter referred to as the "trust estate"), for the purposes and upon the terms and conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the covenants herein contained and other valuable consideration, the receipt and sufficiency of which hereby is acknowledged, the Grantor hereby transfers, conveys, assigns and delivers to the Trustee as and for the trust estate the property more particularly described in

Exhibit A hereafter may acquire, IN TRUST, for the purposes and upon the terms and conditions hereinafter set forth:

## ARTICLE FIRST

### Directions Of Grantor

During the life of the Grantor and RICHARD W. THEW, the Trustee shall hold, manage, invest and reinvest the trust estate, shall collect the income therefrom, and shall pay the net income and any part or all of the principal thereof to whomever the Grantor from time to time may direct, including, but not limited to, himself and his lineal descendants. Any income not so paid or applied shall be accumulated and added to the principal of this trust at least quarter-annually.

## ARTICLE SECOND

### Disability Of Grantor

If at any time the Grantor, in the judgment of the then serving Trustee, shall be under any legal disability or shall be unable to manage properly his affairs by reason of illness or mental or physical disability (whether or not a court of competent jurisdiction has declared the Grantor incompetent or mentally ill or has appointed a legal representative for the Grantor), the then serving Trustee may pay or apply so much or all of the net income and the principal of the trust estate as the then serving Trustee deems necessary or advisable for the health, education, maintenance or support of the Grantor, in such amounts and proportions as the then serving Trustee may determine. The then serving Trustee also may pay any gift taxes and income taxes incurred by the Grantor, whether caused by the sale of any assets comprising the trust estate or otherwise. Any income not so paid or applied shall be accumulated and added to the principal of this trust at least quarter-annually.

In making any payment hereunder, the then serving Trustee may consider, but shall not be required to consider, the income and other resources of the Grantor.

## ARTICLE THIRD

### Remainder Beneficiaries

Upon the death of the Grantor and RICHARD THEW, the Trustee shall pay and distribute the trust estate at that time remaining to PATRICIA THEW, LARRY THEW, MELINDA THEW COOPER AND JOHN THEW,

in equal shares per stirpes and this trust shall terminate.

Notwithstanding anything contained herein to the contrary, if any beneficiary hereunder shall be under the age of twenty-five (25) years, (each such issuer being hereinafter referred to as "Beneficiary"), the share in this trust estate of such Beneficiary shall not be paid or distributed to such Beneficiary but instead shall be held by the Trustee, IN TRUST, pursuant to the following provisions:

(i)   The Trustee shall hold, manage, invest and reinvest each share set aside for each Beneficiary in a separate trust for the benefit of such Beneficiary and shall pay so much or all of the net income from each such trust to or for the benefit of the Beneficiary thereof, for the health, education, maintenance and support of the Beneficiary, to such extent and at such time or times and in such manner as may be determined in the absolute discretion of my Trustee. Any net income not so paid shall be accumulated and added to principal at least annually and thereafter shall be held, administered and disposed of as a part thereof.

(ii)  In addition, the Trustee may pay to or for the benefit of each Beneficiary, for the health, education, maintenance and support of each Beneficiary, from the principal of each Beneficiary's trust, such amounts, including the whole thereof, as determined in the absolute discretion of the Trustee.

(iii) When any Beneficiary shall attain the age of Twenty-five (25) years, the trust for such Beneficiary shall terminate and any remaining principal and income shall be paid and distributed to such Beneficiary, discharged of trust. If such Beneficiary dies before said age, such principal and income shall be paid and distributed to any then living issue of such Beneficiary, in equal shares per stirpes, or if such Beneficiary has no issue, to the Grantor's then living issue, in equal share per stirpes.

ARTICLE FOURTH

Payment Of Estate Taxes

If upon the death of the Grantor the value of all or any part of the principal of the trust estate shall be included in determining the amount of any estate or death taxes, by whatever

name called, imposed under the laws of any jurisdiction by reason of the Grantor's death, the Trustee shall pay such taxes from the principal or income of the trust estate or that part of the principal included in determining the amount of such taxes. The Trustee may rely upon the written certification of the executors, administrators or legal representatives of the Grantor's estate as to the amount of any such tax, without any duty to inquire as to the correctness thereof, and, in its discretion, may make payment thereof either to said executors, administrators or legal representatives or to the appropriate taxing authority.

