8535-1

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
_____X
In the Matter of the Estate of

    GERALD R. THEW,

    Deceased.
_____X

**RESPONSE OF
MELINDA THEW COOPER**
File No. 89659/00

In the Matter of the ACCOUNTING BY JOAN THEW
DECKER and ALLAN E. RAPPLEYEA, Trustees under
the Will of

    DORIS C. THEW,

    Deceased.
_____X

File No. 75001

In the Matter of the Estate of

    RICHARD W. THEW,

    Deceased.
_____X

File No. 93543/2004

    ELLEN L. BAKER, an attorney duly admitted to practice in the Courts of the State of New York, respectfully affirms the truth of the following statements under penalty of perjury pursuant to CPLR 2106.

    1.    I am a member of the firm of McCabe & Mack LLP, attorneys for Respondent, MELINDA THEW COOPER, and as such, am fully familiar with all of the prior pleadings and proceedings which have taken place in this matter.

    2.    I submit this affirmation in response to Petitioner, Allan E. Rappleyea's, motion, dated July 22, 2004, in so far as the relief sought herein affects MELINDA THEW COOPER, individually. In doing so however, we are not appearing on behalf of MELINDA THEW COOPER, as Executor of the Estate of Sands Thew, in the Matter of the Accounting by Joan Thew Decker and Allan E. Rappleyea, Trustees under the Will

8535-1

of Doris C. Thew. In that capacity she is to be separately represented.

## MELINDA THEW COOPER SHOULD NOT BE NAMED AS A SUCCESSOR EXECUTOR FOR THE ESTATE OF GERALD R. THEW

3.   The Petitioner has requested an Order naming Melinda Thew Cooper, along with her brothers, Larry Thew and John Thew, as a successor executor of the Estate of Gerald R. Thew.

4.   It is respectfully submitted that the Petitioner does not have standing under the SCPA to compel the appointment of a successor executor for the Estate of Gerald R. Thew, nor has a petition to that effect been filed by anyone interested under the Estate of Gerald R. Thew.

5.   Additionally, Paragraph EIGHTH of the Last Will and Testament of Gerald R. Thew states "[I]n the event that [Richard Thew] does not survive me, I hereby nominate, constitute and appoint Larry Thew, John Thew and Melinda Thew Cooper, to be my Alternate Executors...." As Richard Thew survived his father and acted as his Executor and Trustee for several years following his father's death, it is respectfully submitted that a petition for an Administrator C.T.A. must be filed before an Administrator C.T.A. is appointed.

6.   Notwithstanding the foregoing, Melinda Thew Cooper has verbally indicated, through counsel, her intent to renounce her appointment as a successor executor for the Estate, and has requested a Renunciation, Waiver and Consent form from the Estate's attorney.

7.   Therefore, Respondent, Melinda Thew Cooper, should not be named as a successor executor of the Estate of Gerald R. Thew.

8535-1

## THE SUCCESSOR EXECUTORS UNDER THE WILL OF GERALD R. THEW SHOULD ACCOUNT FOR THE ASSETS OF AND SUBMIT AND INVENTORY OF ASSETS FOR THE ESTATE OF GERALD R. THEW

8. The Petitioner has requested an Order requiring the successor executors of the Will of Gerald R. Thew to submit an inventory of assets of the Estate to the Court, account for the assets of the Estate and to act in several ways with respect to Federal and New York State taxes in relation to the Doris C. Thew Trust.

9. Melinda Thew Cooper is a beneficiary of the Estate of Gerald R. Thew. Upon information and belief an Accounting has never been filed for the Estate.

10. Melinda Thew Cooper joins in the Petitioner's request for an account and inventory of assets by the successor executors under the will of Gerald R. Thew for the Estate of Gerald R. Thew.

11. As to the portion of the petition concerning Federal and New York State taxes and the Doris C. Thew Trust, it is respectfully submitted that Melinda Thew Cooper does not have sufficient information to either join in or oppose the Petitioner's request, and is presently seeking additional counsel to represent her with respect to the Doris C. Thew Trust.

## THE EXECUTORS UNDER THE WILL OF RICHARD W. THEW SHOULD BE MADE TO ACCOUNT FOR THE ASSETS OF THE ESTATE OF GERALD R. THEW AND THE GERALD R. THEW FAMILY TRUST

12. Melinda Thew Cooper is a beneficiary of both the Gerald R. Thew Family Trust and the Estate of Gerald R. Thew. Upon information and belief an Accounting has never been filed for either the Estate or the Trust.

