UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------

**MELINDA THEW COOPER, Individually and as a shareholder of TACONIC 82, INC.,**

Plaintiff,

-against-

**LARRY THEW; JOHN THEW; LARRY THEW, as Executor of the Estate of Richard Thew; JOHN THEW, as Executor of the Estate of Richard Thew; LARRY THEW, as successor co-trustee of the Gerald Thew Family Trust; JOHN THEW, as successor co-trustee of the Gerald Thew Family Trust; LARRY THEW, as co-trustee of the R.W. Thew Trust a/k/a the R.W. Thew Irrevocable Living Trust; JOHN THEW, as co-trustee of the R.W. Thew Trust a/k/a the R.W. Thew Irrevocable Living Trust; THE CURRY FAMILY PARTNERSHIP; TACONIC 82, INC.; LARRY THEW, as an officer and/or director of TACONIC 82, INC.; JOHN THEW, as an officer and/or director of TACONIC 82, INC.; REED SMITH LLP; STEPHEN P. O'HARE, ESQ.; WILLIAM J. O'HARE, ESQ.; O'HARE & O'HARE, P.C.; MICHELE THEW; and PATRICIA CARSON,**

Defendants.

------------------------------------------------------------------

**Civ. No. 04 CIV. 8928**

**J. McMahon**

---

## MEMORANDUM OF LAW

---

Defendant Reed Smith LLP ("Reed Smith") respectfully submits this memorandum of law in response to the Court's April 18, 2005 order (the "Order to Show Cause") directing the parties to show cause why this action should not be stayed pending the outcome of the interpleader action that Reed Smith commenced in the state court (the "State Court Interpleader Action"). As set forth below, it is Reed Smith's position that this federal court action **should** be stayed pursuant to the principles stated in the case law cited by the Court in its Order to Show Cause. [1]

### POINT I

### *COLORADO RIVER* ABSTENTION IS APPROPRIATE

In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236 (1976), the United States Supreme Court held that district courts may dismiss or stay a federal court action based on the pendency of a state court proceeding. "The Second Circuit has specifically held that district courts have the inherent power to stay federal actions when a similar action is pending in a state court. . . .[T]he decision whether to defer to the concurrent jurisdiction of a state court is committed entirely to the District Court's discretion." *Zellen v. Second New Haven Bank*, 454 F. Supp. 1359, 1363-64 (citations omitted). As explained in *Vitranschart v. Levy*, 2000 WL 1239081 *9 (S.D.N.Y. 2000), the United States Court of Appeals for the Second Circuit has stated that six factors should guide a district court's decision with respect to whether to abstain from exercising concurrent jurisdiction pursuant to the *Colorado River* doctrine in view of ongoing state court proceedings:

1. The assumption of jurisdiction by either court over any res or property;
2. The inconvenience of the federal forum;
3. The avoidance of piecemeal litigation;
4. The order in which jurisdiction was obtained;

---

[1]    Capitalized terms herein have the definitions ascribed to them in Reed Smith's motion to dismiss the complaint.

5. Whether state or federal law supplies the rule of decision;
6. Whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction.

No single factor is necessarily dispositive, and the weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case.

*Id*. at *9 (citations and internal quote marks omitted).

These factors strongly weigh in favor of staying this action pending the outcome of the State Court Interpleader Action and *In the Matter of the Estate of Gerald R. Thew*, File No. 89650-00 (the "Surrogate's Court Action") (together with the State Court Interpleader Action, the "State Court Actions").

### A.    Avoidance of Piecemeal Litigation

The complaint in this action *inter alia* asserts claims against Reed Smith relating to Reed Smith's conduct with respect to the Sale Proceeds, in particular Reed Smith's allegedly improper distributions to co-defendants Larry Thew and John Thew. As demonstrated in Reed Smith's motion to dismiss the complaint, Reed Smith continues to maintain more than plaintiff's maximum possible share of the Sale Proceeds in a segregated escrow account. Because the Escrow Money is now the subject of the State Court Interpleader Action in which plaintiffs, John Thew and Larry Thew are co-defendants, a decision by this Court could produce a result at odds with that in the State Court Interpleader Action. *See, e.g., Zellen*, at 1365 ("It is the express purpose of interpleader actions to avoid duplicative litigation by resolving all possible questions of liability between all possible parties in one proceeding. As such, interpleader actions are especially designed to advance the interests of wise judicial administration and should be furthered whenever possible. . . . . In general, it is highly desirable to avoid piecemeal and duplicative litigation, and it is that much more desirable when an interpleader action designed and capable of avoiding just such litigation is pending in another court.") In addition, the motion to dismiss of co-defendants Larry Thew and John Thew further explains that there are

numerous issues in the Surrogate's Court Action that plaintiff is seeking to also litigate in this Court:

> [T]he Duchess County Surrogate's Court has been involved in a quagmire of litigation relating to the Thew Family money for well over four years. These litigations involve, among other things, a determination of the assets of the Estate of Gerald Thew [and] the Gerald Thew Family Trust – the same assets and trust addressed in this complaint. (*Beller Dec.* Ex. A). As recently as 2004, plaintiff filed papers asking the Surrogate's Court to compel Larry and John Thew, as executors of the Estate of Richard Thew, to account for the assets of the Estate of Gerald Thew – the relief that plaintiff has sought in this action as well. (*Beller Dec.* Ex. B). The Surrogate's Court is already involved in sorting through the complexities of the various Thew Family Trusts and Estates. Indeed, in October 2004, the Court issued an order requiring that Larry and John Thew inventory and account for the assets of the Estate of Gerald Thew.

