8535-4\MMC

UNITED STATES DISTRICT COURT
SUPREME COURT OF THE STATE OF NEW YORK
-----------------------------------------------------------------------x
MELINDA THEW COOPER,

                                              Plaintiff,

              -against-

LARRY THEW; JOHN THEW; LARRY THEW, as Executor of          04 CV 8928
the Estate of Richard Thew; JOHN THEW, as Executor of the
Estate of Richard Thew; LARRY THEW, as successor co-       Assigned Judge:  Hon.
trustee of the Gerald Thew Family Trust;  JOHN THEW, as     Colleen McMahon, USDJ
successor co-trustee of the Gerald Thew Family Trust; LARRY
THEW as co-trustee of the R.W. Thew Trust a/k/a the R.W.
Thew Irrevocable Living Trust; JOHN THEW, as co-trustee of
the R.W. Thew Trust a/k/a the R.W. Thew Irrevocable Living
Trust; THE CURRY FAMILY PARTNERSHIP; TACONIC 82,
INC.; LARRY THEW, as an officer and/or director of TACONIC
82, INC.; JOHN THEW, as an officer and/or director of
TACONIC 82, INC.; REED SMITH, LLP; STEPHEN P.
O'HARE, ESQ.; WILLIAM J. O'HARE, ESQ.; O'HARE &
O'HARE, P.C.; MICHELE THEW; and PATRICIA CARSON,

                                              Defendants.
-----------------------------------------------------------------------x

-----------------------------------------------------------------

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE
TO ORDER TO SHOW CAUSE**

-----------------------------------------------------------------

                         McCABE & MACK, LLP
                         Attorneys for Plaintiff
                         63 Washington Street
                         P.O. Box 509
                         Poughkeepsie, NY 12602-0509
                         (914) 486-6800

8535-4\MMC

# TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

       POINT I      A STAY OF THE FEDERAL COURT ACTION
                    IS NOT APPROPRIATE IN THIS CASE . . . . . . . . . . . . . . . . . . . . . . . 1

       POINT II     THIS ACTION SHOULD NOT BE STAYED BECAUSE
                    THE INTERPLEADER ACTION IS SUBJECT TO
                    DISMISSAL, AND REED SMITH'S LIABILITY IS NOT
                    LIMITED TO THE ESCROW ACCOUNT THAT IS
                    THE SUBJECT OF THE INTERPLEADER ACTION . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

8535-4\MMC

**PRELIMINARY STATEMENT**

Plaintiff Melinda Thew Cooper, by and through her attorneys McCabe and Mack LLP, hereby respectfully submits this Memorandum of Law, at the court's direction, setting forth all the reasons why a stay of this action pending adjudication of a later-filed state court interpleader proceeding would not be appropriate and is not warranted under the facts of this case.

**POINT I**

**A STAY OF THE FEDERAL COURT ACTION
IS NOT APPROPRIATE IN THIS CASE**

It is not appropriate for this Court to stay this action in deference to an improper interpleader action subsequently filed in state court in New York County, where this action was first-filed and involves substantially more parties and issues than the state court interpleader action.

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817 (1976). "Given this obligation, and the absence of weightier considerations of constitutional adjudication and state-federal relations, the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention." <u>Id.</u> at 818.

The Second Circuit has identified six factors that should be considered in determining whether a federal action should be stayed in deference to a concurrent state court action. These factors include:

(1)     the assumption of jurisdiction by either court over any res or property;

(2)     the inconvenience of the federal forum;

(3)     the avoidance of piecemeal litigation;

(4)     the order in which jurisdiction was obtained;

8535-4\MMC

    (5)     whether state or federal law supplies the rule of decision; and

    (6)     whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction.

Vitranschart, Inc. v. Levy, 2000 U.S. Dist. LEXIS 12609, at *30 (S.D.N.Y. Aug. 29, 2000), citing Burnett v. Physicians Online, Inc., 99 F.3d 72, 76 (2nd Cir. 1996). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." Colorado River, 424 U.S. at 818-19.

