UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MELINDA THEW COOPER, Individually and as a shareholder of TACONIC 82, INC.,

      Plaintiff,

  -against-

LARRY THEW; JOHN THEW; LARRY THEW, as Executor of the Estate of Richard Thew; JOHN THEW, as Executor of the Estate of Richard Thew; LARRY THEW, as successor co-trustee of the Gerald Thew Family Trust; JOHN THEW, as successor co-trustee of the Gerald Thew Family Trust; LARRY THEW, as co-trustee of the R.W. Thew Trust a/k/a the R.W. Thew Irrevocable Living Trust; JOHN THEW, as co-trustee of the R.W. Thew Trust a/k/a the R.W. Thew Irrevocable Living Trust; THE CURRY FAMILY PARTNERSHIP; TACONIC 82, INC.; LARRY THEW, as an officer and/or director of TACONIC 82, INC.; JOHN THEW, as an officer and/or director of TACONIC 82, INC.; REED SMITH LLP; STEPHEN P. O'HARE, ESQ.; WILLIAM J. O'HARE, ESQ.; O'HARE & O'HARE, P.C.; MICHELE THEW; and PATRICIA CARSON,

      Defendants.

---

Civ. No. 04 CIV. 8928

(CM)

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
REED SMITH LLP'S MOTION TO DISMISS THE COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6) AND FED. R. CIV. P. 56.**

---

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ...............................................................................................2

**STATEMENT OF FACTS** ......................................................................................................2

**ARGUMENT** ...........................................................................................................................4

    **POINT I** ........................................................................................................................ 4

**THE FIRST CLAIM AGAINST REED SMITH - COUNT VII ALLEGING BREACH OF FIDUCIARY DUTY – SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM**........................................................ 4

    **POINT II** ....................................................................................................................... 5

**THE SECOND CLAIM AGAINST REED SMITH - COUNT XI ALLEGING AIDING AND ABETTING BREACH OF FIDUCIARY DUTY - SHOULD ALSO BE DISMISSED FOR FAILURE TO STATE A CLAIM** ............................................................................................................................. 5

    **POINT III** ..................................................................................................................... 6

**THE THIRD AND LAST CLAIM AGAINST REED SMITH – COUNT XII ALLEGING CONSPIRACY TO DEFRAUD - SHOULD ALSO BE DISMISSED FOR FAILURE TO STATE A CLAIM** ................................ 6

**CONCLUSION** ........................................................................................................................8

# **TABLE OF AUTHORITIES**

## CASES

*Astor Holdings, Inc. v. Roski*, 325 F. Supp. 2d 251 (S.D.N.Y. 2003) ............5

*Criales v. American Airlines, Inc.*, Nos. 97 Civ. 0526, 97 Civ. 1460, 1999 WL 1487601 (E.D.N.Y. 1999)............7

*Goldin Associates, L.L.C. v. Donaldson Lufkin & Jenrette Securities Corp.*, No. 00 Civ. 8688, 2003 WL 22218643 (S.D.N.Y. 2003)............5

*Kaufman v. Cohen*, 307 A.D.2d 113, 760 N.Y.S.2d 157 (1st Dep't 2003) ............5

*Lazich v. Vittoria & Parker*, 189 A.D.2d 753, 754, 592 N.Y.S.2d 418, 419 (2d Dep't 1993)............7

*MCI Worldcom Communications, Inc. v. North American Communications Control, Inc.*, No. 98 Civ. 6818 LTS, 2003 WL 21279446 (S.D.N.Y. 2003)............7

*Missigman v. USI Northeast, Inc.*, 131 F. Supp. 2d 495 56 (S.D.N.Y. 2001)............7

*Nakano v. Sadock, Inc.*, No. 98 Civ. 0515, 1999 WL 1225259 (S.D.N.Y. 1999)............5

*Nanopierce Technologies, Inc. v. Southridge Capital Management LLC*, No. 02 Civ. 0767, 2002 WL 31819207 (S.D.N.Y. 2002)............6

