SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------- x
REED SMITH LLP,

        Plaintiff,

    -against-

LARRY THEW, as beneficiary of and co-trustee of the Thew Family Trust; JOHN THEW, as beneficiary of and co-trustee of the Thew Family Trust; MELINDA THEW COOPER, as beneficiary of and co-trustee of the Thew Family Trust; and the THEW FAMILY TRUST, Larry Thew, John Thew and Melinda Thew Cooper, co-trustees,

        Defendants.
---------------------------------------------------------------- x

Index No. *05-101345*

**AMENDED SUMMONS**

*Plaintiff* designates New York County as the place of trial.

*The basis of venue is* Plaintiff's residence. Plaintiff's principal office in the State of New York is located at 599 Lexington Avenue, New York, New York 10022.

## SUMMONS

To the Above Named Defendants:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance on plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:   New York, New York
          February 16, 2005

          _____
          Lance Gotthoffer (LG-5932)
          REED SMITH LLP
          Attorneys for Plaintiff
          599 Lexington Avenue
          New York, New York 10022
          (212) 521-5400

Addresses for Service:

Larry Thew, as beneficiary of and co-trustee of the Thew Family Trust
180 Clapp Hill Road
LaGrangeville, NY 12540
c/o Kurzman, Eisenberg, Corbin, Lever & Goodman, LLP
One North Broadway
White Plains, NY 10601

John Thew, as beneficiary of and co-trustee of the Thew Family Trust
180 Clapp Hill Road
LaGrangeville, NY 12540
c/o Kurzman, Eisenberg, Corbin, Lever & Goodman, LLP
One North Broadway
White Plains, NY 10601

Melinda Thew Cooper
c/o McCabe & Mack LLP
63 Washington Street
PO Box 509
Poughkeepsie, NY 12602-0509

The Thew Family Trust
Larry Thew and John Thew, co-trustees
180 Clapp Hill Road
LaGrangeville, NY 12540
c/o Kurzman, Eisenberg, Corbin, Lever & Goodman, LLP
One North Broadway
White Plains, NY 10601

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------- x

REED SMITH LLP,

        Plaintiff,

    -against-

LARRY THEW, as beneficiary of and co-trustee of ~~the Thew Family~~ JOHN THEW, ~~Trust; and the THEW FAMILY TRUST,~~ Larry Thew, John Thew and Melinda Thew Cooper, co-trustees,

        Defendants.

---------------------------------------- x

Index No. 05-101345

COMPLAINT

    Plaintiff-stakeholder Reed Smith LLP ("Reed Smith"), for its Complaint, alleges as follows:

    1.    Plaintiff-stakeholder is a limited partnership which engages in the practice of law, with offices at 599 Lexington Avenue, New York, New York. *[DKI]*

    2.    Defendant Larry Thew is an individual who resides in the State of New York. *[DKI]*

    3.    Defendant John Thew is an individual who resides in the State of New York. *[DKI]*

    4.    Defendant Melinda Thew Cooper is an individual who resides in the State of Kentucky. *[A]*

    5.    Defendant the Thew Family Trust (the "Trust") was created as an irrevocable living trust in the State of New York and its corpus is situated in the State of New York. *[DKI]*

    6.    The individual defendants are successor co-trustees of and each has a one-third interest in the Trust.

*[handwritten margin note: D that Melinda Thew Cooper is a successor co-trustee and otherwise DKI]*

NYLIB-vOC-

January 28, 2005 9:19 AM

7.  Because the Trust documents are silent with respect to how successor co-trustees make decisions on behalf of the Trust, a two-thirds majority of the co-trustees has the authority to act on behalf of the Trust under New York law.

8.  Plaintiff-stakeholder represented the Trust in its sale of an apple orchard located in the towns of LaGrange and Beekman, New York (the "Orchard Property").

9.  The Trust received $2.7 million from the sale of the Orchard Property (the "Sale Proceeds"), which closed on December 19, 2003 (the "Closing").

10. Plaintiff-stakeholder is holding $927,161.62 of the Sale Proceeds in a special segregated escrow account entitled "Reed Smith LLP as Escrow Agent for Thew Family Trust" (the "Escrow Money").

11. The amount of the Escrow Money is more than defendant Melinda Thew Cooper's maximum potential one-third share of the Sale Proceeds.

12. Defendants Larry Thew and John Thew claim that all or most of the Escrow Money should be distributed to them as co-trustees of the Trust, to meet obligations incurred in connection with the Orchard Property prior to the Closing and to meet ongoing payroll, fuel, electricity, tax and other expenses relating to other agricultural property owned by the Trust.

13. Defendant Melinda Thew Cooper claims that Larry Thew and John Thew have already misapplied a substantial portion of the Sale Proceeds and demands that plaintiff-stakeholder continue to hold the Escrow Money in order to preclude the Escrow Money from being misapplied.

14. Plaintiff-stakeholder is unable to determine, without hazard to it, to whom the Escrow Money should be distributed and in what proportions.

15. Plaintiff-stakeholder has no claim to the Escrow Money except as to its costs and disbursements sought herein, and is ready, willing and able to deliver the Escrow Money to such persons as the Court directs or to deposit it with the Court.

**WHEREFORE**, plaintiff demands judgment ordering that:

a. All defendants be enjoined from commencing any action or proceeding against plaintiff-stakeholder in connection with the Escrow Money;

b. All defendants interplead in this action concerning their respective claims to the Escrow Money;

c. Plaintiff-stakeholder deposit the Escrow Money with the Court and upon such payment into Court, be discharged from all liability to the defendants or any of them with respect to the Escrow Money; and

d. Plaintiff-stakeholder have such other and further relief as to the Court may seem just and proper together with the costs and disbursements of this action, to be paid out of the Escrow Money.

Dated: January 26, 2005
New York, New York

REED SMITH LLP

By: _____
LANCE GOTTHOFFER (LG-5932)
KENNETH D. GREENWALD (KG-5683)
599 Lexington Avenue
New York, NY 10022
Tel: 212-521-5400
Fax: 212-521-5450