8535-4\rew

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------x
REED SMITH LLP,

          Plaintiff,

   -against-

LARRY THEW, as beneficiary of and co-trustee of the
Thew Family Trust; JOHN THEW, as beneficiary of and
co-trustee of the Thew Family Trust; MELINDA THEW
COOPER, as beneficiary of and co-trustee of the Thew
Family Trust; and the THEW FAMILY TRUST, Larry
Thew, John Thew and Melinda Thew Cooper, co-trustees,

          Defendant
------------------------------------------------------------------------x

**VERIFIED ANSWER**

Index No: 05/101345

Assigned Judge:

   The defendant, Melinda Thew Cooper, by her attorneys, McCabe & Mack LLP, as and for her verified answer to the amended summons and complaint, respectfully shows to the court and alleges as follows:

   1.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "1", "2", "3", "8", "9", "10", "12" and "15" of the complaint.

   2.  Denies those allegations contained in paragraph numbered "6" that Melinda Thew Cooper is a successor co-trustee and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the complaint.

   3.  Denies knowledge or information sufficient to form a belief as to all allegations of fact and respectfully refers all questions of law to the Court as to paragraphs numbered "7" and "14" of the complaint.

8535-4\rew

4.    Denies those allegations contained in paragraph numbered "11" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5.    A prior filed action is currently pending in the United States District Court for the Southern District of New York, in which the plaintiff here has sought the same relief.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6.    Venue is not proper in New York County.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7.    Plaintiff is not a disinterested stakeholder and therefore cannot bring this interpleader action.

WHEREFORE, the defendant, Melinda Thew Cooper, demands judgment dismissing the complaint of the plaintiff herein, plus the costs and disbursements of this action and for such other and further relief as to the Court may seem just and proper.


DATED:      Poughkeepsie, New York
            March 9, 2005

                            Yours, etc.

                            McCABE & MACK LLP


                            By:    /s/ Karen F. Lesperance
                                   KAREN F. LESPERANCE
                                   RICHARD R. DUVALL
                            Attorneys for Defendant Melinda Thew Cooper
                            63 Washington Street
                            P.O. Box 509
                            Poughkeepsie, NY 12602-0509
                            Tel: (845) 486-6800

TO:    William Bagliebter, Esq.
       Reed Smith, LLP
       599 Lexington Avenue
       New York, NY  10022-7650

8535-4\rew

Kurzman, Eisenberg, Corbin, Lever & Goodman, LLP
One North Broadway
White Plains, NY 10601
    Attorneys for Larry Thew and John Thew, co-trustees
    John Thew, as beneficiary of and co-trustee of the Thew Family Trust
    Larry Thew, as beneficiary of and co-trustee of Thew Family Trust

8535-4\rew

## **ATTORNEY VERIFICATION**

STATE OF NEW YORK       )
                                      ) ss.:
COUNTY OF DUTCHESS      )

        I, the undersigned, am an attorney duly admitted to practice in the courts of New York State and say that:  I am the attorney of record, or of counsel with the attorney(s) of record, for defendant, Melinda Thew Cooper.  I have read the annexed Verified Answer, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon the following:

        review of correspondence, records, and reports in affirmant's possession.

        The reason I make this affirmation instead of defendant is that said defendant do(es) not reside in or maintain an office in the county where affirmant's office is located.

        I affirm the foregoing statements are true under penalties of perjury.

DATED:      Poughkeepsie, New York
               March 9, 2005

                                            /s/ Karen F. Lesperance
                                          KAREN F. LESPERANCE, ESQ.