

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――x

MELINDA COOPER THEY, individually
and as a shareholder of Taconic 82, Inc.,

            Plaintiff

   -against-                                    04 Civ. 8928 (CM)(LMS)

LARRY THEY, JOHN THEW, et al.,

            Defendants.

―――――――――――――――――――――――――x
```

### ORDER STAYING ACTION

McMahon, J.:

     The only argument raised against the entry of a stay of this action in this court, pending the results of a related interpleader action in the New York State Supreme Court, as well as pending litigation in the Dutchess County Surrogate's Court, is that Federal Courts have a "virtually unflagging obligation............to exercise the jurisdiction given them." <u>Colorado River Water Conservation Dist.  v United States</u>, 424 U.S. 800, 817 (1976). However, I have no intention of dismissing the instant action, and so intend to exercise my jurisdiction. The question raised by the court's April 18 Order to Show Cause was not whether I should dismiss this case at this juncture in favor of state litigation, but whether I should defer it until the interpleader action is decided.

     District courts have inherent power to stay federal actions when a similar action is pending in a state court. The decision whether to stay is committed entirely to the District judge's discretion. In an exercise of my discretion, and after considering the six Colorado River abstention factors (which are to guide a decision to stay as well as a decision to dismiss in favor of pending state litigation), I elect to enter an order staying this action until the resolution of the state court interpleader action and the Surrogate's Court proceeding which is handling all matters related to the Estate of Gerald R. Thew. Such a stay will avoid the possibility of inconsistent results in piecemeal litigation. The matters at issue in this lawsuit are all state law causes of action; not a single federal interest is implicated. Contrary to the allegations of the plaintiff, the Surrogate's Court already has jurisdiction over the res of this action, which is the Gerald Thew Family Trust, and it has reviewed pleadings, heard motions and issued orders affecting the conduct of the parties with respect to the trusts and assets identified in this lawsuit. I have no intention of superceding the Surrogate in a matter that is particularly within his competence where, as here, diversity of citizenship is the only reason this matter has been brought to the

Copies mailed / handed / faxed to counsel _____/____/____

federal court. And the State Supreme Court has by definition asserted jurisdiction over the res in the interpleader action.

The judges of the state courts not only can adequately protect the rights of the party seeking to invoke federal jurisdiction, they (especially the Surrogate) are peculiarly competent to protect those rights. There is absolutely no federal interest in this intra-family dispute. The filing of this action represents blatant forum shopping. I will not be a party to it.

The stay that I impose will not extinguish the claims asserted by plaintiff here. Should Ms. Thew feel that her rights have not been fully adjudicated (with the emphasis on "fully," which, I hasten to point out, is not the same thing as "correctly"), she can move for and end to the stay when the state actions are over. If there are any issues left to decide after the Surrogate and the State Supreme Court get through with the cases before them, I will be delighted to entertain them.

Therefore, this action is stayed and shall immediately be transferred by the Clerk of the Court to this court's suspense calendar. All motions should be administratively close; they may be reopened upon the application of any party when the stay is lifted. All parties are to provide this court with a copy of any final judgment that is entered in either action within ten days of its entry. If one action concludes before the other does, each party shall provide the court, by letter, with a status report on the still-pending action at the same time that the final judgment in the first-concluded action is provided.

Dated: May 4, 2005

_____
U.S.D.J.

BY FAX TO ALL COUNSEL