Jonathan Young (JY-6237)
Robert J. Miller (RM-8211)
Casey D. Laffey (CL-1483)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450

Attorneys for Defendant Reed Smith LLP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

MELINDA THEW COOPER, individually :     04 Civ. 8928 (CM)
and as a shareholder of TACONIC 82, Inc., :
                                    :
             Plaintiff, :
                                      :      **ANSWER**
      -against- :
                                        :
LARRY THEW et al., :
                                       :
            Defendants, :

-------------------------------------------------------------X

      Defendant Reed Smith LLP, acting *pro se*, answers Plaintiff's Complaint dated

November 12, 2004 (the "Complaint") as follows:

      1.      Denies knowledge or information sufficient to form a belief to the truth of

the allegations in paragraph "1" of the Complaint.

      2.      Denies knowledge or information sufficient to form a belief to the truth of

the allegations in paragraph "2" of the Complaint.

      3.      Denies knowledge or information sufficient to form a belief to the truth of

the allegations in paragraph "3" of the Complaint.

      4.      Denies knowledge or information sufficient to form a belief to the truth of

the allegations in paragraph "4" of the Complaint.

5.      Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "5" of the Complaint.

6.      Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "6" of the Complaint.

7.      Denies the allegations contained in paragraph "7" of the Complaint.

8.      Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "8" of the Complaint.

9.      Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "9" of the Complaint.

10.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "10" of the Complaint.

11.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "11" of the Complaint.

12.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "12" of the Complaint.

13.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "13" of the Complaint.

14.     Denies the allegations contained in paragraph "14" of the Complaint.

15.     Denies the allegations contained in paragraph "15" of the Complaint.

16.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "16" of the Complaint.

17.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "17" of the Complaint.

2

18.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "18" of the Complaint.

19.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "19" of the Complaint.

20.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "20" of the Complaint.

21.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "21" of the Complaint.

22.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "22" of the Complaint.

23.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "23" of the Complaint.

24.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "24" of the Complaint.

25.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "25" of the Complaint.

26.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "26" of the Complaint.

27.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "27" of the Complaint.

28.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "28" of the Complaint.

29.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "29" of the Complaint.

30.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "30" of the Complaint.

31.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "31" of the Complaint.

32.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "32" of the Complaint.

33.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "33" of the Complaint.

34.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "34" of the Complaint.

35.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "35" of the Complaint.

36.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "36" of the Complaint.

37.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "37" of the Complaint.

38.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "38" of the Complaint.

39.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "39" of the Complaint.

40.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "40" of the Complaint.

41.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "41" of the Complaint.

42.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "42" of the Complaint.

43.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "43" of the Complaint.

44.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "44" of the Complaint.

45.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "45" of the Complaint.

46.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "46" of the Complaint.

47.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "47" of the Complaint.

48.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "48" of the Complaint.

49.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "49" of the Complaint.

50.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "50" of the Complaint.

51.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "51" of the Complaint.

52.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "52" of the Complaint.

53.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "53" of the Complaint.

54.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "54" of the Complaint.

55.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "55" of the Complaint.

56.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "56" of the Complaint.

57.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "57" of the Complaint.

58.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "58" of the Complaint.

59.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "59" of the Complaint.

60.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "60" of the Complaint.

61.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "61" of the Complaint.

62.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "62" of the Complaint.

63.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "63" of the Complaint.

64.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "64" of the Complaint.

65.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "65" of the Complaint.

66.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "66" of the Complaint.

67.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "67" of the Complaint.

68.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "68" of the Complaint.

69.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "69" of the Complaint.

70.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "70" of the Complaint.

71.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "71" of the Complaint.

72.     Admits the allegations contained in paragraph "72" of the Complaint.

73.     Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "73" of the Complaint.

74.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "74" of the Complaint.

75.    Denies the allegations contained in paragraph "75" of the Complaint.

76.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "76" of the Complaint.

77.    Denies the allegations contained in paragraph "77" of the Complaint.

78.    Denies the allegations contained in paragraph "78" of the Complaint except admits that certain properties were re-conveyed to the Gerald Thew Family Trust.

79.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "79" of the Complaint.

80.    Denies the allegations contained in paragraph "80" of the Complaint except admits that the Gerald Thew Family Trust sold certain properties to the Curry Family Partnership for approximately $2.7 million.

