UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

MELINDA THEW COOPER, individually          :          04 Civ. 8928 (CM)
and as a shareholder of TACONIC 82, Inc.,          :
                                                                      :
                            Plaintiff,          :
                                                                      :          ANSWER AND
                 -against-          :          <u>AFFIRMATIVE DEFENSES</u>
                                                                      :
LARRY THEW et al.,          :
                                                                      :
                            Defendants,          :

------------------------------------------------------------X

      Defendants Larry Thew and John Thew, individually and in their representative

capacities, Michele Thew and Taconic 82, Inc., answer Plaintiff's Complaint dated

November 12, 2004 (the "Complaint") as follows:

      1.      Deny knowledge or information sufficient to form a belief to the truth of

the allegations in paragraph "1" of the Complaint.

      2.      Deny knowledge or information sufficient to form a belief to the truth of

the allegations in paragraph "2" of the Complaint, but admit that Larry Thew resides in

Dutchess County.

      3.      Deny knowledge or information sufficient to form a belief to the truth of

the allegations in paragraph "3" of the Complaint, but admit that John Thew resides in

Dutchess County.

      4.      Deny knowledge or information sufficient to form a belief to the truth of

the allegations in paragraph "4" of the Complaint, but admit that Michele Thew resides in

Dutchess County.

5.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "5" of the Complaint.

6.     Admit the allegations in paragraph "6" of the Complaint.

7.     Deny the allegations contained in paragraph "7" of the Complaint.

8.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "8" of the Complaint.

9.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "9" of the Complaint.

10.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "10" of the Complaint.

11.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "11" of the Complaint.

12.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "12" of the Complaint.

13.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "13" of the Complaint.

14.     Deny the allegations contained in paragraph "14" of the Complaint.

15.     Denies the allegations contained in paragraph "15" of the Complaint.

16.     Admit the truth of the allegations contained in paragraph "16" of the Complaint.

17.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "17" of the Complaint, but admit that Melinda Thew Cooper, John Thew and Larry Thew are the children of Richard Thew and Patricia Thew.

18.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "18" of the Complaint, but admit that Richard Thew died on or about December 29, 2003 and Larry Thew and John Thew were subsequently appointed executors.

19.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "19" of the Complaint, but admit Gerald Thew created the Gerald Thew Family Trust.

20.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "20" of the Complaint, but respectfully refer the Court to the Gerald Thew Family Trust Agreement for its terms and conditions.

21.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "21" of the Complaint, but respectfully refer the court to the Gerald Thew Family Trust Agreement for its terms and conditions.

22.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "22" of the Complaint, but respectfully refer the court to the Gerald Thew Family Trust Agreement for its terms and conditions.

23.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "23" of the Complaint but respectfully refer the court to the Gerald Thew Family Trust Agreement for its terms and conditions.

24.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "24" of the Complaint but respectfully refer the court to the Gerald Thew Family Trust Agreement for its terms and conditions.

25.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "25" of the Complaint.

26.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "26" of the Complaint, but admit the Thew Orchard was included in the assets of the Gerald Thew Family Trust.

27.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "27" of the Complaint.

28.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "28" of the Complaint.

29.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "29" of the Complaint.

30.     Admit the allegations in paragraph "30" of the Complaint.

31.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "31" of the Complaint.

32.     Admit the allegations in paragraph "32" of the Complaint.

33.     Admit the allegations in paragraph "33" of the Complaint.

34.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "34" of the Complaint.

35.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "35" of the Complaint.

36.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "36" of the Complaint.

37.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "37" of the Complaint.

38.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "38" of the Complaint.

39.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "39" of the Complaint.

40.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "40" of the Complaint.

41.     Deny the allegations in paragraph "41" of the Complaint.

42.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "42" of the Complaint.

43.     Deny the allegations in paragraph "43" of the Complaint.

44.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "44" of the Complaint, but respectfully refer the court to the R.W. Thew Family Trust Agreement for its terms and conditions.