## ARTICLE FIFTH

### Powers of Trustee

In the administration of any property, real or personal, at any time forming a part of the trust estate, including accumulated income, and in the administration of any trust created hereunder, the Trustee, in addition to and without limitation of the powers conferred on trustees under the New York Estates, Powers and Trusts Law, as amended or any successor thereto, or otherwise provided by law, shall have the following powers to be exercised in the absolute discretion of the Trustee, except as otherwise expressly provided in this Agreement:

(a) To retain such property for any period, whether or not the same is of the character permissible for investments by fiduciaries under any applicable law, and without regard to the effect any such retention may have upon the diversity of investments.

(b) To sell, transfer, exchange, convert or otherwise dispose of, or grant options with respect to, such property, at public or private sale, with or without security, in such manner, at such times, for such prices, and upon such terms and conditions as the Trustee may deem advisable.

(c) To invest and reinvest in common or preferred stocks, securities, investment trusts, bonds and other property, real or personal, foreign or domestic, including any undivided interest in any one or more common trust funds, whether or not such investments be of the character permissible for investments by fiduciaries under applicable law, and without regard to

the effect any such investment may have upon the diversity of investments.

(d)   To render liquid the trust estate or any trust created hereunder in whole or in part, at any time and from time to time, and to hold unproductive property, cash or readily marketable securities of little or no yield for such period as the Trustee may deem advisable.

(e)   To lease any such property beyond the period fixed by statute for leases made by fiduciaries and beyond the duration of any trust created hereunder.

(f)   To join or become a party to, or to oppose, any reorganization, readjustment, recapitalization, foreclosure, merger, voting trust, dissolution, consolidation or exchange, and to deposit any securities with any committee, depository or trustee, and to pay any fees, expenses and assessments incurred in connection therewith, and to charge the same to principal, and to exercise conversion, subscription or other rights, and to make any necessary payments in connection therewith, or to sell any such privileges.

(g)   To vote in person at meetings of stock or security holders and adjournments thereof, and to vote by general or limited proxy with respect to any stock or securities.

(h)   To hold stock and securities in the name of a nominee without indicating the trust character of such holding, or unregistered or in such form as will pass by delivery, or to use a central depository and to permit registration in the name of a nominee.

(i)   To initiate or defend, at the expense of the trust estate, any litigation relating to this Agreement or any property of the trust estate which the Trustee considers advisable, and to pay, compromise, compound, adjust, submit to arbitration, sell or release any claims or demands of the trust estate or any trust created hereunder against others or of others against the same as the Trustee may deem advisable, including the acceptance of deeds of real property in satisfaction of notes, bonds and mortgages, and to make any payments in connection therewith which the Trustee may deem advisable.

(j)  To borrow money for any purpose from any source, including any trustee at any time acting hereunder, and to secure the repayment of any and all amounts so borrowed by mortgage or pledge of any property..

(k)  To possess, manage, develop, subdivide, control, partition, mortgage, lease or otherwise deal with any and all property; to satisfy and discharge or extend the term of any mortgage thereof; to execute the necessary powers, including the giving or granting of options in connection therewith; to make repairs, replacements and improvements, structural or otherwise, or abandon the same if deemed to be worthless or not of sufficient value to warrant keeping or protecting; to abstain from the payment of real estate taxes, assessments, water charges and sewer rents; repairs, maintenance and upkeep of the same; to permit to be lost by tax sale or other proceeding or to convey the same for a nominal consideration or without consideration; to set up appropriate reserves out of income for repairs, modernization and upkeep of buildings, including reserves for depreciation and obsolescence, and to add such reserves to principal and, if the income from the property itself should not suffice for such purposes, to advance out of other income any sums needed therefor, and advance any income of the trust for the amortization of any mortgage on property held in the trust.

(l)  To lend money to the estate of the Grantor or to trustee of any trust established by the Grantor any to purchase property from such estate or trustee, at such prices, and upon such terms and conditions, as the Trustee may deem to be fair and reasonable.

(m)  To carry insurance of the kinds and in the amounts which the Trustee considers advisable, at the expense of the trust estate, to protect the trust estate and the Trustee personally against any hazard.

(n)  To make distribution of the trust estate or of the principal of any trust created hereunder in kind, and to cause any distribution to be compose of cash, property or undivided fractional shares in property different in kind from any other distribution, without regard to the kind from any other distribution, without regard to the income tax basis of the property distributed to any beneficiary of any trust.

(o)  To allocate receipts and disbursements of the trust estate between income and principal as the Trustee in its discretion may determine.

(p)  To execute and deliver any and all instruments or writings which it may deem advisable to carry out any of the foregoing powers.  No party to any such instruments or writings shall be obligated to inquire into its validity.