3535-1

13. As approximately five (5) years have passed since the death of Gerald R. Thew, Melinda Thew Cooper joins in the Petitioner's request for an account by the Executors under the will of Richard W. Thew for the Estate of Gerald R. Thew from the date of Gerald R. Thew's death until December 29, 2003, the date of Richard's death, and the Gerald R. Thew Family Trust from the date of the creation of the Trust until December 29, 2003, the date of Richard's death.

### MELINDA THEW COOPER SHOULD NOT BE MADE TO ACCOUNT FOR THE ASSETS OF THE GERALD R. THEW FAMILY TRUST

14. The Petitioner has moved for an Order requiring Melinda Thew Cooper, along with her brothers, Larry Thew and John Thew, as successor Trustees of the Gerald R. Thew Family Trust, to account for the assets of Gerald R. Thew Family Trust dated April 1, 1994.

15. Upon information and belief, the late Richard Thew was sole Trustee of the Trust between Gerald's death and his death on December 29, 2003. During that time, according to testimony recently given by Stephen O'Hare at an examination under SCPA §1404, Richard Thew attempted to annex one or more assets for the express purpose of disinheriting his daughter Melinda Thew Cooper from the interest in the Trust. The executors of the Estate of Richard W. Thew, and not Melinda Thew Cooper should account for the Trust from the date of the creation of the Trust until December 29, 2003, the date of Richard's death.

16. It has only recently come to Respondent, Melinda Thew Cooper's, attention that she was named in the trust instrument as a successor Trustee. However, Melinda Thew Cooper has not signed any documents indicating her consent to serve as a Trustee and has not acted in a manner which would indicate her

intention to assume the responsibilities of Trustee. In fact, she does not intend to accept the appointment as Trustee.

17. Upon information and belief, Respondents Larry Thew and John Thew have been acting as Trustees since the death of Richard W. Thew. It is believed that they have distributed a significant amount of Trust assets to themselves which they purport to have used to pay Trust debts and expenses. No funds have been distributed to Melinda Thew Cooper, and she has not received information which explains Larry Thew and John Thew's use of Trust funds. Melinda Thew Cooper joins in Petitioner's request for an account of the activities of Larry Thew and John Thew as Trustees of the Gerald R. Thew Family Trust since the date of death of Richard W. Thew.

18. In light of the foregoing, it is respectfully requested that (1) Melinda Thew Cooper not be named as a successor Executor to the Estate of Gerald R. Thew, that (2) an Accounting be filed by the Executors under the Will of Richard W. Thew, for the assets of the Estate of Gerald R. Thew and the Gerald R. Thew Family Trust, that (3) Melinda Thew Cooper not be made to account for the assets of the Gerald R. Thew Family Trust, and that (4) Larry Thew and John Thew account for the assets of the Gerald R. Thew Family Trust, together with such other further relief as the Court deems just and proper.

Dated:   Poughkeepsie, NY
         August 18, 2004

_____
ELLEN L. BAKER

8535-1

STATE OF NEW YORK         )
                          ) ss.:
COUNTY OF DUTCHESS        )

I, the undersigned, am an attorney duly admitted to practice in the courts of New York State and say that: I am the attorney of record, or of counsel with the attorney(s) of record, for Melinda Thew Cooper. I have read the annexed Response of Melinda Thew Cooper, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following:

review of correspondence, records, and reports in affirmant's possession.

The reason I make this affirmation instead of Melinda Thew Cooper is that she does not reside in or maintain an office in the county where affirmant's office is located.

I affirm the foregoing statements are true under penalties of perjury.

DATED:    Poughkeepsie, New York
          August 18, 2004

                                    _____
                                    ELLEN BAKER

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF DUTCHESS       )

MELANIE CHANGRA, being duly sworn, deposes and says:

I am a secretary with the law office of M<sup>c</sup>Cabe & Mack LLP, attorneys for Melinda Thew Cooper, am over 18 years of age and am not a party to this action.