*Thew Defendants Memorandum of Law in Support of Motion to Dismiss*, at 9.

Vitranschart, cited in the Order to Show Cause, is particularly on point because there, as here, there was not one but there were **two state court actions** involving the same facts and requests for relief as the federal court action. The *Vitranschart* Court held: "[A]voidance of piecemeal litigation weighs heavily in favor of abstention, given that [the party] already has filed two suits in state court and one suit in federal court based upon the same set of facts and for essentially the same relief, i.e., a determination of title in the disputed funds. Any decision by this Court could lead to an outcome inconsistent with that of the state court decisions. Moreover, because not all parties to the suits are identical, not all would be bound by the judgment of any given court." *Vitranschart* at *10.

**B.    Application of State Law**

State law applies to each and every one of the claims that plaintiff asserts in this federal action. Thus, this factor also weights in favor of a stay.

**C.    Assumption and Order of Jurisdiction Over the Property**

As stated by co-defendants John and Larry Thew in their motion to dismiss: "[T]he complaint requests this Court, among other things, to issue orders setting aside conveyances, to create a constructive trust, to disgorge profits from sales of trust property, and to require an

accounting of the Gerald Thew Family Trust. *Complaint paras.* 202 (A) through (N). The Surrogate's Court already has jurisdiction over the Thew Family Trusts and has ordered an inventory and accounting of the assets of the Estate of Gerald Thew." *Thew Defendants' Memorandum of Law in Support of Motion to Dismiss*, at 9. Similarly, these Thew defendants later stated in support of their motion: "The Surrogate's Court already has asserted jurisdiction over the res . . . . Since the Surrogate's Court assumed jurisdiction, it has reviewed pleadings, heard motions and issued orders affecting the conduct of the parties with respect to the trusts and assets identified in this law suit" *Id.* at 14.

Moreover, Gerald Thew's estate was admitted to probate on April 2, 2001 (*Beller Aff.* at Ex. A at para. 35) and the Surrogate's Court Action has thus been proceeding for years. By contrast, this federal court action has been pending for just months.

Accordingly, the assumption and order of jurisdiction over the property also weighs unequivocally in favor of a stay. *See, e.g., Zellen,* at 1364 ("[W]here the Court must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought, the jurisdiction of the second court must yield to that of the other which first assumed jurisdiction. This principle applies not only to cases where property has actually been seized under judicial process before the second action is brought but applies as well to actions where, to give effect to its jurisdiction, the Court must control the property, e.g., actions to marshal assets, administer trusts and liquidate estates.") (citations omitted).

**D.    Inconvenience of Federal Forum**

As in *Zellen,* "there is no doubt the state court [the Surrogate's Court] assumed jurisdiction over the res first. The inconvenience for [defendants] of having to simultaneously litigate a state suit and a federal suit stemming from the same transaction[s] and involving essentially identical issues and causes of action is obvious." *Id.* at 1365.

**E.     The State Court Actions Will Adequately Protect the Rights of
the Party Seeking to Invoke Federal Jurisdiction**

As noted previously, the plaintiff in this federal court action is purporting to assert state

law claims that directly overlap with the claims, prayers for relief, and issues at bar in the State

Court Actions.  There is no reason to believe that any rights that plaintiff has with respect to any

purported claim in this court will not be protected in the State Court Actions.

Moreover, the stay contemplated in the order to show cause would "not extinguish

[plaintiff's] federal action, but merely place it to one side pending the outcome of the [State

Court Interpleader Action and the State Court Surrogate's Action].  Should the plaintiff feel [her]

rights have still not been fully adjudicated after the conclusion of the State Court Interpleader

Action, [she is] free to return to this Court and seek to revive this action for the determination of

any questions which may remain as to breach of duty . . . ." *Id.* at 1366.


\* \* \* \* \* \*


Accordingly, the six factors for consideration in the *Colorado River* analysis all weigh in

favor of staying this federal court action pending the outcome of the State Court Actions.

## **CONCLUSION**

For the foregoing reasons, this action should be stayed pending the outcome of the State Court Actions.


Dated:  May 2, 2005
New York, New York

REED SMITH LLP

By: _____
LANCE GOTTHOFFER
599 Lexington Avenue
New York, NY  10022
Tel:  212-521-5400
Fax:  212-521-5450