At this point, neither court has assumed jurisdiction over any res. Defendant herein Reed Smith, LLP ("Reed Smith") has requested that each court assume jurisdiction of certain monies that it is holding in escrow, by its motion for summary judgment in this action, and by its interpleader complaint in the state court action. See Memorandum of Law in Support of Defendant Reed Smith LLP's Motion to Dismiss the Complaint, at 2 (a copy of which is attached hereto as Exhibit "A"); Interpleader Complaint filed by Reed Smith, at 3 (a copy of which is attached hereto as Exhibit "B"). Neither court has yet acted on those requests. Moreover, as is more fully discussed below, Reed Smith is not entitled to interpleader status since it is not a disinterested third party, and the state court therefore cannot properly take jurisdiction of the res. As is also more fully discussed below, this action does not directly bring into question the ownership rights of the proceeds in the specific escrow account that Reed Smith seeks to interplead, and potential damages against all parties to this action, including Reed Smith, far exceed the proceeds of that account. Thus, the first factor to be considered is neutral, and therefore favors this Court's retention of jurisdiction. See, e.g., Vitranschart, 2000 U.S. Dist. LEXIS 12609 at *31 (neutral factors weigh in favor of retaining jurisdiction).

The second factor is also neutral and thus weighs against a stay of this action. The Southern District of New York is no less convenient than the State Supreme Court in New York County. If anything, the Southern District of New York is more convenient, as the real

8535-4\MMC

property conveyances at issue in this lawsuit took place in the Southern District, and most of the parties reside within the Southern District.  New York County's only connection to any issues in this action are that one party – Reed Smith – is located there.  This factor also weighs in favor of retaining jurisdiction.

The avoidance of piecemeal litigation can only be achieved by allowing this federal court action to proceed.  If this court were to stay this action pending the adjudication of the state court interpleader action, then all of plaintiff's claims against all the other defendants would have to wait while a single issue with a single defendant was litigated in state court.  Then, related issues stemming from the same facts would have to be re-litigated in federal court against the other defendants.  Such piecemeal adjudicated would be wasteful, inefficient and unjust.  Moreover, since not all parties to the federal litigation are parties to the state court interpleader action, they would not be bound by the judgment of the state court.  Conversely, all parties to the interpleader action are parties to the federal court action. The action would best proceed in this forum, where all issues and all parties are before this Court.


The order in which jurisdiction was obtained also weighs in favor of the federal forum. The federal action was filed first, and Reed Smith made a motion in this forum for substantially the same relief that it is now simultaneously seeking in New York State Supreme Court.  Reed Smith should not be permitted to stall the entire action against all parties, simply because it decided to seek identical relief in multiple courts rather than wait for the decision of this court, in which all the parties and issues are currently joined.

That state law will largely supply the rule of decision in this action is the only factor cutting in favor of a state court action.  Considering that the causes of action asserted in federal court are largely based on common law principles and are not issues that are obscure or specially unique to the state courts, this factor alone cannot begin to overcome all that weighs so heavily in favor of allowing this action to proceed in the federal forum. See Colorado River, 424 U.S. at 818 ("No one factor is necessarily determinative").

8535-4\MMC

Finally, the state court proceeding's complete inability to adequately protect the rights of the party seeking to invoke federal jurisdiction greatly compels this court to allow this action to continue in this forum.  The crux of the federal court action is Melinda Thew Cooper's challenge of several fraudulent conveyances of real property out of the Gerald Thew Family Trust, of which she is a beneficiary.  She seeks to have those conveyances undone, as well as to recover damages from all of those involved in the fraud.  The escrowed monies which Reed Smith seeks to interplead in the state court action constitute a small portion of the proceeds of one of several challenged transactions.  A state court interpleader action cannot undo the fraudulent conveyances.  The money in the escrow account, even if interpled, does not even reach the limit of Reed Smith's liability to plaintiff, as is more fully discussed below.