*Schonfeld v. Hilliard*, 62 F. Supp.2d 1062 (S.D.N.Y. 1999) ............5

*Stoner v. New York City Ballet Company*, No. 99 Civ. 0196, 2002 WL 523270 (S.D.N.Y. 2002)............7

*Thypin Steel Co. and Donbakraft*, No. 98 Civ. 2166, 1998 WL 912100 (S.D.N.Y. 1998)............6

*Tyborowski v. Cuddeback & Onofry*, 279 A.D.2d 763, 718 N.Y.S.2d 489 (3d Dep't 2001)............4

## STATUTES

Fed. R. Civ. P. 12(b)(6)............2, 8

Fed. R. Civ. P. 56............2, 8

Defendant Reed Smith LLP ("Reed Smith") submits this memorandum of law in support of its motion to dismiss the Complaint with prejudice as against Reed Smith pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56.

## PRELIMINARY STATEMENT

Reed Smith has been dragged into this intra-family dispute solely because it represented a family trust, in which plaintiff has a one-third interest, in its sale of an apple orchard. Recognizing that plaintiff and her defendant siblings had asserted competing claims to the proceeds from this sale, Reed Smith has maintained, from the closing of the transaction, plaintiff's largest conceivable share of such gross proceeds – one-third – in a segregated escrow account.

Accordingly, plaintiff has not incurred, and cannot incur, any damages as a consequence of any conduct to which Reed Smith had any connection, and the Complaint therefore fails to state a claim against Reed Smith upon which relief may be granted. To resolve this matter, Reed Smith respectfully moves that the Court allow it to deposit the money it is holding in escrow with the Court, and that the Court treat this motion as, in effect, an interpleader action resulting in the discharge of Reed Smith from this action.

## STATEMENT OF FACTS[1]

Reed Smith represented the Gerald Thew Family Trust in its sale of the Orchard Property to The Curry Family Partnership for $2.7 million (the "Sale Proceeds"). (Complaint

---

[1] Defined terms have the definitions ascribed to them in the Complaint unless defined herein.

¶72) The closing of this sale occurred on December 19, 2003 (the "Closing"). (Complaint ¶80) As the survivor of Gerald Thew, Richard Thew was the sole trustee of the Gerald Thew Family Trust at the time of the December 19, 2003 Closing. (Complaint ¶¶20, 22) However, Richard Thew died just ten days after the Closing, on December 29, 2003. (Complaint ¶18)

As alleged in paragraph 23 of the complaint, "pursuant to Article Third of the Gerald Thew Family Trust, upon the death of Richard Thew and Gerald Thew, the [Gerald Thew Family Trust] was to terminate the entire corpus of the trust, including accumulated income, was to be **divided equally into three shares, to be distributed to each of plaintiff Melinda Thew Cooper, defendant Larry Thew, and defendant John Thew.**" (emphasis added)

Thus, even assuming that the Gerald Thew Family Trust had no legitimate expenses to pay from the $2.7 million Sale Proceeds (which it obviously did), the most that plaintiff could conceivably be entitled to receive from such Sale Proceeds is $900,000, representing her one-third interest pursuant to Article Third of the Gerald Thew Family Trust. Accordingly, to preserve plaintiff's potential share of the $2.7 million Sale Proceeds, Reed Smith has held, and continues to hold, more than $900,000 from the Sale Proceeds in a segregated escrow account (the "Escrow Money"), as plaintiff's counsel was specifically informed well prior to this lawsuit. *See* Affidavit of William Bagliebter, sworn to January 13, 2005, at ¶3 and at Exhibit A.

Other parties to this lawsuit have made competing claims to at least a portion of the Escrow Money, contending that all or at least some of the Escrow Money is needed to pay outstanding obligations incurred in connection with the Orchard Property prior to the Closing. *See id.* at ¶4. To protect plaintiff's potential interest in the Sale Proceeds, however, Reed Smith has refused to release any portion of the Escrow Money pending this Court's resolution of the competing claims to the Escrow Money.