81.    Denies the allegations contained in paragraph "81" of the Complaint.

82.    Denies the allegations contained in paragraph "82" of the Complaint.

83.    Denies the allegations contained in paragraph "83" of the Complaint.

84.    Denies the allegations contained in paragraph "84" of the Complaint.

85.    Denies the allegations contained in paragraph "85" of the Complaint.

86.    Denies the allegations contained in paragraph "86" of the Complaint except admits that certain proceeds were deposited in a Reed Smith escrow account.

87.    Denies the allegations contained in paragraph "87" of the Complaint, except admits that Reed Smith made certain distributions from its escrow account.

88.    Denies the allegations contained in paragraph "88" of the Complaint.

89.    Denies the allegations contained in paragraph "89" of the Complaint.

90.    Denies the allegations contained in paragraph "90" of the Complaint.

91.    Denies the allegations contained in paragraph "91" of the Complaint.

92.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "92" of the Complaint.

93.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "93" of the Complaint.

94.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "94" of the Complaint.

95.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "95" of the Complaint.

96.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "96" of the Complaint.

97.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "97" of the Complaint.

98.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "98" of the Complaint.

99.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "99" of the Complaint.

100.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "100" of the Complaint.

## COUNT I

### (FRAUDULENT CONCEALMENT MADE WITH INTENT TO DEFRAUD)

101.    Reed Smith LLP responds to paragraph "101" of the Complaint by repeating its responses to paragraphs "1" through "100" as if fully set forth herein.

102.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "102" of the Complaint.

103.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "103" of the Complaint.

104.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "104" of the Complaint.

105.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "105" of the Complaint.

106.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "106" of the Complaint.

107.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "107" of the Complaint.

## COUNT II

### (FRAUDULENT CONVEYANCE WITHOUT FAIR CONSIDERATION)

108.    Reed Smith LLP responds to paragraph "108" of the Complaint by repeating its responses to paragraphs "1" through "107" as if fully set forth herein.

109.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "109" of the Complaint.

110.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "110" of the Complaint.

111.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "111" of the Complaint.

112.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "112" of the Complaint.

113.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "113" of the Complaint.

114.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "114" of the Complaint.

115.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "115" of the Complaint.

## COUNT III

### (BREACH OF FIDUCIARY DUTY AGAINST LARRY THEW AND JOHN THEW, AS EXECUTORS OF THE ESTATE OF RICHARD THEW)

116.    Reed Smith LLP responds to paragraph "116" of the Complaint by repeating its responses to paragraphs "1" through "115" as if fully set forth herein.

117.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "117" of the Complaint.

118.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "118" of the Complaint.

119.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "119" of the Complaint.

120.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "120" of the Complaint.

121.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "121" of the Complaint.

122.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "122" of the Complaint.

123.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "123" of the Complaint.

## COUNT IV

### (BREACH OF FIDUCIARY DUTY AGAINST LARRY THEW AND JOHN THEW, AS SUCCESSOR CO-TRUSTEES OF THE GERALD THEW FAMILY TRUST)

124.    Reed Smith LLP responds to paragraph "124" of the Complaint by repeating its responses to paragraphs "1" through "123" as if fully set forth herein.

125.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "125" of the Complaint.

126.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "126" of the Complaint.

127.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "127" of the Complaint.

128.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "128" of the Complaint.

129.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "129" of the Complaint.

## COUNT V

### (BREACH OF FIDUCIARY DUTY AGAINST
### MAJORITY SHAREHOLDERS OF TACONIC 82)

130.    Reed Smith LLP responds to paragraph "130" of the Complaint by repeating its responses to paragraphs "1" through "129" as if fully set forth herein.

131.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "131" of the Complaint.

132.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "132" of the Complaint.

133.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "133" of the Complaint.

## COUNT VI

### (DERIVATIVE CLAIM FOR BREACH OF FIDUCIARY DUTY
### AGAINST OFFICERS AND DIRECTORS OF TACONIC 82)

134.    Reed Smith LLP responds to paragraph "134" of the Complaint by repeating its responses to paragraphs "1" through "133" as if fully set forth herein.

135.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "135" of the Complaint.