45.     Deny the allegations in paragraph "45" of the Complaint.

46.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "46" of the Complaint, but respectfully refer the court to the Deed for its terms.

47.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "47" of the Complaint, but respectfully refer the court to the Deed for its terms.

48.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "48" of the Complaint, but respectfully refer the court to the Deed for its terms.

49.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "49" of the Complaint, but respectfully refer the court to the Deed for its terms and recording information.

50.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "50" of the Complaint, but respectfully refer the court to the Deed for its terms.

51.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "51" of the Complaint, but respectfully refer the court to the Deed for its terms and recording information.

52.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "52" of the Complaint, but respectfully refer the court to the Deeds for their terms.

53.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "53" of the Complaint, but respectfully refer the court to the Deeds for their terms.

54.     Deny the allegations in paragraph "54" of the Complaint.

55.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "55" of the Complaint.

56.     Deny the allegations in paragraph "56" of the Complaint.

57.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "57" of the Complaint, but respectfully refer the court to the Deed for its terms.

58.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "58" of the Complaint, but respectfully refer the court to the Deed for its terms and recording information.

59.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "59" of the Complaint, but respectfully refer the court to the Deed for its terms.

60.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "60" of the Complaint, but respectfully refer the court to the Deed for its terms and recording information.

61.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "61" of the Complaint.

62.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "62" of the Complaint, but respectfully refer the court to the Deed for its terms.

63.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "63" of the Complaint, but respectfully refer the court to the Deed for its terms and recording information.

64.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "64" of the Complaint.

65.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "65" of the Complaint.

66.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "66" of the Complaint.

67.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "67" of the Complaint, but respectfully refer the court to the Deeds for their terms.

68.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "68" of the Complaint, but respectfully refer the court the Deeds for their terms and recording information.

69.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "69" of the Complaint.

70.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "70" of the Complaint.

71.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "71" of the Complaint, but admit that Stephen O'Hare represented the purchaser of the Orchard property.

72.    Admit the allegations contained in paragraph "72" of the Complaint.

73.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "73" of the Complaint.

74.    Admit the allegations in paragraph "74" of the Complaint.

75.    Deny the allegations contained in paragraph "75" of the Complaint.

76.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "76" of the Complaint, but admit that the title company inquired whether consent was obtained from trust beneficiaries to the transfer of title.

77.    Deny the allegations contained in paragraph "77" of the Complaint.

78.    Deny the allegations contained in paragraph "78" of the Complaint except admit that certain property was re-conveyed to the Gerald Thew Family Trust.

79.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "79" of the Complaint, but admit certain property was recovered to the Gerald Thew Family Trust.

80.    Deny the allegations contained in paragraph "80" of the Complaint except admit that the Gerald Thew Family Trust sold certain properties to the Curry Family Partnership for approximately $2.7 million.

81.    Deny the allegations contained in paragraph "81" of the Complaint.

82.    Deny the allegations contained in paragraph "82" of the Complaint.

83.    Deny the allegations contained in paragraph "83" of the Complaint.

84.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "84" of the Complaint.

85.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "85" of the Complaint.

86.    Deny the allegations contained in paragraph "86" of the Complaint except admit that certain proceeds were deposited in a Reed Smith escrow account.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "87" of the Complaint, except admit that Reed Smith made certain distributions from its escrow account.

88.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "88" of the Complaint.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "89" of the Complaint.

90.     Deny the allegations contained in paragraph "90" of the Complaint.

91.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "91" of the Complaint.

92.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "92" of the Complaint.

93.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "93" of the Complaint.

94.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "94" of the Complaint, but admit that the Carry Family Partnership agreed to subdivide the property.

95.     Deny the allegations in paragraph "95" of the Complaint.

96.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "96" of the Complaint.

97.     Deny the allegations in paragraph "97" of the Complaint.

98.     Deny the allegations in paragraph "98" of the Complaint.

99.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "99" of the Complaint.