(q)  To exercise all such rights and powers to do all such acts and enter into all such agreements as persons owning similar property in their own right might lawfully exercise, do or enter into.

(r)  To administer any two or more separate trusts hereunder in solido.

(s)  To employ and compensate, out of the principal or income of the trust estate as the trustee shall deem advisable, agents, brokers, investment advisors, attorneys, accountants and assistants deemed by her to be advisable without liability for any neglect, omission, misconduct, mistake or default or any agent, broker, attorney, accountant or assistant selected or retained with reasonable care;

No person who deals with any Trustee hereunder shall be bound to see the application of any asset delivered to such Trustee or to inquire into the authority for, or propriety of, any action taken or not taken by such Trustee.

Notwithstanding anything to the contrary contained herein, during such time as any beneficiary of any trust created hereunder (other than the Grantor during his life) my be acting as a Trustee hereunder, such person shall be disqualified from exercising any power to make any discretionary distributions of income or principal to himself, or to satisfy any of his legal obligations, or to make discretionary allocations in his own favor of receipts or disbursements as between income and principal.

ARTICLE SIXTH

Third Parties Not Responsible For Administration

This trust is created with the express understanding that each bank at which an account is maintained

shall have no responsibility of this trust. Upon the transfer of the right, title and interest in and to any account by any Trustee hereunder, the bank shall conclusively treat the transferee as the sole owner of such right, title and interest. Until the bank shall receive from some person interested in this trust written notice of any death or other event upon which a right to receive income or principal may depend, the bank shall incur no liability for payment made in good faith to persons whose interests shall have been affected by such event. The bank shall be protected in acting upon any notice or other instrument or document believed by it to be genuine and to have been signed or presented by the proper party or parties.

This trust is created with the express understanding that each issuer, transfer agent or custodian of any securities held hereunder shall have no responsibility or liability to see to the right, title and interest in and to such account by any trustee hereunder, said issuer, transfer agent or custodian shall conclusively treat the transferee as the sole owner of such securities. Until the issuer, transfer agent or custodian shall receive from some person interested in this trust written notice of any death or other event upon which a right to receive income or principal may depend, the issuer, transfer agent or custodian shall incur no liability for payment made in good faith to persons whose interests shall have been affected by such event. The issuer, transfer agent or custodian shall be protected in acting upon any notice or other instrument or document believed by it to be genuine and to have been signed or presented by the proper party or parties.

## ARTICLE SEVENTH

### Appointment Of Trustee

The Grantor appoints himself and Richard W. Thew, or the survivor thereof, as Trustees.

The Grantor appoints LARRY THEW, MELINDA THEW COOPER and JOHN THEW, or the survivor(s) thereof, as co-successor Trustees in the event neither he nor RICHARD W. THEW are able to act as Trustee.

The term "Trustee" wherever used herein shall mean the trustee or trustees in office from time to time. Any such trustee shall have the same rights, powers, duties, authority and privileges, whether or not discretionary, as if originally appointed hereunder.

No bond, surety or other security shall be required to any Trustee acting hereunder for the faithful performance of the duties of Trustee, notwithstanding any law of any State or other jurisdiction to the contrary.

## ARTICLE EIGHTH

### Decisions Of Trustee Are Conclusive

The determination of the Trustee in respect of the amount of any discretionary payment of income or principal from any trust established hereunder, and of the advisability thereof, shall be final and conclusive on all persons, whether or not then in being, having or claiming any interest in such trust, and upon making such payment, the Trustee shall be released fully from all further liability or accountability therefor.

The right of any beneficiary to any payment of income or principal shall in every case be subject to any charge or deduction which the Trustee may make against the same under the authority granted to the Trustee by any law or by this Agreement.

## ARTICLE NINTH

### Simultaneous Death

If any beneficiary under this Agreement shall die simultaneously with any other person upon whose death such beneficiary shall become entitled to receive either income or principal under this Agreement, or in such circumstances as to render it difficult or impracticable to determine who predeceased the other, then for purpose of this Agreement such beneficiary shall be deemed to have predeceased such other person. The provisions of this Agreement shall be construed as aforesaid, notwithstanding the provisions of nay applicable law establishing a different presumption of order of death or providing for survivorship for a fixed period as condition of inheritance of property.

## ARTICLE TENTH

### Rights Of Beneficiaries Are Not Assignable

No disposition, charge or encumbrance on the income or principal of any trust established hereunder shall be valid or binding upon the Trustee. No beneficiary shall have any right, power or authority to assign, transfer, encumber or otherwise dispose of such income or principal or any part thereof until the

same shall be paid to such beneficiary by the Trustee.  No income or principal shall be subject in any manner to any claim of any creditor of any beneficiary or liable to attachment, execution or other process of law.