On the 18th day of August, 2004 I served a copy of the attached **Response of Melinda Thew Cooper** upon the following parties whose name is hereinafter set forth by depositing a true copy of same in a securely enclosed wrapper, at the postal box located on Mansion Street in Poughkeepsie, New York, which box is under the exclusive custody and care of the United States Post Office, which copies are directed to said parties at the addresses set after their respective names, that being the address within the State designated by them for that purpose, to wit:

<u>Name and address of Parties</u>

Garret Thew
P.O. Box 192
Ennice, NC 28623-0192

Kevin Thew
695 Canal Drive, SE
Sunset Harbor
Bolivia, NC 28422

_____
MELANIE CHANGRA

Sworn to before me this
18th day of August, 2004.

_____
Notary Public

LOUISE A. PEZANOWSKI
Notary Public, State of New York
No. 4837382
Qualified in Dutchess County
Commission Expires Aug. 31, 2005

STATE OF NEW YORK         )
                          ) ss.:
COUNTY OF DUTCHESS        )

      MELANIE CHANGRA, being duly sworn, deposes and says:

      I am a secretary with the law office of McCabe & Mack LLP, attorneys for Melinda Thew Cooper, am over 18 years of age and am not a party to this action.

      On the 18th day of August, 2004 I served a copy of the attached Response of Melinda Thew Cooper upon the following parties whose name is hereinafter set forth by FAXing a true copy to the number listed below, that being the number designated by them for that purpose, and by also depositing a true copy of same in a securely enclosed wrapper, at the postal box located on Mansion Street in Poughkeepsie, New York, which box is under the exclusive custody and care of the United States Post Office, which copies are directed to said parties at the addresses set after their respective names, that being the address within the State designated by them for that purpose, to wit:

<u>Name and address of Parties</u>

**Via Facsimile (845) 452-5848**
Janis Mary Gomez, Esq.
Van DeWater & Van DeWater
40 Garden Street
Poughkeepsie, NY 12601

                                          */s/ Melanie Changra*
                                              MELANIE CHANGRA

Sworn to before me this
18TH day of August, 2004.

*/s/ Louise A. Pezanowski*
Notary Public

        LOUISE A. PEZANOWSKI
     Notary Public, State of New York
            No. 4837382
      Qualified in Dutchess County
   Commission Expires Aug. 31, ~~192~~ 2005

[DUTCHESS COUNTY SURROGATE'S COURT FILED AUG 18 2004 stamp]

STATE OF NEW YORK         )
                          ) ss.:
COUNTY OF DUTCHESS        )

      MELANIE CHANGRA, being duly sworn, deposes and says:

      I am a secretary with the law office of McCabe & Mack LLP, attorneys for Melinda Thew Cooper, am over 18 years of age and am not a party to this action.

      On the 18th day of August, 2004 I served a copy of the attached **Response of Melinda Thew Cooper** upon the following parties whose name is hereinafter set forth by depositing a true copy of same in a securely enclosed wrapper, at the postal box located on Mansion Street in Poughkeepsie, New York, which box is under the exclusive custody and care of the United States Post Office, which copies are directed to said parties at the addresses set after their respective names, that being the address within the State designated by them for that purpose, to wit:

<u>Name and address of Parties</u>

William M. Bagliebter
Reed Smith LLP
599 Lexington Avenue
Twenty-Ninth Floor
New York, NY   10022-7650

                                        */s/ Melanie Changra*
                                        MELANIE CHANGRA

Sworn to before me this
18th day of August, 2004.

*/s/ Louise A. Pezanowski*
Notary Public

        LOUISE A. PEZANOWSKI
    Notary Public, State of New York
           No. 4837382
     Qualified in Dutchess County
Commission Expires Aug. 31, ~~19~~ 2005

Index Nos. 89659/00 & 75001 & 93543/2004

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

---

In the Matter of the Estate of

    GERALD R. THEW,

        Deceased.

---

In the Matter of the ACCOUNTING BY JOAN THEW
DECKER and ALLAN E. RAPPLEYEA, Trustees under
the Will of

    DORIS C. THEW,

        Deceased.

---

In the Matter of the Estate of

    RICHARD W. THEW,

        Deceased.



FILED AND ENTERED
SURROGATE'S COURT
AUG 19 2004

---

### RESPONSE OF MELINDA THEW COOPER

---

McCABE & MACK LLP
Attorneys for MELINDA THEW COOPER
63 WASHINGTON STREET
P.O. BOX 509
POUGHKEEPSIE, NY 12602-0509
(845) 486-6800