A careful weighing of all these factors militates that this action should proceed in the federal forum in which it was brought.  The cases cited by this Court in its Order to Show Cause do not warrant otherwise.  In <u>Brillhart v. Excess Ins. Co. of America</u>, 316 U.S. 491 (1942), an individual who had obtained a judgment against an insurance company brought a garnishment proceeding against the insurer in Missouri state court, and brought a reinsurer with whom the insurance company had a reinsurance agreement into that action as an additional defendant.  The reinsurer, after the garnishment proceeding had been filed (with notice to the reinsurer) but before the reinsurer had been added as a party, brought a declaratory judgment action in federal court seeking a determination of its rights under the reinsurance agreement.  <u>See</u> <u>id.</u> at 492-93.  The federal district court dismissed the declaratory judgment action on the grounds that the issues asserted therein could be determined in the garnishment proceedings in Missouri state court.  <u>See</u> <u>id.</u> at 493.  The Tenth Circuit reversed, and the Supreme Court granted cert.  The Supreme Court concluded that the District Court had not engaged in a full analysis of the factors weighing for and against jurisdiction, and remanded to the District Court for a proper exercise of its discretion.  <u>See</u> <u>id.</u> at 497-98.

8535-4\MMC

Brillhart says nothing which would warrant a stay here. First, Brillhart was largely about proper exercise of discretionary jurisdiction under the Federal Declaratory Judgments Act, which is not at play in this action. See id. at 494. Second, there was no holding in Brillhart that jurisdiction should have been deferred to the state court proceeding; rather, the District Court was instructed to engage in a more thorough factual analysis. Finally, the Brillhart court noted that the issue rested on whether "*all* the matters in controversy between the parties could be fully adjudicated" in the state court proceeding. Id. at 495 (emphasis added). The Court noted that it would be "uneconomical" to proceed in federal court *if* "another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Id. Here, the state court proceeding does not involve all of the issues or all of the parties as are before the federal court.

In Vitranschart, Inc. v. Levy, 2000 U.S. Dist. LEXIS 12609, the Southern District of New York stayed a federal action pursuant to Colorado River on facts much different than those present here. Vitranschart involved a serial plaintiff who had previously filed two state court actions and one federal court action "based upon the same set of facts and for essentially the same relief." Id. at *31. The state court actions had been consolidated and summary judgment had been awarded against the plaintiff. All that was holding up final judgment in the state court action was submission by plaintiff of a court-ordered accounting. See id. at *32. The first federal court action had previously been stayed, and the plaintiff had been enjoined from filing any further federal court actions without prior leave of court. See id. at *12. The Court engaged in the six factor Colorado River analysis, as this Court must also do, but reached a different result than this Court must here because of the vastly different factual scenario. Here, unlike in Vitranschart, the federal court action was the first filed, and the federal and state court proceedings do not involve the same parties and the same issues. Nor is the unique history of Vitranschart present here. For all the reasons discussed above, the Colorado River factors militate against a stay in this case.

Finally, the Court cites Zellen v. Second New Haven Bank, 454 F.Supp. 1359 (D.

8535-4\MMC

Conn. 1978). In <u>Zellen</u>, a bank was in possession of certain collateral of a debtor, and

several parties made competing claims to that collateral. The bank accordingly filed an

interpleader action in state court. While that action was pending, one of those claiming an

interest in the collateral filed an action in federal court seeking damages against the bank for

its allegedly wrongful failure to turn over the collateral to that party. In dismissing the

second-filed federal court action, the Court noted that "[i]t is the express purpose of

interpleader actions to avoid duplicative litigation by resolving all possible questions of

liability between all possible parties in one proceeding." <u>Id.</u> at 1365. The Court noted that

the suit raised "identical issues" to those already pending in state court, and that the

plaintiff's claims would be fairly adjudicated in the state court proceeding, along with the

claims of all others asserting a right to the same collateral. <u>See id.</u> at 1365, 67.

Here, unlike in <u>Zellen</u>, the federal court action was the first action filed, and the two

suits do not involve "identical issues" or even the same parties. In fact, the converse

situation to <u>Zellen</u> exists in this case – here, the same issues that are raised in the

interpleader suit can be fairly adjudicated in the first-filed federal court action, along with all of

the other issues raised by and against all of the other parties to that action. In this case, it is

the federal court proceeding that allows for complete adjudication of all issues, and the state

court proceeding that would necessarily truncate a small portion of that lawsuit for separate

litigation in a different forum. Principles of judicial economy and fairness strongly disfavor

such a result.