This Court should permit Reed Smith to interplead the Escrow Money because the three claims asserted against Reed Smith fail to state a claim against which relief may be granted, as shown below.

## ARGUMENT

### POINT I

### THE FIRST CLAIM AGAINST REED SMITH – COUNT VII ALLEGING BREACH OF FIDUCIARY DUTY – SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

Count VII of the complaint alleges that Reed Smith held money "rightfully belonging to the Gerald Thew Family Trust" in an escrow account and that Reed Smith breached a fiduciary duty to plaintiff, a beneficiary of that Trust, by making improper distributions from such escrow account. (Complaint ¶¶141-143) However, the only funds that the Complaint alleges that Reed Smith held in escrow are the Sale Proceeds that the Gerald Thew Family Trust received at the Closing from its sale of the Orchard Property. (Complaint ¶¶80-86) As set forth above, plaintiff's maximum share of the Sale Proceeds -- $900,000 -- remains in a segregated Reed Smith escrow account (the "Escrow Account"). In fact, notwithstanding competing claims to the Escrow Money, Reed Smith has continued to maintain more than this $900,000 in a segregated escrow account for the sole purpose of protecting plaintiff's maximum conceivable interest in the Sale Proceeds, as plaintiff's counsel has been specifically informed.

Consequently, to the extent that this Court (or another court of competent jurisdiction) orders that plaintiff is entitled to all or a portion of the Escrow Money, plaintiff will promptly receive it.

Without damages attributable to Reed Smith's alleged conduct, there can be no breach of fiduciary duty claim against Reed Smith under New York law. *See, e.g., Tyborowski v. Cuddeback & Onofry*, 279 A.D.2d 763, 765, 718 N.Y.S.2d 489 (3d Dep't 2001) (breach of

-4-

fiduciary duty claim dismissed where plaintiff could not allege "any damages incurred by [the] estate that are attributable to defendants"). *See also, e.g., Schonfeld v. Hilliard*, 62 F. Supp.2d 1062, 1071, 1084 (S.D.N.Y. 1999) (applying New York law and dismissing breach of fiduciary duty claims "for failure to show injury"); *Nakano v. Sadock, Inc.*, No. 98 Civ. 0515, 1999 WL 1225259 at *3, 5 and n.3 (S.D.N.Y. 1999) (citing cases stating that damages is essential element of breach of fiduciary claim under New York law) (dismissing breach of fiduciary claim because "Plaintiff has failed sufficiently to allege that Defendants' actions caused her quantifiable damages").

Accordingly, Count VII alleging breach of fiduciary duty against Reed Smith should be dismissed with prejudice.

## POINT II

### THE SECOND CLAIM AGAINST REED SMITH – COUNT XI ALLEGING AIDING AND ABETTING BREACH OF FIDUCIARY DUTY – SHOULD ALSO BE DISMISSED FOR FAILURE TO STATE A CLAIM

Under New York law, a claim for aiding and abetting breach of fiduciary duty requires a plaintiff to allege and prove " '(1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that the plaintiff suffered damage as a result of the breach.'" *Astor Holdings, Inc. v. Roski*, 325 F. Supp. 2d 251, (S.D.N.Y. 2003) (quoting *Kaufman v. Cohen*, 307 A.D.2d 113, 760 N.Y.S.2d 157 (1st Dep't 2003)). Although Fed. R. Civ. P. 9(b) does not apply to this claim, a plaintiff "still must allege some facts, in non-conclusory terms, showing that the [defendant] knowingly participated in the [fiduciary's] breach." *Goldin Associates, L.L.C. v. Donaldson Lufkin & Jenrette Securities Corp.*, No. 00 Civ. 8688, 2003 WL 22218643 at *8 (S.D.N.Y. 2003).