136.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "136" of the Complaint.

137.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "137" of the Complaint.

138.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "138" of the Complaint.

139.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "139" of the Complaint.

## COUNT VII

### (BREACH OF FIDUCIARY DUTY AGAINST REED SMITH LLP)

140.    Reed Smith LLP responds to paragraph "140" of the Complaint by repeating its responses to paragraphs "1" through "139" as if fully set forth herein.

141.    Denies the allegations contained in paragraph "141" of the Complaint.

142.    Denies the allegations contained in paragraph "142" of the Complaint.

143.    Denies the allegations contained in paragraph "143" of the Complaint.

144.    Denies the allegations contained in paragraph "144" of the Complaint.

145.    Denies the allegations contained in paragraph "145" of the Complaint.

## COUNT VIII

### (AIDING AND ABETTING BREACH OF FIDUCIARY DUTY AGAINST JOHN THEW AND LARRY THEW)

146.    Reed Smith LLP responds to paragraph "146" of the Complaint by repeating its responses to paragraphs "1" through "145" as if fully set forth herein.

147.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "147" of the Complaint.

148.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "148" of the Complaint.

149.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "149" of the Complaint.

150.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "150" of the Complaint.

151.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "151" of the Complaint.

## COUNT IX

### (AIDING AND ABETTING BREACH OF FIDUCIARY DUTY AGAINST STEPHEN O'HARE, WILLIAM O'HARE, AND O'HARE & O'HARE, P.C.)

152.    Reed Smith LLP responds to paragraph "152" of the Complaint by repeating its responses to paragraphs "1" through "151" as if fully set forth herein.

153.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "153" of the Complaint.

154.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "154" of the Complaint.

155.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "155" of the Complaint.

156.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "156" of the Complaint.

157.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "157" of the Complaint.

158.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "158" of the Complaint.

## COUNT X

### (DERIVATIVE CLAIM FOR AIDING AND ABETTING BREACH OF FIDUCIARY DUTY AGAINST STEPHEN O'HARE, WILLIAM O'HARE, AND O'HARE & O'HARE, P.C.)

159.    Reed Smith LLP responds to paragraph "159" of the Complaint by repeating its responses to paragraphs "1" through "158" as if fully set forth herein.

160.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "160" of the Complaint.

161.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "161" of the Complaint.

162.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "162" of the Complaint.

163.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "163" of the Complaint.

164.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "164" of the Complaint.

## COUNT XI

### (AIDING AND ABETTING BREACH OF FIDUCIARY DUTY AGAINST REED SMITH, LLP)

165.    Reed Smith LLP responds to paragraph "165" of the Complaint by repeating its responses to paragraphs "1" through "164" as if fully set forth herein.

166.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "166" of the Complaint.

167.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "167" of the Complaint.

168.    Denies the allegations contained in paragraph "168" of the Complaint.

169.    Denies the allegations contained in paragraph "169" of the Complaint.

170.    Denies the allegations contained in paragraph "170" of the Complaint.

## COUNT XII

### (CONSPIRACY TO DEFRAUD
### AGAINST DEFENDANTS LARRY THEW, JOHN THEW, LARRY AND
### JOHN THEW AS EXECUTORS OF THE ESTATE OF RICHARD THEW, WILLIAM
### O'HARE, STEPHEN O'HARE, O'HARE & O'HARE, P.C., AND REED SMITH LLP)

171.    Reed Smith LLP responds to paragraph "171" of the Complaint by repeating its responses to paragraphs "1" through "170" as if fully set forth herein.

172.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "172" of the Complaint.

173.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "173" of the Complaint.

174.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "174" of the Complaint.

175.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "175" of the Complaint.

176.    Denies the allegations contained in paragraph "176" of the Complaint.

177.    Denies the allegations contained in paragraph "177" of the Complaint.

178.    Denies the allegations contained in paragraph "178" of the Complaint.

179.    Denies the allegations contained in paragraph "179" of the Complaint.

180.    Denies the allegations contained in paragraph "180" of the Complaint.

## COUNT XIII

### (UNJUST ENRICHMENT
### AGAINST DEFENDANTS JOHN THEW AND LARRY THEW)

181.    Reed Smith LLP responds to paragraph "181" of the Complaint by repeating its responses to paragraphs "1" through "180" as if fully set forth herein.