100.     Deny the allegations in paragraph "100" of the Complaint.

## COUNT I

## (FRAUDULENT CONCEALMENT MADE WITH INTENT TO DEFRAUD)

101.     Defendants respond to paragraph "101" of the Complaint by repeating its responses to paragraphs "1" through "100" as if fully set forth herein.

102.     Deny the allegations in paragraph "102" of the Complaint.

103.     Deny the allegations in paragraph "103" of the Complaint.

104.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "104" of the Complaint.

105.     Deny the allegations in paragraph "105" of the Complaint.

106.     Deny the allegations in paragraph "106" of the Complaint.

107.     Deny the allegations in paragraph "107" of the Complaint.

## COUNT II

## (FRAUDULENT CONVEYANCE WITHOUT FAIR CONSIDERATION)

108.     Defendants respond to paragraph "108" of the Complaint by repeating its responses to paragraphs "1" through "107" as if fully set forth herein.

109.     Deny the allegations in paragraph "109" of the Complaint.

110.     Deny the allegations in paragraph "110" of the Complaint.

111.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "111" of the Complaint.

112.     Deny the allegations in paragraph "112" of the Complaint.

113.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "113" of the Complaint.

114.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "114" of the Complaint.

115.    Deny the allegations in paragraph "115" of the Complaint.

## COUNT III

### (BREACH OF FIDUCIARY DUTY AGAINST LARRY THEW AND JOHN THEW, AS EXECUTORS OF THE ESTATE OF RICHARD THEW)

116.    Defendants respond to paragraph "116" of the Complaint by repeating its responses to paragraphs "1" through "115" as if fully set forth herein.

117.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "117" of the Complaint, but respectfully refer the court to the Trust agreement for its terms and conditions.

118.    Deny the allegations in paragraph "118" of the Complaint.

119.    Deny the allegations in paragraph "119" of the Complaint.

120.    Deny the allegations in paragraph "120" of the Complaint.

121.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "121" of the Complaint.

122.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "122" of the Complaint.

123.    Deny the allegations in paragraph "123" of the Complaint.

## COUNT IV

## (BREACH OF FIDUCIARY DUTY AGAINST LARRY THEW AND JOHN THEW, AS SUCCESSOR CO-TRUSTEES OF THE GERALD THEW FAMILY TRUST)

124.     Defendants respond to paragraph "124" of the Complaint by repeating its responses to paragraphs "1" through "123" as if fully set forth herein.

125.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "125" of the Complaint, but respectfully refer the court to the Trust for its terms and conditions.

126.     Deny the allegations in paragraph "126" of the Complaint.

127.     Deny the allegations in paragraph "127" of the Complaint.

128.     Deny the allegations in paragraph "128" of the Complaint.

129.     Deny the allegations in paragraph "129" of the Complaint.

## COUNT V

## (BREACH OF FIDUCIARY DUTY AGAINST MAJORITY SHAREHOLDERS OF TACONIC 82)

130.     Defendants respond to paragraph "130" of the Complaint by repeating their responses to paragraphs "1" through "129" as if fully set forth herein.

131.     Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "131" of the Complaint.

132.     Deny the allegations in paragraph "132" of the Complaint.

133.     Deny the allegations in paragraph "133" of the Complaint.

## COUNT VI

### (DERIVATIVE CLAIM FOR BREACH OF FIDUCIARY DUTY AGAINST OFFICERS AND DIRECTORS OF TACONIC 82)

134.    Defendants respond to paragraph "134" of the Complaint by repeating its responses to paragraphs "1" through "133" as if fully set forth herein.

135.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "135" of the Complaint.

136.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "136" of the Complaint.

137.    Deny the allegations in paragraph "137" of the Complaint.

138.    Deny the allegations in paragraph "138" of the Complaint.

139.    Deny the allegations in paragraph "139" of the Complaint.

## COUNT VII

### (BREACH OF FIDUCIARY DUTY AGAINST REED SMITH LLP)

140.    Defendants respond to paragraph "140" of the Complaint by repeating its responses to paragraphs "1" through "139" as if fully set forth herein.