## ARTICLE ELEVENTH

### Construction

The validity and construction of this Agreement and the trusts created hereunder shall be governed by the laws of the State of New York.

The words "child" and "children", wherever used in this Agreement, shall include not only the child and children of the person or persons designated, but also the legally adopted child and children of such person or persons, at the time in question.  The word "issue", wherever used in this Agreement, shall include not only the child, children and issue of the person or persons designated, but also the legally adopted child and children of such person or persons and the child, children or issue thereof, at the time in question.

Wherever used in this Agreement and the context so requires, the masculine shall include the feminine and the singular shall include the plural, and vice versa.

The captions in this Agreement are for the convenience of reference, and they shall be considered when construing this Agreement.

If under any of the provisions of this Agreement any portion of the trust estate would be held in trust for longer than a date twenty-one years after the death of the last survivor of the Grantor and the issue of the Grantor and other beneficiaries hereunder in being when this Agreement becomes irrevocable; then, upon such date, the trust of such portion shall terminate and the principal, and any unpaid income thereof, shall be paid and distributed to the person or persons then living who would have been entitled to receive the income therefrom had the trust continued, in the proportions to which they would have been so entitled.

ARTICLE TWELFTH

Binding Effect

       This Agreement shall extend to and be binding upon the heirs, executors, administrators, successors and assigns of the undersigned Grantor and upon the Trustee acting hereunder.

       IN WITNESS WHEREOF, this Agreement has been duly executed as of the date first above written.

_Gerald R Thew_                 _Gerald R Thew_
GERALD R. THEW                GERALD R. THEW
Grantor                        Trustee

                                _Richard Thew_
                               RICHARD W. THEW
                               Trustee

EXHIBIT A

TRUST ESTATE PROPERTY

1. Fifty dollars ($50.00)

STATE OF NEW YORK )
                 ) ss.:
COUNTY OF DUTCHESS )

On the _/_ day of _April_ , 1994, before me personally came GERALD R. THEW, to me know to be the individual described in and who executed the foregoing instrument, and acknowledged that he executed said instrument.

_Glendine D. Van Anden_
Notary Public

GLENDINE D. VAN ANDEN
Notary Public, State of New York
Qualified in Dutchess County
Comm. No. 4786718
Commission Expires _Dec 31_, 19_95_

SATE OF NEW YORK  )
                 ) ss.:
COUNTY OF DUTCHESS )

On the _/_ day of _April_ , 1994, before me personally came RICHARD W. THEW, to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that he executed said instrument.

_Glendine D. Van Anden_
Notary Public

GLENDINE D. VAN ANDEN
Notary Public, State of New York
Qualified in Dutchess County
Comm. No. 4786718
Commission Expires _Dec 31_, 19_95_

ALL-STATE LEGAL®
07181-BF • 07182-BL • 07183-GY • 07184-WH

*Index No.*  File No. 75001        *Year 20*

## SURROGATE'S COURT OF THE STATE OF NEW YORK
## COUNTY OF DUTCHESS

In the Matter of the Estate of GERALD R. THEW          Deceased.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of the ACCOUNTING BY JOAN THEW DECKER and ALLAN E. RAPPLEYEA,
Trustees under the Will of DORIS C. THEW,                Deceased.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of the Estate of RICHARD W. THEW,         Deceased.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## ORDER TO SHOW CAUSE AND SUPPORTING AFFIDAVIT



### VAN DE WATER & VAN DE WATER, LLP

Petitioner Allan E. Rappleyea,
(Co-trustee of the Doris C. Thew Trust)
POST OFFICE BOX 112
POUGHKEEPSIE, N. Y. 12602
(845) 452-5900

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* ................................................    Signature .............................................................

                                                        Print Signer's Name .............................................

*Service of a copy of the within*                                                    *is hereby admitted.*

*Dated:*

                                        *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐  that the within is a (certified) true copy of a
NOTICE OF   entered in the office of the clerk of the within named Court on                    20
ENTRY

☐  that an Order of which the within is a true copy will be presented for settlement to the
NOTICE OF   Hon.                                        one of the judges of the within named Court,
SETTLEMENT   at
            on                          20        , at                    M.

*Dated:*

                                        ### VAN DE WATER & VAN DE WATER, LLP

                    *Attorneys for*

                                                        POST OFFICE BOX 112
*To:*                                                    POUGHKEEPSIE, N. Y. 12602