**POINT II**

**THIS ACTION SHOULD NOT BE STAYED BECAUSE THE INTERPLEADER ACTION IS
SUBJECT TO DISMISSAL, AND REED SMITH'S LIABILITY IS NOT LIMITED TO THE
ESCROW ACCOUNT THAT IS THE SUBJECT OF THE INTERPLEADER ACTION**

Interpleader is a device that may be used by a neutral stakeholder who is exposed to

multiple liability as the result of adverse claims. <u>See, e.g.</u>, N.Y. CPLR § 1006(a); <u>Royal Bank</u>

<u>of Canada v. Weiss</u>, 172 A.D.2d 167 (1st Dep't 1991); <u>National Cold Storage Co. v. Tiya</u>

<u>Cavier Co.</u>, 52 Misc.2d 289, 290 (Sup. Ct. New York County 1966). Here, Reed Smith

8535-4\MMC

cannot properly avail itself of the interpleader device, as it is not exposed to multiple liabilities and because it is not a neutral stakeholder.

The typical interpleader situation is one in which a party is holding money or other assets, and two or more parties assert competing and conflicting claims to those assets. The one holding the assets, i.e. the neutral stakeholder, need not involve itself in the fight between those with competing interests to try to determine who is the rightful owner, and potentially expose itself to liability. Rather, a holder of assets placed in such a difficult situation may interplead the assets – deposit them with the court and let the court determine the respective rights of the dueling parties and direct distribution of the assets accordingly. That is far from the situation here.

First, while it may be true that Reed Smith is holding in escrow certain money from the sale of property by the late Richard Thew, as trustee of the Gerald Thew Family Trust, to the Curry Family Partnership, it is far from a neutral stakeholder standing between battling claimants. Melinda Cooper Thew, the plaintiff in this action, has not made a claim that the money being held in escrow should be distributed to her. Thus, there is no competing claim exposing Reed Smith to multiple liabilities, as is necessary for an interpleader action. See Royal Bank of Canada, 172 A.D.2d 167 (dismissing interpleader complaint where stakeholder not subject to multiple liabilities).

Moreover, Reed Smith is not a "neutral" or "disinterested" stakeholder and the interpleader action is therefore subject to dismissal. See N.Y. CPLR §1006(e). Rather, Reed Smith is very much an interested party in this litigation. Reed Smith is not a nominal defendant only because it is holding money in escrow. It is a defendant in this action because of its participation in certain fraudulent conveyances and because of its breach of fiduciary duty, and because it knowingly assisted others in breaching their fiduciary duties. See Complaint ¶¶ 140-145, 165-170, 171-180. Its distribution of funds to itself to cover attorneys' fees from the monies it now seeks to interplead is also at issue in the federal action. See Compl. ¶¶ 87-88, 140-145. As such, it is subject to liability, and damages

8535-4\MMC

against it could easily far exceed the amount it is currently holding in escrow.  <u>See</u> Plaintiff's Memorandum of Law in Opposition to Reed Smith LLP's Motion for Summary Judgment (a copy of which is attached hereto as Exhibit "C").

Not only does the extent of Reed Smith's potential liability render interpleader inappropriate in this case, but it also negates any seeming advantage to staying the federal court action pending the outcome of the interpleader action.  First, the interpleader action is subject to dismissal for all these reasons. <u>See</u> Verified Answer with Affirmative Defenses of Melinda Thew Cooper to Interpleader Complaint (a copy of which is attached hereto as Exhibit "D").  More importantly, even if the interpleader action were successfully maintained, and the state court were to direct the payment of the funds in escrow to Melinda Thew Cooper (or to anyone else, for that matter), that would still not adequately address the claims that Cooper has asserted against Reed Smith in this action.  One who participates in a fraud and/or breaches a fiduciary duty is jointly and severally liable for all damages resulting therefrom.  <u>See, e.g.</u>, <u>Wechsler v. Bowman</u>, 285 N.Y. 284 (1941); Plaintiff's Memorandum in Opposition, Exhibit "C", at 1-4.  Reed Smith is therefore potentially liable to Cooper in an amount far greater than the amount put at issue in the interpleader action, and must defend claims that go far beyond those that arise in the interpleader proceeding.

### CONCLUSION

For all these reasons, this Court should allow this action to proceed in this forum, and should not stay these proceedings in deference to the state court interpleader action.

DATED:  Poughkeepsie, New York
       May 2, 2005

                                                    _____
                                                    RICHARD R. DuVALL (RRD-8967)