Here, the Complaint's only allegation of knowing participation by Reed Smith in a breach of fiduciary duty is once again limited to Reed Smith's "representation of Richard Thew,

John Thew, and Larry Thew and/or the R.W. Thew Trust in the sale of the Orchard Property to the Curry Family Partnership, and its receipt of the proceeds of the sale of the Orchard Property and its failure to deliver those proceeds to the Gerald Thew Family Trust." (Complaint ¶169)

However, even assuming the truth of this allegation (which Reed Smith denies), there is another fatal flaw in plaintiff's claim. The alleged breach in which Reed Smith is alleged to have knowingly participated resulted in no damages to plaintiff for the reason set forth in Point I above.

Thus, Count XI also fails to state a claim upon which relief may be granted because the essential element of damages is absent, and it should also be dismissed with prejudice. *See id.* (damages is one of three essential elements of an aiding and abetting breach of fiduciary duty claim).

## POINT III

### THE THIRD AND LAST CLAIM AGAINST REED SMITH – COUNT XII ALLEGING CONSPIRACY TO DEFRAUD – SHOULD ALSO BE DISMISSED FOR FAILURE TO STATE A CLAIM

New York law does not recognize a claim for civil conspiracy. *See, e.g., Nanopierce Technologies, Inc. v. Southridge Capital Management LLC*, No. 02 Civ. 0767, 2002 WL 31819207 at *11 (S.D.N.Y. 2002) ("Defendants move to dismiss [plaintiff's] eighth claim, for 'civil conspiracy,' on the wholly reasonable ground that 'there is no substantive tort of civil conspiracy under New York law.' Defendants' statement of the law is correct, and the claim is dismissed.") (citations omitted); *Thypin Steel Co. and Donbakraft*, No. 96 Civ. 2166, 1998 WL 912100 at *4 (S.D.N.Y. 1998) ("New York law does not recognize civil conspiracy as a cause of action. This claim is therefore dismissed.") (citation omitted). For this reason alone, Count XII should be dismissed.

Moreover, even if the plaintiff's "allegations of conspiracy are permitted" to "connect the actions of separate defendants with an otherwise actionable" fraud claim, *MCI Worldcom Communications, Inc. v. North American Communications Control, Inc.*, No. 98 Civ. 6818 LTS, 2003 WL 21279446 at *11 (S.D.N.Y. 2003), the third claim for relief against Reed Smith would still fail.

Attorney-client conspiracy claims are severely circumscribed by the rule that principals and agents ordinarily cannot conspire except in limited circumstances not applicable here. *See, e.g., Stoner v. New York City Ballet Company*, No. 99 Civ. 0196, 2002 WL 523270 at *9 (S.D.N.Y. 2002) ("Of course, there can be no conspiracy between a corporation and its [outside] counsel" absent a showing that that the attorney's "advice or concerted activity" was "motivated by an independent personal stake in achieving the [client's] objective"). But more centrally, here the Complaint contains no fraud claim whatsoever, let alone a fraud claim that meets the heightened pleading standards of Rule 9(b). Moreover, plaintiff has not alleged, and cannot allege, the "essential element of fraud, that being 'reliance by the complaining party upon false statements [or omissions] knowingly made by [any] defendant.'" *Criales v. American Airlines, Inc.*, Nos. 97 Civ. 0526, 97 Civ. 1460, 1999 WL 1487601 at *8 (E.D.N.Y. 1999) (quoting *Lazich v. Vittoria & Parker*, 189 A.D.2d 753, 754, 592 N.Y.S.2d 418, 419 (2d Dep't 1993)).