182.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "182" of the Complaint.

183.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "183" of the Complaint.

184.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "184" of the Complaint.

185.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "185" of the Complaint.

186.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "186" of the Complaint.

## COUNT XIV

### (UNJUST ENRICHMENT
### AGAINST DEFENDANTS LARRY THEW AND MICHELE THEW)

187.    Reed Smith LLP responds to paragraph "187" of the Complaint by repeating its responses to paragraphs "1" through "186" as if fully set forth herein.

188.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "188" of the Complaint.

189.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "189" of the Complaint.

190.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "190" of the Complaint.

## COUNT XV

### (UNJUST ENRICHMENT AGAINST DEFENDANT PATRICIA CARSON)

191.    Reed Smith LLP responds to paragraph "191" of the Complaint by repeating its responses to paragraphs "1" through "190" as if fully set forth herein.

192.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "192" of the Complaint.

193.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "193" of the Complaint.

194.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "194" of the Complaint.

## COUNT XVI

### (UNJUST ENRICHMENT AGAINST DEFENDANT THE CURRY FAMILY PARTNERSHIP)

195.    Reed Smith LLP responds to paragraph "195" of the Complaint by repeating its responses to paragraphs "1" through "194" as if fully set forth herein.

196.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "196" of the Complaint.

197.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "197" of the Complaint.

198.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "198" of the Complaint.

## COUNT XVII

### (UNJUST ENRICHMENT
### AGAINST DEFENDANT WILLIAM O'HARE)

199.    Reed Smith LLP responds to paragraph "199" of the Complaint by repeating its responses to paragraphs "1" through "198" as if fully set forth herein.

200.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "200" of the Complaint.

201.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "201" of the Complaint.

202.    Denies knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "202" of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

203.    The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

204.    Plaintiff's claims are barred by the doctrines of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

205.    Plaintiff's claims are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

206.    Plaintiff's claims are barred because Reed Smith LLP does not owe Plaintiff any fiduciary duties.

### FIFTH AFFIRMATIVE DEFENSE

207.    Plaintiff's claims are barred because Reed Smith LLP did not breach any fiduciary duties owed to Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

208.    This Court lacks subject matter jurisdiction over this action.

**SEVENTH AFFIRMATIVE DEFENSE**

209.    This Court lacks personal jurisdiction over Reed Smith LLP.

**EIGHTH AFFIRMATIVE DEFENSE**

210.    Plaintiff's claims are barred because Reed Smith LLP did not participate in any conspiracy to defraud Plaintiff or any breaches of fiduciary duties owed to Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

211.    Plaintiff's claims are barred because Reed Smith LLP did not act with intent to defraud Plaintiff or participate in any breaches of fiduciary duties owed to Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

212.    Plaintiff's claims are barred because Reed Smith LLP did not have knowledge of any conspiracy to defraud Plaintiff or any breaches of fiduciary duties owed to Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

213.    Any damages sustained by Plaintiff were caused in whole or in part by Plaintiff's own culpable, reckless, and/or negligent conduct.

**TWELFTH AFFIRMATIVE DEFENSE**

214.    Any damages sustained by Plaintiff were caused in whole or in part by independent, intervening, or superseding causes, including the acts or omissions of third

parties over whom Reed Smith LLP had no control, and not by any alleged act or omission of Reed Smith LLP.

<u>**THIRTEENTH AFFIRMATIVE DEFENSE**</u>

215.    The alleged actions of Reed Smith LLP were not the proximate cause of any injury or loss allegedly suffered by Plaintiff.

<u>**FOURTEENTH AFFIRMATIVE DEFENSE**</u>

216.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate its alleged damages.

**WHEREFORE**, Reed Smith LLP demands a judgment dismissing the Complaint against it in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
          May 9, 2007

                                        REED SMITH LLP
                                        *Defendant Pro Se*

                                        By:_____
                                            Jonathan Young (JY-6237)
                                            Robert J. Miller (RM-8211)
                                            Casey D. Laffey (CL-1483)
                                        599 Lexington Avenue
                                        New York, New York
                                        Tel. (212) 521-5400
                                        Fax. (212) 521-5450

To:      All Counsel