141.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "141" of the Complaint.

142.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "142" of the Complaint.

143.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "143" of the Complaint.

144.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "144" of the Complaint.

145.    Deny the allegations contained in paragraph "145" of the Complaint.

## COUNT VIII

### (AIDING AND ABETTING BREACH OF FIDUCIARY DUTY AGAINST JOHN THEW AND LARRY THEW)

146.    Defendants respond to paragraph "146" of the Complaint by repeating its responses to paragraphs "1" through "145" as if fully set forth herein.

147.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "147" of the Complaint.

148.    Deny the allegations in paragraph "148" of the Complaint.

149.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "149" of the Complaint.

150.    Deny the allegations in paragraph "150" of the Complaint.

151.    Deny the allegations in paragraph "151" of the Complaint.

## COUNT IX

### (AIDING AND ABETTING BREACH OF FIDUCIARY DUTY AGAINST STEPHEN O'HARE, WILLIAM O'HARE, AND O'HARE & O'HARE, P.C.)

152.    Defendants respond to paragraph "152" of the Complaint by repeating its responses to paragraphs "1" through "151" as if fully set forth herein.

153.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "153" of the Complaint.

154.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "154" of the Complaint.

155.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "155" of the Complaint.

156.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "156" of the Complaint.

157.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "157" of the Complaint.

158.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "158" of the Complaint.

## COUNT X

### (DERIVATIVE CLAIM FOR AIDING AND ABETTING BREACH OF FIDUCIARY DUTY AGAINST STEPHEN O'HARE, WILLIAM O'HARE, AND O'HARE & O'HARE, P.C.)

159.    Defendants respond to paragraph "159" of the Complaint by repeating its responses to paragraphs "1" through "158" as if fully set forth herein.

160.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "160" of the Complaint.

161.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "161" of the Complaint.

162.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "162" of the Complaint.

163.    Deny the allegations in paragraph "163" of the Complaint.

164.    Deny the allegations in paragraph "164" of the Complaint.

## COUNT XI

### (AIDING AND ABETTING BREACH OF FIDUCIARY DUTY AGAINST REED SMITH, LLP)

165.    Defendants respond to paragraph "165" of the Complaint by repeating its responses to paragraphs "1" through "164" as if fully set forth herein.

166.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "166" of the Complaint.

167.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "167" of the Complaint.

168.    Deny the allegations contained in paragraph "168" of the Complaint.

169.    Deny the allegations contained in paragraph "169" of the Complaint.

170.    Deny the allegations contained in paragraph "170" of the Complaint.

## COUNT XII

### (CONSPIRACY TO DEFRAUD
### AGAINST DEFENDANTS LARRY THEW, JOHN THEW, LARRY AND
### JOHN THEW AS EXECUTORS OF THE ESTATE OF RICHARD THEW, WILLIAM
### O'HARE, STEPHEN O'HARE, O'HARE & O'HARE, P.C., AND REED SMITH LLP)

171.    Defendants respond to paragraph "171" of the Complaint by repeating its responses to paragraphs "1" through "170" as if fully set forth herein.

172.    Deny the allegations contained in paragraph "172" of the Complaint.

173.    Deny the allegations contained in paragraph "173" of the Complaint.

174.    Deny the allegations contained in paragraph "174" of the Complaint.

175.    Deny the allegations contained in paragraph "175" of the Complaint.

176.    Deny the allegations contained in paragraph "176" of the Complaint.

177.    Deny the allegations contained in paragraph "177" of the Complaint.

178.    Deny the allegations contained in paragraph "178" of the Complaint.

179.    Deny the allegations contained in paragraph "179" of the Complaint.

180.    Deny the allegations contained in paragraph "180" of the Complaint.

## COUNT XIII

### (UNJUST ENRICHMENT
### AGAINST DEFENDANTS JOHN THEW AND LARRY THEW)

181.    Defendants respond to paragraph "181" of the Complaint by repeating its responses to paragraphs "1" through "180" as if fully set forth herein.