Thus, plaintiff has not alleged, and cannot allege, a conspiracy to defraud claim. *See, e.g., id.* ("There is no evidence of any false statement . . . that [plaintiff] relied upon to his detriment. Accordingly, the claim for conspiracy to defraud must fail."); *Missigman v. USI Northeast, Inc.*, 131 F. Supp. 2d 495, 56 (S.D.N.Y. 2001) ("Since the underlying fraud claim is not viable, and there is no substantive tort of conspiracy, the cause of action for conspiracy to commit fraud is deficient."); *MCI Worldcom, supra* ("Because the Fifth Cause of Action does not allege sufficiently a fraud claim, there is no underlying tort and [plaintiff] has no basis for asserting a claim of conspiracy against [defendants].").

Accordingly, Count XII should also be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed with prejudice as against Reed Smith pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56. .

Dated: January 14, 2005
New York, New York

By:    REED SMITH LLP

/s/
LANCE GOTTHOFFER (LG-5932)
KENNETH D. GREENWALD (KG-5683)
599 Lexington Avenue
New York, NY 10022
Tel: 212-521-5400
Fax: 212-521-5450

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MELINDA THEW COOPER, Individually and as a shareholder of TACONIC 82, INC., <br><br> Plaintiff, <br><br> -against- <br><br> LARRY THEW; JOHN THEW; LARRY THEW, as Executor of the Estate of Richard Thew; JOHN THEW, as Executor of the Estate of Richard Thew; LARRY THEW, as successor co-trustee of the Gerald Thew Family Trust; JOHN THEW, as successor co-trustee of the Gerald Thew Family Trust; LARRY THEW, as co-trustee of the R.W. Thew Trust a/k/a the R.W. Thew Irrevocable Living Trust; JOHN THEW, as co-trustee of the R.W. Thew Trust a/k/a the R.W. Thew Irrevocable Living Trust; THE CURRY FAMILY PARTNERSHIP; TACONIC 82, INC.; LARRY THEW, as an officer and/or director of TACONIC 82, INC.; JOHN THEW, as an officer and/or director of TACONIC 82, INC.; REED SMITH LLP; STEPHEN P. O'HARE, ESQ.; WILLIAM J. O'HARE, ESQ.; O'HARE & O'HARE, P.C.; MICHELE THEW; and PATRICIA CARSON, <br><br> Defendants. | Civ. No. 04 CIV. 8928 <br><br> CM <br><br><br> AFFIDAVIT OF SERVICE |

---

STATE OF NEW YORK      )
                       : ss.
COUNTY OF NEW YORK     )


I, Rosemary Finnerty, being duly sworn, depose and say:

    1.    I am not a party to this action; I am over the age of 18 years and reside

NYLIB-276758 v1-KGREENWA

January 18, 2005 5:39 PM

Patricia Carson
Pulling Road
6 O'Hare Drive
LaGrangeville, NY 12540

3. The copies I served had a typographical error with respect to the last digit of the index number in the caption, which erroneously read 8929 rather than the correct index number of 8928.

*Rosemary Finnerty*

Sworn to and Subscribed
before me this 18th day
of January, 2005.

*Ten Lin Lee Wyatt*
Notary Public

TEN LIN LEE WYATT
Notary Public, State of New York
No. 01WY2293250
Qualified in Queens County
Commission Expires July 31, 2005

3

in Hudson County, New Jersey.

2. On January 14, 2005, I served true copies of the within **Notice of Motion with annexed Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1, the Affidavit of William Bagliebter, sworn to January 13, 2005 and the Exhibit annexed thereto** by depositing copies of same enclosed in a wrapper addressed as shown below by UPS overnight delivery, to the following persons at the last known address as set forth below:

**Service List:**

    Richard R. DuVall, Esq.
    McCabe & Mack LLP
    63 Washington Street
    PO Box 509
    Poughkeepsie, NY  12602-0509
    Attorneys for Plaintiff

    Kathryn Beller, Esq.
    Kurzman Eisenberg Corbin Lever & Goodman, LLP
    One North Broadway
    White Plains, NY  10601
    Attorneys for Defendants John Thew, Larry & Michele Thew and Taconic 82, Inc.