182.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "182" of the Complaint.

183.    Deny the allegations in paragraph "183" of the Complaint.

184.    Deny the allegations in paragraph "184" of the Complaint.

185.    Deny the allegations in paragraph "185" of the Complaint.

186.    Deny the allegations in paragraph "186" of the Complaint.

## COUNT XIV

### (UNJUST ENRICHMENT
### AGAINST DEFENDANTS LARRY THEW AND MICHELE THEW)

187.    Defendants respond to paragraph "187" of the Complaint by repeating its responses to paragraphs "1" through "186" as if fully set forth herein.

188.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "188" of the Complaint.

189.    Deny the allegations in paragraph "189" of the Complaint.

190.    Deny the allegations in paragraph "190" of the Complaint.

## COUNT XV

## (UNJUST ENRICHMENT AGAINST DEFENDANT PATRICIA CARSON)

191.    Defendants respond to paragraph "191" of the Complaint by repeating its responses to paragraphs "1" through "190" as if fully set forth herein.

192.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "192" of the Complaint.

193.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "193" of the Complaint.

194.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "194" of the Complaint.

## COUNT XVI

## (UNJUST ENRICHMENT
AGAINST DEFENDANT THE CURRY FAMILY PARTNERSHIP)

195.    Defendants respond to paragraph "195" of the Complaint by repeating its responses to paragraphs "1" through "194" as if fully set forth herein.

196.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "196" of the Complaint.

197.    Deny knowledge or information sufficient to form a belief as to the truth the allegations in paragraph "197" of the Complaint.

198.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "198" of the Complaint.

## COUNT XVII

## (UNJUST ENRICHMENT
## AGAINST DEFENDANT WILLIAM O'HARE)

199.    Defendants respond to paragraph "199" of the Complaint by repeating its responses to paragraphs "1" through "198" as if fully set forth herein.

200.    Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "200" of the Complaint.

201.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "201" of the Complaint.

202.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "202" of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

203.    The Complaint should be dismissed by reason of the failure to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

204.    The Complaint should be dismissed by reason of the absence of subject matter jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

205.    Plaintiff's claims are barred by reason of a prior accord and satisfaction.

## FOURTH AFFIRMATIVE DEFENSE

206.    Plaintiff's claims are barred by reason of waiver and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

207.     Plaintiff's claims are barred by reason of laches.

20

## SIXTH AFFIRMATIVE DEFENSE

208.    Plaintiff's claims are barred by reason of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

209.    Plaintiff's claims are barred by reason of the failure to comply with a condition precedent.

## AS AND FOR A FIRST COUNTERCLAIM BY LARRY THEW AND JOHN THEW, AS CO-EXECUTORS OF THE ESTATE OF RICHARD THEW

210.    Upon information and belief, in or about 2001, the Plaintiff Melinda Thew Cooper was given the sum of $80,000.00 from Richard Thew to act as his nominee for the purpose of acquiring certain real property know as the Beaver Road property in Dutchess County in the State of New York.

211.    Upon information and belief, Plaintiff Melinda Thew used the foregoing sum to acquire the Beaver Road property with the express understanding that such property was being acquired for the benefit of Richard Thew and the beneficiaries of his estate.

212.    Upon information and belief, Plaintiff Melinda Thew Cooper subsequently sold the Beaver Road property as nominee for Richard Thew for the approximate sum of $140,000.00.

213.    Upon information and belief, notwithstanding the sale of the Beaver Road property, Plaintiff Melinda Thew Cooper has failed to turn over any portion of the proceeds from that sale to Richard Thew or his Estate.

214.    By reason of the foregoing, Plaintiff Melinda Thew Cooper has been unjustly enriched and is liable to the Estate of Richard Thew for conversion of the assets of the Estate of Richard Thew in an amount to be proven at trial.