    Stephen O'Hare, Esq.
    Stephen O'Hare, PLLC
    488 Freedom Plains Road, Suite 103
    Poughkeepsie, NY  12603

    The Curry Family Partnership
    Ora J. Curry, General Partner
    45 Midgeon Road
    Torrington, CT  06790

    William J. O'Hare
    6 O'Hare Drive
    LaGrangeville, NY  12540

    O'Hare and O'Hare, P.C.
    488 Freedom Plains Road
    Suite 103
    Poughkeepsie, NY  12603

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MELINDA THEW COOPER, Individually and as a shareholder of TACONIC 82, INC., | Civ. No. 04 CIV. 8928 |
| | CM |
| Plaintiff, | |
| -against- | |
| LARRY THEW; JOHN THEW; LARRY THEW, as Executor of the Estate of Richard Thew; JOHN THEW, as Executor of the Estate of Richard Thew; LARRY THEW, as successor co-trustee of the Gerald Thew Family Trust; JOHN THEW, as successor co-trustee of the Gerald Thew Family Trust; LARRY THEW, as co-trustee of the R.W. Thew Trust a/k/a the R.W. Thew Irrevocable Living Trust; JOHN THEW, as co-trustee of the R.W. Thew Trust a/k/a the R.W. Thew Irrevocable Living Trust; THE CURRY FAMILY PARTNERSHIP; TACONIC 82, INC.; LARRY THEW, as an officer and/or director of TACONIC 82, INC.; JOHN THEW, as an officer and/or director of TACONIC 82, INC.; REED SMITH LLP; STEPHEN P. O'HARE, ESQ.; WILLIAM J. O'HARE, ESQ.; O'HARE & O'HARE, P.C.; MICHELE THEW; and PATRICIA CARSON, | AFFIDAVIT OF SERVICE |
| Defendants. | |

---

STATE OF NEW YORK      )
                      : ss.
COUNTY OF NEW YORK    )

I, Rosemary Finnerty, being duly sworn, depose and say:

    1.    I am not a party to this action; I am over the age of 18 years and reside

NYLIB-276758 v1-KGREENWA

January 18, 2005 5:44 PM

in Hudson County, New Jersey.

  2. On January 14, 2005, I served true copies of the within **Memorandum of Law in Support of Defendant Reed Smith LLP's Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56** by depositing copies of same enclosed in a wrapper addressed as shown below by UPS overnight delivery, to the following persons at the last known address as set forth below:

**Service List:**

>Richard R. DuVall, Esq.
>McCabe & Mack LLP
>63 Washington Street
>PO Box 509
>Poughkeepsie, NY 12602-0509
>Attorneys for Plaintiff
>
>Kathryn Beller, Esq.
>Kurzman Eisenberg Corbin Lever & Goodman, LLP
>One North Broadway
>White Plains, NY 10601
>Attorneys for Defendants John Thew, Larry & Michele Thew and Taconic 82, Inc.
>
>Stephen O'Hare, Esq.
>Stephen O'Hare, PLLC
>488 Freedom Plains Road, Suite 103
>Poughkeepsie, NY 12603
>
>The Curry Family Partnership
>Ora J. Curry, General Partner
>45 Midgeon Road
>Torrington, CT 06790
>
>William J. O'Hare
>6 O'Hare Drive
>LaGrangeville, NY 12540
>
>O'Hare and O'Hare, P.C.
>488 Freedom Plains Road
>Suite 103
>Poughkeepsie, NY 12603

2

Patricia Carson
Pulling Road
6 O'Hare Drive
LaGrangeville, NY 12540

3. The copies I served had a typographical error with respect to the last digit of the index number in the caption, which erroneously read 8929 rather than the correct index number of 8928.

_____
Rosemary Finnerty

Sworn to and Subscribed
before me this 18TH day
of January, 2005.

_____
Notary Public

TEN LIN LEE WYATT
Notary Public, State of New York
No. 01WY2293250
Qualified in Queens County
Commission Expires July 31, 2005

3