21

## AS AND FOR A SECOND COUNTERCLAIM
## BY JOHN THEW AND LARRY THEW

215.     Upon information and belief, John Thew and Larry Thew are beneficiaries of the Gerald Thew Family Trust created by Gerald Thew prior to his death.

216.     Upon information and belief, prior to Gerald Thew's death in or about 1999, Plaintiff Melinda Thew Cooper acted as bookkeeper for Gerald Thew.

217.     Upon information and belief, Plaintiff Melinda Thew Cooper misappropriated various assets of Gerald Thew and converted those assets to her own personal benefit during the period she acted as Gerald Thew's bookkeeper.

218.     By reason of the foregoing misappropriation of assets of Gerald Thew, John Thew and Larry Thew, as beneficiaries of the Gerald Thew Trust, are entitled to an accounting from Plaintiff Melinda Thew Cooper.

## AS AND FOR A THIRD COUNTERCLAIM
## BY JOHN THEW AND LARRY THEW

219.     Upon information and belief, prior to his death in or about 2003, Richard Thew arranged to purchase a joint life insurance policy from Metropolitan Life Insurance Company, which insured the lives of both Richard Thew and his wife, Patricia Thew.

220.     Upon information and belief, the foregoing life insurance policy included ownership of stock which paid dividends intended for the benefit of both the owners and the beneficiaries of the life insurance policy.

221.     Upon information and belief, the designated beneficiaries of the joint life insurance policy were John Thew, Larry Thew and Melinda Thew Cooper.

222.     Upon information and belief, both before and subsequent to the deaths of Richard Thew and Patricia Thew, Melinda Thew Cooper received stock dividend

payments that were to be distributed for the benefit of the owners and designated beneficiaries and misappropriated those dividend payments for her own personal use.

223.    By reason of the foregoing, Melinda Thew Cooper is liable to John Thew and Larry Thew in an amount to be proven at trial.

## AS AND FOR A FOURTH COUNTERCLAIM
## BY JOHN THEW AND LARRY THEW

224.    Upon information and belief, the Gerald Thew Family Trust was the owner of certain real estate that included an apple orchard situated in Dutchess County.

225.    Upon information and belief, throughout the period of ownership of the apple orchard by the Gerald Thew Family Trust, the income from the orchard was insufficient to meet expenses included but not limited to payroll taxes and the costs of maintenance of the property.

226.    Upon information and belief, John Thew and Larry Thew repeatedly paid the expenses of the Gerald Thew Family Trust arising from the ownership of the orchard out of their own personal funds.

227.    Upon information and belief, Melinda Thew Cooper paid none of the expenses of the Gerald Family Trust.

228.    By reason of the foregoing, Melinda Thew Cooper has been unjustly enriched and is not entitled to any distribution from the Gerald Thew Family Trust.

**WHEREFORE**, defendants Larry Thew and John Thew in their individual and representative capacities, Michele Thew and Taconic 82, Inc. demand judgment as follows:

1.    dismissing the plaintiff's Complaint against it in its entirety;

2.    on the first counterclaim in an amount to be proven at trial;

3.     on the second counterclaim in an amount to be proven at trial;

4.     on the third counterclaim in an amount to be proven at trial;

5.     on the fourth counterclaim in an amount to be proven at trial and/or

declaring Melinda Thew Cooper without any right to distribution from the Gerald Thew

Family Trust;

6.     such other and further relief as the Court may deem just and proper,

including the costs and disbursements of this action.

Dated: White Plains, New York
      May 9, 2007

Yours, etc.,

KURZMAN EISENBERG CORBIN
  & LEVER, LLP

By:_____
      Fred D. Weinstein (FW-5682)
Attorneys for Defendants, John Thew and
Larry Thew in their individual and
representative capacities, Michele Thew and
Taconic 82, Inc.
One North Broadway
White Plains, NY 10601
(914) 285-9800

TO:   All Counsel

H:\40694\0000\CAT7612.DOC